IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| Colleen Baum, as next friend of daughter, Cate Baum; Imelda Garcia, as next friend of daughter Angela Benitez; and Jacquella Stewart, as next friend of daughter, Jaquesha Stewart. | § § § § § § | |
| *Plaintiffs* | § § § | ACTION NO. 4:21-CV-1262-Y |
| vs. | § § | |
| FORT WORTH INDEPENDENT SCHOOL DISTRICT | § § § § | |
| *Defendant* | § | |

**PLAINTIFFS' RESPONSE AND BRIEF
IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

Plaintiffs respond to Defendant's Motion to Dismiss [Doc. 7] as follows:

## I.  INTRODUCTION

The Plaintiffs brought this lawsuit in the belief that without judicial intervention, Fort Worth ISD will never comply with Title IX. Over the past decade, participation in girls' athletics has increased only 5% within the District. This represents a failure to achieve substantial proportionality, meaningful program expansion, or effective accommodation of student interests.

As explained in Plaintiffs' Complaint, Fort Worth ISD has had the opportunity to correct its deficits in Title IX compliance by supporting its girls' club rugby teams, and by elevating the sport to varsity status, but intentionally failed to do so. Fort Worth ISD thus violated the requirements of Title IX and denied Plaintiffs' daughters their rights under federal law. The District argues that lack of standing and mootness deprive this Court of jurisdiction. If this matter

is dismissed on such grounds, Fort Worth ISD will still be in violation of Title IX, and will simply be postponing the inevitable.

## II.     STANDARD OF REVIEW

Fort Worth ISD has moved for dismissal under Rules 12(b)(1) and 12(b)(6).  Its Rule 12(b)(1) challenge to jurisdiction is facial, rather than factual. That is, its motion and briefing include no evidence, so the Court should assess such motion as it would a motion under Rule 12(b)(6), looking only at the sufficiency of the allegations in the Complaint, and assuming them to be true. "If the allegations are sufficient to allege jurisdiction, the Court must deny the motion." *Hunter v. Branch Banking & Trust Co.*, 2013 WL 607151, at *2 (N.D. Tex. Feb 19, 2013) (Fitzwater, C.J.) (citing *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981).

In ruling on the District's 12(b)(6) motion, dismissal is only proper if it appears certain that Plaintiffs "cannot prove any set of facts in support of their claim which would entitle them to relief." *Sarraw Partnership v. United States*, 67 F.3d 567, 569 (5th Cir. 1995) (citing *Hobbs v. Hawkins*, 968 F.2d 471, 475 (5th Cir. 1992)). This Court "must construe the complaint liberally, treating all well-pleaded facts as true and drawing all reasonable inferences in favor of the plaintiffs." *Viqueira v. First Bank*, 140 F.2d 12, 16 (1st Cir. 1998).

.      "A motion to dismiss under Rule 12(b)(6) is 'viewed with disfavor and is rarely granted.'" *Priester v. Lowndes Cnty.*, 354 F.3d 414, 418 (5th Cir. 2004) (quoting *Lowrey v. Tex. A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997)). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 563 (2007). "The complaint is liberally construed in plaintiff's favor, and all well-pleaded facts in the complaint are taken as true." *Id.*; *see also Lormand v. US Unwired, Inc.*, 565 F.3d 228, 239, 244 (5th Cir. 2009) (reiterating that the court "must accept as

true the well-pleaded factual allegations in the complaint during the pleadings stage" and "must also draw all reasonable inferences in the plaintiff's favor"); *cf. Neitzke v. Williams*, 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations.").

"The determining issue is not whether the plaintiff will ultimately prevail on the merits, but whether he is entitled to offer evidence to support his claim." *Priester v. Lowndes Cnty.*, 354 F.3d at 418. "Therefore, th[e] court will not dismiss plaintiff's claim, 'unless the plaintiff will not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in his complaint.'" *Id.* (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)). Moreover, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556.[1]

Applying these standards, Defendant's Motion should be in all things denied.

### III.  ARGUMENT AND AUTHORITY

Defendant's arguments overstate the extent to which Plaintiffs' claims may be moot. While injunctive and declaratory relief may not be available, a determination that violations occurred, and an award of statutory attorneys' fees, are not rendered moot under the authority cited by Fort Worth ISD. Further, the standing argument offered by the District goes chiefly to Plaintiffs' standing to assert an equal treatment claim under Title IX, rather than the effective accommodation claim. Finally, as to both Plaintiffs' Title IX claims and their § 1983 claim, the Fort Worth ISD's board of trustees intentionally made the decision to deny requests to ameliorate the District's Title

---

[1] "[W]hen a complaint adequately states a claim, it may not be dismissed based on a district court's assessment that the plaintiff will fail to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder." *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 n.8 (2007).

IX problem by adding girls' rugby. Thus, Plaintiffs have plausibly pled intentional violations of their daughters' rights; in the alternative, if this Court finds that Plaintiffs have failed to allege sufficient jurisdictional facts to support their claims, or have failed to state a claim on which relief can be granted, Plaintiffs respectfully request that they be permitted to file an amended complaint rather than have their claims dismissed outright.

### A. PLAINTIFFS' CLAIMS ARE NOT MOOT

Plaintiffs have pled for injunctive and declaratory relief, as well as attorneys' fees. (Complaint [Doc.1] at 3, ¶¶ 1.4-1.6; at 11, ¶ 7.1). Although the Plaintiffs' daughters will graduate this spring, their claim for attorneys' fees are is not necessarily moot. Fort Worth ISD relies heavily on *Pederson v. La. State Univ.*, 213 F.3d 858 (5th Cir. 2000) as authority for dismissal under its mootness argument, because the named plaintiffs had all graduated. But in *Pederson,* the court of appeals reversed the district court's judgment that LSU had not intentionally violated Title IX, and sent the case back for determination of the plaintiffs' damages, despite finding that their claims for injunctive relief were moot. *Id*. at .875, 879-882.

Here, if Plaintiffs prove Title IX violations, and/or prove their claim under § 1983, they will request that the Court award their attorneys' fees and costs. Just as with the monetary damage relief in *Pederson,* the issue of Plaintiffs' attorneys' fees and costs will not be moot.

### B. PLAINTIFFS HAVE STANDING

As Fort Worth ISD explains in its motion, Title IX claims generally, and Plaintiffs' claims in particular, fall into two categories: effective accommodation and equal treatment (Motion at 8-9, Complaint at 12-15). The District concedes that standing to bring a claim for lack of effective accommodation requires only that a claimant be "able and ready" to compete for a position on a team which was not fielded, (here, girls' rugby), Plaintiffs have so alleged, stating that their

daughters participate in rugby, or do so when able, and "would compete for a position on a girls' rugby team, had one been fielded." (Complaint at 4-5, ¶¶ 3.1-3.3).

Fort Worth ISD states, without authority, that Plaintiffs' allegations do not sufficiently demonstrate that their daughters were actually able and ready to play rugby for their Fort Worth ISD high schools, had teams been fielded. In one footnote, Fort Worth ISD provides an example of adequate allegations from a case in the District of Idaho (Motion at 12, n.3). If more specific allegations regarding the Plaintiffs' daughters' readiness and ability to play rugby are necessary, Plaintiffs respectfully request that they be granted leave to amend and so plead.

Similarly, with regard to Plaintiffs' equal treatment claims, although such claims require that Plaintiffs' daughters have participated in a varsity or school-sponsored club sport which received inferior treatment and benefits as compared to boys' sports, if Plaintiffs have not alleged such participation clearly enough, they respectfully request that they be granted leave to amend and so plead.

## C. PLAINTIFFS' HAVE STATED CLAIMS ON WHICH RELIEF MAY BE GRANTED

Turning then to Fort Worth ISD's Rule 12(b)(6) motion, Plaintiffs' Title IX claims include allegations of intentional discrimination. Plaintiffs have specifically pled that Fort Worth ISD fails to provide equal access and opportunity to female students, despite having been informed of such deficiency. (Complaint at 2. ¶¶ 1.2-1.4; at 6-8 ¶¶ 4.1-4.7). Plaintiffs further alleged that girls who participated in club rugby had addressed the school board, and that even after violations of Title IX were brought to the District's attention, the District fails and refuses to remediate existing violations. *Id* at 6-7. Plaintiffs have alleged and set forth the regulatory requirements under which Fort Worth ISD is obligated to take remedial actions to overcome the effects of gender discrimination. (Complaint at 10, ¶¶ 4.15-4.17).

Knowing that it was required by Title IX to take action to increase parity, and to expand the opportunities for its female athletes, Fort Worth ISD chose to ignore Plaintiffs and others who offered a way forward to improve the District's compliance. At the highest level, Fort Worth ISD's policy-making body heard and rejected girls' rugby, despite the District's lack of compliance with Title IX. In that context, the District's argument that Plaintiffs have failed to allege that policy makers of the District intentionally discriminated based on gender rings hollow. Plaintiffs have alleged intentional discrimination and have pled facts which support such allegations. If additional specificity is needed, Plaintiffs respectfully request that they be granted leave to amend their complaint to provide further facts as to the information provided to Fort Worth ISD, or any other facts which the Court may determine are lacking.

## IV.  CONCLUSION

Fort Worth ISD, while under an obligation to abide by Title IX, deliberately chose not to provide equal participation opportunities for its female students and failed to provide equal treatment to girls' club rugby. Fort Worth ISD thus violated Plaintiffs' daughters' rights through intentional discrimination.

Plaintiffs respectfully request that the District's 12(b)(1) motion based on mootness be denied, given their request for attorneys' fees, which, like the damages sought by the plaintiffs in *Pederson,* will not be rendered moot by graduation.

Plaintiffs respectfully request that the Court deny the District's 12(b)(1) motion based on standing, and its 12(b)(6) motion, and permit this matter to move forward, allowing Plaintiffs the opportunity to prove their allegations.

In the alternative, if any part of Defendant's motions are granted, Plaintiffs request the opportunity to amend their pleading to address any matters on which additional specificity or factual background is necessary in order to establish standing or to state a claim for relief.

                                      Respectfully submitted.

                                      */s/ Frank Hill*
                                      FRANK HILL
                                      Texas Bar No. 09632000
                                      fh@hillgilstrap.com
                                      STEFANIE M. KLEIN
                                      Texas Bar No. 11565650
                                      sklein@hillgilstrap.com
                                      HILL GILSTRAP, P.C.
                                      1400 West Abram Street
                                      Arlington, Texas 76013

                                      ***COUNSEL FOR PLAINTIFFS***

## CERTIFICATE OF SERVICE

    I hereby certify that on March 21, 2022, a true and correct copy of the foregoing document was served to all counsel of record.

                                      */s/ Frank Hill*
                                      FRANK HILL