UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| JENNIFER VANDERSTOK *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> MERRICK GARLAND, in his official capacity as Attorney General of the United States *et al.*, <br><br> Defendants. | Case No. 4:22-cv-00691-O |

**DEFENDANTS' MOTION TO TRANSFER CASE
PURSUANT TO THE FIRST-TO-FILE RULE, OR IN
THE ALTERNATIVE, FOR AN EXTENSION OF TIME**

**INTRODUCTION**

The first-to-file rule provides that the court in which an action is first filed should determine whether later-filed cases involving substantially similar issues should proceed. This case involves issues that are substantially similar to, and that substantially overlap with, a case filed more than three months ago, *Division 80 LLC v. Garland*, No. 3:22-cv-00148 (Southern District of Texas). As demonstrated below, it is likely that the core issues in this case substantially overlap with the core issues in the *Division 80* case. In accordance with Fifth Circuit precedent, Defendants therefore respectfully request that this Court transfer this case to the Southern District of Texas for a determination of whether these actions should be consolidated. In the alternative, Defendants respectfully request an extension of time to respond to Plaintiffs' motion for preliminary injunction.

## ARGUMENT

I. **The Court Should Transfer This Case to the Southern District of Texas Under the First-to-File Rule.**

"The federal courts long have recognized that the principle of comity requires federal district courts—courts of coordinate jurisdiction and equal rank—to exercise care to avoid interference with each other's affairs." *W. Gulf Mar. Ass'n v. ILA Deep Sea Loc. 24*, 751 F.2d 721, 728 (5th Cir. 1985) (citations omitted). "As between federal district courts, the general principle is to avoid duplicative litigation." *Id.* (citation and internal punctuation omitted). "The concern manifestly is to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result." *Id.* at 729 (citations omitted). "To avoid these ills, a district court may dismiss an action where the issues presented can be resolved in an earlier-filed action pending in another district court," or alternatively, "transfer the action or . . . stay it." *Id.* at 729 & n.1.

Accordingly, "[t]he Fifth Circuit adheres to the general rule that the court in which an action is first filed is the appropriate court to determine whether subsequently filed cases involving substantially similar issues should proceed." *Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997) (citing *West Gulf*, 751 F.2d at 728); *Mann Mfg., Inc. v. Hortex, Inc.*, 439 F.2d 403, 408 (5th Cir. 1971)); *accord Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 606 (5th Cir. 1999). The first-to-file rule seeks: (1) to "avoid the waste of duplication"; (2) to "avoid rulings which may trench upon the authority of sister courts"; and (3) to "avoid piecemeal resolution of issues that call for a uniform result." *Save Power*, 121 F.3d at 950.

"This concern applies where," as here, "related cases have been filed in different districts." *Id.* (citing *Dillard v. Merrill Lynch, Pierce, Fenner & Smith*, 961 F.2d 1148, 1161 n.28 (5th Cir. 1992)). The first-to-file rule does not "require that cases be identical;" instead, "[t]he crucial inquiry is one of 'substantial overlap.'" *Id.* (quoting *Mann Mfg.*, 439 F.2d at 408); *see also O'Hare v. Vulcan Capital,*

*L.L.C.*, 2007 WL 996437, at *2 ("The two actions must only involve closely related questions, common subject matter, or core issues that substantially overlap.") (citing *Texas Instruments v. Micron Semiconductor*, 815 F. Supp. 994, 997 (E.D. Tex. 1993)). "Courts have noted that a substantial relationship exists between two suits where the issues, though not identical, are similar enough that the cases would be consolidated if filed in the same court." *O'Hare*, 2007 WL 996437, at *2 (citing *Mann Mfg.*, 439 F.2d at 408 n.6).

The first-to-file rule applies here because both this case and the *Division 80* case "center on the question whether" the challenged Rule complies with the Administrative Procedure Act. *Save Power*, 121 F.3d at 951. Plaintiffs concede that the *Division 80* case is related to this action. *See* Notice of Related Case, ECF No. 3. Both cases advance very similar claims. *Compare* Compl., ECF No. 1, *with* Compl., *Division 80 v. Garland* (attached as Ex. 1). And the preliminary injunction motions in both cases present very similar arguments. *Compare* Br. in Suppl of Mot. for Prelim. Inj., ECF No. 16, *with* Emergency Mot. for Prelim. Inj., ECF No. 11, *Division 80 v. Garland* (attached as Ex. 2).

Furthermore, "[c]omplete identity of parties is not required for dismissal or transfer of a case filed subsequently to a substantially related action." *Save Power*, 121 F.3d at 951 (citing *West Gulf*, 751 F.2d at 731 n. 5; *National Health Fed'n v. Weinberger*, 518 F.2d 711 (7th Cir. 1975)). *National Health Federation* warrants discussion because it was cited favorably by two Fifth Circuit decisions for the same point of law—*see Save Power*, 121 F.3d at 951; *West Gulf*, 751 F.2d at 729 n.1—and because it involved a very similar situation to that presented here. Two different sets of plaintiffs filed suit against the same government defendant challenging the issuance of two FDA regulations. 518 F.2d at 712. The court in the second-filed action dismissed, and the Seventh Circuit affirmed. *Id.* Noting that "in the exercise of its discretion the court may dismiss a declaratory or injunctive suit if the same issue is pending in litigation elsewhere," and that "the issues raised in both complaints are

identical," the Seventh Circuit found that "dismissal is particularly appropriate for this complaint." *Id.* at 712-13. The fact that "the plaintiffs here are different plaintiffs from those involved" in the first-filed action did not alter the Seventh Circuit's analysis. *Id.* at 714. It explained that the plaintiffs in the later-filed action should not "be allowed to so easily avoid real involvement in litigation in one forum, and then impose on a second federal forum the burden of considering anew the same issues." *Id.*

The same is true here, and the claims presented in this case and *Division 80* "substantially overlap." *Save Power*, 121 F.3d at 950. Transferring to that forum would avoid the unnecessary waste of duplicative actions. The similar nature of the claims in both cases would allow for determinations in different courts that could create direct and irreconcilable conflict. Thus, any ruling by this Court would "trench upon the authority" of another district court. *Id.*

Because "the likelihood of substantial overlap between the two suits ha[s] been demonstrated," "the ultimate determination of whether there actually [i]s a substantial overlap requiring consolidation of the two suits in [the Southern District of Texas] belong[s] to [that court]." *Id.* (quoting *Mann Mfg.*, 439 F.2d at 408); *see also id.* at 408 n.6 ("[R]egardless of whether or not the suits here are identical, if they overlap on the substantive issues, the cases would be required to be consolidated in the jurisdiction first seized of the issues.") (internal punctuation omitted). Here, the Southern District of Texas court has already received extensive briefing and conducted a hearing on the motion for preliminary injunction filed in that district. Defendants therefore respectfully request that this Court transfer this case to the Southern District of Texas for a determination of whether these two cases should be consolidated.

II. **In the Alternative, the Court Should Grant Defendants an Extension of Time to Respond to Plaintiffs' Motion for a Preliminary Injunction.**

Alternatively, Defendants respectfully request that the Court grant Defendants an extension of time of seven days, through and including September 2, to respond to Plaintiffs' motion for a

4

preliminary injunction. This additional time is necessary because of the need to coordinate Defendants' response among different government agencies, because undersigned counsel for Defendants is recovering from an illness, and because of absences of key personnel during the month of August, as well as the press of business and other litigation.

This schedule is reasonable under the circumstances of this case. The agency promulgated the rule challenged here on April 26, 2022, and the rule announced its effective date of August 24, 2022—120 days from the date the rule was issued—on its very first page. 87 Fed. Reg. 24,652. But Plaintiffs did not act in a manner reflective of a party facing a true emergency. They did not seek emergency injunctive relief in April, or in May, or in June, or in July. Instead, they deliberately chose not to seek such relief for over three-and-a-half months, until the week before the rule's effective date. Having unreasonably delayed for this extended period, any purported emergency is thus entirely of Plaintiffs' own making. Plaintiffs also will not suffer any prejudice from this modest extension, as briefing on their preliminary injunction motion will not conclude until after the rule is scheduled to become effective in any event.

Further, any contention that Plaintiffs could not have filed their complaint and motion for preliminary injunction before now is fatally undermined by the fact that the plaintiff in *Division 80* filed suit challenging the very same rule in early May 2022 and moved for a preliminary injunction in early June, more than two months ago. *See Division 80 v. Garland*, No. 3:22-cv-00148, ECF Nos. 1 (Compl., May 9, 2022), 11 (Emergency Mot. for Prelim. Injunction, June 6, 2022).

Plaintiffs took three-and-a-half months after the rule was issued to move for a preliminary injunction in this Court. By contrast, Defendants are only asking for 7 more days to prepare an appropriate response. Accordingly, Defendants respectfully request, in the alternative, an extension of time to respond to Plaintiffs' motion for preliminary injunction.

## CONCLUSION

For the reasons stated above, Defendants respectfully request that this case be transferred to the Southern District of Texas.  In the alternative, Defendants respectfully request an extension of time until September 2, 2022 to respond to Plaintiffs' motion for preliminary injunction.

DATED: August 18, 2022　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　BRIAN M. BOYNTON
　　　　　　　　　　　　　　　　　　　　Principal Deputy Assistant Attorney General


　　　　　　　　　　　　　　　　　　　　ALEXANDER K. HAAS
　　　　　　　　　　　　　　　　　　　　Director, Federal Programs Branch

　　　　　　　　　　　　　　　　　　　　LESLEY FARBY
　　　　　　　　　　　　　　　　　　　　Assistant Director, Federal Programs Branch

　　　　　　　　　　　　　　　　　　　　*/s/ Daniel Riess*
　　　　　　　　　　　　　　　　　　　　DANIEL RIESS
　　　　　　　　　　　　　　　　　　　　MARTIN M. TOMLINSON
　　　　　　　　　　　　　　　　　　　　TAISA M. GOODNATURE
　　　　　　　　　　　　　　　　　　　　Trial Attorneys
　　　　　　　　　　　　　　　　　　　　Civil Division, Federal Programs Branch
　　　　　　　　　　　　　　　　　　　　U.S. Department of Justice
　　　　　　　　　　　　　　　　　　　　1100 L Street, NW
　　　　　　　　　　　　　　　　　　　　Washington, DC 20005
　　　　　　　　　　　　　　　　　　　　Phone: (202) 353-3098
　　　　　　　　　　　　　　　　　　　　Email:  Daniel.Riess@usdoj.gov
　　　　　　　　　　　　　　　　　　　　*Attorneys for Defendants*

## CERTIFICATE OF CONFERENCE

I certify that, on August 17-18, 2022, I conferred with Plaintiffs' counsel, who stated that Plaintiff is opposed to the relief sought in this motion.

*/s/ Daniel Riess*

## CERTIFICATE OF SERVICE

On August 18, 2022, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court.  I hereby certify that I have served all parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ Daniel Riess*
