UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| JENNIFER VANDERSTOK *et al.*, | |
| Plaintiffs, | Case No. 4:22-cv-00691-O |
| v. | |
| MERRICK GARLAND, in his official capacity as Attorney General of the United States *et al.*, | |
| Defendants. | |

**REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO TRANSFER CASE PURSUANT TO THE FIRST-TO-FILE RULE**

# TABLE OF CONTENTS

INTRODUCTION ..................................................................................................................................1

ARGUMENT.........................................................................................................................................1

      The Court Should Transfer This Case to the Southern District of Texas Under the
      First-to File Rule............................................................................................................1

CONCLUSION ....................................................................................................................................11

## TABLE OF AUTHORITIES

**CASES**

*Baatz v. Columbia Gas Transmission, LLC*,
  814 F.3d 785 (6th Cir. 2016) ..................................................................................................6

*Biden v. Texas*,
  142 S. Ct. 2528 (2022) ............................................................................................................8

*Cadenasso v. Metro. Life Ins. Co.*,
  No. 13-5491, 2014 WL 1510853 (N.D. Cal. Apr. 15, 2014)...................................................6

*Cadle Co. v. Whataburger of Alice, Inc.*,
  174 F.3d 599 (5th Cir. 1999) ............................................................................................. 1, 4

*Dumas v. Major League Baseball Props., Inc.*,
  52 F. Supp. 2d 1183 (S.D. Cal. 1999).....................................................................................6

*Dxp Enterprises, Inc. v. Hill*,
  No. 15-3471, 2016 WL 4159756 (S.D. Tex. Aug. 3, 2016)....................................................4

*Fuller v. Abercrombie & Fitch Stores, Inc.*,
  370 F. Supp. 2d 686 (E.D. Tenn. 2005) .................................................................................7

*Inherent.com v. Martindale–Hubbell*,
  420 F. Supp. 2d 1093 (N.D. Cal. 2006) .................................................................................6

*Intersearch Worldwide, Ltd. v. Intersearch Grp., Inc.*,
  544 F. Supp. 2d 949 (N.D. Cal. 2008) ...................................................................................6

*Kerotest Mfg. v. C–O–Two Fire Equip. Co.*,
  189 F.2d 31 (3d Cir. 1951) .....................................................................................................6

*Koehler v. Pepperidge Farm, Inc.*,
  No. 13-2644, 2013 WL 4806895 (N.D. Cal. Sept. 9, 2013) ...................................................6

*Lott v. Advantage Sales & Mktg. LLC*,
  No. 10-980, 2011 WL 13229682 (N.D. Ala. Jan. 26, 2011)...................................................6

*Louisiana v. Biden*,
  538 F. Supp. 3d 649 (W.D. La. 2021) ..................................................................................10

*Lujan v. Defs. of Wildlife*,
  504 U.S. 555 (1992) ...............................................................................................................8

*Mann Mfg., Inc. v. Hortex, Inc.*,
   439 F.2d 403 (5th Cir. 1971) ..................................................................................*passim*

*Marshall v. Chevron U.S.A. Inc.*,
   No. 19-273, 2020 WL 9813023 (W.D. Tex. Dec. 10, 2020), *report and recommendation adopted*, No. 19-273, 2021 WL 2181148 (W.D. Tex. Jan. 6, 2021) ..............................................................2

*National Health Federation v. Weinberger*,
   518 F.2d 711 (7th Cir. 1975) ............................................................................... 4, 5, 7

*Orthmann v. Apple River Campground, Inc.*,
   765 F.2d 119 (8th Cir. 1985) ..........................................................................................9

*Peak v. Green Tree Fin. Servicing Corp.*,
   No. 00-0953, 2000 WL 973685 (N.D. Cal. July 7, 2000) ...........................................6

*Platt v. Nash*,
   No. 16-294, 2016 WL 6037856 (E.D. Tex. Oct. 14, 2016) ................................... 1, 2

*Save Power Ltd. v. Syntek Fin. Corp.*,
   121 F.3d 947 (5th Cir. 1997) ..................................................................................*passim*

*Stewart v. May Dep't Store Co.*,
   No. 02-2772, 2002 WL 31844906 n.4 (E.D. La. Dec. 12, 2002) .............................6

*Strother v. Hylas Yachts, Inc.*,
   No. 12-80283, 2012 WL 4531357 (S.D. Fla. Oct. 1, 2012) ......................................6

*Sutter Corp. v. P & P Indus., Inc.*,
   125 F.3d 914 (5th Cir. 1997) ..........................................................................................3

*Tappin v. TForce Freight, Inc.*,
   No. 22-322, 2022 WL 3567126 (E.D. Cal. Aug. 18, 2022) ......................................6

*Texas Instruments Inc. v. Micron Semiconductor, Inc.*,
   815 F. Supp. 994 (E.D. Tex. 1993) ........................................................................ 3, 4

*Troche v. Bimbo Foods Bakeries Distribution, Inc.*,
   No. 11-234, 2011 WL 3565054 (W.D.N.C. Aug. 12, 2011) ....................................6

*Walsh v. Peterson*,
   No. 4:21-CV-867, 2022 WL 3088086 (E.D. Tex. Aug. 3, 2022) ......................... 5, 7

*Warshawer v. Tarnutzer*,
   No. 14-1042, 2014 WL 12513595 (W.D. Wash. Sept. 29, 2014) ............................6

*West Gulf Mar. Ass'n v. ILA Deep Sea Loc. 24*,
  751 F.2d 721 (5th Cir. 1985) ................................................................................................ 4, 5, 6

**STATUTES**

5 U.S.C. § 551 ..................................................................................................................................7

28 U.S.C. § 1404............................................................................................................................7

## INTRODUCTION

Defendants' motion to transfer established beyond reasonable dispute that this case substantially overlaps with *Division 80 LLC v. Garland*, No. 3:22-cv-00148 (Southern District of Texas), a case filed more than three months ago challenging the same regulation, asserting virtually identical causes of action, and seeking the same form of relief. Nothing in Plaintiffs' opposition brief undermines this demonstration of substantial overlap between the two cases; indeed, Plaintiffs have specifically conceded that *Division 80* is a "related case" to this action, which means that they arise from a common nucleus of operative facts. *Division 80* has already proceeded further in its proceedings than this case, as that court has already ruled on a motion for preliminary injunction very similar to that sought by Plaintiffs here. Accordingly, Defendants respectfully request that this case be transferred to the Southern District of Texas.

## ARGUMENT

**The Court Should Transfer This Case to the Southern District of Texas Under the First-to File Rule.**

The issues in this case are likely to substantially overlap with those in *Division 80*. Moreover, *Division 80* has proceeded to a further stage in its proceedings than this case, with the court there having already adjudicated a motion for preliminary injunction very similar to the one filed by Plaintiffs here. The Court should therefore transfer this action to the Southern District of Texas under the first-to-file rule, so that that court may determine whether this case should be consolidated with its predecessor.

A "second-filed court plays a limited role when presented with a motion to transfer or stay based on the first-to-file rule." *Platt v. Nash*, No. 16-294, 2016 WL 6037856, at *1 (E.D. Tex. Oct. 14, 2016). That role is to decide whether the movant has shown a "*likelihood* of substantial overlap" between the two suits. *Mann Mfg., Inc. v. Hortex, Inc.*, 439 F.2d 403, 408 (5th Cir. 1971) (emphasis added); *accord Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 606 (5th Cir. 1999) (second-filed court

should determine only whether "the issues *might* substantially overlap") (emphasis added).  If the movant makes this showing, then "the second-filed court allows the first-filed court to 'resolve the question of whether both [cases] should be allowed to proceed.'"  *Platt*, 2016 WL 6037856, at *1 (citation omitted).  The factors relevant to the substantial overlap inquiry "include whether 'the core issue' in each case is the same and whether 'much of the proof adduced . . . would likely be identical.'"  *Marshall v. Chevron U.S.A. Inc.*, No. 19-273, 2020 WL 9813023, at *2 (W.D. Tex. Dec. 10, 2020), *report and recommendation adopted*, No. 19-273, 2021 WL 2181148 (W.D. Tex. Jan. 6, 2021) (citation omitted).

A likelihood of substantial overlap of core issues exists between this case and *Division 80*.  As explained in Defendants' motion, just like *Division 80*, this case is a pre-enforcement facial challenge to a recently-enacted ATF regulation.  Both cases were brought under the Administrative Procedure Act (APA) and assert substantially similar causes of action:

- that the Rule exceeds the agency's statutory authority, *compare* Compl. at Count I, ¶¶ 96-102 *with* Compl, *Div. 80*, at Count I, ¶¶ 105-07;

- that the Rule is not a logical outgrowth of the notice of proposed rulemaking, *compare* Compl. at Count II, ¶¶ 106-115 *with* Compl, *Div. 80*, at Count V, ¶¶ 125-32;

- that the Rule is arbitrary and capricious, *compare* Compl. at Count III, ¶¶ 116-30 *with* Compl, *Div. 80*, at Count IV, ¶¶ 116-24;

- that the Rule is inconsistent with the separation of powers and the non-delegation doctrine, *compare* Compl. at Count IV, ¶¶ 131-41 *with* Compl, *Div. 80*, at Counts II & VI, ¶¶ 108-11, 133-35;

- that the Rule is void for vagueness, *compare* Compl. at Count VI, ¶¶ 153-57 *with* Compl, *Div. 80*, at Count III ¶¶ 112-15.

Both cases also seek the same form of relief: preliminary and permanent injunctive relief enjoining the Rule on its face and/or postponing its effective date.  *Compare* Compl. at Prayer for

2

Relief *with* Compl, *Div. 80*, at Prayer for Relief. Plaintiffs have also conceded that this case is "related" to *Division 80*. *See* Notice of Related Case at 1-2 (describing *Division 80* as an "Administrative Procedure Act challenge brought by Division 80 LLC to the same Final Rule . . . at issue here"). As such, Plaintiffs have determined that "to the best of [their] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," this case and *Division 80* "arise[] from a common nucleus of operative fact." Local Civ. R. 3.3(b). And Plaintiffs' opposition brief does not dispute Defendants' characterization that the preliminary injunction motions filed in the two cases are "similar." Opp. at 12. Accordingly, because this case has a "likelihood of substantial overlap" with *Division 80*, *see Mann Mfg.*, 439 F.2d at 408, the Court should transfer this case to the Southern District of Texas for a determination whether this case should proceed.

Plaintiffs incorrectly suggest that it is the province of this Court to determine whether the two cases are "substantially similar." Opp. at 7. As a procedural matter, the "Fifth Circuit adheres to the general rule that the court in which an action is first filed is the appropriate court to determine whether subsequently filed cases involving substantially similar issues should proceed." *Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997). Thus, "[o]nce the *likelihood* of substantial overlap between the two suits ha[s] been demonstrated, it [i]s no longer up to the [second-filed court] to resolve the question of whether both should be allowed to proceed." *Mann Mfg.*, 439 F.2d at 408 (emphasis added). Rather, "the ultimate determination of whether there actually [i]s a substantial overlap . . . belong[s] to the [first-filed court]," *id.*, which "may decide whether the second suit filed must be dismissed, stayed, or transferred and consolidated." *Sutter Corp. v. P & P Indus., Inc.*, 125 F.3d 914, 920 (5th Cir. 1997); *see also Texas Instruments Inc. v. Micron Semiconductor, Inc.*, 815 F. Supp. 994, 999 (E.D.

3

Tex. 1993) (explaining that "the first-to-file rule gives the *first-filed* court the responsibility to determine which case should proceed").[1]

And contrary to Plaintiffs' contention, that the parties here are not formally identical to those in *Division 80* is no barrier to transfer. Under the first-to-file rule, "[c]omplete identity of parties is not required for dismissal or transfer of a case filed subsequently to a substantially related action." *Save Power*, 121 F.3d at 951; *see also Dxp Enterprises, Inc. v. Hill*, No. 15-3471, 2016 WL 4159756, at *2 (S.D. Tex. Aug. 3, 2016) ("Substantial overlap is not complete overlap; complete identity of parties and issues need not be shown to invoke the first-to-file rule.") (citation and internal punctuation omitted); *Texas Instruments*, 815 F. Supp. at 997 ("[A]ll that need be present is that the two actions involve closely related questions or common subject matter, or that the core issues substantially overlap. The cases need not be identical to be duplicative."). And the Fifth Circuit has repeatedly noted that the first-to-file rule may be applied to "dismiss[] a second-filed action without prejudice even though it involved different plaintiffs than the first-filed action." *Id.* (citation omitted); *accord West Gulf*, 751 F.2d at 731 n.5. As Defendants' motion explained, the Seventh Circuit's decision in *National Health Federation v. Weinberger*, 518 F.2d 711 (7th Cir. 1975)—which the Fifth Circuit cited with approval in *Save Power* and *West Gulf*—is instructive. There, much like here, after one organization challenged regulations in the Southern District of New York, another organization (and an individual) challenged the same

---

[1] Earlier Fifth Circuit cases suggest that the second-filed court also has the discretion, in appropriate circumstances, to dismiss or stay the second-filed action. *See, e.g.*, *West Gulf Mar. Ass'n v. ILA Deep Sea Loc. 24*, 751 F.2d 721, 729 & n.1 (5th Cir. 1985) (while "a district court may dismiss an action where the issues presented can be resolved in an earlier-filed action pending in another district court," in "addition to outright dismissal, it sometimes may be appropriate to transfer the action or to stay it"); *id.* at 730 ("Our holding and discussion in *Mann* make plain that in this [second-filed] case the district court should have stayed, dismissed, or transferred [the plaintiff's] action."). Although those cases do not appear to have been overturned, later Fifth Circuit cases make clear that "once the [second-filed] court f[i]nd[s] that the issues might substantially overlap, the proper course of action [i]s for the court to transfer the case to the [first-filed] court to determine which case should, in the interests of sound judicial administration and economy, proceed." *Cadle Co.*, 174 F.3d at 606.

regulations in the Northern District of Illinois. *Id.* at 712. The Seventh Circuit held that the district court should have dismissed the second-filed suit because the two cases raised the same issues. *Id.* at 712-13 & n.2. That the plaintiffs in the second-filed case differed from those in the first worked no inequity, the court explained, since the "dismissal would operate without prejudice." *Id.* at 713-14. And notably, the two sets of plaintiffs were not related to one another. *See generally id.* at 712-14.

Plaintiffs fail in their attempt to distinguish this case law. Opp. at 3-7. It made little difference to the Fifth Circuit that the overlapping cases in *West Gulf* and *Save Power* happened to involve the same plaintiffs. Instead, "[t]he *crucial* inquiry" for the Fifth Circuit was "one of 'substantial overlap.'" *Save Power*, 121 F.3d at 950 (quoting *Mann Mfg.*, 439 F.2d at 408) (emphasis added); *see also West Gulf*, 751 F.2d at 730 (holding that "the district court should have stayed, dismissed, or transferred" the second-filed action because "the core issue in the [first-filed- action was the same as the core issue in the [second-filed] action"). Nor do Plaintiffs successfully distinguish *National Health Federation* on the grounds that the Seventh Circuit observed in that case that the complaints in the first-filed and second-filed cases were purportedly identical. *See* Opp. at 5. As an initial matter, neither *West Gulf* nor *Save Power* thought this detail relevant; instead, they specifically cited *National Health Federation* to support the proposition that for purposes of the first-to-file rule, it does not matter whether the plaintiffs in the two cases are identical. *See Save Power*, 121 F.3d at 951 (stating that "[c]omplete identity of parties is not required for dismissal or transfer of a case filed subsequently to a substantially related action," and citing in support *National Health Federation* because it "dismiss[ed a] second-filed action without prejudice even though it involved different plaintiffs than the first-filed action"); *West Gulf*, 751 F.2d at 731 n.5 (citing *National Health Federation* for the proposition that a "second-filed action should be dismissed even though different plaintiffs [were] involved in [the] first-filed action"). In any event, many other cases, including from this Circuit, have also applied the first-to-file rule even though the cases involved different plaintiffs. Thus, in *Walsh v. Peterson*, No. 4:21-CV-867, 2022 WL 3088086

5

(E.D. Tex. Aug. 3, 2022), as here, two cases with different plaintiffs substantially overlapped where they were "brought against almost identical individuals and entities," "center[ed] around the same operative facts," sought "similar forms of recovery," and "the causes of action [in the two cases] square[d] almost exactly." *Id.* at *3. Notably, the two sets of plaintiffs had no relationship to one another: the first-filed action was brought by two individuals, and the second-filed action was brought by the Secretary of Labor. *Id.* at *1; *see also, e.g.*, *Stewart v. May Dep't Store Co.*, No. 02-2772, 2002 WL 31844906, at *3 n.4 (E.D. La. Dec. 12, 2002) (noting that "the 'first to file' rule generally contemplates suits filed by two different plaintiffs"); *Tappin v. TForce Freight, Inc.*, No. 22-322, 2022 WL 3567126, at *2 (E.D. Cal. Aug. 18, 2022) ("The rule is satisfied if some of the parties in one matter are also in the other matter, regardless of whether there are additional, unmatched parties in one or both matters.") (citation omitted); *accord Intersearch Worldwide, Ltd. v. Intersearch Grp., Inc.*, 544 F. Supp. 2d 949, 959 n.6 (N.D. Cal. 2008) (citing *Kerotest Mfg. v. C–O–Two Fire Equip. Co.*, 189 F.2d 31 (3d Cir. 1951); *Inherent.com v. Martindale–Hubbell*, 420 F. Supp. 2d 1093, 1097 (N.D. Cal. 2006); and *Dumas v. Major League Baseball Props., Inc.*, 52 F. Supp. 2d 1183, 1189 (S.D. Cal. 1999)); *Warshawer v. Tarnutzer*, No. 14-1042, 2014 WL 12513595, at *2-4 (W.D. Wash. Sept. 29, 2014); *Cadenasso v. Metro. Life Ins. Co.*, No. 13-5491, 2014 WL 1510853, at *9-12 (N.D. Cal. Apr. 15, 2014); *Koehler v. Pepperidge Farm, Inc.*, No. 13-2644, 2013 WL 4806895, at *2-6 (N.D. Cal. Sept. 9, 2013); *Peak v. Green Tree Fin. Servicing Corp.*, No. 00-0953, 2000 WL 973685, at *2 (N.D. Cal. July 7, 2000)[2]; *Baatz v. Columbia Gas Transmission, LLC*, 814 F.3d 785, 789-93 (6th Cir. 2016); *Strother v. Hylas Yachts, Inc.*, No. 12-80283, 2012 WL 4531357, at *1-3 (S.D. Fla. Oct. 1, 2012); *Troche v. Bimbo Foods Bakeries Distribution, Inc.*, No. 11-234, 2011 WL 3565054, at *2-4 (W.D.N.C. Aug. 12, 2011); *Lott v. Advantage Sales & Mktg. LLC*, No. 10-980, 2011 WL 13229682, at

---

[2] Citations to Ninth Circuit case law are especially relevant because the Fifth Circuit in *West Gulf* looked to Ninth Circuit precedent to guide its analysis of the first-to-file rule. *See West Gulf*, 751 F.2d at 729-30.

6

*2-6 (N.D. Ala. Jan. 26, 2011); *Fuller v. Abercrombie & Fitch Stores, Inc.*, 370 F. Supp. 2d 686, 688-91 (E.D. Tenn. 2005).

Nor is *National Health Federation* distinguishable on the grounds that the organizational plaintiff in the second-filed suit in that case had "no particular ties to" the forum in which it had filed. 518 F.2d at 714; *see* Opp. at 5. The same is true here. The organizational plaintiff, Firearms Policy Coalition, has no particular ties to the Northern District of Texas, as it is "incorporated under the laws of Delaware with its principal place of business in Las Vegas, Nevada." Compl. ¶ 15. But Firearms Policy Coalition chose not to bring suit in the District of Delaware or the District of Nevada, it sued instead in a district to which it has "no particular ties." Furthermore, "[i]t is not contested that counsel for plaintiffs, prior to filing the suit here, were aware of the suit filed in the Southern District [of Texas] challenging the validity of the [Rule]." *Nat'l Health Federation*, 518 F.2d at 714. Yet instead of joining that suit, Plaintiffs chose instead to file a duplicative action in another district in the same State, asserting virtually indistinguishable causes of action, and seeking the very same form of preliminary and permanent injunctive relief. If ever there were a need "to avoid the waste of duplication" and "to avoid rulings which may trench on the authority of other courts," *Save Power*, 121 F.3d at 950, it is here. As in *National Health Federation*, here, plaintiffs should not "be allowed to so easily avoid real involvement in litigation in one forum, and then impose on a second federal forum the burden of considering anew the same issues." 518 F.2d at 714.

Moreover, Plaintiffs misplace their reliance on 28 U.S.C. § 1404, governing motions to transfer venue, because Defendants have not moved to transfer venue under that statute. *See* Opp. at 6-7. Instead, Defendants have invoked the first-to-file rule. 28 U.S.C. § 1404 is thus irrelevant. *See Walsh*, 2022 WL 3088086, at *4 (declining to determine whether transfer would be appropriate under § 1404 after already "having found that substantial overlap exists between [two actions] sufficient to support transfer under the first-to-file rule"). Similarly irrelevant are Plaintiffs' assertions regarding the relative

7

convenience of the individual plaintiffs of appearing as witnesses here or in the Southern District of Texas. *See* Opp. at 7. Plaintiffs have brought this case under the Administrative Procedure Act, 5 U.S.C. § 551 *et seq.* (APA), and "in reviewing agency action [under the APA], a court is ordinarily limited to evaluating the agency's contemporaneous explanation in light of the existing administrative record." *Biden v. Texas*, 142 S. Ct. 2528, 2546 (2022) (citation omitted). Because review is limited to the administrative record, there is no need for witness testimony.

Furthermore, and in any event, the individual plaintiffs lack standing to sue. Both aver that they "wish to continue to acquire [partially completed receivers] in the future" in order to manufacture their own weapons, *see* ECF Nos. 16-2, 16-3, but they do not state that they plan to purchase such products imminently or at any specific time. Such indefinite future plans are insufficient to establish Article III standing. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 564 (1992) ("Such 'some day' intentions—without any description of concrete plans, or indeed even any specification of when the some day will be—do not support a finding of the 'actual or imminent' injury that our cases require"). The Rule does not prevent the individual plaintiffs from purchasing partially complete frames or receivers; it merely requires that they pass a background check and purchase the products from a federal firearms licensee (FFL). If, as Plaintiffs aver, they are not legally prohibited from possessing firearms and have passed a federal background check before, ECF Nos. 16-2, 16-3, they could surely do so again. Although Plaintiffs state that they wish to purchase partially completed receivers "without involvement of an FFL," *id.*, they fail to articulate how the involvement of an FFL causes them any concrete and tangible harm. Moreover, the Rule does not prevent the individual plaintiffs from manufacturing their own firearms at all. And if the individual plaintiffs are dismissed for lack of standing, then venue will be at best questionable in this District. This weighs even further in favor of the application of the first-to-file rule here.

Plaintiffs also make much of the fact that Defendants did not invoke the first-to-file rule in another related case, *Morehouse Enterprises v. ATF*, No. 3:22-cv-00116 (District of North Dakota). *See* Opp. at 7-8. Defendants did not utilize the first-to-file rule in that case for a simple reason: the Eighth Circuit's standard is far more rigid than the Fifth Circuit's, requiring that parties in the two actions be identical. *See Orthmann v. Apple River Campground, Inc.*, 765 F.2d 119, 121 (8th Cir. 1985) (stating that under the Eighth Circuit's first-to-file rule, "a court can decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district"). By contrast, as explained above, the Fifth Circuit's first-to-file rule is far less stringent, turning on a determination of "likelihood of substantial overlap" rather than complete identity of parties.

Nor, finally, are Plaintiffs' attempts to distinguish *Division 80* from this case at all convincing. Opp. at 5-6, 9-10. As demonstrated above, the claims asserted in the two cases are likely to substantially overlap. That the complaints in the two cases may differ in relatively insignificant ways does not undermine this conclusion. Five out of six of the causes of action in Plaintiffs' complaint are duplicative of and substantially overlap with the causes of action in the *Division 80* complaint, as shown above. The mere fact that Plaintiffs have also included a claim under the "Take Care" Clause of the Constitution does not undermine the likelihood that these two actions substantially overlap. Similarly, none of the other facets in which the complaints allegedly differ occupy any significant portion of Plaintiffs' complaint. *See, e.g.*, Compl. ¶¶ 122, 129 (mentioning striker-fired pistols and split-frame receivers in two paragraphs of one of Plaintiffs' causes of action). Plaintiffs also fail to articulate how the different identities of the plaintiffs makes any relevant difference to the claims advanced in the two cases. Both cases advance APA claims that do not turn on any significant factual circumstances specific to any particular plaintiff, but instead are almost purely legal in nature. Nor have Plaintiffs identified any cause of action in their complaint that depends significantly on the particular circumstances of any plaintiff.

9

*Louisiana v. Biden*, 538 F. Supp. 3d 649 (W.D. La. 2021), also does not advance Plaintiffs' arguments. That case involved two actions, one in Wyoming and one in Louisiana, that were substantially different in a variety of ways. Among other things, "[t]he federal agencies [sued were] not the same and the statutory authority [wa]s not the same." *Id.* at 656. The scope of the two actions was also significantly different: "[t]he Wyoming suit [wa]s narrower while the Louisiana suit [wa]s much broader," in that "[t]he Wyoming suit only involve[d] land-based oil and gas leases under the [Mineral Leasing Act], while the Louisiana suit involve[d] both land-based oil and gas leases under the MLA and offshore production on the outer continental shelf under the [Outer Continental Shelf Lands Act (OCSLA)]." *Id.* at 656, 657. Additionally, "[s]pecific lease sales [we]re involved in the Louisiana suit but are not in the Wyoming suit" and "[t]he Wyoming suit [wa]s a much narrower challenge to one agency decision, while the Louisiana suit [wa]s a much broader claim against several agencies, and President Biden." *Id.* at 656. The statutes at issue in the two cases varied significantly, as "[o]nly the Wyoming suit ma[de] claims under the [Federal Land Policy and Management Act], the applicable Resource Management Plan, and under the [National Environmental Policy Act]," while "[o]nly the Louisiana suit ma[de] direct claims to attack the constitutionality and validity of Section 208 of Executive Order 14008 and ma[de] claims under the OCSLA." *Id.* at 656.

Such factors are not presented here. Plaintiffs here and the plaintiff in *Division 80* have sued the very same defendants under the same statute (the APA). The scope of the two actions is fundamentally the same, as both cases are limited to challenging the same regulation and no other law. Moreover, any concerns about deterring duplicative, inconsistent, and piecemeal litigation were significantly diminished in *Louisiana*, where the second-filed suit was filed a mere 39 minutes after the first-filed action. *Id.* at 653 n.4. By contrast, Plaintiffs here waited to filed their complaint until more than three months after the *Division 80* complaint had been filed. And in any event, the court in *Louisiana* erred in concluding that its role was "to decide whether the moving party in the second-filed

10

court has demonstrated a 'substantial overlap' between the two suits." *Id.* at 654 (citation omitted). As explained above, the role of the court in the second-filed action is limited to deciding whether there is a *likelihood* of substantial overlap between the two actions. *See Mann Mfg.*, 439 F.2d at 408 ("Once the likelihood of substantial overlap between the two suits ha[s] been demonstrated, it [i]s no longer up to the [second-filed court] to resolve the question of whether both should be allowed to proceed.").

Because Defendants have demonstrated "the likelihood of substantial overlap between the two suits," "the ultimate determination of whether there actually [i]s a substantial overlap requiring consolidation of the two suits in [the Southern District of Texas] belong[s] to [that court]." *Save Power*, 121 F.3d at 950. The Southern District of Texas court has already received extensive briefing on the plaintiff's motion for a preliminary injunction filed in that district, conducted a hearing and issued a decision on the motion. Defendants therefore respectfully request that this Court transfer this case to the Southern District of Texas for a determination of whether these two cases should be consolidated.

## CONCLUSION

For the reasons stated above and in Defendants' opening brief, Defendants respectfully request that this case be transferred to the Southern District of Texas.

DATED: August 26, 2022    Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

ALEXANDER K. HAAS
Director, Federal Programs Branch

LESLEY FARBY
Assistant Director, Federal Programs Branch

*/s/ Daniel Riess*
DANIEL RIESS
MARTIN M. TOMLINSON

11

                                      TAISA M. GOODNATURE
                                      Trial Attorneys
                                      Civil Division, Federal Programs Branch
                                      U.S. Department of Justice
                                      1100 L Street, NW
                                      Washington, DC 20005
                                      Phone: (202) 353-3098
                                      Email: Daniel.Riess@usdoj.gov
                                      *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

On August 26, 2022, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

                                                                       */s/ Daniel Riess*