IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| JENNIFER VANDERSTOK, *et al.*,<br><br>    *Plaintiff*,<br><br>v.<br><br>MERRICK GARLAND, in his official capacity as Attorney General of the United States, *et al.*,<br><br>    *Defendants*. | Case No. 4:22-cv-00691-O |

**MOTION FOR LEAVE TO FILE AMICI CURIAE BRIEF OF
GUN OWNERS FOR SAFETY AND
INDIVIDUAL CO-AMICI**

Gun Owners for Safety and five individuals affiliated with the organization respectfully move for leave to file an amici curiae brief in support of Defendants' opposition to Plaintiffs' motion for a preliminary injunction. The proposed brief is attached as Exhibit A. As set forth below, the proposed brief brings important and different perspectives to the Court's attention that are not already discussed by the parties, and which are directly relevant to the issues presented in Plaintiffs' motion.

Pursuant to L.R. 7.1(b)(2), counsel for the amici informed counsel for Plaintiffs and Defendants of the amici's intent to file an amici curiae brief. In response, Defendants stated that they do not oppose the filing of the brief, and Plaintiffs stated that they "do not consent to the filing of [the] amicus brief at this stage of the litigation. It is unclear to us

1

how your clients would aid the Court in its review of the preliminary injunction factors here."  Contrary to Plaintiffs' view, the amici have interests and perspectives directly relevant to the Court's review, and the proposed brief is directly relevant to the preliminary injunction analysis, including specifically the factors addressing likelihood of success on the merits, whether Plaintiffs will suffer irreparable harm without the requested injunction, and the interests of the public.  These interests include those of individuals within the jurisdiction of the Court—the Texas chapter of Gun Owners for Safety and Mr. Speier who resides within the jurisdiction.  While Plaintiff Firearms Policy Coalition, whose members include the remaining Plaintiffs in this case, states that its purpose is to "defend[] and promot[e] the People's rights—especially but not limited to First and Second Amendment rights," Compl. ¶ 15—the amici wish to make clear their firm respect for such rights in supporting the Rule.  As their proposed brief explains, the Rule does not impact most at-home gun builders, and it is not a hardship for law-abiding individuals or companies who are impacted by the Rule to comply with it.

Accordingly, Gun Owners for Safety and the five individuals affiliated with Gun Owners for Safety respectfully request that the Court grant this motion and accept the proposed amici curiae brief.

## ARGUMENT

Proposed amicus curiae Gun Owners for Safety is a united coalition of gun owners from varied backgrounds and political affiliations who believe lives can be saved through commonsense gun laws that do not infringe upon the civil rights of law-abiding gun owners.  With chapters in Texas and across the country, including Colorado, Florida,

2

Michigan, Minnesota, Pennsylvania, and Virginia, we work to prevent gun violence while supporting and protecting Second Amendment rights. Gun Owners for Safety has over 20,000 members, who include experienced gun owners of all trades and hobbies, including law enforcement, military, hunting, sport shooting, collecting, and building guns. In Texas alone, Gun Owners for Safety has 1,200 gun owner members, including 60 volunteer ambassadors who have educated the public and lawmakers through such activities as hosting seminars and testifying before the State Legislature. Affiliated with Giffords, the gun safety organization co-founded and led by Congresswoman Gabrielle Giffords, who is a gun owner herself, we fully respect the Second Amendment and are simultaneously devoted to encouraging safe and responsible gun ownership practices and promoting a shift in culture to inform Americans about ways to improve safe gun ownership, including commonsense gun laws.

The five affiliated individuals who are also proposed amici curiae are: Jason Perry, Deputy Engagement Director for Gun Owners for Safety; Ryan Busse, a Senior Advisor to Gun Owners for Safety and Giffords; Jonathan Gold, a Senior Ambassador for Gun Owners for Safety in Michigan; Steven Kling, a Senior Ambassador for Gun Owners for Safety in Texas; and Scott Spreier, a Senior Ambassador for Gun Owners for Safety in Texas. All five are experienced gun owners who have worked, respectively, as a firefighter, an executive in the firearms industry, a firearm instructor, a member of the Army, and a member of the Air Force, and each is passionate about the importance of the serialization of firearms as a key tool for law enforcement to fight crime and bring justice for victims of gun violence.

As law-abiding gun owners, the members of Gun Owners for Safety and the five individual proposed co-amici have a direct and substantial interest in the subject matter of this case—Alcohol, Tobacco, Firearms and Explosives ("ATF") Final Rule 2021R-05F, entitled Definition of "Frame or Receiver" and Identification of Firearms (the "Rule")— and in Plaintiffs' challenge to the Rule in its motion seeking a preliminary injunction. As important, Gun Owners for Safety, its membership, and the individual co-amici provide a unique perspective on the questions at the heart of Plaintiffs' motion.

Specifically, the proposed brief offers an overview of the rich traditions of gun building in the United States and highlights the distinction between guns built from scratch and guns built from manufactured parts, including fully manufactured and partially manufactured parts. An accurate understanding of gun building in the United States is necessary to appreciating the scope of the Rule and properly addressing Plaintiffs' challenge to it. Members of Gun Owners for Safety possess the highly specialized knowledge to provide this understanding. Gun Owners for Safety members, including two of the five individual amici, have built guns from scratch, and have also built guns from fully or partially manufactured components, knowing firsthand the relative ease with which guns can be assembled from a kit of fully or partially finished parts. The coalition can therefore offer invaluable context for the true impact of the Rule on those who build guns at home, including the proposed individual amici who engage in at-home gun making.

Although no Federal Rule of Civil Procedure governs the filing of an amicus brief in district court, it is well-established that amicus briefs can serve a useful role. As then-Judge Alito noted with respect to amicus briefs, "the fundamental assumption of our

adversary system [is] that strong (but fair) advocacy on behalf of opposing views promotes sound decision making. Thus, an amicus who makes a strong but responsible presentation in support of a party can truly serve as the court's friend." *Neonatology Assocs. v. Comm'r of Internal Revenue*, 293 F.3d 128, 131 (3d Cir. 2002). "Even when a party is very well represented, an amicus may provide important assistance to the court," with contributions ranging from "'collect[ing] background or factual references that merit judicial notice,'" providing "'particular expertise not possessed by any party to the case,'" and "'explain[ing] the impact a potential holding might have on an industry or other group.'" *Id.* (quoting Luther T. Munford, *When Does the Curiae Need An Amicus?*, 1 J. App. Prac. & Process 279 (1999)). The Fifth Circuit likewise observes that "courts should welcome amicus briefs for one simple reason: '[I]t is for the honour of a court of justice to avoid error in their judgments.'" *Lefebure v. D'Aquilla*, 15 F.4th 670, 675 (5th Cir. 2021) (citation omitted). Consistent with these authorities, this Court has granted amicus briefs for similar reasons. *See, e.g.*, Order Granting Motion for Leave to File, *Texas et al. v. United States, et al.*, No. 4:18-cv-00167-O (N.D. Tex. May 5, 2018); Order Granting Motion to File Amicus Letter, *United States v. The Boeing Company*, 4:21-cr-5-O (N.D. Tex. April 29, 2022). By providing a unique and relevant perspective as individuals whose activities relate to ATF regulations, who can explain precisely which activities are affected by the Rule, and who can offer a perspective not often heard regarding gun owners not opposed to commonsense firearm regulation, the proposed brief of Gun Owners for Safety and the five individual co-amici serves as a friend of the Court in its evaluation of Plaintiffs' motion.

Contrary to Plaintiffs' view, the proposed amici and their proposed brief are directly relevant to the Court's review of Plaintiffs' pending motion. As shown above, the proposed amici have interests directly relevant to the subject matter of this case and the Court's review of the pending motion. And as the proposed amici brief shows, it directly addresses several elements of the preliminary injunction analysis. This includes whether Plaintiffs' motion is likely to succeed on the merits (*see, e.g.*, Ex. A at 24-25), whether Plaintiffs will be irreparably harmed under the Rule (*see, e.g.*, Ex. A at 15-17, 21-23), and whether the public would be disserved if the Rule were enjoined (*see, e.g.*, Ex. A at 6-9).

Indeed, for two similar motions seeking to preliminarily and/or permanently enjoin the Rule, both courts granted leave for the filing of similar amicus briefs. *See* Order Granting Motion for Leave to File, *Morehouse Enters. LLC v. Bureau of Alcohol, Tobacco, Firearms & Explosives*, No. 3:22-cv-00116 (D. N.D. Aug. 16, 2022), ECF No. 51; Brief of Amici Curiae Gun Owners for Safety, Jonathan Gold, Jason Perry, and Scott Spreier, *Morehouse Enters. LLC* (Aug. 16, 2022), ECF No. 52; Order Granting Motion for Leave to File, *Division 80 LLC v. Garland*, No. 3:22-cv-00148 (S.D. Tex. July 12, 2022), ECF No. 38; Brief of Amicus Curiae Gun Owners for Safety, *Division 80 LLC* (July 8, 2022), ECF No. 26-1. Proposed amici respectfully submit that the amici brief proposed to this Court likewise provides relevant perspectives and arguments, and leave for filing should be granted.

## CONCLUSION

Gun Owners for Safety and the five individual co-amici respectfully seek leave to file their proposed amici curiae brief.

Respectfully submitted, on August 29, 2022.

/s/ *Rebecca Wernicke Anthony*

Rebecca Wernicke Anthony
Texas Bar No. 24093345
JONES DAY
2727 North Harwood Street
Dallas, Texas  75201
Telephone: 214.969.4886
Facsimile:  214.969-5100
ranthony@jonesday.com

Barbara Mack Harding
    Attorney-in-Charge
    D.C. Bar No. 419250
    (*pro hac vice* pending)
Jennifer L. Swize
    D.C. Bar No. 490988
    (*pro hac vice* pending)
Megan E. Ball
    D.C. Bar No. 1708286
    (*pro hac vice* pending)
Joseph J. Kiessling
    D.C. Bar No. 1630477
    (*pro hac vice* pending)
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001
Telephone: (202) 879-3939
Facsimile: (202) 626-1700

Angela A. Korge
    Florida Bar No. 125419
    (*pro hac vice* pending)
JONES DAY
600 Brickell Ave, Ste 3300
Miami, FL 33131
Telephone: (305) 714-9700
Facsimile: (305) 714-9799

*Counsel for Amici Curiae*

7

## CERTIFICATE OF CONFERENCE

Counsel for Amici Curiae sought conference via e-mail on August 26, 2022, with counsel for both Plaintiffs and Defendants. Defendants consent to the filing of the brief. Plaintiffs oppose filing of the brief.

/s/ *Jennifer L. Swize*
Jennifer L. Swize

## CERTIFICATE OF SERVICE

I, Rebecca W. Anthony, hereby certify that on this 29th day of August, 2022, a true and correct copy of the foregoing document was transmitted using the CM/ECF system, which automatically sends notice and a copy of the filing to all counsel of record.

/s/ Rebecca Wernicke Anthony
Rebecca Wernicke Anthony