**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | |
|---|---|
| JENNIFER VANDERSTOK, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> MERRICK GARLAND, in his official capacity as Attorney General of the United States, *et al.*, <br><br> Defendants. | Civil Action No. 4:22-cv-00691-O |

**MOTION FOR LEAVE TO FILE BRIEF OF THE DISTRICT OF COLUMBIA AND THE STATES OF NEW JERSEY, PENNSYLVANIA, CALIFORNIA, COLORADO, CONNECTICUT, DELAWARE, HAWAII, ILLINOIS, MAINE, MARYLAND, MASSACHUSETTS, MICHIGAN, MINNESOTA, NEW YORK, NORTH CAROLINA, OREGON, RHODE ISLAND, WASHINGTON, AND WISCONSIN AS AMICI CURIAE <u>IN SUPPORT OF DEFENDANTS</u>**

The District of Columbia and the States of New Jersey and Pennsylvania, on behalf of themselves and the States of California, Colorado, Connecticut, Delaware, Hawaii, Illinois, Maine, Maryland, Massachusetts, Michigan, Minnesota, New York, North Carolina, Oregon, Rhode Island, Washington, and Wisconsin (collectively, the "Amici States"), request leave to file a brief as amici curiae in support of defendants' opposition to plaintiff's motion for a preliminary injunction.  Defendants consent to this motion and to the filing of the attached amicus brief.[1]

Though the Federal Rules of Civil Procedure do not address amicus briefs, as a general matter, "[c]ourts enjoy broad discretion to grant or deny leave to amici." *Lefebure v. D'Aquilla*, 15 F.4th 670, 673 (5th Cir. 2021).  Courts in this district routinely authorize the filing of amicus briefs.  *See, e.g.*, *Texas v. United States*, No. 4:18-cv-00167-O, 2018 WL 4076510 (N.D. Tex. June 15, 2018) (O'Connor, J.) (granting leave to file multiple amicus briefs); *American Airlines, Inc. v. National Mediation Board*, No. 4:12-cv-276-Y, 2012 WL 2368469, at *1 (N.D. Tex. June 22, 2012); *City of Dallas v. Hall*, No. 3:07-cv-0060-P, 2008 WL 2622809, at *3 (N.D. Tex. June 30, 2008); *Fonovisa, Inc. v. Alvarez*, No. 1:06-cv-011-C, 2006 WL 5865272, at *1 (N.D. Tex. July 24, 2006); *see also Texas Health Care Ass'n v. Sullivan*, No. 89-cv-0045, 1992 WL 206271, at *3 (W.D. Tex. April 1, 1992) ("The court has found the briefs of the amici to be of great assistance, and appreciation is extended to the amici for their service to the court.").

In deciding whether to grant leave to file an amicus brief, courts in this district consider

---

[1] The Amici States' proposed amicus brief is included as Attachment 1.  Defendants consented to the filing of this brief and plaintiffs did not. The Amici States received the relevant trial court's permission to file a similar amicus brief in parallel litigation challenging the Final Rule in the Southern District of Texas. *See* Order Granting Motion for Leave to File, *Division 80 LLC v. Garland*, No. 3:22-cv-00148, ECF No. 40 (S.D. Tex.) (July 12, 2022).  A similar amicus brief was also filed in the District of North Dakota, where states are permitted to file amicus briefs without leave of court. Amicus Brief, *Morehouse Enterprises LLC v. Garland*, No. 3:22-CV-00116, ECF No. 65 (D.N.D.) (Aug. 17, 2022).

1

whether the moving party has an interest in the outcome of the litigation. *See* N.D. Tex. L.R. 7.2(b) ("The brief must specifically set forth the interest of the amicus curiae in the outcome of the litigation."); *In re Allied Pilots Class Action Litig.*, No. 3:99-cv-0480-P, 2000 WL 1405235, at *1 n.1 (N.D. Tex. Sept. 26, 2000) ("Pursuant to L.R. 7.2(b), both the AFL-CIO and the Air Line Pilots Association, International demonstrated sufficient interest in the outcome of the litigation to warrant leave to file the amicus briefs."). Moreover, an "amicus brief should normally be allowed . . . when the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *In re Halo Wireless, Inc.*, 684 F.3d 581, 596 (5th Cir. 2012) (quoting *Ryan v. CFTC*, 125 F.3d 1062, 1063 (7th Cir. 1997) (Posner, J.)).

These factors weigh in favor of granting leave to file Amici States' brief. This case is of interest to Amici States because it raises challenges to a federal rule governing ghost guns. As the primary authorities responsible for "defining and enforcing criminal laws," *Torres v. Lynch*, 578 U.S. 452, 464 n.9 (2016) (internal quotation mark and citation omitted), states, including Amici States, have a unique perspective when it comes to addressing gun violence and interstate weapons trafficking. As such, Amici States can shed light on the vital role that the Final Rule plays in supporting Amici States' own efforts to curb gun violence in their communities.

Federal Rule of Appellate Procedure 29—the analogous rule for appellate courts— typically permits a state to "file an amicus brief without the consent of the parties or leave of court." Fed. R. App. P. 29(a)(2). "[D]istrict courts commonly refer to Rule 29 for guidance," *U.S. ex rel. Gudur v. Deloitte Consulting LLP*, 512 F. Supp. 2d 920 (S.D. Tex. 2007), and this Court should follow Rule 29's permissive approach to state-authored amicus briefs. The proposed amicus curiae brief is timely and useful, as it is being filed within seven days of defendants'

opposition, *see* Fed. R. App. P. 29(a)(6), and provides helpful context on the history and goals of the Gun Control Act—critical tools in interpreting the statute's terms.  Given Amici States' experience and the weighty issues at stake, the proposed amicus brief should assist the Court as it decides a case with nationwide impact.[2]

## CONCLUSION

The Amici States respectfully request that the Court grant leave to file the attached brief as amici curiae.

---

[2]    No counsel for any party authored the brief in whole or in part, and no entity or person, aside from amici curiae, their members, and their counsel, made any monetary contribution intended to fund the preparation or submission of the brief.

Dated: August 30, 2022

Respectfully submitted,

MATTHEW J. PLATKIN
Acting Attorney General
for the State of New Jersey

MELISSA MEDOWAY
Special Litigation Chief
Deputy Attorney General

TIM SHEEHAN
Deputy Attorney General

The Office of the Attorney
General of New Jersey
Richard J. Hughes Justice Complex
25 Market Street, P.O. Box 112
Trenton, NJ 08625
(609) 376-3232
melissa.medoway@njoag.gov

JOSH SHAPIRO
Attorney General for the
Commonwealth of Pennsylvania

JACOB B. BOYER
Deputy Attorney General

Office of the Attorney General for the
Commonwealth of Pennsylvania
1600 Arch Street, Suite 300
Philadelphia, PA 19103
(267) 768-3968
jboyer@attorneygeneral.gov

KARL A. RACINE
Attorney General for the District of Columbia

CAROLINE S. VAN ZILE*
Solicitor General

ASHWIN P. PHATAK
Principal Deputy Solicitor General

Office of the Solicitor General
Office of the Attorney General
for the District of Columbia
400 6th Street, NW, Suite 8100
Washington, D.C. 20001
(202) 724-6609
caroline.vanzile@dc.gov

*/s/ Will Thompson*
Will Thompson
TX State Bar No. 24094981
Quinn Emanuel Urquhart & Sullivan, LLP
3100 McKinnon Street, Suite 1125
Dallas, TX 75201
(469) 902-3200
(469) 902-3610 (fax)
willthompson@quinnemanuel.com
*Local Counsel*

* Pro hac vice application forthcoming

4

On behalf of:

ROB BONTA
*Attorney General*
State of California

WILLIAM TONG
*Attorney General*
State of Connecticut

HOLLY T. SHIKADA
*Attorney General*
State of Hawaii

AARON M. FREY
*Attorney General*
State of Maine

MAURA HEALEY
*Attorney General*
Commonwealth of
Massachusetts

KEITH ELLISON
*Attorney General*
State of Minnesota

JOSHUA H. STEIN
*Attorney General*
State of North Carolina

PETER F. NERONHA
*Attorney General*
State of Rhode Island

JOSHUA L. KAUL
*Attorney General*
State of Wisconsin

PHILIP J. WEISER
*Attorney General*
State of Colorado

KATHLEEN JENNINGS
*Attorney General*
State of Delaware

KWAME RAOUL
*Attorney General*
State of Illinois

BRIAN E. FROSH
*Attorney General*
State of Maryland

DANA NESSEL
*Attorney General*
State of Michigan

LETITIA JAMES
*Attorney General*
State of New York

ELLEN F. ROSENBLUM
*Attorney General*
State of Oregon

ROBERT W. FERGUSON
*Attorney General*
State of Washington

## **CERTIFICATE OF CONFERENCE**

Counsel for Amici States has conferred with counsel for the plaintiffs via telephone and email on August 30, 2022, who responded that they did not consent to the relief sought in this motion.

*/s/ Will Thompson*
Will Thompson

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 30, 2022, a true and accurate copy of the foregoing brief was filed electronically with the Court using the CM/ECF system.  Notice of this filing will be sent to all parties for whom counsel has entered an appearance by operation of the Court's electronic filing system.

*/s/ Will Thompson*
Will Thompson