UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| JENNIFER VANDERSTOK, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> MERRICK GARLAND, in his official capacity as Attorney General of the United States, *et al.*, <br><br> Defendants. | Case No. 4:22-cv-00691-O |

**DEFENDANTS' BRIEF
REGARDING CONSOLIDATION UNDER FEDERAL RULE 65(A)(2)**

Defendants hereby submit this brief as ordered by the Court, to address the question of "whether the Court should advance the preliminary injunction motion to a determination on the merits." ECF No. 33. For the reasons set forth herein, Defendants respectfully request that this Court not advance a determination on the merits and consolidate it with the preliminary injunction motion.

Federal Rule 65(a)(2) provides that "[b]efore or after beginning the hearing on a motion for a preliminary injunction, the court may advance the trial on the merits and consolidate it with the hearing." However, the Supreme Court has cautioned that "it is generally inappropriate for a federal court at the preliminary-injunction stage to give a final judgment on the merits." *Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981); *cf. id.* at 394 (vacating grant of injunctive relief that was consolidated with ultimate merits determination, holding that the lower courts' "reasoning fails because it improperly equates 'likelihood of success' with 'success,' and what is more important, because it ignores the significant procedural differences between preliminary and permanent injunctions"). The Supreme Court also noted that such consolidation is generally only appropriate when the parties have received notice of the court's intent to consolidate "at a time which still afford[s] the parties *a full opportunity to present their respective cases.*" *Id.* (quoting *Pughsley v. 3750 Lake Shore Drive Cooperative Bldg.*, 463 F.2d 1055, 1057 (7th Cir. 1972)) (emphasis added). The Fifth Circuit has likewise held that before consolidation of a determination on the merits and a hearing on a motion for preliminary injunction, "sufficient notice is required *to permit the parties to develop their cases fully.*" *Wohlfahrt v. Mem. Med. Ctr.*, 658 F.2d 416, 418 (5th Cir. 1981) (emphasis added) (citing *Warehouse Groceries Mgmt., Inc. v. Sav-U-Warehouse Groceries, Inc.*, 624 F.2d 655, 656-58 (5th Cir. 1980)); *see also Am. Fed. Of Gov't Empl., AFL-CIO, Local 3319 v. Colburn*, 531 F.2d 314, 315 (5th Cir. 1976) (per curiam) ("Consolidation cannot be ordered by the court without adequate notice and an opportunity for a full hearing on the merits.") (citing *Puerto Rican Farm Workers v. Eatmon*, 427 F.2d 210 (5th Cir. 1970) (per

curiam)).

First, the court should not consolidate the ultimate merits of this action with a decision on Plaintiffs' Motion for Preliminary Injunction, ECF No. 15, because the court does not need to reach the merits of this case at all. On August 18, 2022, Defendants filed a Motion to Transfer this matter to the Southern District of Texas, ECF No. 20. If this Court grants that motion, there will be no reason for it to reach the merits of Plaintiffs' claims. Furthermore, in Defendants' Response in Opposition to Plaintiffs' Motion for Preliminary Injunction, Defendants raised a number of arguments other than likelihood of success on the merits as to why Plaintiffs' motion should be denied, including but not limited to Plaintiffs' failure to demonstrate irreparable harm. ECF No. 41 at 29-35. If this Court denies Plaintiffs' Motion for Preliminary Injunction for any of those reasons, there will be no need for the Court to reach the merits of Plaintiffs' claims at this early stage of the litigation.[1]

The matter before the Court has also only recently been initiated, as Plaintiffs only served Defendants with their Summons and Complaint in this matter on August 17, 2022, fourteen days ago. *See Am. Fed. of Gov't Empl.*, 531 F.2d at 314 (reversing district court's decision to consolidate trial on the merits with preliminary injunction hearing in part because "the sixty day period [to respond to the complaint] had only just begun"). Defendants have strong arguments – both threshold arguments regarding standing and venue, and merits arguments – that Defendants plan to further address, if necessary, at an appropriate time in the litigation. *See* Fed. R. Civ. P. 12(b) (providing that a party

---

[1] Indeed, another district court considering a very similar case denied the plaintiff's motion for a preliminary injunction, holding that the plaintiff had failed to meet its burden of showing irreparable harm in the absence of an injunction because its allegations of harm resulting from the Rule were speculative, and it failed to show why it could not have avoided the harm by obtaining a federal firearms license that would allow it to continue selling all of the products at issue. *See Div. 80, LLC v. Garland*, No. 3:22-CV-148, 2022 WL 3648454 (S.D. Tex. Aug. 23, 2022). That court also held that the balance of equities weighed against a preliminary injunction. *Id.* In denying that plaintiff's motion for a preliminary injunction enjoining the same Rule Plaintiffs seek to enjoin here, the *Division 80* court made no determination about whether that plaintiff had satisfied its burden of showing likelihood of success on the merits.

"may assert" defenses to a claim for relief before the time for filing a responsive pleading to the complaint).

Furthermore, consolidation would be inappropriate here because the Court does not have the benefit of materials necessary for the ultimate merits determination – specifically, the administrative record of materials considered by the agency in issuing the Rule. Several of Plaintiffs' claims, such as their claim that the Rule was arbitrary and capricious in violation of the Administrative Procedure Act, Compl. ¶¶ 116-130, and their claim that the Rule is not a logical outgrowth of the proposed rule, Compl. ¶¶ 78-89, 106-111, involve allegations about whether ATF appropriately considered comments or other sources in issuing the Rule. Resolving APA claims generally requires review of an administrative record. *See* 5 U.S.C. § 706 (providing that in Administrative Procedure Act challenges to agency action, "the court *shall review* the whole record or those parts of it cited by a party") (emphasis added). Because the administrative record in this case has not yet been produced, the parties have not had "a full opportunity to present their respective cases," *Camenisch*, 451 U.S. at 395, and this Court cannot properly evaluate the merits of the case.[2] *See Wyoming v. U.S. Dep't of Interior*, No. 2:15-CV-043-SWS, 2015 WL 9463708 (D. Wyo. Dec. 17, 2015) (denying motion to consolidate in an APA case because government agency had not yet filed the administrative record and granting the motion would "prejudice the Petitioners in their ability to review the complete administrative record and develop all arguments and evidence supporting their [claims]") ; *cf. Caribbean Produce Exchange, Inc. v. Sec. of Health and Human Servs.*, 893 F.2d 3, 6 (1st Cir. 1989) (vacating lower court's permanent injunction in APA case in part because there were "no affidavits or documentary evidence addressed to the notice and comment issue on which the permanent injunction was principally based"); *see also Commodities Futures*

---

[2] In issuing the Rule, ATF considered an extensive body of materials, including over 290,000 comments received in response to the proposed rule. Because of this, the administrative record in this case is likely to be voluminous and Defendants estimate that it will take at least three weeks to compile and produce such a record.

3

*Trading Comm'n v. Bd. of Trade of City of Chicago*, 657 F.2d 124, 128 (7th Cir. 1981) (reversing decision to consolidate and vacating ultimate merits determination where party was "depriv[ed] of a fair opportunity fully to develop and present its case," in light of that party's representations "that it d[id] have further relevant evidence to present [at the merits stage]." Here, because the administrative record is necessary for the evaluation of at least some of Plaintiffs' claims, this Court should not consolidate.

## CONCLUSION

For the reasons set forth herein, this Court should not advance the determination on the merits and consolidate it with a hearing on Plaintiffs' motion for preliminary injunction pursuant to Rule 65(a)(2).

DATED: August 31, 2022

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

ALEXANDER K. HAAS
Director, Federal Programs Branch

LESLEY FARBY
Assistant Director, Federal Programs Branch

/s/ Martin M. Tomlinson
DANIEL RIESS
MARTIN M. TOMLINSON
TAISA GOODNATURE
JEREMY S.B. NEWMAN
Trial Attorneys
Civil Division, Federal Programs Branch
U.S. Department of Justice
1100 L Street, NW
Washington, DC 20005
Phone: (202) 353-4556
Email: martin.m.tomlinson@usdoj.gov

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

On August 31, 2022, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ Martin M. Tomlinson*