IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| JENNIFER VANDERSTOK, *et al.*,<br><br>                                          *Plaintiffs*,<br><br>    v.<br><br>MERRICK GARLAND, in his official capacity as Attorney General of the United States; *et al.*,<br><br>                                          *Defendants*. | Civil Action No. 4:22-cv-00691-O |

## PLAINTIFFS' RESPONSE TO ORDER DATED AUGUST 29, 2022

Plaintiffs, beset by the Defendants' Final Rule but also lacking access to the administrative record underlying their Administrative Procedure Act ("APA") claims, respectfully oppose consolidation of a preliminary injunction hearing and a final merits hearing or trial on the merits.[1] Rather, Plaintiffs request that this Court enter the preliminary injunction against Defendants and order expedited production of the administrative record and merits briefing. Plaintiffs need immediate relief,[2] but they also need the full administrative record to adequately challenge Defendants' illegal conduct. This conflict militates against consolidation under Federal Rule of Civil Procedure 65(a)(2).

---

[1]   In the APA context, because the district court acts as an appellate tribunal and the evidence is almost exclusively limited to the administrative record, claims are normally resolved on summary judgment. *See Redeemed Christian Church of God v. U.S. Citizenship and Immig. Servs.*, 441 F. Supp. 3d 684, 694 (S.D. Tex. 2018); *Triplett v. Fed. Bureau of Prisons*, 3:08-CV-1252-K, 2009 WL 792799, at *7 (N.D. Tex. Mar. 24, 2009). For purposes of Rule 65(a)(2), then, Plaintiffs assume that a "trial on the merits" refers to a summary judgment hearing.

[2]   To the extent that it will aid in obtaining immediate relief, Plaintiffs withdraw their request for a hearing on their Motion for Preliminary Injunction.

1

Plaintiffs initiated this action by filing a Petition for Judicial Review of Agency Action, pursuant to the APA. *See* ECF No. 1. Plaintiffs assert that Defendants' actions violate the APA, 5 U.S.C. § 706, because the ATF exceeded its statutory jurisdiction and authority, ECF No. 1 ¶¶ 96–102 (Count I); because the ATF failed to follow proper APA procedures for its rulemaking due to the changes between its proposed and final rule, *id.* ¶¶ 103–114 (Count II); and because the Final Rule is arbitrary, capricious, and not in accordance with law due to its unexplained change in position and failure to consider important aspects of the problem, *id.* ¶¶ 116–130 (Count III). Plaintiffs also assert claims for violations of the United States Constitution. *Id.* ¶¶ 131–157 (Counts IV–VI).

On August 17, 2022, one week before the Final Rule was to take effect and having received no response from the ATF to Tactical Machining's April 2022 request for determination of its products under the new Final Rule, Plaintiffs filed their Motion for Preliminary Injunction. *See* Mot. for Prelim. Inj., ECF No. 15; Pls.' Br. in Supp. of Mot. for Prelim. Inj. ("Pls.' Br."), ECF No. 16, at 36–37; Declaration of Darren Peters Sr., ECF No. 16-1, ¶ 9, Ex. 2 (Tactical Machining requested determination from ATF in April 2022, upon announcement of the Final Rule but had not received response). Plaintiffs' brief explains the ambiguity and harms caused by the Final Rule, that various Tactical Machining vendors have stopped or threatened to stop doing business with them after the implementation of the Final Rule, and that Tactical Machining may be forced out of business if the Final Rule were implemented. *See* Pls.' Br. at 33–37. As further explained in Plaintiffs' Reply Brief to be filed today as well, Tactical Machining, which had already suffered harm when it quit selling jigs after the Final Rule was published, has suffered further loss of sales and a significant business disruption as consumers and vendors understand

the Final Rule to apply to Tactical Machining's products and prohibits the direct sale and purchase of its products.

While Plaintiffs seek expedited preliminary relief to mitigate their irreparable harm, judicial review of agency action pursuant to the APA depends upon the administrative record. The APA states that in determining whether a final agency action is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, contrary to constitutional right . . . in excess of statutory jurisdiction, authority or limitations, or . . . without observance of procedure required by law" the "court *shall* review the whole record or those parts of it cited by a party . . . ." 5 U.S.C. § 706 (emphasis added). Here, however, the ATF has yet to produce an administrative record, nor, given the nascent stage of the case, is there a deadline for them to do so.

As some courts have put it, "[u]nder the APA, . . . 'the function of the district court is to determine whether or not as a matter of law the evidence *in the administrative record* permitted the agency to make the decision it did.'" *Redeemed Christian Church of God v. U.S. Citizenship and Immig. Servs.*, 441 F. Supp. 3d 684, 694 (S.D. Tex. 2018) (quoting *Stuttering Found. of Am. v. Springer*, 498 F. Supp. 2d 203, 207 (D.D.C. 2007)) (emphasis added). Further, a "court determining whether some agency action is arbitrary and capricious under the APA makes its decision on the basis of the 'whole record.'" *Hornbeck Offshore Servs. L.L.C. v Salazar*, 696 F. Supp. 2d 627, 635 (E.D. La. 2010); *see La Union del Pueblo Entero v. Fed. Emerg. Mgt. Agency*, 141 F. Supp. 3d 681, 693 (S.D. Tex. 2015) ("The APA requires a court reviewing agency action to review the whole record or those parts of it cited by a party.") (internal quotation and citation omitted).

Moreover, to the extent that the ATF opposes Plaintiffs' Motion for Preliminary Injunction with any argument not ultimately supported in the administrative record, such material is not properly considered under the APA. *See Hornbeck Offshore Servs*, 696 F. Supp. 2d at 635 (the administrative record is that "compiled by the agency in advance of litigation, not any record thereafter constructed in the reviewing court") (quoting *AT&T Info. Sys., Inc. v. Gen. Servs. Admin.*, 810 F.2d 1233, 1236 (D.C. Cir. 1987)); *see also Guste v. Verity*, 853 F.2d 322, 327 n.8 (5th Cir. 1988) ("Agency action is to be upheld, if at all, on the basis of the record before the agency *at the time it made its decision*.") (emphasis added).

"In order for a court to resolve whether an agency's decision is violative of the APA, the agency must prepare a reviewable administrative record for the court." *City of Dallas v. Hall*, No. 3:07-cv-0060, 3:07-cv-0213, 2007 WL 3257188, at *4 (N.D. Tex. Oct. 29, 2007). For all these reasons, resolution of the merits of Plaintiffs' APA claims is premature until an administrative record is prepared and reviewed.

Further, while advancing a trial on the merits pursuant to Rule 65(a)(2) has occurred in some APA cases, those cases have circumstances not present here. In *New Life Evangelistic Center, Inc. v. Sebelius*, 672 F. Supp. 2d 61, 70 (D.D.C. 2009), for example, the defendant agency agreed not to immediately take the challenged action and to provide at least 30 days' notice before implementing the action, preventing imminent harm from occurring and allowing time for production of the record. Other cases combining a preliminary injunction determination and an APA merits determination have likewise involved production of or stipulation to an administrative record, instances in which the agency action is challenged purely on procedural grounds, or some combination thereof. *See Chamber of Com. of U.S. v. U.S. Dept. of Homeland Sec.*, 20-cv-07331, 2021 WL 4198518, at *1 (N.D. Cal. Sept. 15, 2021) (claim was for violation

of notice and comment procedures, parties stipulated to record of interim rule and materials cited therein); *Bayaud Enter., Inc. v. U.S. Dep't of Veteran's Affairs*, 17-cv-01903, 2019 WL 2428780, at *5 (D. Colo. June 10, 2019) (expediting submission of administrative record and merits briefs after denying temporary restraining order); *N.B. v. United States*, 552 F. Supp. 3d 387, 396 (E.D.N.Y. 2021) (expediting merits determination because full record was already before the court).

Just as importantly, at least one court has denied Rule 65(a)(2) consolidation where it would preclude petitioners' review and the court's consideration of the whole record. Rejecting intervenors' request to consolidate preliminary and merits procedures, the court noted that "consolidation will prejudice the Petitioners in their ability to review the complete administrative record and develop all arguments and evidence supporting their petitions for review . . . ." *Wyoming v. U.S. Dep't of Int.*, 2:15-cv-041, 2015 WL 9463708, at *1 (D. Wyo. Dec. 17, 2015). In that case, as here, the preliminary injunction briefing did not present "*any* arguments based on a review of the administrative record because, at the time the [preliminary injunction] motions were filed, [the agency] had not lodged any portion of the administrative record." *Id.* Of particular note, the court in that case denied consolidation, even though it had granted the preliminary injunction, finding it unlikely that "Congress has granted or delegated to the [agency] authority to regulate" the conduct at issue. *Id.* The court held that petitioners were still entitled "to present and develop" these or other challenges to the rule and that a review of the complete record was important to each of the merits issues before the court. *Id* at *2. In that case, just as here, the administrative record "may very well provide insight into [the agency's] historic understanding of the scope of the agency's regulatory jurisdiction . . . ." *Id.* Plaintiffs cannot

forego either immediate relief or access to the complete record appropriate for review under the APA.

In response to this Court's August 29, 2022 Order, and so that Plaintiffs might evaluate the potential harm from delaying resolution of a preliminary injunction, Plaintiffs asked Defendants' counsel when the administrative record for this case would be prepared. Defendants' counsel responded that it is impossible to say with any certainty when the record might be compiled, but the agency estimates that it will take at least another three weeks to compile the record and the record will be thousands of pages. For the reasons stated in Plaintiffs' preliminary injunction briefing, delay of several more weeks will be disastrous, particularly for Tactical Machining.

Plaintiffs therefore propose that this Court enter the preliminary injunction against Defendants, order the administrative record to be provided within one month, and order that summary judgment motions be filed no later than two months after the administrative record is lodged and finalized (or three months if the administrative record exceeds 10,000 pages).

DATED this 31st day of August, 2022.

    Respectfully submitted,

    */s/ R. Brent Cooper*
    R. Brent Cooper (TX Bar No. 04783250)
    Benjamin D. Passey (TX Bar No. 24125681)
    COOPER & SCULLY, P.C.
    900 Jackson Street, Suite 100
    Dallas, TX  75202
    Telephone: (214) 712-9500
    Telecopy: (214) 712-9540
    brent.cooper@cooperscully.com

        Cody J. Wisniewski* (CO Bar No. 50415)
        FIREARMS POLICY COALITION
        5550 Painted Mirage Road, Suite 320
        Las Vegas, NV  89149
        Telephone: (916) 378-5785
        Telecopy: (916) 476-2392
        cwi@fpchq.org

        Kaitlyn D. Schiraldi* (TN Bar No. 039737)
        Erin M. Erhardt* (CO Bar No. 49360)
        MOUNTAIN STATES LEGAL FOUNDATION
        2596 S. Lewis Way
        Lakewood, CO  80227
        Telephone: (303) 292-2021
        Telecopy: (877) 349-7074
        kschiraldi@mslegal.org
        eerhardt@mslegal.org

        *Admitted *pro hac vice*

        *Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that, on August 31, 2022, a true and correct copy of the foregoing document was served via the Court's CM/ECF system to all counsel of record.

        /s/ *R. Brent Cooper*
        R. Brent Cooper