IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| JENNIFER VANDERSTOK, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>MERRICK GARLAND, in his official capacity as Attorney General of the United States; *et al.*,<br><br>*Defendants*. | Civil Action No. 4:22-cv-00691-O |

## DECLARATION OF BRANDON COMBS

I, Brandon Combs, declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the following statements are true and correct to the best of my knowledge:

1. I am over 18 years of age, competent to testify, and have personal knowledge of the matters stated herein.

2. I am the founder and president of Firearms Policy Coalition, Inc. ("FPC") and have held that position since FPC was founded in 2014. As FPC's president, I am duly authorized to act on behalf of the organization. As FPC's president, I oversee and sometimes participate directly in FPC's various operations, programs, communications, and legal efforts.

3. FPC is a nonstock, nonprofit organization incorporated under the laws of Delaware. FPC is tax exempt under section 501(c)(4) of the Internal Revenue Code. FPC's principal place of business is in Clark County, Nevada.

4. FPC's purpose is to create a world of maximal human liberty, advocate for individual liberties, restore freedom, and defend important rights—especially, but not limited to, those protected under the First, Second, Fifth, and Fourteenth Amendments to the United States

Constitution. FPC promotes sound public policy that is consistent with natural rights. FPC also promotes liberty-supporting culture and engagement. FPC helps its members and individuals throughout the United States through its activities including protecting, defending, and advancing the means and methods by which the People of the United States may exercise their right to keep and bear arms, such as but not limited to the acquisition, construction, collection, transportation, exhibition, carry, care, use, and disposition of arms for all lawful purposes.

5.  FPC accomplishes its mission, serves its members, and serves the public through various programs including but not limited to legislative and regulatory advocacy, grassroots advocacy, litigation and legal efforts, criminal defense of individuals prosecuted under unconstitutional laws, research, education, outreach, and other programs.

6.  FPC brought this lawsuit on behalf of itself and its members across the United States in a representative capacity. FPC has hundreds of thousands of members, donors, and supporters across the country.

7.  FPC's membership includes numerous individuals and businesses, including Plaintiffs Jennifer VanDerStok, Michael G. Andren, and Tactical Machining, LLC, as well as BlackHawk Manufacturing Group, Inc., d/b/a 80 Percent Arms, Defense Distributed, Ghost Guns LLC, and others who are impacted by the Final Rule's regulation on the purchase, possession, production, and sale of the items at issue in this litigation.

8.  Individuals can join FPC on its website at https://www.firearmspolicy.org/join. FPC also has "Constitutional Alliance" corporate members that partner with FPC to directly support the ongoing efforts of FPC to protect individual rights. More about Constitution Alliance members can be found at https://www.firearmspolicy.org/alliance. FPC members typically receive

a membership kit that includes a letter of thanks, a membership card, and sometimes other miscellaneous items upon joining.

9. FPC itself owns and possesses various examples of the items at issue in this litigation. For example, FPC owns and possesses one (1) Polymer80 Rhino RL556v3 kit, one (1) Polymer80 PF940Cv1 kit, one (1) Polymer80 PF940v2 kit, one (1) 80% Arms Raw Billet AR-15 "80%" Lower Receiver, and one (1) 80% Arms GST-9, along with any accompanying instructions, jigs, and tools. FPC, and its directors and officers are thereby impacted by the Final Rule's regulation of the purchase, possession, production, and sale of the items at issue in this litigation.

10. FPC owns and uses items at issue in this litigation for lawful purposes including education, especially in testimony during public hearings on legislation and regulations about the definition of a "firearm," to help show the absurdity, irrationality, and burden of laws that would treat these items as firearms. *See, e.g.*, Firearms Policy Coalition, March 1, 2016 Hearing of the California State Assembly Public Safety Committee regarding Assembly Bill 1673 (2015–16 Reg. Sess.), YOUTUBE (Mar. 2, 2016), https://www.youtube.com/watch?v=plFX_DoHmlg (wherein one of FPC's registered lobbyists, Craig DeLuz, addresses the impact of a proposed bill).

11. If these items, along with accompanying jigs, tools, and instructions, are treated as firearms, it will be virtually impossible to use them to educate and inform legislators, regulators, members of the media, and the public on matters of great importance, including matters which affect their rights and duties under the laws, because of the onerous severity of criminal laws that apply to firearms, as well as the patchwork of different federal, state, and local laws regarding firearms and their possession, transport, and transfer, among other restrictions.

DATED this 8th day of September 2022.

                                                Brandon Combs
                                                President
                                                Firearms Policy Coalition, Inc.