UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JENNIFER VANDERSTOK; MICHAEL G. ANDREN; TACTICAL MACHINING LLC, a limited liability company; FIREARMS POLICY COALITION, INC., a nonprofit corporation, | § § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 4:22-cv-00691-O |
| MERRICK GARLAND, in his Official capacity as Attorney General of the United States; UNITED STATES DEPARTMENT OF JUSTICE; STEVEN DETTELBACH, in his official capacity as Director of the Bureau of Alcohol, Tobacco, Firearms and Explosives; BUREAU OF ALCOHOL, TOBACCO, FIREARMS, AND EXPLOSIVES, | § § § § § § § § § § § § | |
| Defendants. | § | |

**ORDER**

Before the Court are Defendants' Motion to Transfer Case (ECF No. 20), filed August 18, 2022; Plaintiffs' Response (ECF No. 24), filed August 19, 2022; and Defendants' Reply (ECF No. 31), filed August 31, 2022. Having considered the motion, briefing, and applicable law, the Court **DENIES** the motion to transfer. Defendants argue the Court should transfer this case to the Southern District of Texas under the first-to-file rule.

"[T]he principle of comity requires federal district courts—courts of coordinate jurisdiction and equal rank—to exercise care to avoid interference with each other's affairs." *W. Gulf Mar. Ass'n v. ILA Deep Sea Loc. 24*, 751 F.2d 721, 728 (5th Cir. 1985). Courts may thus dismiss or transfer a case "to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result."

*Id.* at 729. The rule applies where two cases substantially overlap. *Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997).

As the Court's Preliminary Injunction Order (ECF No. 56) shows, this case does not substantially overlap with *Division 80, LLC v. Garland*, No. 3:22-cv-148, 2022 WL 3648454 (S.D. Tex. Aug. 23, 2022). First, the plaintiff in *Division 80* and the plaintiffs in this case are not similar. The plaintiff in *Division 80* was a distributor of items subject to ATF's final rule, while Tactical Machining is a manufacturer and retailer of items subject to the rule. That difference was crucial in the preliminary injunction analysis. *Division 80* also did not concern individual plaintiffs, which are present in this case. Second, the Plaintiff in *Division 80* did not demonstrate irreparable injury. *See id.* at *2–6. For that reason, the court in *Division 80* did not reach the remaining preliminary injunction factors. In this case, however, Tactical Machining has demonstrated substantial threat of irreparable injury. *See* Prelim. Inj. Order 16–20, ECF No. 56. The cases have already substantially diverged, such that transferring this case would be less efficient, not more efficient.

Defendants argue the cases are substantially similar because both raise similar claims. At a high level of generality, both cases challenge the same ATF rule, and both cases allege violations of the Administrative Procedure Act. But the similarities end there. The plaintiffs raise different claims in their complaints and different arguments in their preliminary injunction briefing. They suffer entirely different types of injuries. Not all challenges to ATF's final rule warrant transfer or consolidation. *See, e.g.*, *Morehouse Enters., LLC v. Bureau of Alcohol, Tobacco, Firearms & Explosives*, No. 3:22-cv-116, 2022 WL 3597299 (D.N.D. Aug. 23, 2022). Having considered the facts, law, and relevant considerations, the Court finds that the cases are not substantially similar, and that neither comity nor efficiency warrant transferring this case under the first-to-file rule.

**SO ORDERED** this **10th day** of **September, 2022**.

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE