UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| JENNIFER VANDERSTOK, *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>MERRICK GARLAND, in his official capacity as Attorney General of the United States, *et al.*,<br><br>    Defendants. | Case No. 4:22-cv-00691-O |

**DEFENDANTS' MOTION FOR CLARIFICATION OF THE SCOPE OF
THE COURT'S PRELIMINARY INJUNCTION WITH RESPECT TO
TACTICAL MACHINING'S PENDING CLASSIFICATION REQUEST**

As the Court is aware, on April 12, 2022, Plaintiff Tactical Machining, LLC ("Tactical Machining") submitted to ATF a request for reclassification under the Rule[1] of a product—a partially machined AR-15 pattern receiver (the "Product")—that ATF previously had determined was not a "firearm" within ATF's previous interpretation of the Gun Control Act ("GCA"). *See VanDerStok v. ATF*, No. 4:22-CV-00691-O, 2022 WL 4009048, at *9 (N.D. Tex. Sept. 2, 2022); ECF No. 16-1 ("Peters Decl."), ¶ 9; ECF No 16-1, Ex. 2 ("Classification Request"); ECF No. 16-1, Ex. 1, at 1-3 ("Prior Classification"). ATF had partially completed its classification of the Product as of September 2, 2022, when this Court enjoined "Defendants and their officers, agents, servants, and employees . . . from implementing and enforcing against Tactical Machining, LLC the provisions in 27 C.F.R. §§ 478.11 and 478.12" that the Court held likely were unlawful in its Opinion and Order on Plaintiffs'

---

[1] Definition of "Frame or Receiver" and Identification of Firearms, 87 Fed. Reg. 24,652 (Apr. 26, 2022).

Motion for a Preliminary Injunction. *VanDerStok*, 2022 WL 4009048, at *11 ("Preliminary Injunction"). In an abundance of caution, ATF has not taken further action on Tactical Machining's classification request since the Court issued the Preliminary Injunction.

Defendants respectfully request that the Court clarify that the Preliminary Injunction does not prohibit ATF from completing its classification of the Product, provided that the Government takes no adverse action against Tactical Machining in the event that the Product is classified as a "firearm" pursuant to either of the provisions that the Court has determined likely are unlawful. As noted, ATF previously concluded that the sample receiver submitted by Tactical Machining was not a firearm, *see* Prior Classification, and ATF may well reach that conclusion again. If ATF concludes that the Product does *not* constitute a "firearm" under the Rule, that classification would provide Tactical Machining's out-of-state customers with assurance that they would not violate 18 U.S.C. § 922(a)(3) by purchasing the Product directly from Tactical Machining, without using an in-state FFL to facilitate the transfer. *See* ECF No. 63 ("Pls.' Req. to Expand Prelim. Inj."), at 5-9. Tactical Machining also has not withdrawn its request for clarification and acknowledges that a classification of the product that it submitted not to be a firearm under the Rule would eliminate at least some of the harm that it allegedly faces as a result of the Rule. *See* ECF No. 55-1 ("Peters Suppl. Decl."), ¶¶ 10 ("[W]ithout any official guidance Tactical Machining does not know what to do to remain in compliance and fears the ATF may take some enforcement action against Tactical Machining for violating something that the ATF has so far refused to authoritatively define."). Accordingly, if ATF determines that the product is not a firearm, the Parties' dispute will be narrowed or eliminated, and the harm that Tactical Machining allegedly faces as a result of the Rule will be mitigated or eliminated. Therefore, Defendants respectfully request that the Court clarify that the Preliminary Injunction does not prohibit ATF from proceeding with the classification, which ATF expects it could complete within a few weeks, before the Court rules on Plaintiffs' pending request to expand the scope of the Preliminary Injunction, ECF

Nos. 62-63.

DATED: September 15, 2022                    Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

ALEXANDER K. HAAS
Director, Federal Programs Branch

LESLEY FARBY
Assistant Director, Federal Programs Branch

*/s/ Daniel Riess*
DANIEL RIESS
MARTIN M. TOMLINSON
TAISA M. GOODNATURE
JEREMY S.B. NEWMAN
Trial Attorneys
Civil Division, Federal Programs Branch
U.S. Department of Justice
1100 L Street, NW
Washington, DC 20005
Phone: (202) 353-4556
Email: martin.m.tomlinson@usdoj.gov

*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

On September 15, 2022, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ Daniel Riess*

## **CERTIFICATE OF CONFERENCE**

In light of the late hour of this filing, Defendants were unable to confer with Plaintiffs before filing this Motion.

*/s/ Daniel Riess*