IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| JENNIFER VANDERSTOK; <br> MICHAEL G. ANDREN; <br> TACTICAL MACHINING, LLC, a limited liability company; and <br> FIREARMS POLICY COALITION, INC., a nonprofit corporation, <br><br> *Plaintiffs*, <br><br> and <br><br> BLACKHAWK MANUFACTURING GROUP INC. d/b/a 80 PERCENT ARMS, <br><br> *Applicant in Intervention*, <br><br> v. <br><br> MERRICK GARLAND, in his official capacity as Attorney General of the United States; <br> UNITED STATES DEPARTMENT OF JUSTICE; <br> STEVEN DETTELBACH, in his official capacity as Director of the Bureau of Alcohol, Tobacco, Firearms and Explosives; and <br> BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES, <br><br> *Defendants*. | Civil Action No. 4:22-cv-00691-O |

**BLACKHAWK MANUFACTURING GROUP INC. d/b/a 80 PERCENT ARMS'
BRIEF IN SUPPORT OF MOTION TO INTERVENE**

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... ii

INTRODUCTION ................................................................................................................... 1

BACKGROUND .................................................................................................................... 2

LEGAL AUTHORITY ........................................................................................................... 3

ARGUMENT .......................................................................................................................... 4

I.   BLACKHAWK SHOULD BE ALLOWED TO INTERVENE AS A MATTER OF RIGHT ................................................................................................................... 4

    A.   BlackHawk's Motion Is Timely ............................................................................. 4

    B.   BlackHawk Has an Established Interest Relating to This Action .......................... 6

    C.   BlackHawk's Interest in This Action Would Be Impaired If Not Allowed to Intervene ................................................................................................................. 7

    D.   BlackHawk's Interest Is Not Adequately Represented by the Parties to This Action ..................................................................................................................... 8

II.   IN THE EVENT THAT THIS COURT DOES NOT GRANT BLACKHAWK'S MOTION PURSUANT TO RULE 24(a), BLACKHAWK SHOULD BE GRANTED PERMISSIVE INTERVENTION ........................................................... 9

    A.   BlackHawk's Motion Is Timely ............................................................................. 9

    B.   BlackHawk's Claims and This Action Have Questions of Law in Common ..... 10

    C.   Intervention Will Not Unduly Delay or Prejudice the Adjudication of the Rights of the Original Parties ................................................................................ 11

CONCLUSION ..................................................................................................................... 12

CERTIFICATE OF SERVICE .............................................................................................. 14

# TABLE OF AUTHORITIES

**Cases**

*Association of Professional Flight Attendants v. Gibbs*,
  804 F.2d 318 (5th Cir. 1986) ................................................................................................ 5

*Brumfield v. Dodd*,
  749 F.3d 339 (5th Cir. 2014) ................................................................................................ 7

*Edwards v. City of Houston*,
  78 F.3d 983 (5th Cir. 1996) .................................................................................................. 8

*Franciscan All., Inc. v. Azar*,
  414 F. Supp. 3d 928 (N.D. Tex. 2019) ............................................................................... 10

*Lexington Ins. Co. v. AXIS Surplus Ins. Co.*,
  No. 3:10-CV-1741-P, 2010 WL 11561875 (N.D. Tex. Oct. 20, 2010) ........................... 4, 9

*Sec. & Exch. Comm'n v. U.S. Realty & Improvement Co.*,
  310 U.S. 434 (1940) .............................................................................................................. 4

*Sierra Club v. Espy*,
  18 F.3d 1202 (5th Cir. 1994) ............................................................................................ 4, 5

*Texas v. United States*,
  805 F.3d 653 (5th Cir. 2015) ................................................................................................ 6

*Trbovich v. United Mine Workers of Am.*,
  404 U.S. 528 (1972) .............................................................................................................. 8

*Wal-Mart Stores, Inc. v. Tex. Alcoholic Beverage Comm'n*,
  834 F.3d 562 (5th Cir. 2016) ................................................................................................ 4

**Rules**

Federal Rule of Civil Procedure 24 ............................................................................... *passim*

BlackHawk Manufacturing Group Inc. d/b/a 80 Percent Arms[1] (collectively, as used herein, "BlackHawk") hereby submits to this Court its Brief in Support of its Motion to Intervene ("Motion") pursuant to Fed. R. Civ. P. 24.

## INTRODUCTION

BlackHawk distributes receiver blanks, tools, instructions, and jigs to law-abiding civilians and businesses across the United States and within this district. BlackHawk seeks to intervene in this lawsuit under Fed. R. Civ. P. 24 so that it may participate in an action that will adjudicate, *inter alia*, the constitutionality of the Final Rule.

This Court should allow BlackHawk to intervene as a matter of right because it satisfies the four-prong test. *First*, BlackHawk's Motion is timely. No unreasonable delay has occurred in filing this Motion; no party will be prejudiced by BlackHawk's intervention; BlackHawk will assuredly go out of business as a result of the Final Rule; and there are no unusual circumstances in this action. *Second*, BlackHawk has an interest relating to this action. *Third*, BlackHawk's interest would be impaired by this action if not allowed to intervene. *Fourth*, BlackHawk's interest is not adequately represented by the existing parties to this action.

Should, however, this Court determine that BlackHawk cannot intervene as a matter of right, this Court should allow BlackHawk to permissively intervene in the alternative. BlackHawk's claims and this action have questions of law in common. BlackHawk seeks

---

[1] BlackHawk Manufacturing Group, Inc. d/b/a 80 Percent Arms "has been in business since 2013" and its "headquarters and physical office are in Fort Worth, Texas." ECF No. 62-5 (Declaration of Daniel Lifschitz dated September 8, 2022) ¶ 3 (herein after "Lifschitz Decl.").

1

to challenge the constitutionality of both the Final Rule and Defendants' adoption of the same, and requests preliminary and permanent injunctive relief enjoining Defendants from enforcing the Final Rule. BlackHawk's purpose for intervention is therefore directly related to the underlying controversy. Discretionary intervention will not unduly delay or prejudice the adjudication of the rights of parties to this lawsuit, as BlackHawk and Plaintiffs seek to prevent the Final Rule from having legal effect.

For the reasons herein, this Court should allow BlackHawk's Motion.

## BACKGROUND

The Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") has for decades consistently taken the legal position that receiver blanks—aluminum or plastic components which have been forged, casted, or extruded into the shape of a firearm frame or receiver which can be further manufactured into a functional firearm component with adequate knowledge, instructions, and tools—are not subject to the Gun Control Act of 1968 ("GCA") and do not fall under the purview of ATF's regulatory jurisdiction. However, due to mounting political pressure from President Biden, ATF and the additional Defendants have adopted a Final Rule that unlawfully repudiates ATF's longstanding legal position that receiver blanks are not firearms. Furthermore, the Final Rule impermissibly exposes manufacturers, distributors, purchasers, and possessors to unwarranted criminal and civil liability for offering previously unregulated receiver blanks for sale with jigs, tools, and instructions—all three of which have been commercially available for lawful purchase for a number of years.

2

The Final Rule unconstitutionally targets law-abiding citizens and businesses. Plaintiffs, a collective group of individuals, a business, and a nonprofit organization, seek to prevent the unilateral circumvention of constitutional, legislative, and administrative practices by Defendants. BlackHawk seeks to do the same.[2]

## LEGAL AUTHORITY

Rule 24(a) of the Federal Rules of Civil Procedure establishes the legal criteria for intervention as a matter of right:

> On timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(2).

Alternatively, "[o]n timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." *Id.* at 24(b)(3). Rule 24(b) "plainly dispenses with any requirement that the [party seeking intervention] shall have a direct personal or pecuniary interest in the subject

---

[2] Plaintiffs' Complaint provides a detailed explanation of both the historical and legal background with regard to the interplay of the GCA, National Firearms Act, receiver blanks, ATF, the Final Rule, and Defendants' adoption of the Final Rule. *See* ECF No. 1 ("Compl.") ¶¶ 24–95. BlackHawk, therefore, will not belabor that which is already in front of this Court. Furthermore, BlackHawk files herewith its own Proposed Complaint. *See* Exhibit A.

of the litigation." *Sec. & Exch. Comm'n v. U.S. Realty & Improvement Co.*, 310 U.S. 434, 459 (1940).

The Fifth Circuit has expressed a "broad policy favoring intervention," finding that Rule 24 is to be "liberally construed." *Wal-Mart Stores, Inc. v. Tex. Alcoholic Beverage Comm'n*, 834 F.3d 562, 565, 569 (5th Cir. 2016). Furthermore, "[f]ederal courts should allow intervention where no one would be hurt and the greater justice could be attained." *Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir. 1994).

## ARGUMENT

### I. BLACKHAWK SHOULD BE ALLOWED TO INTERVENE AS A MATTER OF RIGHT

BlackHawk satisfies the four-factor test for intervention pursuant to Rule 24(a). "To intervene as a matter of right pursuant to Fed. R. Civ. P. 24(a)(2), four factors must be met." *Lexington Ins. Co. v. AXIS Surplus Ins. Co.*, No. 3:10-CV-1741-P, 2010 WL 11561875, at *1 (N.D. Tex. Oct. 20, 2010) (citations omitted). "First, the application must be timely." *Id.* "Second, the intervener must have an interest relating to the action." *Id.* "Third, the interest would be impaired or impeded by the case." *Id.* Fourth and finally, "the interest is not adequately represented by either of the existing parties." *Id.*

#### A. BlackHawk's Motion Is Timely

BlackHawk's Motion has been timely filed, satisfying the first prong. In determining whether a motion to intervene is timely, a court evaluates four factors:

> (1) The length of time during which the would-be intervenor actually knew or reasonably should have known of its interest in the case before it petitioned for leave to intervene; (2) the extent of the prejudice that the existing parties to the litigation may suffer as a result of the would-be intervenor's failure to

4

> apply for intervention as soon as it knew or reasonably should have known of its interest in the case; (3) the extent of the prejudice that the would-be intervenor may suffer if intervention is denied; and (4) the existence of unusual circumstances militating either for or against a determination that the application is timely.

*Sierra Club*, 18 F.3d at 1205 (citation omitted).

BlackHawk has not delayed filing this Motion. Plaintiffs filed suit on August 11, 2022. *See* ECF No. 1. BlackHawk timely files this Motion just over a month after Plaintiffs filed the Complaint and within two weeks of submitting its own declaration in this matter. *Id.*; Lifschitz Decl., ECF No. 62-5; *see also Association of Professional Flight Attendants v. Gibbs*, 804 F.2d 318, 320–21 (5th Cir. 1986) (finding a five-month delay reasonable). Additionally, because there is no delay in seeking intervention, there can be no prejudice to the existing parties. *See Sierra Club*, 18 F. 3d at 1206 ("prejudice must be measured by the delay in seeking intervention, not the inconvenience to the existing parties of allowing the intervenor to participate in the litigation."). Furthermore, with the Final Rule in effect, BlackHawk has already suffered significant financial harm. *See* Lifschitz Decl. ¶¶ 15–17. To avoid criminal or civil liability, BlackHawk "discontinued all sales of jigs and jig accessories and non-AR-style '80 Percent Lowers' (which together make up approximately 65.4% of [BlackHawk's] orders) by listing them as 'out of stock' on [its] website" and "deleted from its website the instructions for how to use its tools and jigs." *Id.* ¶ 11. The inability to sell its products will in short order put BlackHawk out of business. Finally, no militating circumstance exists. This Court should therefore determine that this Motion is timely.

### B. BlackHawk Has an Established Interest Relating to This Action

BlackHawk's proprietors, employees, and customers have significant, protectible interests in the manufacturing, distribution, sale, and possession of receiver blanks and jigs. The enforcement of the Final Rule will infringe upon BlackHawks's constitutional and statutorily protected interests, particularly the property interests and personal liberties of BlackHawk's owners and employees.

The moving party must show that it has a "stake in the matter" beyond a "generalized preference that the case come out a certain way." *Texas v. United States*, 805 F.3d 653, 657 (5th Cir. 2015). "A property interest . . . is the most elementary type of right that Rule 24(a) is designed to protect." *Id.* at 658. Property interests are "almost always adequate." *Id.*

BlackHawk meets this test. First, BlackHawk's core business is manufacturing and distributing the very items Defendants seek to criminalize and regulate under the Final Rule. *See* Exhibit A. The Final Rule is a death sentence for BlackHawk. *See* Lifschitz Decl. ¶ 16 (BlackHawk's "sales since the Final Rule took effect have declined so significantly that it is on track to be operating at a loss and no longer be profitable"); ¶ 17 ("Though [BlackHawk] does have enough cash on hand to continue paying [its] expenses for 2 to 3 months while [it] operate[s] at a loss, [it] will be forced to shut down [its] business and cease operations" if the Final Rule remains in effect). Furthermore, the trickle-down effect infringes upon the property interests of BlackHawk's customers. BlackHawk therefore wishes to intervene in order to protect its established property interests because without

6

judicial intervention, BlackHawk will fall victim to the predatory (and unconstitutional) Final Rule. Accordingly, this Court should thus recognize BlackHawk's interest.

    **C.    BlackHawk's Interest in This Action Would Be Impaired If BlackHawk Is Not Allowed to Intervene**

The protection of the interests of BlackHawk, its members, and its customers will be impaired if BlackHawk is not allowed to intervene in this action.

A party moving to intervene as a matter of right "must demonstrate only that the disposition of the action 'may' impair or impede their ability to protect their interests." *Brumfield v. Dodd*, 749 F.3d 339, 344 (5th Cir. 2014).

In the present matter, Plaintiffs challenged the legality of the Final Rule in order to protect their similarly situated interests. *See* ECF Nos. 1, 15, 16. This Court recognized Plaintiff Tactical Machining, LLC's ("Tactical Machining") interest in continuing to operate as a business and granted preliminary injunctive relief to protect Tactical Machining's interest during the pendency of this proceeding. *See* ECF No. 56. Defendants wish to challenge this Court's decision, pushing back on the request for additional injunctive relief. *See*, *e.g.*, ECF No. 72. BlackHawk has a similar interest in preserving the viability of its business and if not allowed to intervene would be forced to "wait on the sideline" while the Court evaluates issues that may be "contrary to [BlackHawk's] interests." *Brumfield*, 749 F.3d at 344–45. Given that "the very purpose of intervention is to allow interested parties to air their views so that a court may consider them before making potentially adverse decisions[,]" *id.* at 345, this Court should find that BlackHawk's interests in this action would be impaired if not allowed to intervene.

7

### D. BlackHawk's Interest Is Not Adequately Represented by the Parties to This Action

For the final prong, no current party to this action adequately represents the interests of BlackHawk. BlackHawk should therefore be granted the right to intervene.

This fourth factor "is satisfied if the [moving party] shows that representation of [its] interest 'may be' inadequate; and the burden of making that showing should be treated as minimal." *Edwards v. City of Houston*, 78 F.3d 983, 1005 (5th Cir. 1996) (citing *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972)). The Fifth Circuit presumes that, in assessing this fourth factor, adequate representation exists when a governmental body represents the moving party's interests, or when the moving party and a party to the lawsuit have "the same ultimate objective." *Edwards*, 78 F.3d at 1005.

BlackHawk's interests are not represented by a governmental body. Nor are BlackHawk's interests represented by Plaintiffs. In fact, the government Defendants have argued as much and opposed relief for BlackHawk, thus forcing BlackHawk to file this Motion. *See* ECF No. 72 at 10 n.13 ("Because Plaintiffs do not establish associational standing on behalf of FPC's members, there is no basis to issue an injunction to BlackHawk Manufacturing Group, Inc., for example, or any other entity that is a member of FPC but is not a party to this action in its own right."). Moreover, no party truly shares "the same ultimate objective" as BlackHawk. Specifically, where there is an "adversity of interest, collusion, or nonfeasance on the part of the existing party," the moving party can overcome the "same ultimate objective" presumption. *Edwards*, 78 F.3d at 1005. The most similarly situated Plaintiff, Tactical Machining, is a competitor of BlackHawk. While a repudiation

8

of the Final Rule will benefit BlackHawk and other similarly situated companies, without a preliminary injunction BlackHawk would be unable to sustain its operations during the pendency of the litigation. *See* Lifschitz Decl. ¶¶ 16–17. Allowing Plaintiffs to, on their own, litigate the legality of the far-reaching Final Rule and not hear from BlackHawk is to (1) force a harmed party to sit on the sidelines contrary to Circuit precedent, *supra*; and (2) potentially allow a competitor to determine or substantially influence BlackHawk's fate. Thus, BlackHawk's interests are not adequately represented in this action.

\* \* \*

BlackHawk has satisfied each prong of the four-part test. Accordingly, this Court should grant intervention as a matter of right.

**II.    IN THE EVENT THAT THIS COURT DOES NOT GRANT BLACKHAWK'S MOTION PURSUANT TO RULE 24(a), BLACKHAWK SHOULD BE GRANTED PERMISSIVE INTERVENTION**

Applicants for permissive intervention must satisfy a three-part test: (1) the intervenor's motion must be timely; (2) the intervenor's claim must have a question of law or fact in common with the main action; and (3) intervention must not unduly delay or prejudice the adjudication of the rights of the original parties. *See Lexington Ins. Co.*, 2010 WL 11561875 at *1 (granting motion to intervene).

**A.    BlackHawk's Motion Is Timely**

As briefed, *supra* Argument Section I(A), BlackHawk's Motion is timely. BlackHawk therefore satisfies the first prong of the permissive-intervention test.

9

### B. BlackHawk's Claims and This Action Have Questions of Law in Common

BlackHawk's claims raise in-kind questions of law as relates to Plaintiffs' action. To satisfy the second prong of the permissive-intervention evaluation, a moving party must show that its "claim or defense and the main action have a question of law or fact in common." *Franciscan All., Inc. v. Azar*, 414 F. Supp. 3d 928, 934 (N.D. Tex. 2019) (citation omitted) (finding that "[e]ven if [] Intervenors could not establish that they are entitled to intervene as of right, the Court would allow them to intervene permissively under Rule 24(b).").

Reduced to the most basic form, BlackHawk's claims challenge the constitutionality of the Final Rule and Defendants' adoption of the same. But more specifically, BlackHawk argues (1) that the Final Rule exceeds Defendants' statutory authority; (2) that Defendants' adoption of the Final Rule violates the separation of powers; (3) that the Final Rule is unconstitutionally vague; (4) that the Final Rule is arbitrary, capricious, and an abuse of discretion; (5) that the Final Rule was adopted without observance of procedure required by law; (6) that the Final Rule violates the nondelegation doctrine; (7) that the Final Rule is contrary to constitutional right, power, privilege, or immunity; (8) that the Final Rule exceeds the limits of the Commerce Clause; and (9) that the Final Rule effectuates a regulatory taking of privately made firearms without just compensation. *See* Exhibit A.

BlackHawk's legal challenges substantially overlap with the Complaint. For instance, Plaintiffs also aver that the Final Rule exceeds Defendants' statutory authority, Compl. ¶¶ 96–106; that Defendants failed to observe procedures required by law in

adopting the Final Rule, *id.* ¶¶ 103–15; that the Final Rule is arbitrary, capricious, and not in accordance with law, *id.* ¶¶ 116–30; that Defendants' adoption of Final Rule violates the separation of powers and the delegation doctrine, *id.* ¶¶ 131–41; and that the Final Rule is unconstitutionally vague, *id.* ¶¶ 153–57.

As illustrated by the substantial overlap of the legal challenges, *supra*, BlackHawk's claims directly relate to the underlying controversy. Accordingly, this Court should find that BlackHawk has satisfied the second prong.

### C. Intervention Will Not Unduly Delay or Prejudice the Adjudication of the Rights of the Original Parties

BlackHawk's intervention will neither delay nor prejudice the adjudication of the original parties' rights. "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

Here, Plaintiffs and BlackHawk both seek to challenge the legality of the Final Rule. This timely Motion will not cause undue delay to either Plaintiffs' or Defendants' rights in this action, as BlackHawk files this Motion just over a month after Plaintiffs' Complaint was filed and while briefing is ongoing. Furthermore, the parties to this action are on notice and well aware of the existing challenges to the constitutionality of both the Final Rule itself and Defendants' adoption of the Final Rule. Thus, since BlackHawk's claims substantially overlap with Plaintiffs', *supra* Argument Section II(B), no party will be prejudiced by BlackHawk's intervention. Accordingly, BlackHawk has satisfied the third prong.

\* \* \*

BlackHawk has satisfied each prong of the three-prong test, and thus should be permitted to permissively intervene if this Court does now allow BlackHawk to intervene as a matter of right.

## CONCLUSION

For the foregoing reasons, BlackHawk respectfully requests that this Court grant its Motion to Intervene.

Respectfully Submitted,


*/s/ Brian D. Poe*
BRIAN D. POE
TX Bar No. 24056908
BRIAN D. POE, ATTORNEY AT LAW PLLC
The Bryce Building
909 Throckmorton Street
Fort Worth, Texas 76102
Phone: (817) 870-2022
Fax: (817) 977-6501
bpoe@bpoelaw.com

MICHAEL J. SULLIVAN
MA Bar No. 487210
*Pro Hac Vice Forthcoming*
J. CHRISTOPHER AMRHEIN, JR.
MA Bar No. 703170
*Pro Hac Vice Forthcoming*
NATHAN P. BRENNAN
MN Bar No. 389954
*Pro Hac Vice Forthcoming*
ASHCROFT LAW FIRM LLC
200 State Street, 7th Floor
Boston, MA 02109
Phone: (617) 573-9400
Fax: (617) 933-7607

msullivan@ashcroftlawfirm.com
camrhein@ashcroftlawfirm.com
nbrennan@ashcroftlawfirm.com

*Counsel for proposed Intervenor-Plaintiff BlackHawk Manufacturing Group Inc. d/b/a 80 Percent Arms*