UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JENNIFER VANDERSTOK; MICHAEL G. ANDREN; TACTICAL MACHINING LLC, a limited liability company; FIREARMS POLICY COALITION, INC., a nonprofit corporation, § § § § § § | | |
| Plaintiffs, § § | | |
| v. § | Civil Action No. 4:22-cv-00691-O | |
| § MERRICK GARLAND, in his Official capacity as Attorney General of the United States; UNITED STATES DEPARTMENT OF JUSTICE; STEVEN DETTELBACH, in his official capacity as Director of the Bureau of Alcohol, Tobacco, Firearms and Explosives; BUREAU OF ALCOHOL, TOBACCO, FIREARMS, AND EXPLOSIVES, § § § § § § § § § § § | | |
| Defendants. § | | |

## ORDER

Before the Court are Defendants' Motion for Clarification of the Scope of the Court's Preliminary Injunction with Respect to Tactical Machining's Pending Classification Request (Defs.' Mot., ECF No. 71), filed September 15, 2022; Plaintiffs' Opposition to Defendants' Motion for Clarification (Pls.' Resp., ECF No. 75), filed September 22, 2022; and Defendants' Reply in Support of their Motion for Clarification (Defs.' Reply, ECF No. 78), filed September 24, 2022. Defendants seek clarification about whether the Preliminary Injunction[1] prohibits ATF from completing the Plaintiff's pending product classification request with the understanding that, result

---

[1] Defendants are presently enjoined from "implementing and enforcing against Tactical Machining, LLC the provisions in 27 C.F.R. §§ 478.11 and 478.12 that this Order has determined are unlawful" (Opinion & Order on Prelim. Inj., ECF No. 56 at 23).

aside, ATF will not take any adverse action against Tactical (Defs.' Mot. at 2).[2] Indeed, Defendants assert that "classification of the Product as either a 'firearm' or not a 'firearm' *cannot* constitute action by the government 'against' Tactical Machining in violation of the Preliminary Injunction" (Defs.' Reply at 2) (emphasis added).[3] If it "determines that the product is not a firearm," ATF claims "the Parties' dispute will be narrowed or eliminated," along with the alleged harm that Tactical Machining faces as a result of the Rule (Defs.' Mot. at 2). Defendants suggest that Plaintiffs might support completion of the product classification, since they have yet to revoke their still-pending request. *See id.* Defendants indicate ATF can conclude the classification "within two business days" of receiving the Court's clarification should it be permitted to do so under the injunction and ask the Court to delay its ruling on the scope of the injunction until after the classification determination is made (Defs.' Supp. Br., ECF No. 73).

Plaintiffs oppose the motion and argue that permitting ATF to apply its likely unlawfully regulations to Tactical's product in completing the classification request violates the injunction and would "be the death knell of [Tactical's] business" should the result be an unfavorable one (Pls.' Resp. 1–3). They claim additional injury would result because Tactical's already risk-averse customers and vendors would have a definitive basis for refusing to purchase the now clearly-classified product from them. *See id.*[4] Moreover, Plaintiffs argue not one of their claims—excess of statutory authority (Count I); APA procedural violations (Count II); arbitrary and capricious conduct (Count III); nor constitutional challenges (Counts IV–VI)—"would be mooted or appreciably 'narrowed'" should ATF provide even a favorable classification result. *Id.* at 4.

---

[2] On April 12, 2022, Tactical Machining, LLC submitted to ATF a product reclassification request for guidance about whether its partially machined AR-15 pattern receiver was considered a "firearm" under the Rule (ECF No. 16-1, Exs. 1–2).
[3] *Id.* at 3 n.3 ("[T]he Court did not enjoin ATF from providing classification decisions").
[4] The "assurance [provided by a single product classification] is too narrow and leaves too many questions unanswered to meaningfully mitigate Plaintiffs' harm." *Id.* at 5.

Allowing ATF to apply its Rule while completing the classification of Tactical's primary product offering constitutes "implement[ation]" of 27 C.F.R. § 478.11 and 478.12(c), which this Court has said are likely unlawful. And, despite Defendants' arguments to the contrary, issuing such an agency determination that—but for the injunction—would place Tactical at risk of an enforcement action, qualifies as agency action taken "against" Tactical in contravention of the current injunction. This aside, the Court considered permitting ATF to complete its classification request should the parties agree that it would afford some relief or narrow the dispute, as Defendants originally intimated (Defs.' Mot. at 2). Because the parties contest the utility of a completed classification request, the Court **DENIES** Defendants' Motion and **CLARIFIES** that the current injunction precludes Defendants from concluding its classification determination with respect to Tactical's product.

**SO ORDERED** this **26th day** of **September, 2022**.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**