IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| JENNIFER VANDERSTOK, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> MERRICK GARLAND, in his official capacity as Attorney General of the United States; *et al.*, <br><br> *Defendants*. | Civil Action No. 4:22-cv-00691-O |

## PLAINTIFFS' NOTICE REGARDING CONTESTED JURISDICTION

On September 27, 2022, counsel for Plaintiffs and counsel for Defendants conducted their second joint scheduling call for this matter. During that conferral, Defendants informed Plaintiffs that Defendants contest the Court's subject matter jurisdiction and plan to file a motion to dismiss for lack of the same. Because a ruling regarding subject matter jurisdiction may have implications for the Preliminary Injunction Order on which Tactical Machining relies to conduct its business, Plaintiffs request that this issue be addressed on an expedited basis. *See Burnham v. Superior Court of Calif.*, 495 U.S. 604, 608–09 ("[A]n order entered without jurisdiction is a nullity without legal effect."); *Brumfield v. La. State Bd. of Educ.*, 806 F.3d 289, 298 (5th Cir. 2015) (reasoning that an order may be void "if the court that rendered it lacked jurisdiction of the subject matter").

Plaintiffs felt it necessary to bring this matter to the Court's attention immediately, in advance of the Joint Scheduling Report, given that the question of subject matter jurisdiction underlies the Court's existing preliminary injunction. Similar to Defendants' Motion for Clarification, a motion to dismiss for lack of subject matter jurisdiction may expose the

Preliminary Injunction Order to collateral attack and the consequences to Tactical Machining increase every day they operate under the Order that Defendants continue to indirectly challenge.

Plaintiffs also note that they intend to file an amended petition, adding one count to their claims, and, to continue to facilitate expeditious resolution of this matter, will do so by October 5, 2022. Plaintiffs' new claim will be based on the First Amendment to the United States Constitution and Plaintiffs do not believe the amendment will affect the jurisdictional analysis. Plaintiffs remain committed to resolving this case as quickly as possible, including their continued commitment to expeditious summary judgment briefing once the record is lodged and finalized.

DATED this 1st day of October, 2022.

Respectfully submitted,

R. Brent Cooper (TX Bar No. 04783250)
Benjamin D. Passey (TX Bar No. 24125681)
COOPER & SCULLY, P.C.
900 Jackson Street, Suite 100
Dallas, TX  75202
Telephone: (214) 712-9500
Telecopy: (214) 712-9540
brent.cooper@cooperscully.com
ben.passey@cooperscully.com

Cody J. Wisniewski* (CO Bar No. 50415)
FIREARMS POLICY COALITION
5550 Painted Mirage Road, Suite 320
Las Vegas, NV  89149
Telephone: (916) 378-5785
Telecopy: (916) 476-2392
cwi@fpchq.org

*/s/ Erin M. Erhardt*
Kaitlyn D. Schiraldi* (TN Bar No. 039737)
Erin M. Erhardt* (CO Bar No. 49360)
MOUNTAIN STATES LEGAL FOUNDATION
2596 S. Lewis Way
Lakewood, CO  80227
Telephone: (303) 292-2021 |
Telecopy: (877) 349-7074
kschiraldi@mslegal.org
eerhardt@mslegal.org
*Admitted *pro hac vice*

*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on October 1, 2022, a true and correct copy of the foregoing document was served via the Court's CM/ECF system to all counsel of record.

> */s/ Erin M. Erhardt*
> Erin M. Erhardt
> MOUNTAIN STATES LEGAL FOUNDATION