UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| JENNIFER VANDERSTOK *et al.*,<br><br>　　Plaintiffs,<br><br>　　v.<br><br>MERRICK GARLAND, in his official capacity as Attorney General of the United States *et al.*,<br><br>　　Defendants. | Case No. 4:22-cv-00691-O |

**DEFENDANTS' RESPONSE TO PLAINTIFFS'
NOTICE REGARDING CONTESTED JURISDICTION**

　　Defendants hereby respond to Plaintiffs' Notice Regarding Contested Jurisdiction, ECF No. 88 (Notice). As explained below, Plaintiffs' notice is premature and in any event, Plaintiffs fail to justify expedited consideration of Defendants' planned motion to dismiss.

　　Plaintiffs effected service of the complaint and summons in this case on August 17, 2022. See ECF No. 29. Under Federal Rule of Civil Procedure 12(a)(2), a motion to dismiss that complaint is not due until October 17, 2022. Upon the planned filing of that motion, if Plaintiffs wish to move this Court for expedited consideration of the motion to dismiss, they are free to move the Court to do so. However, it is premature to seek expedited consideration of a motion before the motion has even been filed, and a request for miscellaneous relief such as expedited consideration should be filed as a motion—with all accompanying requirements such as conferral with opposing parties—rather than a "notice."

　　In any event, even if Plaintiffs' notice were deemed to be a motion seeking expedited consideration, it should be denied. In the normal course of litigation, a motion to dismiss is due 60

days after the service of the complaint and summons and is briefed according to the deadlines set forth in the Local Rules. Now that the Court has issued preliminary injunctive relief, *see* ECF No. 56, and has clarified the scope of its preliminary injunction, *see* ECF No. 89, this case is no longer in the posture of emergency injunctive relief and is proceeding on the normal course of litigation. Any expedited consideration of Defendants' planned motion to dismiss is therefore unnecessary. Instead, the motion should be briefed according to the normal course of litigation, and in accordance with the normal time limits prescribed under this Court's Local Rules. Accordingly, in the parties' forthcoming Joint Scheduling Report, Defendants will propose a deadline for the parties' forthcoming merits briefing that is keyed to the resolution of Defendants' planned motion to dismiss.

Furthermore, Plaintiffs fail to present any justification for expedited consideration of Defendants' planned motion to dismiss. The preliminary injunction issued by the Court protects Plaintiffs from any alleged irreparable harm prior to a final adjudication of this case on the merits. Plaintiffs' bare contention that "the question of subject matter jurisdiction underlies the Court's existing preliminary injunction," Notice at 1, does not justify expedited consideration. Nor do Plaintiffs substantiate their allegation that a motion to dismiss "may expose" the Court's preliminary injunction "to collateral attack." *Id.* at 1-2. A motion to dismiss does not collaterally attack a preliminary injunction. If the Court were to determine that Plaintiffs' complaint cannot survive a motion to dismiss, then it necessarily follows that Plaintiffs are not entitled to relief. On the other hand, if the Court were to deny the motion to dismiss, then the preliminary injunction will continue to be in effect. Either way, a motion to dismiss would not collaterally attack the preliminary injunction. Thus, Plaintiffs cannot justify expedited consideration of Defendants' planned motion to dismiss simply by noting that the Court has issued a preliminary injunction in this case, and they otherwise fail to justify deviating from the ordinary course of litigation.

DATED: October 3, 2022            Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

ALEXANDER K. HAAS
Director, Federal Programs Branch

LESLEY FARBY
Assistant Director, Federal Programs Branch

/s/ Daniel Riess
DANIEL RIESS
MARTIN M. TOMLINSON
TAISA M. GOODNATURE
Trial Attorneys
Civil Division, Federal Programs Branch
U.S. Department of Justice
1100 L Street, NW
Washington, DC 20005
Phone: (202) 353-3098
Email: Daniel.Riess@usdoj.gov
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

On October 3, 2022, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

/s/ Daniel Riess