UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| JENNIFER VANDERSTOK; MICHAEL G. ANDREN; TACTICAL MACHINING LLC, a limited liability company; FIREARMS POLICY COALITION, INC., a nonprofit corporation,<br><br>Plaintiffs,<br><br>v.<br><br>MERRICK GARLAND, in his Official capacity as Attorney General of the United States; UNITED STATES DEPARTMENT OF JUSTICE; STEVEN DETTELBACH, in his official capacity as Director of the Bureau of Alcohol, Tobacco, Firearms and Explosives; BUREAU OF ALCOHOL, TOBACCO, FIREARMS, AND EXPLOSIVES,<br><br>Defendants. | Civil Action No. 4:22-cv-00691-O |

### CLARIFICATION OF OPINION & ORDER ON SCOPE OF PRELIMINARY INJUNCTION

On October 1, 2022, the Court issued its Opinion & Order on Scope of Preliminary Injunction. Opinion, ECF No. 89. Upon further consideration, the Court finds it necessary to clarify the definition of Tactical Machining, LLC's "customers" as used in the Court's ruling on the scope of the current preliminary injunction. *See* Opinion 21, ECF No. 89. Specifically, the Court **ORDERS**:

> **The category of protected Tactical Machining "customers," as defined in this Court's Opinion & Order (ECF No. 89 at 21), does not include**

1

**individuals prohibited from possessing firearms under 18 U.S.C. § 922(g),[1] even if those individuals purchase firearms and firearms-related products directly from Tactical Machining**.

The Court clarifies its prior order in keeping with its ongoing duty to manage its preliminary injunction, *see Miss. Power & Light Co. v. United Gas Pipe Line*, 760 F2.d 618, 621 (5th Cir. 1985), to create a remedy that is "no more burdensome to the defendant than necessary to provide complete relief to the plaintiffs." *Madsen v. Women's Health Ctr., Inc.*, 512 U.S. 753, 756 (1994) (cleaned up). In particular, the Court finds this clarification necessary upon reviewing both "the balance of hardships" among the parties and the Court's obligation to ensure its "preliminary injunction will not disserve the public interest." *Daniels Health Servs., L.L.C. v. Vascular Health Scis., L.L.C.*, 710 F.3d 579, 582 (5th Cir. 2013). Therefore, pursuant to the Court's role in weighing

---

[1] 18 U.S.C. § 922(g) provides: It shall be unlawful for any person—
(1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year;
(2) who is a fugitive from justice;
(3) who is an unlawful user of or addicted to any controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802));
(4) who has been adjudicated as a mental defective or who has been committed to a mental institution;
(5) who, being an alien--
(A) is illegally or unlawfully in the United States; or
(B) except as provided in subsection (y)(2), has been admitted to the United States under a nonimmigrant visa (as that term is defined in section 101(a)(26) of the Immigration and Nationality Act (8 U.S.C. 1101(a)(26)));
(6) who has been discharged from the Armed Forces under dishonorable conditions;
(7) who, having been a citizen of the United States, has renounced his citizenship;
(8) who is subject to a court order that--
(A) was issued after a hearing of which such person received actual notice, and at which such person had an opportunity to participate;
(B) restrains such person from harassing, stalking, or threatening an intimate partner of such person or child of such intimate partner or person, or engaging in other conduct that would place an intimate partner in reasonable fear of bodily injury to the partner or child; and
(C)(i) includes a finding that such person represents a credible threat to the physical safety of such intimate partner or child; or
(ii) by its terms explicitly prohibits the use, attempted use, or threatened use of physical force against such intimate partner or child that would reasonably be expected to cause bodily injury; or
(9) who has been convicted in any court of a misdemeanor crime of domestic violence,
to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

the interests of the parties when affording preliminary relief, this clarification that individuals prohibited from possessing firearms under 18 U.S.C. § 922(g) are not protected by the Court's preliminary injunction will protect Defendants from unnecessary harm, while still affording Tactical Machining complete relief. *See, e.g.*, *Madsen*, 512 U.S. at 756. The Court offers this clarification for three main reasons.

First, this clarification continues to afford complete relief to Tactical Machining. As the Court's Opinion made clear, the Court only extends relief to Tactical Machining's customers in order to protect the business of Tactical Machining itself; preliminary injunctive relief is not afforded to redress the alleged irreparable harm of any individual who purchases products from Tactical Machining. Opinion 17–19, ECF No. 89. Tactical Machining has not affirmatively claimed any individuals prohibited from possessing firearms under 18 U.S.C. § 922(g) as part of its customer base for the weapons kits, frames, receivers, and other firearms-related products that Tactical Machining sells.[2] Thus, the Court concludes that Tactical Machining does not intend for its customer base to include individuals prohibited from possessing firearms under 18 U.S.C. § 922(g). Therefore, individuals prohibited from possessing firearms under 18 U.S.C. § 922(g) are not protected by the Court's preliminary injunction. Finally, since Tactical Machining *is* protected by the Court's injunction, Tactical Machining cannot be prosecuted under the Final Rule even if it accidentally sells products to individuals prohibited from possessing firearms under 18 U.S.C. § 922(g), and even if that unintended purchaser may themselves face prosecution for their purchase.

---

[2] *See generally* Compl., ECF No. 1; Pls.' Mot. to Expand Prelim. Inj., ECF No. 63.

Second, this definition responds to Defendants' policy concerns regarding the proliferation of unserialized firearms, otherwise known as ghost guns.[3] As argued by amici, "Ghost guns are increasingly used in connection with criminal activity by high-risk individuals."[4] Indeed, the core purpose of the Final Rule is to prohibit high-risk individuals from gaining access to ghost guns, not to police the law-abiding gun owners who constitute Tactical Machining's intended customer base. While amici offer their own definitions of high-risk individuals, including persons previously convicted of a violent crime, domestic abusers, minors, gun traffickers and organized crime syndicates, and domestic terrorists and violent extremists, the Court defers to 18 U.S.C. § 922(g) which enshrines the policy judgments already made by Congress about who should be prohibited from possessing a firearm.[5]

Third, this clarification will allow enforcement of the Final Rule against individuals prohibited from possessing firearms under 18 U.S.C. § 922(g) for the duration of the preliminary injunction only. It will not tie the Court's hands with respect to a final adjudication on the merits of the Final Rule. Last term, the U.S. Supreme Court partially stayed a preliminary injunction of a presumptively unlawful government policy to allow narrow enforcement of that policy, even though that ad hoc exception would terminate upon a final disposition on the merits from the Supreme Court. *Austin v. U. S. Navy Seals 1-26*, 142 S. Ct. 1301 (2022) (partially staying a

---

[3] *See generally* Amici Curiae Br. of Gun Owners for Safety and Individual Co-Amici in Support of Ds.' Opp. to Pls.' Mot. for a Prelim. Inj., ECF No. 58; Br. of Amici Curiae Gun Violence Prevention Grps. in Support of Ds.' Opp. to Pls.' Mot. for a Prelim. Inj., ECF No. 59; Br. of the District of Columbia and the States of New Jersey, Pennsylvania, California, Colorado, Connecticut, Delaware, Hawaii, Illinois, Maine, Maryland, Massachusetts, Michigan, Minnesota, New York, North Carolina, Oregon, Rhode Island, Washington, and Wisconsin as Amici Curiae in Support of Ds., ECF No. 60; and Amicus Br. of 16 Major Cities, the Dist. Att'ys for the Cntys. of Bexar, Dallas, and Travis, Texas, and Prosecutors Against Gun Violence in Support of Ds.' Opp. to Pls.' Mot. for a Prelim. Inj., ECF No. 61.
[4] Amicus Br. of 16 Major Cities, the Dist. Att'ys for the Cntys. of Bexar, Dallas, and Travis, Texas, and Prosecutors Against Gun Violence in Support of Ds.' Opp. to Pls.' Mot. for a Prelim. Inj. 5, ECF No. 61.
[5] *See, e.g.*, *id.* at 6–17.

preliminary injunction of the U.S. Navy's vaccine mandate to allow enforcement of the mandate for purposes of "deployment, assignment, and other operational decisions," without overturning the district court's finding that the policy is presumptively unconstitutional). Here, due to the preliminary nature of the Court's finding against the Final Rule, and as an exercise of the Court's discretion to control the nature of interlocutory relief afforded, the Court extends this clarification on the definition of "customer" without commenting on the viability of this particular definition for the purposes of a subsequent final disposition. *See Miss. Power & Light Co.*, 760 F2.d at 621.

Should the parties wish to address this clarification, they may do so in their optional briefing regarding the definition of "customers," as invited to do in the Court's prior ruling. *See* Opinion 22, ECF No. 89.

**SO ORDERED** on this **3rd day** of **October, 2022**.

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE