**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

|  |  |
|---|---|
| JENNIFER VANDERSTOK, *et al.*, <br><br><br>                                       *Plaintiffs*, <br><br>      v. <br><br> MERRICK GARLAND, in his official <br> capacity as Attorney General of the United States; *et al.*, <br><br><br>                                       *Defendants*. | <br><br><br><br><br><br> Civil Action No. 4:22-cv-00691-O |

**JOINT REPORT REGARDING CONTENTS OF SCHEDULING ORDER**

Pursuant to Fed. R. Civ. P. 26(f) and this Court's September 9, 2022 Order Requiring Scheduling Conference and Report for Contents of Scheduling Order, ECF No. 64, the parties met telephonically and conferred on September 21, 2022, and on September 27, 2022, regarding the topics and issues set forth in Rule 26(f) and this Court's September 9, 2022 Order, as addressed below.

The parties jointly set forth those matters about which they agree, and state separately those matters about which they disagree.

**1. A brief statement of the claims and defenses.**

Plaintiffs: Plaintiffs are two individual residents of Texas, one producer and retailer, and one membership organization that counts both individuals and the producer and retailer as members. Plaintiffs allege that the Final Rule recently enacted by Defendants redefining "firearm" and otherwise altering the landscape of federal firearm regulation violates various provisions of the Administrative Procedure Act ("APA") (5 U.S.C. § 706) and U.S. Constitution. In

promulgating the Final Rule, Plaintiffs allege that Defendants violated the APA by exceeding their statutory jurisdiction and authority; failing to observe procedures required by law; and acting arbitrarily, capriciously, and not in accordance with law. Further, Plaintiffs allege that Defendants violated the Separation of Powers (Art. I, Section 1), the Delegation Doctrine, the Take Care Clause (Art. II, Section 3), and the Fifth Amendment to the U.S. Constitution.

Defendants:  Defendants Merrick Garland, Attorney General of the United States; Steven Dettelbach, Director of the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF); the United States Department of Justice; and ATF deny these claims.

**2.   A proposed time limit to file motions for leave to join other parties.**

The parties note that a motion to intervene was filed on September 22, 2022, but the parties do not anticipate filing motions for leave to join parties.

**3.   A proposed time limit to amend the pleadings.**

Plaintiffs' Petition was served on August 23, 2022. Plaintiffs filed and served, via electronic service, an Amended Petition on October 5, 2022. The parties have agreed that Defendants will answer the complaint on or before November 10, 2022.

The parties jointly propose a deadline of 21 days after Defendants file their response to Plaintiffs' Petition for Plaintiffs to request leave to amend the pleadings.

Defendants further propose that any party seeking to intervene must file any such motion within 7 days of the entry of the Court's scheduling order.

**4.   Proposed time limit to file various types of motions, including dispositive motions.**

This Court ordered that Defendants lodge the administrative record on or before October 24, 2022. ECF No. 82. Due to the very large size of the administrative record—expected to be in the tens of thousands of pages—Defendants plan to file the record conventionally with the Clerk

of Court, and to serve Plaintiffs with a true and correct copy, in thumb-drive format. Plaintiffs do

not object to this proposal. Defendants respectfully request the Court's permission to provide the

required Judge's copy of the administrative record in thumb-drive or CD-ROM format.

The parties agree that this case will likely be resolved through dispositive motions without

a trial. The parties also agree that staggered briefing is appropriate in this matter.

The parties jointly propose that Plaintiffs' motion for summary judgment be due 60 days

after the administrative record is lodged and finalized, including resolution of any motions to

augment the record, and that Defendants' response to Plaintiffs' motion and Defendants' cross-

motion for summary judgment be due 45 days after Plaintiffs' motion is filed. The parties further

propose that Plaintiffs file a reply and response within 21 days after Defendants' response and

cross-motion is filed and Defendants file a reply within 21 days thereafter.

5. **A proposed time limit for initial designation of experts.**

The parties do not anticipate the use or designation of experts in this case.

6. **A proposed time limit for responsive designation of experts.**

The parties do not anticipate the use or designation of experts in this case.

7. **A proposed time limit for objections to experts (i.e., *Daubert* and similar motions).**

The parties do not anticipate the use or designation of experts in this case.

8. **A proposed plan and schedule for discovery, a statement of the subjects on which discovery may be needed, a time limit to complete factual discovery and expert discovery, and a statement of whether discovery should be conducted in phases or limited to or focused upon particular issues.**

Defendants will lodge the administrative record by October 24, 2022. The parties disagree

regarding the issue of discovery and present their respective positions below.

Plaintiffs: Depending on the contents of the record and Defendants' answer to the Petition,

Plaintiffs assert that either stipulations or limited interrogatories may be necessary in order for

Plaintiffs and the Court to understand Defendants' interpretation and application of the Final Rule

and to avoid briefing potential applications that Defendants disclaim. Despite Defendants'

contention that APA claims can only be resolved by the confines of the record, there are notable

exceptions. "Supplementation may be permitted when: (1) the agency deliberately or negligently

excluded documents that may have been adverse to its decision, [] (2) the district court needed to

supplement the record with 'background information' in order to determine whether the agency

considered all of the relevant factors, or (3) the agency failed to explain administrative action so

as to frustrate judicial review." *Medina Cty. Envtl. Action Ass'n v. Surface Transp. Bd.*, 602 F.3d

687, 706 (5th Cir. 2010). Plaintiffs have thus far alleged (2) and (3) in their Petition for Judicial

Review. *See* ECF Nos. 1, 93. Plaintiffs only intend to seek this limited form of discovery as a last

resort, if Defendants' application of the Final Rule remains unclear after Plaintiffs' thorough

review of the record and for the sole purpose of reducing the burden on the Court and parties, by

potentially obviating any need to file overlength briefs. Plaintiffs propose any needed stipulations

be agreed, or failing the availability of a stipulation, interrogatories be served no later than 21 days

after Defendants lodge the record, or November 14, 2022, and Defendants' responses be due within

14 days thereafter, or November 28, 2022.

Defendants: This case involves Administrative Procedure Act claims to be decided on the

basis of the administrative record that Defendants will produce. "It is a bedrock principle of judicial

review that a court reviewing an agency decision should not go outside of the administrative

record." *Goonsuwan v. Ashcroft*, 252 F.3d 383, 391 n.15 (5th Cir. 2001). "Supplementation of the

administrative record is not allowed unless the moving party demonstrates unusual circumstances

justifying a departure from the general presumption that review is limited to the record compiled

by the agency. *Medina Cnty. Env't Action Ass'n v. Surface Transp. Bd.*, 602 F.3d 687, 706 (5th

Cir. 2010). Because Plaintiffs do not show that any such unusual circumstances exist here, discovery and extra-record stipulations are neither appropriate nor justified. Moreover, to help Plaintiffs "understand Defendants' interpretation and application of the Final Rule," Defendants are willing to provide classification decisions regarding products produced or sold by Plaintiffs on an expedited basis. And if Plaintiffs are concerned about devoting space in their merits briefing to potential applications that Defendants may disclaim, then Defendants are willing to agree to an expansion of the page limits for Plaintiffs' merits briefs to accommodate any such concerns. In any event, the deadlines proposed by Plaintiffs for stipulations and discovery are unreasonable. Plaintiffs propose that they be given a month and a half to formulate interrogatories, but that Defendants be only given 14 days—to include the week of Thanksgiving—to respond. Defendants respectfully reserve the right to move for a protective order limiting review in this case to the administrative record.

9. **What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed.**

Because Plaintiffs' claims are brought under the APA, the parties do not anticipate any discovery, except as to their positions articulated above in section 8, and thus do not believe any further changes or limitations are necessary.

10. **Proposed means for disclosure or discovery of electronically stored information ("ESI") and a statement of any disputes regarding the disclosure or discovery of ESI.**

The parties are aware of their preservation and discovery obligations under the Federal Rules of Civil Procedure. At this time, the parties are unaware of any electronic discovery issues that may arise in this matter. If an issue does arise, the parties agree to work in good faith to resolve the matter before bringing the issue to the Court's attention.

**11. Any proposals regarding the handling and protection of privileged or trial-preparation materials that should be reflected in a Court Order.**

None.

**12. A proposed trial date, estimated number of days required for trial and whether a jury has been demanded.**

The parties believe this APA case can be decided on dispositive motions, without a trial.

In so far as this Court does request trial, the parties agree that 1–3 days will likely be sufficient. Plaintiffs have not demanded a jury trial.

**13. A proposed date for further settlement negotiations.**

None.

**14. Objections to Fed. R. Civ. P. 26(a)(1) asserted at the Scheduling Conference, and other proposed modifications to the timing, form, or requirement for disclosures under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(1) were or will be made.**

Pursuant to Federal Rule of Civil Procedure 26(a)(1)(B)(i), initial disclosures are not necessary in this matter, which is "an action for review of an administrative record."

**15. Whether the parties will consent to trial (jury or non-jury) before U.S. Magistrate Judge Cureton or U.S. Magistrate Judge Ray.**

The parties do not consent to trial before a Magistrate Judge.

**16. Whether the parties are considering mediation or arbitration to resolve this litigation and a statement of when it would be most effective (e.g., before discovery, after limited discovery, after motions are filed, etc.), and, if mediation is proposed, the name or any mediator the parties jointly recommend to mediate the case.**

Given the nature of the claims in this case, the parties do not believe it is a good candidate for mediation or arbitration.

**17. Any other proposals regarding scheduling and discovery that the parties believe will facilitate expeditious and orderly preparation for trial.**

None.

**18. Whether a conference with the Court is desired.**

Plaintiffs believe that a conference with the Court will aid in resolving any conflicts set forth in this Joint Scheduling Report. Defendants do not believe such a conference is necessary, but request that any such conference, if set, be conducted telephonically or via video conferencing.

For this, or any other hearing the Court may set, Plaintiffs' counsel are unavailable on the following dates over the next 60 days:

- October 10–14, 2022

- October 25, 2022

- November 7–11, 2022

- November 16–18, 2022

Defendants' counsel are unavailable on the following dates over the next 60 days:

- November 21-25, 2022

**19. Any other matters relevant to the status and disposition of this case, including any other Orders that should be entered by the Court under R. 16(b) and (c) and 26(c).**

None.

DATED this the 7th day of October, 2022.

Jointly submitted,

R. Brent Cooper (TX Bar No. 04783250)
Benjamin D. Passey (TX Bar No. 24125681)
COOPER & SCULLY, P.C.
900 Jackson Street, Suite 100
Dallas, Texas  75202
Telephone: (214) 712-9500
Telecopy: (214) 712-9540
brent.cooper@cooperscully.com
ben.passey@cooperscully.com

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

ALEXANDER K. HAAS
Director, Federal Programs Branch

LESLEY FARBY
Assistant Director, Federal Programs Branch

/s/ Cody J. Wisniewski
Cody J. Wisniewski* (CO Bar No. 50415)
FIREARMS POLICY COALITION
5550 Painted Mirage Road, Suite 320
Las Vegas, NV  89149
Telephone: (916) 378-5785
Telecopy: (916) 476-2392
cwi@fpchq.org

Kaitlyn D. Schiraldi* (TN Bar No. 039737)
Erin M. Erhardt* (CO Bar No. 49360)
MOUNTAIN STATES LEGAL FOUNDATION
2596 S. Lewis Way
Lakewood, CO  80227
Telephone: (303) 292-2021
Telecopy: (877) 349-7074
kschiraldi@mslegal.org
eerhardt@mslegal.org

*Admitted *pro hac vice*

*Attorneys for Plaintiffs*

/s/ Daniel Riess
DANIEL RIESS
MARTIN M. TOMLINSON
TAISA M. GOODNATURE
Trial Attorneys
Civil Division, Federal Programs Branch
U.S. Department of Justice
1100 L Street, NW
Washington, DC 20005
Phone: (202) 353-3098
Email:  Daniel.Riess@usdoj.gov

*Attorneys for Defendants*

8

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on October 7, 2022, a true and correct copy of the foregoing document

was served via the Court's CM/ECF system to all counsel of record.


/s/ *Cody J. Wisniewski*
Cody J. Wisniewski
FIREARMS POLICY COALITION