# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
### FORT WORTH DIVISION

| | |
|---|---|
| JENNIFER VANDERSTOK, *et al.*, | |
| Plaintiffs, | Case No. 4:22-cv-00691-O |
| v. | |
| MERRICK GARLAND, in his official capacity as Attorney General of the United States, *et al.*, | |
| Defendants. | |

## DEFENDANTS' OPPOSITION TO BLACKHAWK MANUFACTURING GROUP INC. d/b/a/ 80 PERCENT ARMS' MOTION TO INTERVENE

## TABLE OF CONTENTS

INTRODUCTION......................................................................................................................1

STANDARD OF REVIEW ........................................................................................................1

ARGUMENT.............................................................................................................................2

      I.      BlackHawk Is Not Entitled to Intervention as of Right...........................................2

            A.      BlackHawk's Motion Is Not Timely ............................................................2

            B.      BlackHawk Fails to Show That the Resolution of This Case May Impair Any Protected Interest It Possesses ..........................................................6

            C.      BlackHawk Fails to Show That Its Interests Are Inadequately Represented by Existing Parties..........................................................................9

                    1.      Plaintiffs Are Presumed to Be Adequate Representatives of BlackHawk's Interests..................................................................10

                    2.      BlackHawk Fails to Rebut the Presumption of Adequate Representation ...............................................................................12

      II.     The Court Should Deny BlackHawk's Request for Permissive Intervention.............13

            A.      BlackHawk's Motion Is Untimely..............................................................13

            B.      In Any Event, the Court Should Exercise Its Discretion to Deny Permissive Intervention .........................................................................13

CONCLUSION.........................................................................................................................16

# TABLE OF AUTHORITIES

## CASES

*Admiral Ins. Co. v. Gulshan Enterprises, Inc.*,
No. 4:16-cv-02837, 2017 WL 3531556 (S.D. Tex. Aug. 16, 2017), *adopted*, 2017 WL 7052315
(S.D. Tex. Oct. 4, 2017) ...........................................................................................................13

*B.H. v. McDonald*,
49 F.3d 294 (7th Cir. 1995) .......................................................................................................6

*Brumfeld v. Dodd*,
749 F.3d 339 (5th Cir. 2014) .................................................................................................. 8, 9

*Bush v. Viterna*,
740 F.2d 350 (5th Cir. 1984) ...................................................................................................10

*City of Syracuse v. ATF*,
No. 1:20-cv-06885, 2021 WL 1051625 (S.D.N.Y. Mar. 19, 2021) ...........................................6

*Div. 80, LLC v. Garland*,
No. 3:22-cv-148, 2022 WL 3648454 n.4 (S.D. Tex. Aug. 23, 2022)..........................................5

*Effjohn Int'l Cruise Holdings, Inc. v. A&L Sales, Inc.*,
346 F.3d 552 (5th Cir. 2003) .....................................................................................................2

*Entergy Gulf States Louisiana, LLC v. EPA*,
No. CV 14-1827, 2015 WL 13942409 (E.D. La. Mar. 5, 2015) .............................................11

*Fairholme Funds, Inc. v. United States*,
681 F. App'x 945 (Fed. Cir. 2017).............................................................................................7

*Fla. Power & Light Co. v. Lorion*,
470 U.S. 729 (1985) ................................................................................................................14

*Franciscan All., Inc. v. Azar*,
414 F. Supp. 3d 928 (N.D. Tex. 2019) ....................................................................................10

*Goonsuwan v. Ashcroft*,
252 F.3d 383 (5th Cir. 2001) ...................................................................................................14

*Haspel & Davis Milling & Planting Co. v. Bd. of Levee Comm'rs of Orleans Levee Dist.*,
493 F.3d 570 (5th Cir. 2007) .............................................................................................. 2, 10

*Hopwood v. Texas*,
21 F.3d 603 (5th Cir. 1994) ............................................................................................... 10, 14

*In re Lease Oil Antitrust Litig.*,
 570 F.3d 244 (5th Cir. 2009) ...................................................................................3

*Izzio v. Century Partners Golf Mgmt., L.P.*,
 No. 3:14-CV-03194-P, 2015 WL 5472845 (N.D. Tex. Sept. 15, 2015) .............................12

*Kneeland v. Nat'l Collegiate Athletic Ass'n*,
 806 F.2d 1285 (5th Cir. 1987) ...................................................................................2

*Korioth v. Brisco*,
 523 F.2d 1271 (5th Cir. 1975) ..................................................................................14

*Larson v. JPMorgan Chase & Co.*,
 530 F.3d 578 (7th Cir. 2008) ...................................................................................15

*Louisiana v. Biden*,
 338 F.R.D. 219 (W.D. La. 2021)..................................................................10, 11, 14

*Louisiana State v. Dep't of Com.*,
 No. CV 21-1523, 2021 WL 5998519 (E.D. La. Dec. 20, 2021) .........................................11

*Missouri Coal. for the Env't Found. v. Wheeler*,
 No. 2:19-cv-4215, 2020 WL 9215898 (W.D. Mo. Aug. 15, 2020) .....................................15

*New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*,
 732 F.2d 452 (5th Cir. 1984) ................................................................2, 13, 14, 15

*Richardson v. Flores*,
 979 F.3d 1102 (5th Cir. 2020) ..................................................................................15

*Rotstain v. Mendez*,
 986 F.3d 931 (5th Cir. 2021) ............................................................................. 4, 13

*St. Bernard Par. v. Lafarge N. Am., Inc.*,
 914 F.3d 969 (5th Cir. 2019) ............................................................................... 4, 7

*Supreme Beef Processors, Inc. v. USDA*,
 No. 99-cv-2713, 2000 WL 127281 (N.D. Tex. Feb. 2, 2000).............................................10

*Texas v. United States*,
 805 F.3d 653 (5th Cir. 2015) .........................................................................2, 8, 10, 12

*Texas v. United States*,
 No. 4:18-cv-00167, 2018 WL 4076510 (N.D. Tex. June 15, 2018)......................................10

*United States v. LULAC*,
 793 F.2d 636 (5th Cir. 1986) .....................................................................................7

*United States v. State of La.*,
  90 F.R.D. 358 (E.D. La. 1981) .............................................................................................7

*United States v. State of La.*,
  669 F.2d 314 (5th Cir. 1982) ...............................................................................................7

*United States v. Texas Eastern Transmission Corp.*,
  923 F.2d 410 (5th Cir. 1991) .......................................................................................... 7, 14

*Warren v. Comm'r*,
  302 F.3d 1012 (9th Cir. 2002) .............................................................................................6

**RULES**

Fed. R. Civ. P. 24 ................................................................................................1, 2, 6, 13

**REGULATIONS**

Definition of "Frame or Receiver" and Identification of Firearms,
  87 Fed. Reg. 24,652 (Apr. 26, 2022) ..................................................................................3

**OTHER AUTHORITIES**

80 Percent Arms,
  https://www.80percentarms.com/products/type-iii-hard-anodized-billet-ar-15-80-lower-
  receiver/ ...............................................................................................................................5

Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 1913 ..............................14

iv

## INTRODUCTION

BlackHawk Manufacturing Group, Inc. d/b/a 80 Percent Arms (BlackHawk) has moved to intervene in this case, but it fails to satisfy the requirements for mandatory or permissive intervention. BlackHawk is not entitled to intervention as of right because its motion is untimely, because it has not shown that its interests may be impaired absent intervention, and because Plaintiffs adequately represent BlackHawk's interests.  The motion is untimely based on all the relevant factors—the lengthy period of time between BlackHawk's learning of its interest and its motion to intervene, prejudice to the existing parties from allowing late intervention, lack of prejudice to BlackHawk from denying its motion to intervene, and the unusual circumstances presented in this case.  BlackHawk fails to show that it has a protected interest that may be impaired absent intervention because the disposition of this case will have no *res judicata* or collateral estoppel effect on BlackHawk, nor will it impair BlackHawk's ability to protect its interest by maintaining its own suit challenging the Rule at issue here.  Furthermore, Plaintiffs are presumed to adequately represent any interests of BlackHawk because Plaintiffs and BlackHawk share the same ultimate objective, and BlackHawk has failed to rebut this presumption.  BlackHawk is also not entitled to permissive intervention because its motion is untimely, because it may maintain a separate action to assert its alleged interests, and because Plaintiffs adequately represent BlackHawk's interests.   Accordingly, this Court should deny BlackHawk's motion to intervene.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 24(a)(2) establishes four requirements for intervention as of right: "(1) the application for intervention must be timely; (2) the applicant must have an interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede his ability to protect that interest; [and] (4) the applicant's interest must be inadequately represented by the existing

parties to the suit." *Haspel & Davis Milling & Planting Co. v. Bd. of Levee Comm'rs of Orleans Levee Dist.*, 493 F.3d 570, 578 (5th Cir. 2007) (quoting *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.* ("*NOPSI*"), 732 F.2d 452, 463 (5th Cir. 1984)).  "Failure to satisfy any one requirement precludes intervention of right." *Id.*  A would-be intervenor bears the burden of establishing that it satisfies each requirement.  *See generally Texas v. United States*, 805 F.3d 653 (5th Cir. 2015).

Federal Rule of Civil Procedure 24(b)(1)(B) governs permissive intervention: "On timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact."  Even where these requirements are satisfied, "[p]ermissive intervention 'is wholly discretionary with the [district] court.'" *Kneeland v. Nat'l Collegiate Athletic Ass'n*, 806 F.2d 1285, 1289 (5th Cir. 1987) (quoting *NOPSI*, 732 F.2d at 470-71).  In resolving a request for permissive intervention, the Court should consider, *inter alia*, "whether the intervenors' interests are adequately represented by other parties"; "whether they 'will significantly contribute to full development of the underlying factual issues in the suit'"; and "the effect [of intervention] on the existing parties." *NOPSI*, 732 F.2d at 472-73 (citations omitted).

## ARGUMENT

### I.    BlackHawk Is Not Entitled to Intervention as of Right.

#### A.    BlackHawk's Motion Is Not Timely.

Intervention as of right may only be granted "[o]n timely motion."  Fed. R. Civ. P. 24(a).  Timeliness "should be determined based on *all* the circumstances." *Effjohn Int'l Cruise Holdings, Inc. v. A&L Sales, Inc.*, 346 F.3d 552, 561 (5th Cir. 2003) (citation omitted) (emphasis in original).  The Fifth Circuit's test for timeliness of intervention requires the Court to consider "(1) the length of time between the would-be intervenor's learning of his interest and his petition to intervene, (2) the extent of prejudice to existing parties from allowing late intervention, (3) the extent of prejudice to the would-

be intervenor if the petition is denied, and (4) any unusual circumstances." *In re Lease Oil Antitrust Litig.*, 570 F.3d 244, 247-48 (5th Cir. 2009). These factors all weigh against BlackHawk.

First, BlackHawk learned of the alleged interest it seeks to defend in this case many months ago. The Rule was promulgated on April 26, 2022, more than five months ago. 87 Fed. Reg. 24,652 (Apr. 26, 2022). BlackHawk cannot claim that it was unaware of the Rule because it provides products to Division 80 LLC, a distributor of firearms parts that filed suit challenging the Rule in the Southern District of Texas in May 2022. *See Div. 80 v. Garland*, No. 3:22-cv-00148 (S.D. Tex.), Compl., ECF No. 1 (filed May 9, 2022); Supp. Decl. of Brandon Padilla ¶ 7, ECF No. 33-1 (stating that 80 Percent Arms, the name under which BlackHawk operates, is one of two manufacturers supplying firearm parts to Division 80 for distribution). Indeed, one of Division 80's attorneys—Michael Sullivan of the Ashcroft Law Firm LLC—is also counsel for BlackHawk in this action. Yet despite now contending that the Rule represents a "death sentence" for BlackHawk, Br. in Supp. of BlackHawk's Mot. to Intervene at 6, ECF No. 77 (Br.), the company inexplicably neither joined Division 80's lawsuit challenging the Rule nor chose to file its own action in the months following the Rule's promulgation. This factor therefore weighs against finding BlackHawk's motion to be timely.

Second, Defendants will be prejudiced if BlackHawk is permitted to intervene. The parties have already briefed, and the Court has already adjudicated, Plaintiffs' motion for a preliminary injunction, but BlackHawk seeks to reopen this already-litigated issue by filing another, separate motion for a preliminary injunction. If BlackHawk is allowed to intervene, then the resolution of its motion for a preliminary injunction will delay this case. The parties have also already met and conferred regarding a schedule for the disposition of this case and have filed their joint scheduling report. *See* ECF No. 95. If BlackHawk's intervention motion were granted, then the parties would need to meet and confer again regarding a schedule for the disposition of this case. Because BlackHawk plans to file its own separate proposed complaint in intervention, *see* ECF No. 77-1, unless

3

BlackHawk agrees to forgo the answer requirement, this case will also be delayed because additional time will be necessary for Defendants to respond to the complaint in intervention. Finally, unless all plaintiffs agree to consolidate their merits briefing by filing only one opening and closing merits brief, this case will be further delayed because additional time will be needed to respond to two sets of merits briefs. This factor also weighs against determining the motion to intervene to be timely.

Third, BlackHawk will not be prejudiced if its motion for intervention is denied. "[C]ritical to [this] inquiry is adequacy of representation. If the proposed intervenors' interests are adequately represented, then the prejudice from keeping them out will be slight." *Rotstain v. Mendez*, 986 F.3d 931, 939 (5th Cir. 2021). As explained below, *see infra* I.C, BlackHawk's interests are adequately represented here. Furthermore, any contention that any interests of BlackHawk will be prejudiced is undermined by the fact that BlackHawk chose to take no action to attempt to protect any such purported interests in the several months after the Rule was promulgated. *See St. Bernard Par. v. Lafarge N. Am., Inc.*, 914 F.3d 969, 975 (5th Cir. 2019) (third timeliness factor not satisfied where putative intervenor could obtain desired relief via a separate action); *see also infra* I.B (citing case law denying intervention because putative intervenor could file a separate action). This factor thus also weighs against finding BlackHawk's motion to be timely.

The fourth timeliness factor is "[t]he existence of unusual circumstances militating either for or against a determination that the application is timely." *Rotstain*, 986 F.3d at 941 (citation omitted). This case presents unusual circumstances warranting a determination that the motion to intervene is untimely.

As noted above, in May 2022, Division 80 LLC—a firearms distributor to which BlackHawk supplies products—filed suit challenging the Rule. BlackHawk decided not to join that suit as a plaintiff, despite the fact that preliminary injunctive relief was sought. *See Div. 80 v. Garland*, No. 3:22-cv-00148 (S.D. Tex.), Emergency Mot. for Preliminary Inj., ECF No. 11 (June 6, 2022). The Court

4

denied that motion on August 23, 2022. *Div. 80, LLC v. Garland*, No. 3:22-CV-148, 2022 WL 3648454 (S.D. Tex. Aug. 23, 2022). In its memorandum decision denying preliminary injunctive relief, the Court in *Division 80* specifically called attention to the fact that "Division 80 relies on two manufacturers for its sales stock," including BlackHawk, but that "[n]either has joined the lawsuit, sought to appear as an amicus curiae, or submitted any evidence that it would close its doors in the absence of an injunction in this case." *Id.* at *2 n.4.

A second lawsuit was filed in July 2022 challenging the Rule and seeking preliminary injunctive relief. *See Morehouse Enterprises, LLC v. ATF*, No. 3:22-cv-116, Compl. (filed July 5, 2022); Mot. for Preliminary Inj., ECF No. 15 (filed Aug. 17, 2022). Once again, BlackHawk declined to join that suit as a plaintiff, or to join in the motion for preliminary injunctive relief. That court likewise denied the motion for a preliminary injunction. *See Morehouse Enterprises, LLC v. ATF*, 2022 WL 3597299 (D.N.D. Aug. 23, 2022), *appeal docketed*.

Finally, when the plaintiffs in this action filed suit, BlackHawk declined to join this action or to join in the plaintiffs' motion for a preliminary injunction. Nor did BlackHawk choose to file its own action. Instead, BlackHawk deliberately waited to see if this Court would issue preliminary injunctive relief. Only after the Court did so has BlackHawk belatedly sought to intervene in this case, citing alleged interests that it has repeatedly declined to take any steps to protect until well after the effective date of the Rule and only after a favorable ruling for another manufacturer. These are not the actions of an entity facing an alleged "death sentence." Br. at 6. Indeed, contrary to BlackHawk's assertions of an alleged emergency, its website reveals that it is selling AR-15 80% lower receivers at such high volume that it faces a multi-week backlog. *See* 80 Percent Arms, https://www.80percentarms.com/products/type-iii-hard-anodized-billet-ar-15-80-lower-receiver/ ("As we continue to ship lowers in accordance with the ATF rule, we are faced with a backlog of 3-4

weeks due to high demand.  Rest [a]ssured, we are shipping all orders in the sequence that they are received in as fast as we can.") (last verified Oct. 6, 2022).

The Court should decline to reward such tactical behavior, and these unusual circumstances further counsel against determining the motion to intervene to be timely.  *See City of Syracuse v. ATF*, No. 1:20-cv-06885, 2021 WL 1051625, at *5 (S.D.N.Y. Mar. 19, 2021) (accepting argument that "a party's tactical decision to delay seeking intervention can weigh against a finding of timeliness"). Accordingly, considering all elements of the Fifth Circuit's timeliness test, BlackHawk has failed to demonstrate that it has filed a "timely motion" to intervene, as required by Federal Rule of Civil Procedure 24(a).

> **B.      BlackHawk Fails to Show That the Resolution of This Case May Impair Any Protected Interest It Possesses.**

Although BlackHawk asserts that it has a protected property interest, it fails to show that the resolution of this case might impair or affect that interest.  Absent such a demonstration, it is not entitled to intervention as of right.

An intervenor as of right must "claim[] an interest relating to the property or transaction which is the subject of the action, and [be] so situated that disposing of the action may as a practical matter impair or impede [its] ability to protect its interest."  Fed. R. Civ. P. 24(a)(2).  It is not sufficient for a putative intervenor to show that it possesses a property or transactional interest; rather, it must demonstrate that the action in which it seeks to intervene may impair its ability to protect that interest. If the disposition of a case will not impair a non-party's ability to maintain its own suit seeking relief akin to that sought by the plaintiffs, it fails to satisfy this burden.  *See, e.g., B.H. v. McDonald*, 49 F.3d 294, 297 (7th Cir. 1995) (non-party had no right to intervene in pending case because it retained the right to file separate suit seeking the same relief as that sought by plaintiffs—to challenge the constitutionality of in-chambers conferences—without intervening); *Warren v. Comm'r*, 302 F.3d 1012, 1015 (9th Cir. 2002) (declining to allow amicus to intervene as of right because it could "raise [its]

issue through a separate lawsuit"); *Fairholme Funds, Inc. v. United States*, 681 F. App'x 945, 948 (Fed. Cir. 2017) (per curiam) (affirming denial of intervention where denial "would not 'as a practical matter impair or impede [the proposed intervenor's] ability to protect his interest'" because the movant "would not be bound as a party to any result reached" in relation to the existing plaintiff and would later be "free to file his own action asserting his own taking claim as a basis for his own relief.").

Thus, in *United States v. Texas Eastern Transmission Corporation*, 923 F.2d 410 (5th Cir. 1991), Pennsylvania unsuccessfully attempted to intervene in a case brought by the federal government against a corporation seeking cleanup of a hazardous waste site in several states (including Pennsylvania). *Id.* at 412-16. The Fifth Circuit held that the state's interest in protecting its natural environment and enforcing its own environmental laws would not be impaired absent intervention because, *inter alia*, it was "not a party to this action" and thus no adverse *res judicata* or *stare decisis* could possibly apply, *id.* at 414; moreover, "Pennsylvania c[ould] enforce its own laws by bringing a separate action against Texas Eastern." *Id.* at 416. Similarly, in *United States v. State of Louisiana*, 90 F.R.D. 358, 362 (E.D. La. 1981), intervention was denied where the putative intervenors expressly "acknowledged that they w[ould] not be left without remedy" absent intervention because, *inter alia*, they maintained the right to "fil[e] . . . an independent lawsuit." The Fifth Circuit affirmed the denial because the motion was untimely, because the putative intervenors' rights were adequately represented by existing parties, and because the putative intervenors "had other means of protecting [their] rights." *United States v. State of La.*, 669 F.2d 314, 315 (5th Cir. 1982); *see also United States v. LULAC*, 793 F.2d 636, 644 (5th Cir. 1986) (district "court erred in granting intervention as of right" where proposed intervenors had not shown that "disposition of the request for an injunction would 'as a practical matter, impair or impede' their ability to bring a separate action to protect any of their rights"); *St. Bernard Par. v. Lafarge N. Am., Inc.*, 914 F.3d 969, 975 (5th Cir. 2019) (rejecting putative intervenor's

contention that he would be "prejudiced absent intervention because it w[ould] be difficult to pursue his claim elsewhere" where state-law action was available avenue of relief).

Like these unsuccessful putative intervenors, BlackHawk has failed to demonstrate how the interest it asserts—a property interest in manufacturing and distributing firearm receivers and associated items—could possibly be impaired by the outcome of this case. Even if the Court were to issue a merits decision in favor of Defendants, such a decision would not impair or impede BlackHawk's ability to bring its own suit challenging the Rule. BlackHawk would not be bound by any such decision under principles of *res judicata* or collateral estoppel. There is thus no practical or legal reason for BlackHawk to be involved in this specific case to protect its asserted property interest.

Nor does any case law cited by BlackHawk suggest to the contrary. *See* Br. at 6-7 (citing *Texas*, 805 F.3d 653; *Brumfeld v. Dodd*, 749 F.3d 339 (5th Cir. 2014)). In *Texas*, three aliens residing unlawfully in the United States sought to intervene as of right in a case seeking to enjoin the United States from implementing a program under which those aliens would be temporarily deemed lawful U.S. residents. *See id.* at 655-56. The Fifth Circuit held that the aliens had a protected interest in the case that would be impaired if they could not intervene because they "are the intended beneficiaries of the challenged federal policy," and "will or will not be eligible for deferred action, depending on the outcome of this case." *Id.* at 660; *see also id.* at 661 (explaining that if the challenged policy "is invalidated, the [aliens] will lose their opportunity to obtain deferred action and their opportunity to obtain employment authorization"). By contrast, BlackHawk is not the beneficiary of the government policy challenged here, and thus it cannot claim that a decision affecting that policy would impair or impede any protected interest. As explained above, even a ruling in Defendants' favor would not affect BlackHawk's property interest because it would remain free to file its own suit challenging the Rule.

Nor does *Brumfeld* support BlackHawk's argument. In that case, parents whose children received school vouchers via a state's scholarship program sought to intervene in litigation between

8

the state and the federal government over the voucher program.  749 F.3d at 340.  The federal government sought to enjoin the voucher program on the ground that it violated a prior desegregation order unless the state were to receive court authorization for the program to continue.  *Id.* at 341.  The Fifth Circuit held that the parents had "established that their interests might be impaired by" the case in which they sought to intervene because "[i]f the desegregation order is modified to require prior court approval of the [voucher program's] implementation, then some parents are at risk of losing vouchers or their full range of school choices."  *Id.* at 344; *see also id.* at 345 ("[T]he parents' access to vouchers will be impaired because a decline in prospects for obtaining vouchers may well result if the district court holds that the Scholarship Program is subject to the desegregation order.").  Unlike the parents in *Brumfeld*, BlackHawk is not the intended beneficiary of a government program whose continued existence is threatened in this case.  Regardless of whether the Court ultimately rules in favor of Plaintiffs or Defendants, BlackHawk's property interest will not be impaired because it will retain the option to file suit challenging the Rule.

Nor can BlackHawk plausibly claim that unless it is granted intervention in this case, it will be "forced to 'wait on the sideline.'"  Br. at 7 (quoting *Brumfeld*, 749 F.3d at 345).  BlackHawk has deliberately chosen to remain on the sidelines by deciding not to join two separate actions seeking to challenge the Rule, by not filing its own action, and by declining to seek any involvement in this action until after the Court had ruled on Plaintiffs' motion for preliminary injunctive relief.  Having made that choice, BlackHawk must abide by its consequences.  Because the disposition of this case will not affect in any way BlackHawk's ability to maintain its own suit challenging the Rule, BlackHawk has failed to show that its property interest may be impaired absent intervention.

### C.    BlackHawk Fails to Show That Its Interests Are Inadequately Represented by Existing Parties.

In any event, BlackHawk is also not entitled to intervention as of right because it fails to show that any interests it might have in this action are "inadequately represented by the existing parties to

the suit," *Haspel & Davis*, 493 F.3d at 578.  Because it fails to satisfy this burden, it is not entitled to intervention as of right.

> **1.      Plaintiffs Are Presumed to Be Adequate Representatives of BlackHawk's Interests.**

The Fifth Circuit presumes that a putative intervenor's interests are already adequately represented "when the would-be intervenor has the same ultimate objective as a party to the lawsuit." *Texas*, 805 F.3d at 661 (citation omitted).  Courts have repeatedly held that this presumption applies where the existing party and a would-be intervenor both desire to uphold a challenged government policy in its entirety.  *See Hopwood v. Texas*, 21 F.3d 603, 605-06 (5th Cir. 1994) (affinity groups' "ultimate objective was the same as the State's: to defend the affirmative action program"); *Bush v. Viterna*, 740 F.2d 350, 356 (5th Cir. 1984) (Texas Association of Counties and government defendants had "the same objectives—to uphold the present standards and practices of the [government entity]"); *Louisiana v. Biden*, 338 F.R.D. 219, 224 (W.D. La. 2021) (conservation groups and government defendants had "same ultimate objective," i.e., upholding the government's authority to pause new oil and gas leases on public lands); *Franciscan All., Inc. v. Azar*, 414 F. Supp. 3d 928, 935 (N.D. Tex. 2019) (referencing order disallowing intervention by advocacy organizations because they "shared the same ultimate objective as [the government defendants]—namely, a finding that [a challenged regulation] is lawful).  By the same token, where the existing parties and a would-be intervenor both desire to invalidate a challenged government policy, they share the same ultimate objective.  *See Texas v. United States*, No. 4:18-cv-00167, 2018 WL 4076510, at *2 (N.D. Tex. June 15, 2018) (denying intervention as of right and permissive intervention by employers because it was "clear" that they "ha[d] the same ultimate objective as Plaintiffs—a declaration from this Court that" a challenged government policy was unlawful); *Supreme Beef Processors, Inc. v. USDA*, No. 99-cv-2713, 2000 WL 127281, at *1 (N.D. Tex. Feb. 2, 2000) (denying intervention as of right and permissive intervention by association, where,

"at the end of the day," both the putative intervenor and the existing plaintiff-association sought "the same relief, a declaration that the [challenged] regulations are not enforceable").

Here, BlackHawk shares the same ultimate objective as Plaintiffs: to obtain an order determining that the Rule is contrary to law. *Compare* Compl. ¶ 11 (seeking "to prevent the implementation and enforcement" of the Rule), Prayer for Relief (seeking an order "[h]olding unlawful and setting aside" the Rule, and "preliminary and permanent injunctive relief enjoining Defendants from enforcing or implementing" the Rule) *with* Proposed Compl. in Intervention ¶ 12 (seeking "declar[ation] that the [Rule] is unlawful, or in the alternative, . . . a preliminary injunction preventing" its enforcement), Prayer for Relief (seeking "order and judgment . . . [d]eclaring that the [Rule] is unlawful" and "preliminary and permanent injunctive relief enjoining Defendants from enforcing" the Rule). Consequently, Plaintiffs are presumed to be adequate representatives of BlackHawk's interests in this litigation.

BlackHawk tries to evade this result by focusing on potential scope-of-relief questions rather than whether it shares the same ultimate objective as Plaintiffs. *See* Br. at 8-9. But that is not the relevant issue. "There can only be one 'same ultimate objective.' Had the [Fifth Circuit] desired to make it more than one ultimate objective, it would have added an 's' to objective." *Louisiana v. Biden*, 338 F.R.D. 219, 224 (W.D. La. 2021); see also *Louisiana State v. Dep't of Com.*, No. CV 21-1523, 2021 WL 5998519, at *6 (E.D. La. Dec. 20, 2021) ("Rule 24(a)(2) speaks in terms of a singular 'same ultimate objective,' however, not multiple 'same ultimate objectives' plural."); *Entergy Gulf States Louisiana, LLC v. EPA*, No. CV 14-1827, 2015 WL 13942409, at *3 (E.D. La. Mar. 5, 2015) (in "determining when an intervenor has the same ultimate objective as a party to the suit," the pertinent issue is whether "the intervenor and one of the parties desire the same outcome of the narrow issue before the court"). Where an existing party shares the same ultimate objective as a putative intervenor, the latter cannot overcome the presumption that its interests are adequately represented merely by noting that it is not

a party to the case.  By definition, *all* putative intervenors are not existing parties.  Allowing an entity such as BlackHawk to intervene merely because it is not a party to this action would thus automatically overcome this presumption.  That is not the law.  *See Izzio v. Century Partners Golf Mgmt., L.P.*, No. 3:14-CV-03194-P, 2015 WL 5472845, at *3 (N.D. Tex. Sept. 15, 2015) ("Generally, the proposed intervenor would need to demonstrate that he has a legal interest that not only differs from the existing plaintiff's interest, but would permit the proposed intervenor to assert a justification that could not be equally asserted by the existing plaintiffs.") (citation and internal punctuation omitted).

Moreover, as explained above, *see supra* I.A, BlackHawk errs in contending that Defendants have somehow "forc[ed] BlackHawk" to move to intervene in this case, Br. at 8.  In fact, BlackHawk decided not to join two separate cases brought months ago seeking preliminary injunctive relief—including a case filed by an entity to which it is a primary supplier of products and with which it shares litigation counsel.  Nor did BlackHawk decide to join in Plaintiffs' preliminary injunction motion here, opting instead to "sit on the sidelines," *id.* at 9, until after this Court had entered a preliminary injunction.  Because Plaintiffs and BlackHawk share the same ultimate objective, Plaintiffs are presumed to adequately represent any interests of BlackHawk in this case.

### 2.    BlackHawk Fails to Rebut the Presumption of Adequate Representation.

Where, as here, the "same ultimate objective" presumption applies, "the applicant for intervention must show adversity of interest, collusion, or nonfeasance on the part of the existing party to overcome the presumption." *Texas*, 805 F.3d at 661-62 (citation omitted).  BlackHawk makes no attempt to overcome the presumption of adequate representation by alleging collusion or nonfeasance, but instead asserts only that there is an adversity of interest between Plaintiffs and BlackHawk because Plaintiff Tactical Machining is a market competitor.  Br. at 8-9.  This argument fails because "[i]n order to show adversity of interest, an intervenor must demonstrate that its interests diverge from the putative representative's interests in a manner *germane to the case*." *Texas*, 805 F.3d at

12

662 (emphasis added); *see also Admiral Ins. Co. v. Gulshan Enterprises, Inc.*, No. 4:16-cv-02837, 2017 WL 3531556, at *3 (S.D. Tex. Aug. 16, 2017) (rejecting claim that plaintiff could did not adequately represent putative intervenor's interests "due to their adversity in [pending] state court litigation" as "of no consequence, because the parties are not adverse in *this* proceeding") (emphasis in original), *adopted*, 2017 WL 7052315 (S.D. Tex. Oct. 4, 2017). BlackHawk fails to demonstrate that the fact that Tactical Machining is its alleged market competitor is in any way germane to the legal claims asserted by Plaintiffs *in this case*. The Court should therefore deny BlackHawk's motion for intervention as of right because Plaintiffs are presumed to adequately represent BlackHawk's interests.

## II.    The Court Should Deny BlackHawk's Request for Permissive Intervention.

The Court should also deny BlackHawk's request for permissive intervention under Rule 24(b). As already explained above, BlackHawk's motion is not timely. *See supra* I.A. In any event, even if BlackHawk's motion were deemed to be timely, the Court should still exercise its broad discretion to deny permissive intervention.

### A.    BlackHawk's Motion Is Untimely.

As explained above, *see supra* I.A, BlackHawk's motion to intervention as of right is untimely. Because "[t]imeliness under mandatory intervention is evaluated more leniently than under permissive intervention," *Rotstain*, 986 F.3d 931, 942 (5th Cir. 2021) (citation omitted), it follows that BlackHawk's motion for permissive intervention is also untimely. *See id.* ("Because we conclude that the district court did not abuse its discretion by determining that the request for mandatory intervention was untimely, we also conclude that the district court did not abuse its discretion by determining that the request for permissive intervention was untimely.").

### B.    In Any Event, the Court Should Exercise Its Discretion to Deny Permissive Intervention.

In any event, even when the requirements of Rule 24(b) are satisfied, "[p]ermissive intervention 'is wholly discretionary with the [district] court.'" *NOPSI*, 732 F.2d at 470-71 (citation

omitted).  Where, as here, a litigant "has other adequate means of asserting its rights, a charge of abuse of discretion in the denial of a motion for permissive intervention would appear to be almost untenable on its face." *Korioth v. Brisco*, 523 F.2d 1271, 1279 n.25 (5th Cir. 1975) (citations omitted); *see also* Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 1913 ("[I]f there is another adequate remedy available to protect the intervenor's rights, this may persuade the court to deny leave to intervene.  If the applicant is denied intervention, a judgment in the present action will not bind the applicant in some other proceeding.").  As explained above, *see supra* I.B, BlackHawk has another adequate remedy to assert its alleged interests in the form of a separate action challenging the Rule.  Intervention is therefore inappropriate.

Additionally, "[i]n acting on a request for permissive intervention, it is proper to consider, among other things, 'whether the intervenors' interests are adequately represented by other parties.'" *NOPSI*, 732 F.2d at 472 (citation omitted).  Where, as here, the proposed intervenors' interests are adequately represented by an existing party, *see supra* I.C, that is sufficient grounds for denying not only intervention as of right but also permissive intervention.  *See, e.g.*, *Texas E. Transmission Corp.*, 923 F.2d at 416 (upholding denial of permissive intervention where putative intervenor's interests were adequately protected by existing parties and intervention would result in undue delay); *Louisiana*, 338 F.R.D. at 224 (citing *Hopwood*, 21 F.3d at 606).

Another factor is whether the proposed intervenors "will significantly contribute to full development of the underlying factual issues in the suit." *NOPSI*, 732 F.2d at 472 (citation omitted).  This factor also weighs against permissive intervention.  This case involves Administrative Procedure Act claims to be decided on the basis of an administrative record that Defendants will produce.  BlackHawk would thus have no role in developing the factual record.  *See Goonsuwan v. Ashcroft*, 252 F.3d 383, 391 n.15 (5th Cir. 2001) ("It is a bedrock principle of judicial review that a court reviewing an agency decision should not go outside of the administrative record."); *Fla. Power & Light Co. v.*

*Lorion*, 470 U.S. 729, 744 (1985) (similar).  "The effect [of intervention] on the existing parties is also to be considered."  *NOPSI*, 732 F.3d at 473.  As already explained above, *see supra* I.A, allowing BlackHawk to intervene in this case would result in substantial prejudice to Defendants and would unduly delay the resolution of this case.

Finally, courts have explained that the rules allowing for party intervention are not intended to reward procedural gamesmanship.  *See Richardson v. Flores*, 979 F.3d 1102, 1105 (5th Cir. 2020) (adopting "a steep threshold for allowing intervention on appeal" "to prevent litigants from using procedural gamesmanship to skirt unfavorable standards of review"); *Missouri Coal. for the Env't Found. v. Wheeler*, No. 2:19-cv-4215, 2020 WL 9215898, at *10 (W.D. Mo. Aug. 15, 2020) (declining to allow "the addition of more parties to defend the same regulation" on the grounds that it would "create[] inefficiencies, including strategic gamesmanship, that necessarily result in undue delay").  As explained above, *see supra* I.A, BlackHawk made a tactical decision to wait on the sidelines during two separate cases challenging the Rule and seeking preliminary injunctive relief, and to decide belatedly to intervene in a third case only after this Court—the third court to entertain a request for a preliminary injunction enjoining the Rule—had issued its decision.  The rules allowing for intervention were not designed to encourage parties to evade the litigation risk of intervention *ex ante* while attempting to intervene to reap the rewards of the Court's ruling *ex post*.  The Court should "refuse[] to allow belated intervention by a sophisticated litigant with a large stake who had no good excuse for failing to seek intervention" earlier and "who appears to have acted for strategic reasons."  *Larson v. JPMorgan Chase & Co.*, 530 F.3d 578, 583-84 (7th Cir. 2008).

Accordingly, even if this Court were to determine that BlackHawk has filed a timely motion for permissive intervention, it should deny its motion to intervene.

**CONCLUSION**

For the foregoing reasons, Defendants respectfully request that BlackHawk's motion to intervene be denied.

DATED: October 7, 2022                     Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

ALEXANDER K. HAAS
Director, Federal Programs Branch

LESLEY FARBY
Assistant Director, Federal Programs Branch

*/s/ Daniel Riess*
DANIEL RIESS
MARTIN M. TOMLINSON
TAISA M. GOODNATURE
JEREMY S.B. NEWMAN
Trial Attorneys
Civil Division, Federal Programs Branch
U.S. Department of Justice
1100 L Street, NW
Washington, DC 20005
Phone: (202) 353-3098
Email:  Daniel.Riess@usdoj.gov

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

On October 7, 2022, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court.  I hereby certify that I have served all parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ Daniel Riess*

16