IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

FORT WORTH DIVISION

| | |
|---|---|
| JENNIFER VANDERSTOK;<br>MICHAEL G. ANDREN;<br>TACTICAL MACHINING, LLC, a limited liability company; and<br>FIREARMS POLICY COALITION, INC., a nonprofit corporation,<br><br>     *Plaintiffs*,<br><br>and<br><br>BLACKHAWK MANUFACTURING GROUP INC. d/b/a 80 PERCENT ARMS,<br><br>     *Applicant in Intervention*,<br><br>  v.<br><br>MERRICK GARLAND, in his official capacity as Attorney General of the United States;<br>UNITED STATES DEPARTMENT OF JUSTICE;<br>STEVEN DETTELBACH, in his official capacity as Director of the Bureau of Alcohol, Tobacco, Firearms and Explosives; and<br>BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES,<br><br>     *Defendants*. | Civil Action No. 4:22-cv-00691-O |

**BLACKHAWK MANUFACTURING GROUP INC. d/b/a 80 PERCENT ARMS'
REPLY IN SUPPORT OF MOTION TO INTERVENE**

**TABLE OF CONTENTS**

INTRODUCTION ............................................................................................................................ 1

I.  BLACKHAWK SHOULD BE ALLOWED TO INTERVENE AS A MATTER
    OF RIGHT ......................................................................................................................... 2

    A.  BlackHawk's Motion Was Timely Filed ............................................................... 2

    B.  There Is No Prejudice to Existing Parties but Unmistakable Prejudice to
        BlackHawk............................................................................................................. 4

    C.  BlackHawk Has a Protectible Interest That Will Be Impaired If Not Allowed
        to Intervene ............................................................................................................ 5

    D.  BlackHawk's Interest Are Not Adequately Represented in This Litigation.......... 7

II. BLACKHAWK HAS MET THE REQUIREMENTS FOR PERMISSIVE
    INTERVENTION ............................................................................................................. 9

CONCLUSION............................................................................................................................. 10

CERTIFICATE OF SERVICE ..................................................................................................... 12

# **TABLE OF AUTHORITIES**

**Cases**

*Adam Joseph Res. v. CNA Metals Ltd.*,
   919 F.3d 856 (5th Cir. 2019) ................................................................................................ 4

*Association of Professional Flight Attendants v. Gibbs*,
   804 F.2d 318 (5th Cir. 1986) ................................................................................................ 2

*B.H. v. McDonald*,
   49 F.3d 294 (7th Cir. 1995) .................................................................................................. 7

*Brumfield v. Dodd*,
   749 F.3d 339 (5th Cir. 2014) ................................................................................................ 5

*City of Syracuse, NY v. ATF*,
   No. 1:20-CV-06885-GHW, 2021 WL 1051625 (S.D.N.Y. Mar. 19, 2021) ............................ 3

*Division 80 v. Garland, et al.*,
   Case No. 3:22-cv-00148 (S.D. Tex.) ..................................................................................... 4

*Fairholme Funds, Inc. v. United States*,
   681 F. App'x 945 (Fed. Cir. 2017) ........................................................................................ 8

*Field v. Anadarko Petroleum Corp.*,
   35 F.4th 1013 (5th Cir. 2022) ............................................................................................ 3, 8

*In re Lease Oil Antitrust Litig.*,
   570 F.3d 244 (5th Cir. 2009) ............................................................................................. 2, 5

*Larson v. JPMorgan Chase & Co.*,
   530 F.3d 578 (7th Cir. 2008) ............................................................................................ 9, 10

*League of United Latin Am. Citizens v. Clements*,
   884 F.2d 185 (5th Cir. 1989) ................................................................................................ 9

*Missouri Coal. for the Env't Found. v. Wheeler*,
   No. 2:19-CV-4215-NKL, 2020 WL 9215898 (W.D. Mo. Aug. 15, 2020) ........................... 10

*Nat'l Ass'n for Advancement of Colored People v. New York*,
   413 U.S. 345 (1973) ............................................................................................................. 3

*Richardson v. Flores*,
   979 F.3d 1102 (5th Cir. 2020) ............................................................................................ 10

*S.E.C. v. Credit Bancorp, Ltd.,*
  No. 99 CIV. 11395 (RWS), 2000 WL 1170136 (S.D.N.Y. Aug. 16, 2000) .............................. 3

*Second Baptist Church v. City of San Antonio,*
  No. 5:20-CV-29-DAE, 2020 WL 6821324 (W.D. Tex. Apr. 17, 2020) .............................. 8, 10

*Sierra Club v. Espy,*
  18 F.3d 1202 (5th Cir. 1994) ............................................................................................... 3, 5

*St. Bernard Par. v. Lafarge N. Am., Inc.,*
  914 F.3d 969 (5th Cir. 2019) ..................................................................................................... 7

*Symetra Life Ins. Co. v. Rapid Settlements Ltd.,*
  No. CIV.A. H-05-3167, 2006 WL 2382250 (S.D. Tex. Aug. 16, 2006) ................................... 7

*United States v. Texas E. Transmission Corp.,*
  923 F.2d 410 (5th Cir. 1991) .............................................................................................. 6, 7, 8

*U.S. Equal Emp. Opportunity Comm'n v. Wellpath LLC,*
  No. 5:20-CV-1092-DAE, 2021 WL 4096556 (W.D. Tex. Mar. 15, 2021) .............................. 10

*Utahns for Better Transp. v. U.S. Dept. of Transp.,*
  295 F.3d 1111 (10th Cir. 2002) ................................................................................................ 7

*Warren v. Comm'r,*
  302 F.3d 1012 (9th Cir. 2002) .................................................................................................. 8

*Werbungs Und Commerz Union Austalt v. Collectors' Guild, Ltd.,*
  782 F. Supp. 870 (S.D.N.Y. 1991) ............................................................................................ 3

**Rules**

Fed. R. Civ. P. 24..............................................................................................................*Passim*

**INTRODUCTION**

Defendants' Opposition ("Opposition") to BlackHawk Manufacturing Group Inc. d/b/a 80 Percent Arms' ("BlackHawk") Motion to Intervene ("Motion") fails to establish that BlackHawk's Motion is untimely. Defendants cite Fifth Circuit case law directing that "timeliness be determined based on *all* the circumstances," ECF No. 96 (Opp'n) at 2 (emphasis in original), but Defendants present only a narrow discussion of events drawn from *outside* this proceeding and occurring before the effective date of the Final Rule and ignore he circumstances most relevant to the timeliness of BlackHawk's Motion in *this* proceeding.

Likewise, Defendants assert that BlackHawk will suffer no prejudice by denial of its Motion because it can simply file its own lawsuit. But contrary to Defendants' contention, the argument that a party can simply file its own lawsuit has never been a basis to deny intervention in the Fifth Circuit or elsewhere. After all, that argument can be made for virtually every putative intervenor and, if that were the standard, it would contradict well-established Fifth Circuit law broadly permitting intervention and wholly ignore the balance the rule attempts to strike. *See United States v. Texas E. Transmission Corp.*, 923 F.2d 410, 412 (5th Cir. 1991) (finding "Rule 24 represents an accommodation between two potentially conflicting goals: to achieve judicial economies of scale by resolving related issues in a single lawsuit, and to prevent the single lawsuit from becoming fruitlessly complex or unending.").

Defendants also claim that BlackHawk's interests are adequately represented by BlackHawk's market competitor and Plaintiff Tactical Machining, and that any divergence of interests between these competitors are not "*germane to the case*." Opp'n at 12 (citing and emphasizing quote from case). However, it is patently obvious that Tactical Machining's interests already diverge from BlackHawk as Tactical Machining currently is the beneficiary of injunctive

1

relief already granted by the Court and will presumably continue to enjoy said relief (and likely make litigation decisions in light of it) during the pendency of this litigation. In contrast, BlackHawk is unlikely to survive the pendency of this proceeding—a distinction to which Defendants' only response is to offer criticism about what they believe BlackHawk could have or should have done to avoid the circumstances created by the Final Rule taking effect.

In sum, Defendants' Opposition offers the Court little more than a lengthy-but-generic recitation of inapposite caselaw and legal conclusions that fail to refute the substantive arguments in BlackHawk's Brief in Support of the Motion ("Brief"). Defendants' Opposition hypothesizes over litigation strategy, proffers self-serving arguments concerning delay in this matter and the protection of BlackHawk's interests, and wholly ignores Defendants' own efforts to ensure BlackHawk's interests are not adequately represented in this litigation. *See* Br. at 8; ECF No. 72 at 10 n.13 (Defendants asserting that "[b]ecause Plaintiffs do not establish associational standing on behalf of FPC's members, there is no basis to issue an injunction to BlackHawk Manufacturing Group, Inc., for example, or any other entity that is a member of FPC but is not a party to this action in its own right"). Ultimately, Defendants have failed to give this Court grounds to deviate from the long-established standards of the Fifth Circuit, where "[r]ule 24 is to be construed liberally, . . . and doubts resolved in favor of the proposed intervenor." *In re Lease Oil Antitrust Litig.*, 570 F.3d 244, 248 (5th Cir. 2009). This Court should therefore grant BlackHawk's Motion.

I.   **BLACKHAWK SHOULD BE ALLOWED TO INTERVENE AS A MATTER OF RIGHT**

    A.   **BlackHawk's Motion Was Timely Filed**

Defendants' timeliness argument invites the Court to engage in a speculative analysis of BlackHawk's actions against the backdrop of litigation challenging the Final Rule occurring elsewhere. However, Defendants' fail to provide legal support for the notion that intervention can

be denied because the movant did not intervene in a wholly separate matter in another district. The question is whether BlackHawk's motion to intervene in *this proceeding* is timely. *See In re Lease Oil Antitrust Litig.*, 570 F.3d at 248 (in evaluating the timeliness of a motion to intervene, the Fifth Circuit analyzes the length of time during which the would-be intervenor actually knew or reasonably should have known of its interest in the case it seeks intervention before it moved to intervene in said case); *Association of Professional Flight Attendants v. Gibbs*, 804 F.2d 318, 320–21 (5th Cir. 1986) (applying the same Fifth Circuit test that evaluates timeliness against the backdrop of the case in which the moving party seeks to intervene).

Defendants characterize the timing of BlackHawk's Motion as "tactical behavior" that the Court should not reward, Opp'n at 6, 15, and, curiously, cite *City of Syracuse, NY v. ATF*, No. 1:20-CV-06885-GHW, 2021 WL 1051625, at *4 (S.D.N.Y. Mar. 19, 2021), as support for this contention. The court in *City of Syracuse* reached a conclusion contrary to Defendants' argument, finding that "[t]he length of time [four months] between Polymer80's knowledge of the action and its request to intervene does not weigh heavily against a finding of timeliness." 2021 WL 1051625 at *5. Further, the *City of Syracuse* court noted that "there is no specific length of time that has been deemed to be the appropriate time period in which to file a motion to intervene" and cited other illustrative decisions.[1]

---

[1] "*See, e.g.*, *S.E.C. v. Credit Bancorp, Ltd.*, No. 99 CIV. 11395 (RWS), 2000 WL 1170136, at *2 (S.D.N.Y. Aug. 16, 2000) (noting that for a motion to intervene under Rule 24, a five-month delay "was not so protracted as to render [the] motion untimely under all the circumstances"); *Werbungs Und Commerz Union Austalt v. Collectors' Guild, Ltd.*, 782 F. Supp. 870, 874 (S.D.N.Y. 1991) (application timely when filed almost two years after notice of interest in the case, because proposed intervenors filed after interest became direct)." *City of Syracuse*, 2021 WL 1051625 at *4. (citing *Nat'l Ass'n for Advancement of Colored People v. New York*, 413 U.S. 345, 366–69 (1973) (application untimely when filed four months after suit commenced and suit had reached a critical stage)).

BlackHawk filed its motion to intervene within a month of the Final Rule going into effect and promptly after this Court issued its preliminary injunction with respect to Tactical Machining, at which time BlackHawk "became aware that its interests would no longer be protected by the original parties." *Sierra Club v. Espy*, 18 F.3d 1202, 1206 (5th Cir. 1994). "Generally, filing a motion to intervene as soon as an intervenor realizes its interests are not adequately protected is sufficient to meet the timeliness requirement." *Field v. Anadarko Petroleum Corp.*, 35 F.4th 1013, 1018 (5th Cir. 2022).

Further, this litigation remains in its infancy, and the timing of BlackHawk's Motion does not prejudice the existing parties: Plaintiffs on October 5, 2022, filed an Amended Complaint, ECF No. 93, and Defendants have yet to respond to it; no dispositive motions have been filed; production of the administrative record has been ordered but has yet to be produced;[2] no discovery has been conducted; the parties have only recently begun submitting their joint report regarding the contents of scheduling order, ECF No. 95; a scheduling order that BlackHawk has informed the Plaintiffs it would comply with; and no trial date has been set. "The requirement of timeliness is not a tool of retribution to punish the tardy would-be intervenor, but rather a guard against prejudicing the original parties by failure to apply sooner[.]" *Adam Joseph Res. v. CNA Metals Ltd.*, 919 F.3d 856, 865 (5th Cir. 2019).

### B. There Is No Prejudice to Existing Parties but Unmistakable Prejudice to BlackHawk

Defendants' Opposition fails to demonstrate anything more than speculative, minor inconvenience to a group (the U.S. Department of Justice) with unlimited resources. However, the

---

[2] Only four days ago Defendants requested additional time to produce the administrative record in the proceeding in the Southern District of Texas. *See* ECF No. 80, *Division 80 v. Garland, et al.*, Case No. 3:22-cv-00148 (S.D. Tex.).

relevant prejudice inquiry is whether the existing parties would be prejudiced by the intervenor's delay in seeking intervention—if any—"not the inconvenience to the existing parties of allowing the intervenor to participate." *Adam Joseph Resources*, 919 F.3d at 865; *In re Lease Oil Antitrust Litigation*, 570 F.3d at 248 ("Any potential prejudice caused by the intervention itself is irrelevant, because it would have occurred regardless of whether the intervention was timely . . . . The only proper concern is how much more prejudice would come from Texas's intervening in January 2008 compared to its intervening in March 2006."); *Sierra Club*, 18 F.3d at 1206 ("prejudice must be measured by the delay in seeking intervention, not the inconvenience to the existing parties of allowing the intervenor to participate in the litigation."). That is, whether there is prejudice from the fact that there is an intervention at all is not the analysis.

In contrast, the prejudice to BlackHawk by an adverse ruling on its Motion is tangible, existential, and more than sufficient to satisfy the requirement that the impairment to a putative intervenor must be "practical," not merely "theoretical." *Brumfield v. Dodd*, 749 F.3d 339, 344 (5th Cir. 2014). BlackHawk has provided this Court with substantive evidence of the likely terminal impact of the Final Rule on BlackHawk's business, ECF No. 77-3, evidence which Defendants are unable to refute.[3]

### C. BlackHawk Has a Protectible Interest That Will Be Impaired If Not Allowed to Intervene

Defendants make the formalistic argument that BlackHawk will suffer no impairment by denial of its Motion because it can simply file its own lawsuit, Opp'n at 8, but Defendants ignore

---

[3] Defendants' Opposition cites language on BlackHawk's website providing online customers with notice regarding a backlog of certain products—an unfortunate necessity in these times of disrupted supply chains—but Defendants fail to address the notifications elsewhere on BlackHawk's website informing would be purchasers it has suspended the sale of key, best-selling products due to the Final Rule. *See* ECF No. 77-3, Lifschitz Declaration ¶¶ 11–12.

the substantial likely advantage of BlackHawk's intervening in a case where injunctive relief has already been issued and may be more readily available to stabilize its business before it collapses under the strain and uncertainty of the Final Rule. *See* ECF No. 77-3. Defendants' simplistic arguments do not and cannot refute the reality of the likely terminal economic injury suffered by BlackHawk by Defendants' unconstitutional implementation and enforcement of the Final Rule.

Defendants argue that BlackHawk can simply bring a separate claim rather than intervening, Opp'n at 8, but this approach defies the logic of Rule 24 and Circuit precedent: "Rule 24 represents an accommodation between two potentially conflicting goals: to achieve judicial economies of scale by resolving related issues in a single lawsuit, and to prevent the single lawsuit from becoming fruitlessly complex or unending." *United States v. Texas E. Transmission Corp.*, 923 F.2d 410, 412 (5th Cir. 1991) (internal quotation marks and citation omitted).[4] Denial of BlackHawk's ability to protect its interests in this instant matter will undoubtedly cause further (unnecessary) delay for the Court where the same issues will be litigated in piecemeal fashion instead of under one docket. Moreover, it logically flows that Defendants have undertaken these efforts to deny BlackHawk of its right to intervene knowing that—while Defendants have an unlimited budget and no threat of demise—BlackHawk is on death's doorstep as a company. But beyond all this, importantly, BlackHawk has already contacted counsel for Plaintiffs and expressed

---

[4] This Court should note the misguided reliance Defendants place on *Texas E. Transmission Corp.*, a case that is inapposite on multiple levels. The putative intervenor in *Texas E. Transmission* was the Commonwealth of Pennsylvania whose motion failed to explain how a proposed consent decree between the federal government and a Texas entity could have a *stare decisis* impact on Pennsylvania. *Id*. at 414–15 ("Absent some cogent explanation of how the decree in this case could preempt state laws, Pennsylvania's argument fails to establish a reasonable possibility that the disposition of this action creates any realistic impairment of Pennsylvania's ability to enforce its environmental laws."). Here, in contrast, the intervenor is a Texas business who has present briefing and evidence showing that its survival is likely to directly depend on the developments and outcome of this proceeding. The weight of the court's denial of intervention in *Texas E. Transmission* simply does not fall on the intervention decision currently before this Court.

its intention to abide by all current scheduling orders and to work with the parties to seamlessly integrate in the case so as to not disrupt the adjudication of the matter. Given the above, the Court should weigh this factor in favor of BlackHawk.

BlackHawk has shown that it has a "real, concrete stake in the outcome of th[e] litigation"—not a "mere[] prefer[ence]" for one outcome over another. *Texas*, 805 F.3d at 657, 661. Courts have held that "[t]he threat of economic injury from the outcome of litigation undoubtedly gives a petitioner the requisite interest." *Symetra Life Ins. Co. v. Rapid Settlements Ltd.*, No. CIV.A. H-05-3167, 2006 WL 2382250, at *4 (S.D. Tex. Aug. 16, 2006) (quoting *Utahns for Better Transp. v. U.S. Dept. of Transp.*, 295 F.3d 1111, 1115 (10th Cir. 2002)).

**D.    BlackHawk's Interests Are Not Adequately Represented in This Litigation**

Further, BlackHawk's interests are inadequately represented by the existing parties. Fed. R. Civ. P. 24(a)(2). A proposed intervenor need not show that representation by existing parties will be inadequate. *Entergy Gulf States La., L.L.C. v. U.S. EPA*, 817 F.3d 198, 203 (5th Cir. 2016). Rather, a proposed intervenor must show only that representation "may be" inadequate. *Wal-Mart Stores, Inc. v. Tex. Alcoholic Beverage Comm'n*, 834 F.3d 562, 569 (5th Cir. 2016); *see also* Br. at 8 (quoting *Edwards v. City of Houston*, 78 F.3d 983, 1005 (5th Cir. 1996), a moving party need only show that its interests "may be inadequate" and "the burden of making that showing should be treated as minimal.").

Defendants rely upon *St. Bernard Par. v. Lafarge N. Am., Inc.*, 914 F.3d 969, 974 (5th Cir. 2019), to suggest that prejudice to BlackHawk was self-incurred because BlackHawk chose not to file or join other litigation in the months after the Final Rule was published. Opp'n at 4, 7–8. However, in *Lafarge*, the movant sought to intervene from a case he had withdrew from *six years* prior. The court noted that the putative intervenor "knew that he had an interest in the

7

case when he withdrew in 2011, six years before he moved to intervene. [] So the first timeliness factor weighs against permitting intervention." *Id*. at 974–75. The *Lafarge* case involved far different circumstances than are presently before this Court and is readily distinguishable.

The other out-of-circuit cases cited by Defendants provide little support for their Opposition. *See B.H. v. McDonald*, 49 F.3d 294, 297 (7th Cir. 1995) (no prejudice to denying intervention where putative intervenor's distinct interest was merely that all future proceedings be conducted in open court); *Warren v. Comm'r*, 302 F.3d 1012, 1015 (9th Cir. 2002) ("[W]e have never considered whether an intervenor may bypass a lower court altogether and raise new claims for the first time *in an existing appeal*. We see no prudential reason for allowing intervention at this time.") (emphasis added); *Fairholme Funds, Inc. v. United States*, 681 F. App'x 945, 949 (Fed. Cir. 2017) (intervention denied where movant already had filed a complaint in separate action and his motion to intervene was more than three years after he knew or should have known of rights claimed in intervention).

Even where a proposed intervenor "has the same ultimate objective" for the lawsuit, any presumption of adequate representation is defeated if the movant establishes an "adversity of interest, collusion, or nonfeasance on the part of the existing party." *Field*, 35 F.4th at 1020 (internal quotes omitted), such as by showing that the respective parties' interests diverge "in a manner germane to the case." *Texas*, 805 F.3d at 662.

Here, the presumption is not supported, and even if the presumption was applicable, BlackHawk has shown enough to overcome it. BlackHawk has shown a substantive "adversity of interest" with Tactical Machining, a marketplace competitor who already enjoys the protections of the Court's injunctive relief, that is sufficient to merit intervention under Rule 24(a)(2). *See Second Baptist Church v. City of San Antonio*, No. 5:20-CV-29-DAE, 2020 WL 6821324, at *6

8

(W.D. Tex. Apr. 17, 2020) (concluding plaintiff's briefing and answer failed to properly address the interests of proposed intervenors and finding that "there is at least a chance that representation of the [movants'] interest 'may be' inadequate" and "that [movants'] have rebutted the presumption of adequate representation.").

Defendants' argument that BlackHawk's interests are adequately represented is further undercut by Defendants themselves opposing any expansion of the current injunctive relief specifically to BlackHawk. *See* ECF No. 72 at 10 n.13 ("Because Plaintiffs do not establish associational standing on behalf of FPC's members, there is no basis to issue an injunction to BlackHawk Manufacturing Group, Inc., for example, or any other entity that is a member of FPC but is not a party to this action in its own right."); *see also* Br. at 8 (same).

Accordingly, BlackHawk has satisfied the "relatively minimal" burden by showing that Tactical Machining has competing interests in the case and cannot be presumed to adequately represent BlackHawk's interests. *See League of United Latin Am. Citizens v. Clements*, 884 F.2d 185, 189 (5th Cir. 1989) (internal quotation marks omitted).

## II. BLACKHAWK HAS MET THE REQUIREMENTS FOR PERMISSIVE INTERVENTION

Defendants likewise fail to show why this Court should not exercise its discretion in granting permissive intervention to BlackHawk. Defendants' double down on their suggestion that BlackHawk has engaged in "procedural gamesmanship" by merely reciting their conclusory opinion that BlackHawk's Motion is untimely and then citing a series of inapposite, out-of-circuit cases that are readily distinguishable.

For example, Defendants provide a strategically edited quote from *Larson v. JPMorgan Chase & Co.*, 530 F.3d 578, 583–84 (7th Cir. 2008), but any supportive value evaporates upon a reading of the cited language in context:

9

> A district judge has discretion in deciding whether a motion to intervene is timely, and he did not abuse that discretion in this case when he refused to allow belated intervention by a sophisticated litigant with a large stake who had no good excuse for failing to seek intervention (or bringing its own suit) <u>years ago</u>, who violated the spirit albeit not the letter of the statute of limitations, who appears to have acted for strategic reasons, and whose attempt to intervene delayed a settlement, thus further delaying the conclusion of an already protracted litigation growing out of a decade-old merger.

*Id*. The *Larson* case involved intervention in a years-old class action on the cusp of settlement, circumstances far different than the early-stage matter before this Court. Likewise, *Richardson v. Flores*, 979 F.3d 1102, 1105 (5th Cir. 2020), involved a motion to intervene at the appeal stage, and in *Missouri Coal. for the Env't Found. v. Wheeler*, No. 2:19-CV-4215-NKL, 2020 WL 9215898, at *9–10 (W.D. Mo. Aug. 15, 2020), the court expressed concerns over strategic gamesmanship only after having first found that the movants' interests were adequately represented by the State of Missouri. While creatively wordsmithed, Defendants' citations do not cite relevant caselaw on which this Court could base a denial of permissive intervention. *See U.S. Equal Emp. Opportunity Comm'n v. Wellpath LLC*, No. 5:20-CV-1092-DAE, 2021 WL 4096556, at *2 (W.D. Tex. Mar. 15, 2021) (granting permissive intervention where intervenor filed her motion to intervene at the beginning of discovery and before a trial date had been set); *see also Second Baptist Church*, 2020 WL 6821324 at *6 ("Even if [Movants] had failed to demonstrate intervention as of right … the [c]ourt would still allow [Movants] to permissively intervene.").

## CONCLUSION

For the foregoing reasons, BlackHawk respectfully requests that this Court grant its Motion to Intervene.

10

Respectfully Submitted,

/s/ *Brian D. Poe*
Brian D. Poe
TX Bar No. 24056908
BRIAN D. POE, ATTORNEY AT LAW PLLC
The Bryce Building
909 Throckmorton Street
Fort Worth, Texas 76102
Phone: (817) 870-2022
Fax: (817) 977-6501
bpoe@bpoelaw.com

Michael J. Sullivan
MA Bar No. 487210, *Pro Hac Vice*
J. Christopher Amrhein, Jr.
MA Bar No. 703170, *Pro Hac Vice*
Nathan P. Brennan
MN Bar No. 389954, *Pro Hac Vice*
ASHCROFT LAW FIRM LLC
200 State Street, 7th Floor
Boston, MA 02109
Phone: (617) 573-9400
Fax: (617) 933-7607
msullivan@ashcroftlawfirm.com
camrhein@ashcroftlawfirm.com
nbrennan@ashcroftlawfirm.com

*Counsel for proposed Intervenor-Plaintiff BlackHawk Manufacturing Group Inc. d/b/a 80 Percent Arms*

## **CERTIFICATE OF SERVICE**

I certify that on October 14, 2022, the foregoing document was served, via the Court's CM/ECF Document Filing System, upon the registered CM/ECF users in this action.

/s/ *Brian D. Poe*
Brian D. Poe