## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| JENNIFER VANDERSTOK; MICHAEL G. ANDREN; TACTICAL MACHINING LLC, a limited liability company; FIREARMS POLICY COALITION, INC., a nonprofit corporation, | § § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 4:22-cv-00691-O |
| MERRICK GARLAND, in his Official capacity as Attorney General of the United States; UNITED STATES DEPARTMENT OF JUSTICE; STEVEN DETTELBACH, in his official capacity as Director of the Bureau of Alcohol, Tobacco, Firearms and Explosives; BUREAU OF ALCOHOL, TOBACCO, FIREARMS, AND EXPLOSIVES, | § § § § § § § § § § | |
| Defendants. | § | |

## ORDER

Before the Court are BlackHawk Manufacturing Group Inc. d/b/a 80 Percent Arms' ("BlackHawk") Motion to Intervene (ECF Nos. 76–77), filed September 22, 2022; Defendants' Opposition to BlackHawk's Motion to Intervene (ECF No. 96), filed October 7, 2022; and BlackHawk's Reply in Support of Motion to Intervene (ECF No. 97), filed October 14, 2022. Having considered the motion, briefing, and applicable law, the Court **GRANTS** the intervenor's motion.

## I.    BACKGROUND

The United States Congress has delegated the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") authority to regulate firearms in interstate commerce under the Gun Control Act of 1986. In April 2022, ATF promulgated a Final Rule that purports to regulate partially

manufactured firearm parts and weapon parts kits.[1] Plaintiffs—who include Texas residents Jennifer VanDerStok and Michael Andren, nonprofit Firearms Policy Coalition, Inc. ("FPC"), and retailer and manufacturer Tactical Machining, LLC—are consumers or retailers of the items subject to the Final Rule and bring this suit to challenge its legality.[2]

In its first opinion, issued September 2, 2022, this Court found that provisions of ATF's Final Rule—specifically, 27 C.F.R. §§ 478.11, 478.12(c)—likely exceed the scope of ATF's authority under the Gun Control Act.[3] Having made this preliminary finding, the Court enjoined Defendants, including the Attorney General, Department of Justice, ATF, and the ATF Director, along with their officers, agents, servants, and employees, from implementing or enforcing the rule against *only* Tactical Machining.[4] Though the Court initially found that the Plaintiffs, collectively, had each established three of the four elements necessary to justify a preliminary injunction, only Tactical Machining carried its burden to show that it faced a substantial threat of irreparable harm absent injunctive relief.[5] None of the remaining plaintiffs had adequately established their risk of irreparable harm.[6] Therefore, the Court issued the preliminary injunction for Tactical Machining's exclusive protection and invited the parties to provide additional briefing and evidence on the proper scope of relief.[7]

In a subsequent motion, and among other relief, Plaintiffs sought to expand the scope of the injunction to cover Individual Plaintiffs, FPC as an organization, and FPC's members.[8] Plaintiffs also requested injunctive protection for Tactical Machining's customers, which they

---

[1] *See* 27 C.F.R. pts. 447, 478, 479 (2022).
[2] Compl. 1, ECF No. 1.
[3] Opinion & Order on Prelim. Inj. ("First Opinion") 15, 22–23, ECF No. 56.
[4] First Opinion 15, 22–23, ECF No. 56.
[5] *Id.* at 22.
[6] *Id.* at 20, 22.
[7] *Id.* at 23.
[8] Pls.' Mot. to Expand Prelim. Inj. 1–14, ECF No. 63.

argued is necessary to afford Tactical Machining complete relief.[9]

In its second opinion on the proper scope of relief, issued October 1, 2022, the Court found that VanDerStok and Andren ("Individual Plaintiffs") had demonstrated irreparable harm and held that they and Tactical Machining were therefore entitled to expanded relief under the current preliminary injunction.[10] On September 22, 2022, prior to the Court's second opinion, BlackHawk had moved for intervention as of right or, in the alternative, for permissive intervention.[11] The parties have briefed the issue and the motion is ripe for review.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 24(a) requires courts to permit a movant to intervene as a matter of right provided (1) the movant's application for intervention is timely, (2) the movant has an interest related to the action, (3) the movant's interest would be impaired or impeded by the instant case, and (4) the movant's interest is not adequately represented by the existing parties to the suit. Fed. R. Civ. P. 24(a)(2); *In re Lease Oil Antitrust Litig.*, 570 F.3d 244, 247 (5th Cir. 2009). And though, as movant, the would-be intervenor carries the burden of establishing all four elements for intervention as of right, that burden is "minimal," albeit cognizable. *Texas v. United States*, 805 F.3d 653, 661 (5th Cir. 2015). In making its determination, a court is to accept the movant's factual allegations as true. *La Union del Pueblo Entero v. Abbott*, 29 F.4th 299, 305 (5th Cir. 2022).

Rule 24(b) also permits a movant to seek permissive intervention at the discretion of the district court, provided the applicant (1) files a timely motion, (2) shows it "has a claim or defense that shares with the main action a common question of law or fact," and (3) the court determines

---

[9] *Id.* at 10–14.

[10] Opinion & Order on Scope of Prelim. Inj. ("Second Opinion") 20, ECF No. 89.

[11] *See* Mot. to Intervene, ECF No. 76; BlackHawk's Br. in Supp., ECF No. 77.

that intervention will not "unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(1)(B), (b)(3).

Ultimately, "Rule 24 represents an accommodation between two potentially conflicting goals: to achieve judicial economies of scale by resolving related issues in a single lawsuit, and to prevent the single lawsuit from becoming fruitlessly complex." *United States v. Tex. E. Transmission Corp.*, 923 F.2d 410, 412 (5th Cir. 1991) (cleaned up). Thus, the Fifth Circuit has made clear that Rule 24 is to be "liberally construed," based on the Circuit's "broad policy favoring intervention." *Wal-Mart Stores, Inc. v. Tex. Alcoholic Beverage Comm'n*, 834 F.3d 562, 565, 569 (5th Cir. 2016) (quoting *Texas*, 805 F.3d at 656)). And any doubts over the propriety of intervention should be "resolved in favor of the proposed intervenor." *In re Lease Oil Antitrust Litig.*, 570 F.3d 244, 248 (5th Cir. 2009).

### III.   ANALYSIS

#### A.  Intervention as of Right

BlackHawk claims it is entitled to intervention as of right, while Defendants counter that the movant fails to carry its burden on three of Rule 24's four required elements: (1) timeliness, (3) that its interest will be impaired or impeded by this litigation, and (4) that its interests are not already adequately represented by the current parties to the suit.[12] Defendants do not contest that BlackHawk has a legally protected property interest that relates to the instant lawsuit (element 2).[13] The Court addresses each disputed element in turn.

##### 1.   BlackHawk's Application for Intervention is Timely

When assessing the timeliness of an intervenor's motion, a court is to apply the four-factor *Stallworth* test, taking in the totality of the circumstances:

---

[12] BlackHawk's Br. in Supp. 4–9, ECF No. 77; Defs.' Resp. 2–10, ECF No. 96.
[13] Defs.' Resp. 6, ECF No. 96.

(1) the length of time between the would-be intervenor's learning of his interest
   and his petition to intervene;
(2) the extent of prejudice to existing parties from allowing late intervention;
(3) the extent of prejudice to the would-be intervenor if the petition is denied; and
(4) any unusual circumstances [weighing in favor of or against intervention].

*In re Lease Oil Antitrust Litig.*, 570 F.3d at 247–48 (quoting *Stallworth v. Monsanto Co.*, 558 F.2d 257 (5th Cir. 1977)). Any "determination of timeliness is 'largely committed to the discretion of the district court.'" *Id.* at 248.

As to the first factor, Defendants argue BlackHawk's timeliness clock started five months ago, when the Final Rule was promulgated, or at least when BlackHawk learned of but declined to join other lawsuits challenging ATF's rule.[14] But length of time is measured from when the intervenor learned of his interest *in the particular action in which he seeks to intervene*. *In re Lease Oil Antitrust Litig.*, 570 F.3d at 248. And BlackHawk filed its motion to intervene just over a month after Plaintiffs' original complaint, within a month of the Final Rule's effective date, and within twenty days of learning that it would not be covered by the Court's preliminary injunction as a member of Plaintiff FPC's organization.[15]

As for the prejudicial factors, "prejudice must be measured by the *delay in seeking intervention*, not the inconvenience to the existing parties of allowing the intervenor to participate in the litigation." *Sierra Club v. Espy*, 18 F.3d 1202, 1206 (5th Cir. 1994) (emphasis added). If intervention is granted, Defendants argue they will be prejudiced by the delay that would result from having to respond to BlackHawk's proposed complaint and the Court's need to resolve BlackHawk's proposed motion for a preliminary injunction; and because, by adding BlackHawk, the parties might need to confer again regarding the contents of a scheduling order.[16] In essence

---

[14] Defs.' Resp. 3–5, ECF No. 96.
[15] BlackHawk's Br. in Supp. 5, ECF No. 77; Reply 4, ECF No. 97.
[16] Defs.' Resp. 3, ECF No. 96.

5

Defendants claim that resulting delay constitutes prejudice sufficient to deny intervention. But "[a]ny potential prejudice caused by the intervention itself is irrelevant, because it would have occurred regardless of whether the intervention was timely. The only proper concern is how much *more* prejudice" would result from BlackHawk's intervention at this stage, versus an intervention earlier in the first 30 days of this litigation. *In re Lease Oil Antitrust Litig.*, 570 F.3d at 248 (citation omitted) (emphasis added). What Defendants have identified is only the resulting inconvenience associated with BlackHawk's intervention. But mere inconvenience is not prejudice. *Id.* Moreover, BlackHawk has expressed its willingness to comply with the current parties' proposed scheduling order, which mitigates any purported prejudice on this ground.[17] Nor has this litigation yet reached a critical stage. Indeed, the Court has not even issued a scheduling order in the case. Finally, BlackHawk will be prejudiced if its intervention is denied. BlackHawk alleges—and the Court accepts at this stage—that it will likely be forced out of business within a few months.[18]

As for unusual circumstances weighing for or against the timeliness of the intervention, Defendants argue only that BlackHawk should not be rewarded for its "tactical behavior" in declining to bring its own separate suit, to join prior lawsuits challenging the Final Rule, and in waiting a month to intervene, and that its conduct militates against granting intervention.[19] As discussed above, however, the relevant inquiry here is how soon the movant intervened in the *instant* lawsuit after having learned its interest was at risk. BlackHawk's decision to forego intervention in another case, or to bring an independent case, is irrelevant to the issue of timeliness *in this case*.

---

[17] Reply 4, ECF No. 97.

[18] BlackHawk's Br. in Supp. 5, ECF No. 77; Ex. A, Lifschitz Decl. ¶¶ 15, 20, ECF No. 77-3 (noting BlackHawk's "average daily revenue since the rule took effect has dropped by more than 90%" and that it has "enough cash on hand to continue paying [its] expenses for 2 to 3 months while [it] operate[s] at a loss . . . [before being] forced to shut down . . . and cease operations").

[19] Defs.' Resp. 4–6, ECF No. 96.

Case 4:22-cv-00691-O   Document 98   Filed 10/18/22   Page 7 of 10   PageID 1287

Weighing all the above factors—BlackHawk's promptness to intervene, that the extent of BlackHawk's prejudice surpasses any inconvenience to the parties, and that no unusual circumstances militate against intervention—the Court is satisfied that BlackHawk's motion is timely for purposes of Rule 24.

### 2.   BlackHawk's Interest May be Impaired or Impeded by this Litigation

The parties agree that BlackHawk has a protected property interest that relates to the subject of this litigation.[20] But they dispute whether this litigation will affect the interest such that BlackHawk's intervention is required. Defendants argue this case's outcome will not impair BlackHawk's ability protect its interest because the company has alternative means to protect that interest: bringing an independent lawsuit.[21] Nor will BlackHawk be bound, Defendants assert, by a decision in this case under *res judicata* or collateral estoppel principles that bars it from protecting its interest.[22] But the applicable rule here is not stringent. "Once a movant has successfully established a sufficient interest in the subject of the action, the movant must demonstrate that disposition of that action *may*, as a practical [and not merely 'theoretical'] matter, impair or impede the movant's ability to protect that interest. The impairment requirement *does not* demand that the movant be bound by a possible future judgment." *Brumfield v. Dodd*, 749 F.3d 339, 344 (5th Cir. 2014) (citations omitted) (emphasis added). In short, *possible* practical impairment of a movant's ability to protect its interest is sufficient to establish this element under Rule 24.

BlackHawk's protectible interest—in continued operation of its business—might be impaired or impeded by the outcome of this litigation. Indeed, absent expanded injunctive relief,

---

[20] *See* BlackHawk's Br. in Supp. 6, ECF No. 77; Defs.' Resp. 6, ECF No. 96.
[21] Defs.' Resp. 6–9, ECF No. 96.
[22] *Id.* at 8.

BlackHawk's cognizable property interest may not only be impeded, it will likely dissolve entirely. While Defendants are correct that the Fifth Circuit's *Brumfield* analysis turned on facts distinct from those in the instant case,[23] liberally construed, BlackHawk's potential threat of interest impairment based on this litigation's outcome favors intervention.

   3.   <u>BlackHawk's Interest is Not Adequately Represented by the Parties to this Litigation</u>

   A presumption that a would-be intervenor's interest is adequately represented in a lawsuit arises when the parties and the movant have "the same ultimate objective" for the litigation. *Field v. Anadarko Petroleum Corp.*, 35 F.4th 1013, 1020 (5th Cir. 2022) (quoting *Edwards v. City of Houston*, C3, 1005 (5th Cir. 1996)). The presumption is overcome, however, where the movant establishes "adversity of interest, collusion, or nonfeasance on the part of the existing party." *Texas*, 805 F.3d at 661–62. And the Fifth Circuit has suggested these are not the exclusive grounds for overcoming a presumption of adequate representation. *See id.* at 662 n.5 ("[T]he wide variety of cases that come to the courts make it unlikely that there are three and only three circumstances that would make representation inadequate and suggest that adequacy of representation is a very complex variable.") (citations omitted).

   Framed broadly, BlackHawk and Plaintiffs do share the same objective: to successfully challenge the lawfulness of ATF's Final Rule. So even if not a clear "adversity of interest" in terms

---

[23] Defendants attempt to distinguish the Fifth Circuit's analysis in *Brumfield* as inapplicable in the instant dispute. Defs.' Resp. 8–9, ECF No. 96. There, movant parents sought to intervene in a lawsuit between the state and federal government that challenged the validity of a school voucher program from which the parents' children benefited. *Brumfield*, 749 F.3d at 340. The Fifth Circuit permitted intervention there on the grounds that the parents' interests (their risk of losing access to the voucher program) might be impaired if the program was deemed unlawful. *Id.* at 343–45. "Unlike the parents in *Brumfield*," Defendants assert, "BlackHawk is not the intended beneficiary of a government program whose continued existence is threatened in this case." Defs.' Resp. 9, ECF No. 96. Indeed. There is no government program whose continued existence is threatened here. Rather, BlackHawk's *own existence* is threatened pending resolution of Plaintiffs' challenge to the Final Rule. And this threat adequately satisfies Rule 24's element of impairment of an interest.

of legal objective, BlackHawk's status as marketplace competitor to Tactical Machining—who is already wholly protected by the current preliminary injunction and without economic incentive to advocate expanded relief for its competitor—is a practical nuance sufficient to overcome the presumption. Thus, BlackHawk need only show that its interest *may be* inadequately represented. *Edwards*, 78 F.3d at 1005. The current scope of the preliminary injunction, which affords protective relief to only Individual Plaintiffs and Tactical Machining, and Defendants' continued opposition to expansion of relief to FPC members—and specifically BlackHawk—satisfies this minimal threshold.[24] Moreover, any doubts about whether this element is satisfied are resolved in favor of intervention.

*     *     *     *

BlackHawk has carried its burden on all four elements under Rule 24(a)(2) and is therefore entitled to intervention as of right. But even if BlackHawk could not prevail on intervention as of right, the Court would grant the movant's motion on permissive grounds.

### B. Permissive Intervention

A district court has broad discretion to permit permissive intervention under Rule 24(b), provided the movant (1) files a timely motion, (2) shows it "has a claim or defense that shares with the main action a common question of law or fact, and (3) the court determines that intervention will not "unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(1)(B), (b)(3). For the reasons articulated above, the Court finds that (1) BlackHawk's motion is timely and (3) intervention would not unduly delay or prejudice the existing parties. Thus, the only remaining question is whether BlackHawk has a claim that shares with the main action a common question of law or fact. Because BlackHawk asserts claims and requests for relief that

---

[24] Reply 9, ECF No. 97; Second Opinion 13–15, 21–22, ECF No. 89.

largely overlap with those of the existing Plaintiffs, this element is clearly satisfied.[25] Defendants make no attempt to argue the contrary.[26] Thus, in the Court's discretion, intervention is both permissible and accomplishes Rule 24's competing goals of judicial efficiency by consolidating multiple parties' challenges to the Final Rule while avoiding fruitless complexity.

## IV.   CONCLUSION

For the reasons stated, the Court **GRANTS** the motion (ECF No. 76) and **DIRECTS** the Clerk of Court to add BlackHawk Manufacturing Group Inc. as a party to the case.

**SO ORDERED** this **18th day** of **October, 2022**.

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**

---

[25] BlackHawk's Br. in Supp. 10–11, ECF No. 77.
[26] *See* Defs.' Resp. 13–15, ECF No. 96.