Case 4:22-cv-00691-O   Document 122   Filed 11/10/22   Page 1 of 4   PageID 1633

**RECEIVED**
*By Tamara Ellis at 10:29 am, Nov 10, 2022*

# *United States Court of Appeals*

**FIFTH CIRCUIT**
**OFFICE OF THE CLERK**

**LYLE W. CAYCE**                                                                     **TEL. 504-310-7700**
**CLERK**                                                                        **600 S. MAESTRI PLACE,**
                                                                              **Suite 115**
                                                                 **NEW ORLEANS, LA 70130**

November 10, 2022

Mr. Daniel M. Riess
U.S. Department of Justice
Civil Division Federal Programs Branch
20 Massachusetts Avenue, N.W.
Washington, DC 20530

          No. 22-11086    VanDerStok v. Garland
                          USDC No. 4:22-CV-691

Dear Mr. Riess,

We have docketed the appeal as shown above, and ask you to use the
case number above in future inquiries.

Filings in this court are governed strictly by the Federal Rules
of **Appellate** Procedure.  We cannot accept motions submitted under
the Federal Rules of **Civil** Procedure.  We can address only those
documents the court directs you to file, or proper motions filed
in support of the appeal.  See FED. R. APP. P. and 5TH CIR. R. 27 for
guidance.  We will not acknowledge or act upon documents not
authorized by these rules.

All counsel who desire to appear in this case must electronically
file a "Form for Appearance of Counsel" naming all parties
represented within 14 days from this date, see FED. R. APP. P. 12(b)
and 5TH CIR. R. 12.  This form is available on our website
www.ca5.uscourts.gov.  Failure to electronically file this form
will result in removing your name from our docket.  Pro se parties
are not required to file appearance forms.

ATTENTION ATTORNEYS: Attorneys are required to be a member of the
Fifth Circuit Bar and to register for Electronic Case Filing.  The
"Application and Oath for Admission" form can be printed or
downloaded from the Fifth Circuit's website, www.ca5.uscourts.gov.
Information on Electronic Case Filing is available at
www.ca5.uscourts.gov/cmecf/.

ATTENTION ATTORNEYS:  Direct access to the electronic record on
appeal (EROA) for pending appeals will be enabled by the U S
District Court on a per case basis.  Counsel can expect to receive
notice once access to the EROA is available.  Counsel must be
approved for electronic filing and must be listed in the case as
attorney of record before access will be authorized.  Instructions

for accessing and downloading the EROA can be found on our website at                        http://www.ca5.uscourts.gov/docs/default-source/forms/instructions-for-electronic-record-download-feature-of-cm.  Additionally, a link to the instructions will be included in the notice you receive from the district court.

Sealed documents, except for the presentence investigation report in criminal appeals, will not be included in the EROA.  Access to sealed documents will continue to be provided by the district court only upon the filing and granting of a motion to view same in this court.

We recommend that you visit the Fifth Circuit's website, www.ca5.uscourts.gov and review material that will assist you during the appeal process.  We especially call to your attention the Practitioner's Guide and the 5th Circuit Appeal Flow Chart, located in the Forms, Fees, and Guides tab.

ATTENTION:  If you are filing Pro Se (without a lawyer) you can request to receive correspondence from the court and other parties by email and can also request to file pleadings through the court's electronic filing systems.  Details explaining how you can request this are available on the Fifth Circuit website at http://www.ca5.uscourts.gov/docs/default-source/forms/pro-se-filer-instructions. This is not available for any pro se serving in confinement.

**Special guidance regarding filing certain documents:**

General Order No. 2021-1, dated January 15, 2021, requires parties to file in paper highly sensitive documents (HSD) that would ordinarily be filed under seal in CM/ECF.  This includes documents likely to be of interest to the intelligence service of a foreign government and whose use or disclosure by a hostile foreign government would likely cause significant harm to the United States or its interests.  Before uploading any matter as a sealed filing, ensure it has not been designated as HSD by a district court and does not qualify as HSD under General Order No. 2021-1.

A party seeking to designate a document as highly sensitive in the first instance or to change its designation as HSD must do so by motion. Parties are required to contact the Clerk's office for guidance before filing such motions.

**Sealing Documents on Appeal:**  Our court has a strong presumption of public access to our court's records, and the court scrutinizes any request by a party to seal pleadings, record excerpts, or other documents on our court docket.  Counsel moving to seal matters must explain in particularity the necessity for sealing in our court.  Counsel do not satisfy this burden by simply stating that the originating court sealed the matter, as the circumstances that justified sealing in the originating court may have changed or may not apply in an appellate proceeding.  It is the obligation of counsel to justify a request to file under seal, just as it is their obligation to notify the court whenever sealing is no longer necessary.  An unopposed motion to seal does not obviate a counsel's obligation to justify the motion to seal.

Sincerely,

LYLE W. CAYCE, Clerk

By: _____
Peter A. Conners, Deputy Clerk
504-310-7685

cc:
    Mr. Richard Brent Cooper
    Ms. Karen S. Mitchell
    Mr. Brian Daniel Poe

Provided below is the court's official caption.  Please review the parties listed and advise the court immediately of any discrepancies.  If you are required to file an appearance form, a complete list of the parties should be listed on the form exactly as they are listed on the caption.

———————

Case No. 22-11086

———————

Jennifer VanDerStok; Michael G. Andren; Tactical Machining, L.L.C., a limited liability company; Firearms Policy Coalition, Incorporated, a nonprofit corporation,

            Plaintiffs - Appellees

v.

Blackhawk Manufacturing Group, Incorporated, doing business as 80 Percent Arms,

            Intervenor Plaintiff - Appellee

v.

Merrick Garland, U.S. Attorney General; United States Department of Justice; Steven Dettelbach, in his official capacity as Director of the Bureau of Alcohol, Tobacco, Firearms and Explosives; Bureau of Alcohol, Tobacco, Firearms, and Explosives,

            Defendants - Appellants