UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| JENNIFER VANDERSTOK et al., § | |
| § | |
| Plaintiffs, § | |
| § | |
| v. § | Civil Action No. 4:22-cv-00691-O |
| § | |
| MERRICK GARLAND et al., § | |
| § | |
| Defendants. § | |

**ORDER**

Before the Court are Putative Intervenors Defense Distributed and the Second Amendment Foundation, Inc.'s Motion to Intervene (Mot., ECF No. 116) and Brief in Support (Intervenor Br., ECF No. 117), filed November 2, 2022; Defendants' Opposition to Defense Distributed & Second Amendment Foundation, Inc.'s Motion to Intervene (Defs.' Resp., ECF No. 126), filed November 23, 2022; and Defense Distributed and the Second Amendment Foundation, Inc.'s Reply in Support of Motion to Intervene (Intervenor Reply, ECF No. 135), filed December 5, 2022. Having considered the parties' briefing and applicable law, the Court **GRANTS** the intervenors' motion.

## I.   BACKGROUND

The United States Congress has delegated the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") authority to regulate firearms in interstate commerce under the Gun Control Act of 1986 ("GCA"). In April 2022, ATF promulgated a Final Rule that purports to regulate partially manufactured firearm parts and weapon parts kits.[1] Original Plaintiffs—who include Texas residents Jennifer VanDerStok and Michael Andren ("Individual Plaintiffs"), nonprofit Firearms Policy Coalition, Inc. ("FPC"), and retailer and manufacturer Tactical Machining, LLC—

---

[1] *See* 27 C.F.R. pts. 447, 478, 479 (2022).

are consumers or retailers of the items subject to the Final Rule and brought this suit to challenge its legality.[2] Subsequently, Blackhawk Manufacturing Group Inc. d/b/a 80 Percent Arms was permitted to intervene.[3] Individual Plaintiffs, Tactical, and Blackhawk are all currently covered by the Court's preliminary injunctive relief.[4] FPC—of which Defense Distributed is a member—twice failed to adequately plead standing in its own right or associational standing on behalf of its members and has not renewed its motion for a preliminary injunction.[5] The Court granted the current injunction on the grounds that Plaintiffs have shown a strong likelihood of success on the merits of their claim that the Final Rule exceeds ATF's statutory authority under the plain language of the GCA.[6] On November 2, 2022, Putative Intervenors Defense Distributed and the Second Amendment Foundation, Inc. ("SAF") filed this motion to intervene. The parties have briefed the issue and the motion is ripe for review.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 24(a), a Court must allow a movant to intervene in a suit as a matter of right provided (1) the movant's application for intervention is timely, (2) the movant has an interest related to the action, (3) the movant's interest would be impaired or impeded by the instant case, and (4) the movant's interest is not adequately represented by the existing parties to the suit. FED. R. CIV. P. 24(a)(2); *In re Lease Oil Antitrust Litig.*, 570 F.3d 244, 247 (5th Cir. 2009). Rule 24(b) also permits a movant to seek permissive intervention at the discretion of the district court, provided the applicant (1) files a timely motion, (2) shows it "has a claim or defense that shares with the main action a common question of law or fact," and (3) the

---

[2] Compl. 1, ECF No. 1.
[3] Order Granting Blackhawk Mot. to Intervene, ECF No. 98.
[4] Opinion & Order on Scope of Prelim. Inj. ("Second Opinion"), ECF No. 89; Opinion & Order on Blackhawk Prelim. Inj. ("Third Opinion"), ECF No. 118.
[5] *See* Second Opinion 12–15, ECF No. 89.
[6] Opinion & Order on Preliminary Injunction ("First Opinion") 5, ECF No. 56.

court determines that intervention will not "unduly delay or prejudice the adjudication of the original parties' rights." FED. R. CIV. P. 24(b)(1)(B), (b)(3). In addition to Rule 24's requirements, the movant seeking intervention as of right "must independently demonstrate Article III standing if it pursues relief that is broader than or different from the party invoking a court's jurisdiction." *Little Sisters of the Poor Saints Peter & Paul Home v. Pennsylvania*, 140 S. Ct. 2367, 2379 n.6 (2020) (citing *Town of Chester v. Laroe Ests., Inc.*, 137 S. Ct. 1645, 1651 (2017)).

When deciding the intervention question, the Court is to accept the movant's non-conclusory factual allegations as true. *La Union del Pueblo Entero v. Abbott*, 29 F.4th 299, 305 (5th Cir. 2022). And though the would-be intervenor bears the burden of establishing all four elements for intervention as of right, that burden is "minimal," albeit cognizable. *Texas v. United States*, 805 F.3d 653, 661 (5th Cir. 2015). "Rule 24 represents an accommodation between two potentially conflicting goals: to achieve judicial economies of scale by resolving related issues in a single lawsuit, and to prevent the single lawsuit from becoming fruitlessly complex." *United States v. Tex. E. Transmission Corp.*, 923 F.2d 410, 412 (5th Cir. 1991) (cleaned up). Thus, the Fifth Circuit has made clear that Rule 24 is to be "liberally construed," based on the Circuit's "broad policy favoring intervention." *Wal-Mart Stores, Inc. v. Tex. Alcoholic Beverage Comm'n*, 834 F.3d 562, 565, 569 (5th Cir. 2016) (quoting *Texas*, 805 F.3d at 656)). And any doubts over the propriety of intervention should be "resolved in favor of the proposed intervenor." *In re Lease Oil Antitrust Litig.*, 570 F.3d at 248.

### III. ANALYSIS

#### A. Standing

Putative Intervenors do not deny that the relief they seek is "broader than or different from" the relief sought by current Plaintiffs, therefore they must first independently demonstrate their

3

own Article III standing.[7]

Demonstrating Article III standing requires an intervenor, like all plaintiffs, to articulate injury-in-fact, causation, and redressability. *Fund for Animals, Inc. v. Norton*, 322 F.3d 728, 732–33 (D.C. Cir. 2003) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992) and *Sierra Club v. EPA*, 292 F.3d 895, 898 (D.C. Cir. 2002)). Evidentiary submissions in support of standing are not always necessary. *Id.* at 733. Indeed, "[i]n many if not most cases the petitioner's standing to seek review of administrative action is self-evident." *Id.* at 733–34 (quoting *Sierra Club*, 292 at 899–900). If not in the intervenor's pleadings, evidence found in the district court record can support a showing of standing. *See id.* at 734. An association suing on behalf of its members can establish its Article III standing provided:

> (1) one or more of the [association]'s members would otherwise have standing to sue in their own right; (2) the interests it seeks to protect are germane to the [association]'s purpose; and (3) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit.

*Sierra Club v. Energy Future Holdings Corp.*, 921 F. Supp. 2d 674, 679 (W.D. Tex. 2013) (quoting *Hunt v. Wash. St. Apple Adver. Comm'n*, 432 U.S. 333, 343 (1977)).

Despite that the company's standing to seek review of ATF's administrative action is almost "self-evident," Defense Distributed has clearly demonstrated its standing to sue. First, the company has adequately articulated injury-in-fact—a showing of which "need not be substantial," *OCA-Greater Houston v. Texas*, 867 F.3d 604, 612 (5th Cir. 2017)—by alleging that it has ceased selling certain products since issuance of the Final Rule.[8] Second, this injury results from the company curtailing its business operations "[s]olely because of the Agencies' new Final Rule."[9]

---

[7] *See* Intervenor Reply 2, ECF No. 135 (acknowledging that Defense Distributed and SAF share only *some* commonly asserted claims with existing plaintiffs, meaning the injunctive and declaratory relief they seek is broader than or different from the existing parties').
[8] Intervenor Br. 4, ECF No. 117.
[9] *Id.*

Third, the alleged injury may be properly redressed by an order from this Court regarding the validity of ATF's regulation.

SAF has similarly satisfied the standing requirement by establishing associational standing. Clearly at least one of SAF's members—namely, Defense Distributed[10]—has standing to sue in its own right. Additionally, the interests SAF seeks to protect, including its members' rights under the Second Amendment that movant will raise if permitted to intervene,[11] are germane to the association's purpose of "promot[ing] the right to keep and bear arms . . . by supporting . . . legal efforts about the Constitution's right to privately own and posses firearms."[12] Finally, because SAF seeks declaratory and injunctive relief regarding the rights of its members, and not individual damages, individual member participation in the lawsuit is not required.

### B. Intervention as of Right

Standing aside, Defendants argue that Putative Intervenors fail to establish all of Rule 24's four required elements: (1) timeliness, (2) that they have interests relating to the property or transaction that is the subject of this litigation, (3) that they have protectable interests that will be impaired or impeded by this litigation, and (4) that their interests are not already adequately represented by the current parties to the suit.[13] The Court addresses each in turn.

#### 1. Putative Intervenors' Application for Intervention is Timely

While considering the totality of the circumstances, the Court applies the four-factor *Stallworth* test to decide the issue of timeliness, which include:

(1) the length of time between the would-be intervenor's learning of his interest and his petition to intervene;
(2) the extent of prejudice to existing parties from allowing late intervention;
(3) the extent of prejudice to the would-be intervenor if the petition is denied; and

---

[10] Intervenor Br. 2, ECF No. 117.
[11] Proposed Compl. 25, ECF No. 117-1.
[12] Intervenor Br. 6, ECF No. 117.
[13] Defs.' Resp. 6, ECF No. 126.

      (4) any unusual circumstances [weighing in favor of or against intervention].

*In re Lease Oil Antitrust Litig.*, 570 F.3d at 247–48 (quoting *Stallworth v. Monsanto Co.*, 558 F.2d 257 (5th Cir. 1977)). Any "determination of timeliness is 'largely committed to the discretion of the district court.'" *Id.* at 248. Length of time is measured from when the intervenor learned of his interest in the particular action in which he seeks to intervene, and that clock does not begin to run "until the putative intervenor *also knows* that class counsel will not represent his interest." *In re Lease Oil Antitrust Litig.*, 570 F.3d at 248 (emphasis added).

      Defense Distributed moved to intervene within a month of learning that its interest would not be represented by FPC on the basis of associational standing. And though SAF had not sought to intervene earlier in this litigation, it did so promptly upon learning that at least one of its members' (Defense Distributed) interests would no longer be represented.[14] As such, the Court finds that the intervention is timely.

      With respect to the second and third timeliness factors, "prejudice is measured by the delay in seeking intervention, *not the inconvenience to the existing parties* of allowing the intervenor to participate in the litigation." *Sierra Club v. Espy*, 18 F.3d 1202, 1206 (5th Cir. 1994) (emphasis added). Defendants point out that if the parties are permitted to intervene, the current summary judgment schedule—with which Putative Intervenors agree to abide—*may* need to be adjusted. But as the Court found previously regarding BlackHawk's intervention, this would result only in inconvenience to the existing parties. Again, mere inconvenience is not prejudice. *Id.* Nor is there any basis to find that a minor delay that might be necessary to accommodate briefing schedules would be "undue." Putative Intervenors' advance agreement to abide by the current scheduling order mitigates the purported prejudice on this ground. Nor, as Defendants suggest, has this

---

[14] This Court denied FPC associational standing on October 1, 2022. Second Opinion, ECF 89. Putative Intervenors moved to intervene on November 2, 2022. Mot., ECF No. 116.

6

litigation reached such a critical stage that rightful intervention is improper. There is no trial set in this case and the dispute will be decided on the dispositive motions, the first of which are not due for another month. Moreover, Putative Intervenors will undoubtedly be prejudiced if the Court denies intervention and they lose the present opportunity to protect their cognizable interests. Thus, the Court finds that the prejudicial factors weigh in favor of permitting intervention.

Finally, the Court is not persuaded that unusual circumstances militate against intervention. That the *new* Intervenors' motion to intervene was filed after the Court's deadline for the *existing* parties to amend their pleadings is not unusual since the intervenors were not subject to that deadline. In sum, the Court is satisfied that Putative Intervenors' motion is timely for purposes of Rule 24.

2. Putative Intervenors' Protectable Interests May be Impaired or Impeded by this Litigation

Putative Intervenors have shown a protectible interest that may be impaired or impeded as a result of this litigation's ultimate disposition. Defense Distributed alleges that absent a judgment in its favor, the company may dissolve entirely.[15] "The same is true for SAF, who advances the interests of [its] members"—of which Defense Distributed is one.[16] The Court's standing analysis above supports this element. And as the Court has previously stated, the applicable rule here is not stringent. "Once a movant has successfully established a sufficient interest in the subject of the action, the movant must demonstrate that disposition of that action *may*, as a practical [and not merely 'theoretical'] matter, impair or impede the movant's ability to protect that interest." *Brumfield v. Dodd*, 749 F.3d 339, 344 (5th Cir. 2014) (citations omitted) (emphasis added). In short, possible practical impairment of a movant's ability to protect its interest is sufficient to

---

[15] Proposed Compl. 19, ECF No. 117-1.
[16] Intervenor Br. 7, ECF No. 117.

establish this element under Rule 24. Like BlackHawk, Defense Distributed's (and SAF's members') protectible interest in keeping its doors open, among others, might be impaired or impeded by the outcome of this litigation. Thus, that Putative Intervenors' interests may be threatened based on this litigation's outcome favors intervention.

> 3. Putative Intervenors' Interests *May Not be* Adequately Represented by the Parties to this Litigation

A presumption that a would-be intervenor's interest is adequately represented in a lawsuit arises when the parties and the movant have "the same ultimate objective" for the litigation. *Field v. Anadarko Petroleum Corp.*, 35 F.4th 1013, 1020 (5th Cir. 2022) (quoting *Edwards v. City of Houston*, C3, 1005 (5th Cir. 1996)). The existing parties and Putative Intervenors do not, however, have the same ultimate objective despite the fact that they raise several overlapping claims. Putative Intervenors raise a unique claim implicating their rights under the Second Amendment that diverges from those brought by the current Plaintiffs.[17] But even if all these parties' shared objective is framed as an overarching challenge to the legality of the Final Rule, the Fifth Circuit has suggested that there are several means to overcome a presumption of adequate representation. *See Texas*, 805 F.3d at 662 n.5 ("[T]he wide variety of cases that come to the courts make it unlikely that there are three and only three circumstances that would make representation inadequate and suggest that adequacy of representation is a very complex variable.") (citations omitted). Indeed, the Fifth Circuit has indicated that even if the exiting parties and would-be intervenors "agree[] on the merits of the substantive issues to be litigated," all Putative Intervenors must show is that "the representation by the existing parties *may* be inadequate." *Heaton v. Monogram Credit Card Bank of Ga.*, 297 F.3d 416, 425 (5th Cir. 2002). Given the parties' disparate claims, the fact that Defense Distributed alleges it is a competitor of existing Plaintiffs,

---

[17] Proposed Compl. 21–23, ECF No. 117-1.

and resolving any doubts about this issue in movants' favor, the Court finds that this element is satisfied.

In sum, Putative Intervenors have demonstrated that they have Article III standing and have carried their burden on all four elements under Rule 24(a)(2). Accordingly, the Court finds that they are entitled to intervene as of right.

### C. Permissive Intervention

If not as of right, Putative Intervenors may intervene on permissive grounds. A district court has broad discretion to permit permissive intervention under Rule 24(b), provided the movant (1) files a timely motion, (2) shows it "has a claim or defense that shares with the main action a common question of law or fact, and (3) the court determines that intervention will not "unduly delay or prejudice the adjudication of the original parties' rights." FED. R. CIV. P. 24(b)(1)(B), (b)(3). For the reasons articulated above, the Court finds that (1) Putative Intervenors' motion is timely and (3) intervention would not unduly delay or prejudice the existing parties. Thus, the only remaining question is whether their claims share with the main action a common question of law or fact. As noted, Putative Intervenors raise a number of claims that are identical to those raised by the existing parties, thus this element is clearly satisfied. Therefore, the Court finds that intervention is permissible if not obligatory.

### IV. CONCLUSION

For the reasons stated, the Court **GRANTS** the motion (ECF No. 116) and **DIRECTS** the Clerk of Court to add Defense Distributed and the Second Amendment Foundation as parties to the case.

**SO ORDERED** this **19th day** of **December, 2022**.

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE