IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| JENNIFER VANDERSTOK; MICHAEL G. ANDREN; TACTICAL MACHINING, LLC, a limited liability company; FIREARMS POLICY COALITION, INC., a nonprofit corporation,<br><br>*Plaintiffs*,<br><br>and<br><br>BLACKHAWK MANUFACTURING GROUP, INC.; DEFENSE DISTRIBUTED; and SECOND AMENDMENT FOUNDATION, INC.,<br><br>*Intervenor-Plaintiffs*,<br><br>v.<br><br>MERRICK GARLAND, in his official capacity as Attorney General of the United States; UNITED STATES DEPARTMENT OF JUSTICE; STEVEN DETTELBACH, in his official capacity as Director of the Bureau of Alcohol, Tobacco, Firearms and Explosives; and BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES<br><br>*Defendants*. | Civil Action No. 4:22-cv-00691-O |

**PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure and this Court's Local Rule 56.1–56.7, Plaintiffs Jennifer VanDerStok, Michael G. Andren, Tactical Machining, LLC, and Firearms Policy Coalition, Inc. (collectively, "Plaintiffs") respectfully move for summary judgment[1] against Defendants Merrick Garland, United States Department of Justice, Steven Dettelbach, and the Bureau of Alcohol, Tobacco, Firearms and Explosives (collectively, "Agencies") on the following claims within their Amended Petition for Judicial Review of Agency Action, ECF No. 93.

### Summary

COUNT I – That the *Definition of "Frame or Receiver" and Identification of Firearms* ("Final Rule"), 87 Fed. Reg. 24,652, 24,667 (Apr. 26, 2022) violated the Administrative Procedure Act ("APA") in that it exceeds the Agencies' statutory authority. Insofar as that claim remains appropriate for summary judgment, Plaintiffs hereby request to incorporate their briefing addressing that specific issue. *See* ECF Nos. 16, 93, 133 (collectively "Excess Authority Briefs").

COUNT II – That the Final Rule violated the APA in that it was promulgated without observance of procedure required by law, specifically without adequate notice and opportunity for comment.

COUNT III – That the Final Rule violates the APA, in that the Agencies failed to adequately explain a statutory interpretation diametrically opposed to their prior interpretation and failed to consider important aspects of the problem.

---

[1] Though Plaintiffs do not move for summary judgment on all claims contained within their Amended Petition, ECF No. 93, Plaintiffs do move for summary judgment on all claims contained within their Amended Petition that were not, pursuant to Fed. R. Civ. P. 65, consolidated with the preliminary injunction proceedings and advanced to a hearing on the merits. Thus, Plaintiffs do not construe this motion as one for "partial" summary judgment, as contemplated by LR 56.3(c). However, if Plaintiffs misconstrue the requirements of LR 56.3(c), they respectfully request the Court treat this motion as if properly styled.

COUNT IV – That the Final Rule violates the APA and principles of the United States Constitution, in that the Agencies, part of the Executive Branch, engaged in legislative acts without being delegated that authority by Congress.

COUNT V – That the Final Rule violates the APA and principles of the United States Constitution, in that the Agencies, part of the Executive Branch, exceeded their authority to "take Care that the Laws be faithfully executed".

COUNT VI – That the Final Rule violates the APA and principles of the United States Constitution, in that the Final Rule fails to provide a person of ordinary intelligence with notice of what the law requires and forbids and is therefore unconstitutionally vague for failing to allow for due process.

COUNT VII – That the Final Rule violates the APA and principles of the United States Constitution, in that the Final Rule regulates and chills speech based on the speaker and/or the content of such speech.

Plaintiffs submit that the matters required under Rule 56.3 are also set forth in the Brief, which is being filed concurrently herewith according to Local Rules 7.1 and 56.5. The Plaintiffs' Motion for Summary Judgment collectively includes this Motion and the Plaintiffs' Brief in Support.

The Plaintiffs respectfully request that the Court enter judgment in their favor and grant the Plaintiffs such other and further relief as the Court may deem proper.

DATED this 23rd day of December, 2022

Respectfully submitted,

R. Brent Cooper (TX Bar No. 04783250)
Benjamin D. Passey (TX Bar No. 24125681)
COOPER & SCULLY, P.C.
900 Jackson Street, Suite 100
Dallas, Texas 75202
Telephone: (214) 712-9500
Telecopy: (214) 712-9540
brent.cooper@cooperscully.com
ben.passey@cooperscully.com

Cody J. Wisniewski* (CO Bar No. 50415)
FIREARMS POLICY COALITION
5550 Painted Mirage Road, Suite 320
Las Vegas, NV 89149
Telephone: (916) 378-5785
Telecopy: (916) 476-2392
cwi@fpchq.org

*/s/ Erin M. Erhardt*
Kaitlyn D. Schiraldi* (TN Bar No. 039737)
Erin M. Erhardt* (CO Bar No. 49360)
MOUNTAIN STATES LEGAL FOUNDATION
2596 S. Lewis Way
Lakewood, CO 80227
Telephone: (303) 292-2021
Telecopy: (877) 349-7074
kschiraldi@mslegal.org
eerhardt@mslegal.org

*Admitted *pro hac vice*

*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 23rd day of December 2022, I electronically filed the foregoing using this Court's CM/ECF system.

I certify that all participants in this case are registered CM/ECF users and service will be accomplished by this Court's CM/ECF system.

/s/ *Erin M. Erhardt*
