**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

JENNIFER VANDERSTOK; MICHAEL G. ANDREN;
TACTICAL MACHINING, LLC, a limited liability company; and
FIREARMS POLICY COALITION, INC., a nonprofit corporation, *et al.*,

*Plaintiffs and Intervenors*

and

Not An LLC d/b/a JSD SUPPLY,

*Applicant in Intervention*,

v.

MERRICK GARLAND, in his official capacity as Attorney General of the United States; UNITED STATES DEPARTMENT OF JUSTICE; STEVEN DETTELBACH, in his official capacity as Director of the Bureau of Alcohol, Tobacco, Firearms and Explosives; and BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES,

*Defendants*.

Civil Action No. 4:22-cv-691-O

**NOT AN LLC d/b/a JSD SUPPLY'S MOTION TO INTERVENE**

# TABLE OF CONTENTS

INTRODUCTION ..... 1

BACKGROUND ..... 2

LEGAL AUTHORITY ..... 3

ARGUMENT ..... 3

I. JSD Supply Should Be Allowed to Intervene as a Matter of Right ..... 3

A. JSD Supply's Motion Is Timely ..... 4

B. JSD Supply Has an Established Interest Relating to This Action ..... 5

C. JSD Supply's Interest in This Action Would Be Impaired If It Is Not Allowed to Intervene ..... 6

D. JSD Supply's Interest Is Not Adequately Represented by the Parties to This Action ..... 7

II. In the Event That This Court Does Not Grant JSD Supply's Motion Pursuant to Rule 24(A), JSD Supply Should Be Granted Permissive Intervention ..... 8

A. JSD Supply's Motion Is Timely ..... 8

B. JSD Supply's Claims and This Action Have Questions of Law in Common ..... 8

C. Intervention Will Not Unduly Delay or Prejudice the Adjudication of the Rights of the Original Parties ..... 9

CONCLUSION ..... 10

# TABLE OF AUTHORITIES

**Cases**

*Association of Professional Flight Attendants v. Gibbs*, 804 F.2d 318 (5th Cir. 1986) ................ 4

*Brumfield v. Dodd*, 749 F.3d 339 (5th Cir. 2014)............................................................ 6

*Edwards v. City of Houston*, 78 F.3d 983 (5th Cir. 1996) ................................................ 7

*Franciscan All., Inc. v. Azar*, 414 F. Supp. 3d 928 (N.D. Tex. 2019) .................................. 8

*Lexington Ins. Co. v. AXIS Surplus Ins. Co.*, No. 3:10-CV-1741-P, 2010 WL 11561875 (N.D. Tex. Oct. 20, 2010) .................................................................................... 3, 8

*Sec. & Exch. Comm'n v. U.S. Realty & Improvement Co.*, 310 U.S. 434 (1940).......................... 3

*Sierra Club v. Espy*, 18 F.3d 1202 (5th Cir. 1994) ..................................................... 3, 4

*Texas v. United States*, 805 F.3d 653 (5th Cir. 2015)........................................................ 5

*Trbovich v. United Mine Workers of Am.*, 404 U.S. 528 (1972) .......................................... 7

*Wal-Mart Stores, Inc. v. Tex. Alcoholic Beverage Comm'n*, 834 F.3d 562 (5th Cir. 2016)........... 3

**Statutes**

Fed. R. Civ. P. 24 ........................................................................................... 1

Fed. R. Civ. P. 24(a)(2)..................................................................................... 3, 4

Fed. R. Civ. P. 24(b)(1)(B) ................................................................................... 3

Fed. R. Civ. P. 24(b)(3)..................................................................................... 10

Rule 24(a)..................................................................................................... 3

Rule 24(b) .................................................................................................... 3

Not an LLC, dba JSD Supply[1] (hereafter, "JSD Supply" or "JSD") submits to this Court its Brief in Support of its Motion to Intervene ("Motion") under Fed. R. Civ. P. 24.

## INTRODUCTION

Pre-adoption of the Final Rule at issue in this litigation, JSD Supply had a historical business that involved distributing receiver blanks, tools, instructions, and jigs to law-abiding civilians and businesses across the United States and within this district. JSD Supply seeks to intervene in this lawsuit under Fed. R. Civ. P. 24 so that it may participate in an action that will adjudicate, inter alia, the legality and constitutionality of the Final Rule.

This Court should allow JSD to intervene as a matter of right because it satisfies the four-prong test. First, JSD's Motion is timely. No unreasonable delay has occurred in filing this Motion; no party will be prejudiced by JSD's intervention; JSD's business as previously conducted will be wiped out as a result of the Final Rule; and there are no unusual circumstances in this action. Second, JSD Supply has an interest relating to this action. Third, JSD Supply's interest would be impaired by this action if not allowed to intervene. Fourth, JSD's interest is not adequately represented by the existing parties to this action. Should, however, this Court determine that JSD Supply cannot intervene as a matter of right, in the alternative, this Court should allow JSD to permissively intervene. JSD Supply's claims and this action have questions of law in common. JSD Supply seeks to challenge the legality and constitutionality of both the Final Rule and Defendants' adoption of the same and intends to request preliminary and permanent injunctive relief enjoining Defendants from enforcing the Final Rule. JSD's purpose for intervention is therefore directly related to the underlying controversy. Discretionary intervention will not unduly

[1] JSD Supply has been in business since 2013 and it conducts business in this District. JSD Supply is a member of plaintiff Firearms Policy Coalition, Inc. (*See* Exhibit A, Declaration of Jordan Vinroe dated January 3, 2023) ¶ 3 (the "Vinroe Declaration").

delay or prejudice the adjudication of the rights of parties to this lawsuit, as JSD Supply and Plaintiffs seek to prevent the Final Rule from having legal effect.

For the reasons stated herein, this Court should allow JSD Supply's Motion, either as a matter of right or alternatively, as a permissive intervention.

## BACKGROUND

The Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") has for decades consistently taken the legal position that receiver blanks—aluminum or plastic components which have been forged, casted, or extruded into the shape of a firearm frame or receiver but which have not yet reached a stage of manufacture that meets the definition of "firearm frame" or "receiver" according to the Gun Control Act (GCA)–and which can be further manufactured into a functional firearm component with adequate knowledge, instructions, and tools—are not subject to the Gun Control Act of 1968 ("GCA") and do not fall under the purview of ATF's regulatory jurisdiction. However, due to mounting political pressure from President Biden, ATF and the additional Defendants have adopted a Final Rule that unlawfully repudiates ATF's longstanding legal position that receiver blanks are not firearms. Furthermore, the Final Rule impermissibly exposes manufacturers, distributors, purchasers, and possessors to unwarranted criminal and civil liability for offering previously unregulated receiver blanks for sale with jigs, tools, and instructions—all three of which have been commercially available for lawful purchase for a number of years.

The Final Rule unlawfully and unconstitutionally targets law-abiding citizens and businesses. Plaintiffs, a collective group of individuals, a business, and a nonprofit organization, seek to prevent the unilateral circumvention of constitutional, legislative, and administrative practices by Defendants. JSD Supply seeks to do the same.[2]

---

[2] ("Complaint") ¶¶ 24–95. JSD Supply files herewith its Proposed Complaint. *See* Exhibit B.

## LEGAL AUTHORITY

Rule 24(a) of the Federal Rules of Civil Procedure establishes the legal criteria for intervention as a matter of right:

> On timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(2).

Alternatively, "[o]n timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." *Id*. at 24(b)(3). Rule 24(b) "plainly dispenses with any requirement that the [party seeking intervention] shall have a direct personal or pecuniary interest in the subject of the litigation." *Sec. & Exch. Comm'n v. U.S. Realty & Improvement Co.*, 310 U.S. 434, 459 (1940).

The Fifth Circuit has expressed a "broad policy favoring intervention," finding that Rule 24 is to be "liberally construed." *Wal-Mart Stores, Inc. v. Tex. Alcoholic Beverage Comm'n*, 834 F.3d 562, 565, 569 (5th Cir. 2016). Furthermore, "Federal courts should allow intervention where no one would be hurt and the greater justice could be attained." *Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir. 1994).

## ARGUMENT

### I. JSD Supply Should Be Allowed to Intervene as a Matter of Right

JSD Supply satisfies the four-factor test for intervention pursuant to Rule 24(a). "To intervene as a matter of right pursuant to Fed. R. Civ. P. 24(a)(2), four factors must be met." *Lexington Ins. Co. v. AXIS Surplus Ins. Co.*, No. 3:10-CV-1741-P, 2010 WL 11561875, at *1 (N.D.

Tex. Oct. 20, 2010) (citations omitted). “First, the application must be timely.” *Id*. “Second, the intervener must have an interest relating to the action.” *Id*. “Third, the interest would be impaired or impeded by the case.” *Id*. Fourth and finally, “the interest is not adequately represented by either of the existing parties.” *Id*.

**A. JSD Supply’s Motion Is Timely**

JSD Supply’s Motion has been timely filed, satisfying the first prong. In determining whether a motion to intervene is timely, a court evaluates four factors:

> (1) The length of time during which the would-be intervenor actually knew or reasonably should have known of its interest in the case before it petitioned for leave to intervene; (2) the extent of the prejudice that the existing parties to the litigation may suffer as a result of the would-be intervenor's failure to apply for intervention as soon as it knew or reasonably should have known of its interest in the case; (3) the extent of the prejudice that the would-be intervenor may suffer if intervention is denied; and (4) the existence of unusual circumstances militating either for or against a determination that the application is timely.

*Sierra Club*, 18 F.3d at 1205 (citation omitted).

JSD Supply has not delayed filing this Motion. Plaintiffs filed suit on August 11, 2022. *See* ECF No. 1. JSD Supply timely files this Motion five months after Plaintiffs filed the Complaint and shortly a week following the Court’s order granting other motions to intervene. *Id.*; Vinroe Decl.; *see also Association of Professional Flight Attendants v. Gibbs*, 804 F.2d 318, 320–21 (5th Cir. 1986) (finding a five-month delay reasonable).

Additionally, because there is no delay in seeking intervention, there can be no prejudice to the existing parties. *See Sierra Club*, 18 F. 3d at 1206 (“prejudice must be measured by the delay in seeking intervention, not the inconvenience to the existing parties of allowing the intervenor to participate in the litigation.”). Furthermore, with the Final Rule in effect, JSD Supply has already suffered significant harm. *See* Vinroe Decl. ¶¶ 15–17. To avoid criminal or civil liability, JSD Supply was forced to discontinue its sales nationwide of “80% Receivers” jigs and jig accessories

(which together make up approximately 60% of JSD Supply's sales) by listing them as 'out of stock' on [its] website and later removed the listings completely from the website. *Id*. ¶ 11. The inability to sell its products will in short order cause this segment of JSD Supply, and potentially the entire business, to close. Finally, no militating circumstance exists. This Court should therefore determine that this Motion is timely.

**B. JSD Supply Has an Established Interest Relating to This Action**

JSD Supply's proprietor, employees, and customers have significant, protectible interests in the manufacturing, distribution, sale, and possession of receiver blanks and jigs. The enforcement of the Final Rule will infringe upon JSD Supply's Constitutional and statutorily protected interests, particularly the property interests and personal liberties of JSD Supply's owners and employees.

The moving party must show that it has a "stake in the matter" beyond a "generalized preference that the case come out a certain way." *Texas v. United States*, 805 F.3d 653, 657 (5th Cir. 2015). "A property interest . . . is the most elementary type of right that Rule 24(a) is designed to protect." *Id*. at 658. Property interests are "almost always adequate." *Id*.

JSD Supply meets this test. First, historically, JSD Supply's core business involved the manufacturing and distributing of the very items Defendants seek to criminalize and regulate under the Final Rule. *See* Exhibit B. The Final Rule is a potential death sentence for JSD Supply. *See* Vinroe Decl. ¶ 16 (JSD Supply's "sales since the Final Rule took effect have declined so significantly that it is on track to close this segment of the business"); ¶ 17 ("Though [JSD Supply] does have enough cash on hand to continue paying [its] expenses for a few months, [it] will be forced to shut down this segment of [its] business and cease operations" if the Final Rule remains in effect). Furthermore, the trickle-down effect infringes upon the property interests of JSD Supply's customers. In addition, JSD Supply is a member of plaintiff Firearms Policy Coalition,

Inc. JSD Supply therefore wishes to intervene in order to protect its established property interests because without judicial intervention, JSD Supply will fall victim to the predatory (and unconstitutional) Final Rule. Accordingly, this Court should recognize JSD Supply's interest.

### C. JSD Supply's Interest in This Action Would Be Impaired If It Is Not Allowed to Intervene

The protection of the interests of JSD, its employees, and its customers will be impaired if JSD Supply is not allowed to intervene in this action.

A party moving to intervene as a matter of right "must demonstrate only that the disposition of the action 'may' impair or impede their ability to protect their interests." *Brumfield v. Dodd*, 749 F.3d 339, 344 (5th Cir. 2014).

In the present matter, Plaintiffs challenged the legality of the Final Rule to protect their similarly situated interests. *See* ECF Nos. 1, 15, 16. This Court recognized Plaintiff Tactical Machining, LLC's and BlackHawk Manufacturing Group, Inc.'s interests in continuing to operate as a business and granted preliminary injunctive relief to protect Tactical Machining's and Blackhawk's interests during the pendency of this proceeding. *See* ECF No. 56 and 118. Defendants challenge this Court's decision, pushing back on the request for additional injunctive relief. *See, e.g.*, ECF No. 72. JSD Supply has a similar interest in preserving the viability of its business and, if not allowed to intervene, would be forced to "wait on the sideline" while the Court evaluates issues that may not protect or be "contrary to [JSD Supply's] interests." *Brumfield*, 749 F.3d at 344–45. Given that "the very purpose of intervention is to allow interested parties to air their views so that a court may consider them before making potentially adverse decisions[,]" *id.* at 345, this Court should find that JSD Supply's interests in this action would be impaired if not allowed to intervene.

**D. JSD Supply's Interest Is Not Adequately Represented by the Parties to This Action**

For the final prong, no current party to this action adequately represents the interests of JSD Supply. JSD Supply should therefore be granted the right to intervene.

This fourth factor "is satisfied if the [moving party] shows that representation of [its] interest 'may be' inadequate; and the burden of making that showing should be treated as minimal." *Edwards v. City of Houston*, 78 F.3d 983, 1005 (5th Cir. 1996) (citing *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972)). The Fifth Circuit presumes that, in assessing this fourth factor, adequate representation exists when a governmental body represents the moving party's interests, or when the moving party and a party to the lawsuit have "the same ultimate objective." *Edwards*, 78 F.3d at 1005.

JSD Supply's interests are not represented by a governmental body. Nor are JSD Supply's interests adequately represented by Plaintiffs. In fact, the government Defendants have argued as much in their opposition to other motions to intervene in this case. Because the government opposes relief for parties like JSD, JSD is literally compelled to file this Motion. *See* ECF No. 72 at 10 n.13 ("Because Plaintiffs do not establish associational standing on behalf of FPC's members, there is no basis to issue an injunction [for] . . . any other entity that is a member of FPC but is not a party to this action in its own right."). Moreover, no party truly shares "the same ultimate objective" as JSD. Specifically, where there is an "adversity of interest, collusion, or nonfeasance on the part of the existing party," the moving party can overcome the "same ultimate objective" presumption. *Edwards*, 78 F.3d at 1005. Here, the most similarly situated Plaintiff, Blackhawk Manufacturing, is a competitor of JSD. While a repudiation of the Final Rule will benefit JSD Supply and other similarly situated companies, without a preliminary injunction JSD Supply may remain unable to sustain its operations during the pendency of the litigation. *See* Vinroe Decl. ¶¶

16–17. Allowing Plaintiffs to, on their own, litigate the legality of the far-reaching Final Rule and not hear from JSD Supply is to (1) force a harmed party to sit on the sidelines contrary to Circuit precedent, *supra*; and (2) potentially allow a competitor to determine or substantially influence JSD Supply's fate. Thus, JSD Supply's interests are not adequately represented in this action.

* * *

JSD Supply has satisfied each prong of the four-part test. Accordingly, this Court should grant intervention as a matter of right.

## II. In the Event That This Court Does Not Grant JSD Supply's Motion Pursuant to Rule 24(A), JSD Supply Should Be Granted Permissive Intervention

Applicants for permissive intervention must satisfy a three-part test: (1) the intervenor's motion must be timely; (2) the intervenor's claim must have a question of law or fact in common with the main action; and (3) intervention must not unduly delay or prejudice the adjudication of the rights of the original parties. *See Lexington Ins. Co.*, 2010 WL 11561875 at *1 (granting motion to intervene).

### A. JSD Supply's Motion Is Timely

As briefed, *supra* in Argument Section I(A), JSD Supply's Motion is timely. JSD Supply therefore satisfies the first prong of the permissive-intervention test.

### B. JSD Supply's Claims and This Action Have Questions of Law in Common

JSD Supply's claims raise in-kind questions of law as relates to Plaintiffs' action. To satisfy the second prong of the permissive-intervention evaluation, a moving party must show that its "claim or defense and the main action have a question of law or fact in common." *Franciscan All., Inc. v. Azar*, 414 F. Supp. 3d 928, 934 (N.D. Tex. 2019) (citation omitted) (finding that "[e]ven if [] Intervenors could not establish that they are entitled to intervene as of right, the Court would allow them to intervene permissively under Rule 24(b).").

JSD Supply's claims challenge the constitutionality of the Final Rule and Defendants' adoption of the same. More specifically, JSD Supply argues (1) that the Final Rule exceeds Defendants' statutory authority; (2) that Defendants' adoption of the Final Rule violates the separation of powers; (3) that the Final Rule is unconstitutionally vague; (4) that the Final Rule is arbitrary, capricious, and an abuse of discretion; (5) that the Final Rule was adopted without observance of procedure required by law; (6) that the Final Rule violates the nondelegation doctrine; (7) that the Final Rule is contrary to constitutional right, power, privilege, or immunity; (8) that the Final Rule exceeds the limits of the Commerce Clause; and (9) that the Final Rule effectuates a regulatory taking of privately made firearms without just compensation. *See* Exhibit B.

JSD Supply's legal challenges substantially overlap with the Complaint of Plaintiffs and the Complaint of Intervenor BlackHawk. For instance, Plaintiffs also aver that the Final Rule exceeds Defendants' statutory authority, Complaint ¶¶ 96–106; that Defendants failed to observe procedures required by law in adopting the Final Rule, *id*. ¶¶ 103–15; that the Final Rule is arbitrary, capricious, and not in accordance with law, *id*. ¶¶ 116–30; that Defendants' adoption of Final Rule violates the separation of powers and the delegation doctrine, *id*. ¶¶ 131–41; and that the Final Rule is unconstitutionally vague, *id*. ¶¶ 153–57.

As illustrated by the substantial overlap of the legal challenges, *supra*, JSD Supply's claims directly relate to the underlying controversy. Accordingly, this Court should find that JSD Supply has satisfied the second prong.

### C. Intervention Will Not Unduly Delay or Prejudice the Adjudication of the Rights of the Original Parties

JSD Supply's intervention will neither delay nor prejudice the adjudication of the original parties' rights. "In exercising its discretion, the court must consider whether the intervention will

unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

Here, Plaintiffs and JSD Supply both seek to challenge the legality of the Final Rule. This timely Motion will not cause undue delay to either Plaintiffs' or Defendants' rights in this action, as JSD Supply files this Motion just months after Plaintiffs' Complaint was filed, and additional parties have been permitted to intervene in just the last several weeks. Furthermore, the parties to this action are on notice and well aware of the existing challenges to the legality and constitutionality of both the Final Rule itself and Defendants' adoption of the Final Rule. Finally, JSD Supply will comply with the Court's scheduling order and does not intend to seek any delays to the scheduling order nor raise new or different legal theories. Rather, it intends to adopt or join the briefs in support of Plaintiffs' motion for summary judgment. Thus, since JSD Supply's claims substantially overlap with Plaintiffs', *supra*, Argument Section II(B), no party will be prejudiced by JSD Supply's intervention. Finally, JSD Supply does not intend to seek any delays to the Court's scheduling order nor raise new or different legal theories. Rather, it intends to adopt or join the briefs in support of Plaintiffs' motion for summary judgment. Thus, while JSD Supply does seek specific, personal relief to protect its own individual interests, since JSD Supply's claims substantially overlap with Plaintiffs', supra, Argument Section II(B), no party will be prejudiced by JSD Supply's intervention because no new legal issues or arguments will be introduced into the case. Accordingly, JSD Supply has satisfied the third prong.

* * *

JSD Supply satisfies each prong of the three-prong test, and thus should be permitted to permissively intervene if this Court does now allow JSD Supply to intervene as a matter of right.

**CONCLUSION**

For the foregoing reasons, JSD Supply respectfully requests that this Court grant its Motion to Intervene.

Respectfully submitted,

*/s/ Matthew J. Smid*
MATTHEW J. SMID
TX Bar No. 24063541
ATTORNEY AT LAW
301 Commerce Street, Suite 2001
Fort Worth, Texas 76102
Phone: (817) 332-3822 Phone
Fax: (817) 332-2763 Fax
matt@mattsmidlaw.com

J. MARK BREWER
Texas Bar No. 02965010
BREWER & PRITCHARD, P.C.
800 Bering Dr., Suite 201
Houston, TX 77057
Phone: (713) 209-2910
brewer@bplaw.com
*Attorneys for proposed Intervenor-Plaintiff Not an LLC, dba JSD Supply*