IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| JENNIFER VANDERSTOK; MICHAEL G. ANDREN; TACTICAL MACHINING, LLC, a limited liability company; and FIREARMS POLICY COALITION, INC., a nonprofit corporation,<br><br> Plaintiffs,<br><br>BLACKHAWK MANUFACTURING GROUP INC. d/b/a 80 PERCENT ARMS,<br><br> Intervenor Plaintiff,<br><br>DEFENSE DISTRIBUTED, and SECOND AMENDMENT FOUNDATION, INC.,<br><br> Intervenor Plaintiffs,<br><br>and<br><br>POLYMER80, INC.,<br><br> Applicant in Intervention,<br><br>v.<br><br>MERRICK GARLAND, in his official capacity as Attorney General of the United States; UNITED STATES DEPARTMENT OF JUSTICE; STEVEN DETTELBACH, in his official capacity as Director of the Bureau of Alcohol, Tobacco, Firearms and Explosives; and BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES,<br><br> Defendants. | **Civil Action No.**<br>**4:22-cv-00691-O** |

## POLYMER80, INC.'S MOTION TO INTERVENE

Polymer80, Inc. ("Polymer80"), hereby respectfully moves pursuant to Federal Rule of Civil Procedure 24 to intervene as a plaintiff in the above-captioned action for purposes of

1

challenging on constitutional and administrative grounds the Final Rule at issue in this action, *Definition of "Frame or Receiver" and Identification of Firearms*, 87 Fed. Reg. 24,652 (Apr. 26, 2022) (hereinafter "Final Rule"), the ATF's Open Letter of December 27, 2022, *Open Letter to All Firearms Licensees: Impact of Final Rule 2021-05F on Partially Complete Polymer80, Lone Wolf, and Similar Semiautomatic Pistol Frames*, Bureau of Alcohol, Tobacco, Firearms and Explosives (Dec. 27, 2022) (hereinafter "Open Letter"), and the December 27, 2020 Letter to Mr. Loran Kelley (hereinafter the "Polymer80 Letter") and to obtain declaratory and injunctive relief from enforcement of these administrative actions.

This Court should grant Polymer80's exercise of its right to intervene in this action under Federal Rule of Civil Procedure 24(a)(2). Polymer80 has timely moved to intervene; Polymer80 holds unique interests in prosecuting the constitutionality and lawfulness of the Final Rule, Open Letter, and Polymer80 Letter; if not allowed to intervene, Polymer80's ability to protect those interests would be impaired and impeded; and Polymer80's interests cannot be adequately protected by existing parties because Polymer80's interests diverge from theirs in important ways.

Alternatively, this Court should exercise its discretion to allow Polymer80 to intervene permissively in this action under Federal Rule of Civil Procedure 24(b). Polymer80 has timely moved to intervene; Polymer80's claims share common questions of law with the main action; and intervention will cause no undue delay or prejudice.

In support of this motion, Polymer80 contemporaneously files a Brief in Support of Polymer80, Inc.'s Motion to Intervene; a Proposed Complaint; and supporting exhibits, including the Open Letter and Polymer80 Letter, the Declaration of Loran L. Kelley Jr, and prior ATF classification letters.

Respectfully submitted,

**BRADLEY ARANT BOULT CUMMINGS LLP**

By: */s/ Dennis L. Daniels Jr.*
    DENNIS L. DANIELS JR.
    Texas Bar No. 24107402
    dldaniels@bradley.com
3600 Fountain Place
1445 Ross Avenue
Dallas, Texas 75202
Telephone (214) 257-9800
Facsimile (214) 939-8787

JAMES W. PORTER, III (*pro hac vice* forthcoming)
jporter@bradley.com
MARC A. NARDONE (*pro hac vice* forthcoming)
mnardone@bradley.com
BRADLEY ARANT BOULT CUMMINGS LLP
1615 L Street NW
Suite 1350
Washington, D.C. 20036
Telephone (202) 393-7150
Facsimile (202) 347-1684

**ATTORNEYS FOR POLYMER80, INC.**

3

## **CERTIFICATE OF SERVICE**

I certify that on January 9, 2023, the foregoing document was served, via the Court's CM/ECF Document Filing System, upon the registered CM/ECF users in this action.

*/s/ Dennis L. Daniels*
Dennis L. Daniels

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1

Undersigned counsel certifies that counsel for Polymer80 conferred with counsel for all other parties to this matter prior to filing this motion. The positions of the respective parties are detailed below:

On January 6, 2023, Daniel Riess, counsel for the Defendants, stated in an email that "Defendants will oppose a motion by Polymer80 to intervene in VanDerStok v. Garland. Defendants will also oppose any motion for expedited briefing on an intervention motion, as the parties are presently engaged in summary judgment briefing."

On January 9, 2023, Cody Wisniewski, counsel for Jennifer VanDerStok, Michael G. Andren, Tactical Machining, LLC, and Firearms Policy Coalition, Inc., stated in an email that they oppose the motion to intervene, and requested their reasoning for doing so be quoted in full – "Plaintiffs expressed concern that intervention at this point, while summary judgment briefing is underway, is untimely, will result in the delay of the resolution of their claims on the merits, and will therefore cause prejudice to the Plaintiffs. Plaintiffs noted that they believe a separate but coordinated suit is the appropriate procedural mechanism for new parties to assert claims and obtain any injunctive relief related to the Final Rule."

On January 9, 2023, Chad Flores, counsel for Defense Distributed and Second Amendment Foundation, Inc., stated in an email that they do not oppose this motion.

On January 9, 2023, Michael Sullivan, counsel for BlackHawk Manufacturing Group, Inc., informed counsel for Polymer80 by telephone that his client currently took no position on the motion, but reserved the right to respond to the motion in the future.

/s/ Dennis L. Daniels Jr.
Dennis L. Daniels Jr.
