IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| JENNIFER VANDERSTOK; MICHAEL G. ANDREN; TACTICAL MACHINING, LLC, a limited liability company; and FIREARMS POLICY COALITION, INC., a nonprofit corporation,<br><br>　　Plaintiffs,<br><br>BLACKHAWK MANUFACTURING GROUP INC. d/b/a 80 PERCENT ARMS,<br><br>　　Intervenor Plaintiff,<br><br>DEFENSE DISTRIBUTED, and SECOND AMENDMENT FOUNDATION, INC.,<br><br>　　Intervenor Plaintiffs,<br><br>and<br><br>POLYMER80, INC.,<br><br>　　Applicant in Intervention,<br><br>v.<br><br>MERRICK GARLAND, in his official capacity as Attorney General of the United States; UNITED STATES DEPARTMENT OF JUSTICE; STEVEN DETTELBACH, in his official capacity as Director of the Bureau of Alcohol, Tobacco, Firearms and Explosives; and BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES,<br><br>　　Defendants. | **Civil Action No. 4:22-cv-00691-O** |

**POLYMER80, INC.'S BRIEF IN SUPPORT OF ITS MOTION TO INTERVENE**

# TABLE OF CONTENTS

TABLE OF CONTENTS .................................................................................................................. ii
TABLE OF AUTHORITIES ........................................................................................................... iii
BACKGROUND .............................................................................................................................. 1
SUMMARY OF THE ARGUMENT ............................................................................................... 3
ARGUMENT .................................................................................................................................... 4
    I.    POLYMER80 IS ENTITLED TO INTERVENE AS OF RIGHT UNDER RULE 24(A)(2). ............................................................................................................................... 4
        A.    Polymer80's Motion is Timely. ..................................................................................... 5
            1. Polymer80 did not wait long to intervene. .................................................................. 5
            2. Polymer80's intervention will not prejudice existing parties. .................................... 6
            3. Polymer80 will be prejudiced if it cannot intervene. ................................................. 7
            4. Unusual circumstances exist here. .............................................................................. 7
        B.    Polymer80 has Sufficient Interests in this Action ........................................................ 8
        C.    Polymer80's Ability to Protect Its Interests Would Be Impaired If Polymer80 Is Not Allowed to Intervene. ........................................................................................... 9
        D.    Existing Parties Do Not Adequately Represent Polymer80's Interests. ..................... 10
            1. No presumption applies here. ................................................................................... 10
            2. Any presumption is rebutted. .................................................................................... 11
    II.    IN THE ALTERNATIVE, THIS COURT SHOULD PERMIT POLYMER80 TO INTERVENE PERMISSIVELY UNDER RULE 24(B). ....................................................... 12
CONCLUSION .............................................................................................................................. 12

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Adam Joseph Res. v. CNA Metals Ltd.*,
  919 F.3d 856 (5th Cir. 2019) ...................................................................................................5

*Ass'n of Prof. Flight Attendants v. Gibbs*,
  804 F.2d 318 (5th Cir. 1986) ...................................................................................................6

*Brumfield v. Dodd*,
  749 F.3d 339 (5th Cir. 2014) .................................................................................5, 8, 9, 10

*Edwards v. City of Hous.*,
  78 F.3d 983 (5th Cir. 1996) .....................................................................................................6

*Keith v. St. George Packing Co., Inc.*,
  806 F.2d 525 (5th Cir. 1986) ...................................................................................................6

*La Union del Pueblo Entero v. Abbott*,
  29 F.4th 299 (5th Cir. 2022) .........................................................................................5, 10, 11

*League of United Latin Am. Citizens v. City of Boerne*,
  659 F.3d 421 (5th Cir. 2011) ...................................................................................................8

*In re Lease Oil Antitrust Litig.*,
  570 F.3d 244 (5th Cir. 2009) ...................................................................................................5

*Rotstain v. Mendez*,
  986 F.3d 931 (5th Cir. 2021) ..............................................................................................6, 12

*Sierra Club v. Espy*,
  18 F.3d 1202 (5th Cir. 1994) ........................................................................................5, 6, 7, 9

*Sommers v. Bank of Am., N.A.*,
  835 F.3d 509 (5th Cir. 2016) ...................................................................................................5

*St. Bernard Parish v. Lafarge N.A., Inc.*,
  914 F.3d 969 (5th Cir. 2019) ...................................................................................................4

*Texas v. United States*,
  805 F.3d 653 (5th Cir. 2017) .........................................................................................8, 9, 11

*Wal-Mart Stores, Inc. v. Tex. Alcoholic Beverage Comm'n*,
  834 F.3d 562 (5th Cir. 2016) ...................................................................................................5

**Statutes**

18 U.S.C. § 921(a)(3) .................................................................................................................. 2

**Other Authorities**

43 Fed. Reg. 13,531, 13,537 (Mar. 31, 1978) .............................................................................. 2

7C Charles A. Wright, *et al.*, Fed. Prac. & Proc. § 1908.1 (3d ed. Apr. 2022 Update) ............................................................................................................................ 8

December 27, 2020 Letter to Mr. Loran Kelley ................................................................. *passim*

*Definition of "Frame or Receiver" and Identification of Firearms*, 87 Fed. Reg. 24,652 (Apr. 26, 2022) ................................................................................................. *passim*

FED. R. CIV. P. 24 ..................................................................................................................3, 5

FED. R. CIV. P. 24(a) .................................................................................................................. 4

FED. R. CIV. P. 24(a)(2) ..................................................................................................1, 3, 4, 12

FED. R. CIV. P. 24(b) .........................................................................................................1, 4, 12

FED. R. CIV. P. 24(b)(1)(B) ...................................................................................................... 12

FED. R. CIV. P. 24 (b)(3) ........................................................................................................... 12

*Open Letter to All Firearms Licensees: Impact of Final Rule 2021-05F on Partially Complete Polymer80, Lone Wolf, and Similar Semiautomatic Pistol Frames*, Bureau of Alcohol, Tobacco, Firearms and Explosives (Dec. 27, 2022) ..................................................................................................................... *passim*

U.S. Const. amend. II ............................................................................................................... 10

Polymer80, Inc. ("Polymer80") respectfully submits to this Court its Brief in Support of its Motion to Intervene. Polymer80 is entitled to intervene in this action under Federal Rule of Civil Procedure 24(a)(2). Polymer80 has timely moved to intervene; Polymer80 holds unique interests in prosecuting the constitutionality and lawfulness of the Final Rule, Open Letter, and Polymer80 Letter; if not allowed to intervene, Polymer80's ability to protect those interests would be impaired and impeded; and Polymer80's interests cannot be adequately protected by existing parties because Polymer80's interests diverge from theirs in important ways.

Alternatively, this Court should exercise its discretion to allow Polymer80 to intervene permissively in this action under Federal Rule of Civil Procedure 24(b). Polymer80 has timely moved to intervene, Polymer80's claims share common questions of law with the main action, and intervention will cause no undue delay or prejudice.

## BACKGROUND

Polymer80 designs, manufactures, markets, and distributes firearms, non-firearm products, and other innovative components and accessories. At the heart of Polymer80's business is the aim to allow customers to "participate in the build process" and in that way "express[] their right to bear arms."[1] Polymer80 does this by uniquely providing responsible, law-abiding citizens the means of creating a constitutionally-protected instrument. Of central importance, Polymer80 has been and is the industry leader in the design, manufacture, and distribution of blank frames. *See* Declaration of Loran Kelley ("Kelley Decl."), at ¶ 5 (attached hereto as Exhibit A). Indeed, its business model and continued existence are reliant on its sales of those products. *Id*.

The Gun Control Act of 1968 sets the federal floor for "firearm" regulation in plain language. The Gun Control Act defines "firearm" as: "(A) any weapon (including a starter gun)

---

[1] *About Polymer80*, https://www.polymer80.com/about-us (last visited Jan. 4, 2022).

1

which will or is designed to or may readily be converted to expel a projectile by the action of an explosive; (B) the frame or receiver of any such weapon; (C) any firearm muffler or firearm silencer; or (D) any destructive device." 18 U.S.C. § 921(a)(3).

For decades, the ATF has interpreted the meaning of "frame or receiver" consistently with the Gun Control Act. *See, e.g.*, 43 Fed. Reg. 13,531, 13,537 (Mar. 31, 1978). But in April 2022, the ATF published a Final Rule that changed and expanded its interpretations of terms in the Gun Control Act in defiance of both the plain language of the Gun Control Act and the Constitution. *Definition of "Frame or Receiver" and Identification of Firearms*, 87 Fed. Reg. 24,652 (Apr. 26, 2022) (hereinafter "Final Rule"). This Final Rule is unconstitutional and unlawful on administrative grounds.

Then, on December 27, 2022, in a previously unannounced move that contradicted its prior written correspondence with Polymer80, the ATF issued an Open Letter that specifically targets Polymer80. *Open Letter to All Firearms Licensees: Impact of Final Rule 2021-05F on Partially Complete Polymer80, Lone Wolf, and Similar Semiautomatic Pistol Frames*, Bureau of Alcohol, Tobacco, Firearms and Explosives (Dec. 27, 2022) (hereinafter "Open Letter") (attached hereto as Exhibit B). In it, the ATF concluded, *inter alia*, that Polymer80's partially complete pistol frame blanks are "firearm[s]" under the Gun Control Act as interpreted by the Final Rule, even when not sold with "any associated templates, jugs, molds, equipment, tools, instructions, guides, or marketing materials." *Id.* at 1. The Open Letter represents a stark, unsupportable reversal of the ATF's prior determinations and representations to Polymer80 that Polymer80's blanks are *not* "firearm[s]." *See* Classification Letter, Bureau of Alcohol, Tobacco, Firearms and Explosives (Jan. 18, 2017) (determining that Polymer80's PF940C pistol blank frame is not a firearm) (attached hereto as Exhibit C); Classification Letter, Bureau of Alcohol, Tobacco, Firearms and Explosives

(Nov. 2, 2015) (determining that Polymer80's Glock-type GC9 pistol frame blank and Polymer80's Warrhogg receiver blank are not firearms) (attached hereto as <u>Exhibit D</u>). The only conceivable need for the Open Letter is that the Final Rule illicitly attempted to rewrite federal law in a vague way, as the Open Letter expressly acknowledges on its very first page that it is applying new definitions from the Final Rule.

The ATF that same day sent, unprompted by Polymer80, a letter directly to Polymer80. *See* December 27, 2020 Letter to Mr. Loran Kelley (hereinafter the "Polymer80 Letter") (attached hereto as <u>Exhibit E</u>). The Polymer80 Letter reinforced the Open Letter but tailored its "evaluation" to only Polymer80's products and was sent only to Polymer80. *Id*.

Whereas the Final Rule is on its face generally applicable across the firearm-related product industry—and Polymer80 attempted in good faith to comply with it—the Open Letter and Polymer80 Letter single out Polymer80 for specially negative treatment and thus uniquely burden Polymer80's interests. It is for this reason that Polymer80 is compelled to now intervene in this lawsuit. As Polymer80 will demonstrate, is the ATF's actions are unconstitutional and unlawful.

The Court is familiar with the substantive and procedural posture of this case, having already awarded preliminary injunctions to other plaintiffs and allowed two sets of parties to intervene. (*See, e.g.*, Docs. 91 & 118.) Polymer80 seeks to intervene in this case under Federal Rule of Civil Procedure 24 so that it can obtain expedited relief from the ATF's unconstitutional and unlawful Final Rule, Open Letter, and Polymer80 Letter.

## SUMMARY OF THE ARGUMENT

This Court should grant Polymer80's exercise of its right to intervene in this litigation under Federal Rule of Civil Procedure 24(a)(2). First, Polymer80's motion is timely because Polymer80 moved to intervene within days of learning that its interests became imperiled;

3

intervention will cause no prejudice or delay to existing parties; Polymer80 will be prejudiced by the lack of swift relief; and the unusual circumstance of the ATF's Open Letter and Polymer80 Letter bolsters the need for intervention at this stage. Second, Polymer80 has powerful interests in the adjudication of the constitutionality and lawfulness of the Final Rule, Open Letter, and Polymer80 Letter. Third, Polymer80's ability to protect those interests would be impaired if not allowed to intervene because Polymer80's continued corporate existence depends on swift relief. And fourth, Polymer80's interests are not adequately represented by existing parties because Polymer80's interests diverge from existing parties in meaningful ways, *i.e.*, Polymer80 is a marketplace competitor to existing plaintiffs and Polymer80 raises legal challenges that other plaintiffs do not assert.

In the alternative, this Court should exercise its discretion to allow Polymer80 to intervene permissively under Federal Rule of Civil Procedure 24(b). Polymer80's motion is timely. Its claims share common questions of law with the existing plaintiffs' claims. And intervention will not cause undue delay or prejudice.

## ARGUMENT

This Court should grant Polymer80's motion to intervene as of right under Rule 24(a). In the alternative, this Court should allow Polymer80 to intervene permissively under Rule 24(b).

**I.     POLYMER80 IS ENTITLED TO INTERVENE AS OF RIGHT UNDER RULE 24(A)(2).**

Federal Rule of Civil Procedure 24(a)(2) governs Polymer80's motion to intervene as of right. To exercise that right, Polymer80 must satisfy four elements: (1) the motion must be timely; (2) Polymer80 must have an interest relating to the property or transaction which is the subject of the action; (3) Polymer80 must be so situated that the disposition of the action may, as a practical

matter, impair its ability to protect its interest; and (4) Polymer80's interest must be inadequately represented by existing parties. *St. Bernard Parish v. Lafarge N.A., Inc.*, 914 F.3d 969, 974 (5th Cir. 2019). Polymer80 fully satisfies each element.

As an initial matter, guiding Fifth Circuit precedent characterizes Polymer80's burden as "minimal," *La Union del Pueblo Entero v. Abbott*, 29 F.4th 299, 305 (5th Cir. 2022), requires Rule 24 "to be liberally construed," *Brumfield v. Dodd*, 749 F.3d 339, 341 (5th Cir. 2014), and mandates that all "doubts [be] resolved in favor of the proposed intervenor," *In re Lease Oil Antitrust Litig.*, 570 F.3d 244, 248 (5th Cir. 2009). In addition, "the court takes [Polymer80's] factual allegations as true." *La Union del Pueblo Entero*, 29 F.4th at 305. At bottom, courts are expected to "allow intervention 'where no one would be hurt and the greater justice could be attained.'" *Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir. 1994) (citation omitted).

  A.  **Polymer80's Motion is Timely.**

Timeliness turns on four factors that each favor Polymer80's intervention: (1) how long the would-be intervenor waited after learning of its interest in the case; (2) prejudice to existing parties; (3) prejudice to the intervenor if its motion is denied; and (4) any unusual circumstances. *Sommers v. Bank of Am., N.A.*, 835 F.3d 509, 512–13 (5th Cir. 2016). This determination "is not limited to chronological considerations but is to be determined from all the circumstances." *Wal-Mart Stores, Inc. v. Tex. Alcoholic Beverage Comm'n*, 834 F.3d 562, 565 (5th Cir. 2016) (quotation marks and citation omitted). And it is "largely committed to the discretion of the district court." *In re Lease Oil Antitrust Litig.*, 570 F.3d at 248 (quotation marks and citation omitted).

  **1. Polymer80 did not wait long to intervene.** Polymer80 moved to intervene within two weeks of the ATF issuing the Open Letter and Polymer80 Letter. Even if existing parties previously represented Polymer80's interests to some degree of adequacy (which Polymer80

5

disputes), the Open Letter and Polymer80 Letter specifically target Polymer80 and in that way eradicate any adequate representation. Polymer80 moved promptly to intervene after "it learned that its interest[s] may be in peril." *Adam Joseph Res. v. CNA Metals Ltd.*, 919 F.3d 856, 865 (5th Cir. 2019). In this context, "[t]he timeliness clock" began to run once Polymer80 "became aware that [its] interest[s] would no longer be protected by the existing parties to the lawsuit." *Edwards v. City of Hous.*, 78 F.3d 983, 1000 (5th Cir. 1996). Accordingly, the first timeliness factor weighs strongly in favor of Polymer80.[2]

**2. Polymer80's intervention will not prejudice existing parties.** This factor is the "most important consideration." *Rotstain v. Mendez*, 986 F.3d 931, 938 (5th Cir. 2021) (citation omitted). "[P]rejudice must be measured by the delay in seeking intervention, not the inconvenience to the existing parties of allowing the intervenor to participate in the litigation." *Espy*, 18 F.3d at 1206.

Existing parties will not be prejudiced by Polymer80's intervention for the same reasons that the other plaintiffs' intervention did not prejudice existing parties. (*See* Docs. 98 & 137.) First, Polymer80 did not *delay* intervention because it moved to intervene promptly after learning about the Open Letter and Polymer80 Letter; as such, there can be no prejudice resulting from delay. Second, Polymer80's intervention will not require amendment to the existing scheduling order or current dispositive-motion briefing schedule. (Doc. 105). Nor will it delay the resolution of any pending motions. Unless ordered otherwise, Polymer80 intends to: (1) promptly move for a preliminary injunction that will not delay ongoing summary-judgment briefing; and (2) adopt and

---

[2] Even if the "timeliness clock" began upon commencement of this lawsuit, Polymer80's five-month delay still falls comfortably within existing precedents favoring intervention. *See, e.g.*, *Keith v. St. George Packing Co., Inc.*, 806 F.2d 525, 525–26 (5th Cir. 1986) (holding that attorney timely moved for intervention 11 months after discharge from the action); *Ass'n of Prof. Flight Attendants v. Gibbs*, 804 F.2d 318, 321 (5th Cir. 1986) (holding that 5 months was reasonable where parties opposing intervention failed to show how that delay caused prejudice).

6

incorporate existing plaintiffs' summary-judgment briefing to the full extent such briefing overlaps with Polymer80's claims and arguments.³ The Court could then enter partial final judgment as necessary and permit Polymer80, if necessary, to seek summary judgment on any other claims. In addition, there is no need for discovery between Polymer80 and the Defendants, just as no discovery has been conducted among existing plaintiffs and the Defendants. And any argument from the Defendants that intervention would prejudice them by requiring them to respond to Polymer80's complaint, respond to a forthcoming motion for preliminary injunction, or otherwise facilitate Polymer80's participation, would fail because such circumstances amount only to "inconvenience," not "prejudice." *Espy*, 18 F.3d at 1206. For these reasons, the second timeliness factor also weighs strongly in favor of Polymer80's intervention.

**3. Polymer80 will be prejudiced if it cannot intervene.** Polymer80 will be prejudiced if this motion is denied. The Final Rule, Open Letter, and Polymer80 Letter have independently and collectively worked significant financial hardship on Polymer80. *See* Kelley Decl., at ¶¶ 10–14. In fact, as with other Intervenor–Plaintiffs, the Final Rule, Open Letter, and Polymer80 Letter will cause profound economic harm to Polymer80 and threaten its very existence as a going concern if it does not obtain swift relief from enforcement of those administrative actions. *Id.*

**4. Unusual circumstances exist here.** The ATF's issuance of the Open Letter and Polymer80 Letter is an unusual circumstance that further supports the timeliness of Polymer80's

---

³ To support justiciability and other preliminary legal issues specific to it, Polymer80 has attached as an exhibit to this brief a declaration supporting findings, *inter alia*, that: (1) Polymer80 is adversely affected by the Final Rule because it forced Polymer80 to discontinue sales of unfinished-frame kits; (2) Polymer80 is adversely affected by the Open Letter and Polymer80 Letter because they forced Polymer80 to discontinue sales of unfinished frames as currently designed; (3) that Polymer80 has sold (and intends prospectively to sell) substantial amounts of unfinished frames, and unfinished-frame kits, into the Northern District of Texas. *See* Kelley Decl., at ¶¶ 6, 10–14.

7

intervention. The Open Letter and Polymer80 Letter target Polymer80 and its products, render the Final Rule no longer generally applicable across the firearm-related product industry, foreclose Polymer80's good-faith compliance with the Final Rule, and necessitate Polymer80's participation in this action.

For these reasons, this Court should find that Polymer80's motion is timely.

### B.     Polymer80 has Sufficient Interests in this Action

Polymer80 has "direct, substantial, legally protectable interest[s] in the proceedings." *Texas v. United States*, 805 F.3d 653, 657 (5th Cir. 2017).

Polymer80 has protected "property" and "pecuniary" interests in its continued corporate existence and operation, which are threatened by the enforcement of the Final Rule, Open Letter, and Polymer80 Letter. *See id.* Those interests are sufficient to support intervention.

 "In cases challenging various statutory schemes as unconstitutional or as improperly interpreted and applied, the courts have recognized that the interests of those who are governed by those schemes are sufficient to support intervention." 7C Charles A. Wright, *et al.*, Fed. Prac. & Proc. § 1908.1 (3d ed. Apr. 2022 Update). The Fifth Circuit held that an intervenor has a sufficient interest in seeking to "protect his right to vote" in certain elections. *League of United Latin Am. Citizens v. City of Boerne*, 659 F.3d 421, 434 (5th Cir. 2011). It held that parents had a right to intervene to litigate an educational voucher program where the litigation potentially "threaten[ed] a prospective interference with educational opportunities." *Brumfield*, 749 F.3d at 343. And it held that alien–plaintiffs had a right to intervene in litigation that would determine whether they would "be eligible for deferred action" and whether they could obtain certain "employment opportunities." *Texas*, 805 F.3d at 660. Each of those precedents supports Polymer80's intervention. Polymer80 is "governed by" the regulatory schemes subject to constitutional and

8

administrative challenges. Fed. Prac. & Proc. § 1908.1. Polymer80 seeks to litigate its "right to" manufacture and distribute certain products, *LULAC*, 659 F.3d at 434, a judgment threatens its ability to participate in the firearms-related-product marketplace, *Brumfield*, 749 F.3d at 343, and this litigation will determine whether Polymer80 (and its owners and employees) can pursue the "employment opportunities" related to Polymer80's operations, *Texas*, 805 F.3d at 660. The harm to Polymer80 is much more direct and targeted than the potential harm which is the focus of these precedents. Furthermore, the harm to Polymer80 is considerably more substantial, as Polymer80 supplies the majority of the marketplace, and is not a single person in a large group of individuals (voters, students, or potential employees) that may be potentially harmed by the regulatory schemes at issue in those cases.

This Court therefore should find that Polymer80 has sufficient interests in this action.

### C. Polymer80's Ability to Protect Its Interests Would Be Impaired If Polymer80 Is Not Allowed to Intervene.

Denying intervention in "this action 'may' impair or impede" Polymer80's ability to protect its interests in two ways. *Brumfield*, 714 F.3d at 344.

First, Polymer80's ability to protect its interests is further impaired with each day that the Final Rule, Open Letter, and Polymer80 Letter remain enforceable against Polymer80. Polymer80's corporate existence depends on *swift* preliminary-injunctive relief to be followed by permanent relief, and its participation in this lawsuit "may" be the only way to obtain this individualized relief in a *timely* manner. *Brumfield*, 714 F.3d at 344. Participation in this already-developed lawsuit represents the most effective vehicle to seek relief against the Final Rule, Open Letter, and Polymer80 Letter.

Second, the potential for "adverse *stare decisis* effects" of this action further threatens Polymer80's ability to protect its interests. *Espy*, 18 F.3d at 1207. Polymer80 should not be

9

required to "wait on the sidelines" while the court considers existing parties' legal arguments. *Brumfield*, 749 F.3d at 344–45. Further, even if Polymer80 adopts existing parties' summary-judgment briefing, which it intends to do for the sole purpose of minimizing the risk of prejudice, Polymer80 can still "air [its] views" through preliminary-injunction briefing and later summary-judgment proceedings. *Id.*

For these reasons, this Court should find that denial of intervention will impair or impede Polymer80's ability to protect its interests.

        **D.**       **Existing Parties Do Not Adequately Represent Polymer80's Interests.**

No existing party adequately represents Polymer80's interests. *La Union del Pueblo Entero*, 29 F.4th at 308 (explaining that an intervenor need only that show representation "*may* be inadequate"). Polymer80 fully satisfies this "minimal" burden, *id.*, because "[t]he lack of unity in all objectives, combined with real and legitimate additional or contrary arguments, is sufficient to demonstrate that representation may be inadequate," *Brumfield*, 749 F.3d at 346.

**1. No presumption applies here.** A presumption of adequate representation arises either "where one party is a representative of the absentee by law" or "when the would-be intervenor has the same ultimate objective as a party to the lawsuit." *Id.* at 345. Neither applies here because Polymer80 brings unique causes of action, specifically that the Open Letter and Polymer80 Letter are unlawful and unconstitutional. *See* Doc. 137, at 8 ("The existing parties and Putative Intervenors do not, however, have the same ultimate objective despite the fact that they raise several overlapping claims. Putative Intervenors raise a unique claim implicating their rights under the Second Amendment that diverges from those brought by the current Plaintiffs."). No government body or legal representative protects Polymer80's interests. Likewise, Polymer80 does not share "the same ultimate objective" as any existing party. Polymer80's ultimate objective

10

is to preserve its corporate existence and ability to sell unfinished frames and unfinished-frame kits in the immediate future and in the long term. In other words, its ultimate objective includes *swift* relief from the Final Rule, Open Letter, and Polymer80 Letter *for itself*, which no existing party currently seeks. Moreover, Polymer80 raises constitutional and administrative claims related to the Open Letter that no existing party asserts. For these reasons, no presumption arises here.

**2. Any presumption is rebutted.** Even if a presumption applied, Polymer80 overcomes that presumption because "adversity of interest" exists between Polymer80 and existing plaintiffs in three ways. *See* Doc. 98, at 9 ("BlackHawk's status as marketplace competitor to Tactical Machining—who is already wholly protected by the current preliminary injunction and without economic incentive to advocate expanded relief for its competitor—is a practical nuance sufficient to overcome the presumption.") *Texas*, 805 F.3d at 662 ("In order to show adversity of interest, an intervenor must demonstrate that its interests diverge from the putative representative's interests in a manner germane to the case."). First, Polymer80 is a marketplace competitor to at least one party within each group of plaintiffs: Tactical Machining, BlackHawk, and Defense Distributed. *See* Kelley Decl., at ¶ 5. As such, those groups of plaintiffs—some of which already enjoy injunctive relief—are unlikely to seek relief that similarly adequately protects Polymer80. Because Polymer80 historically supplies the majority of the marketplace, those plaintiffs enjoy a profound business advantage in Polymer80's sudden lack of access to that marketplace – Polymer80's suffering is their success. Second, Polymer80's interests diverge from existing plaintiffs because Polymer80 seeks swift, individualized relief which no existing party currently seeks. And third, Polymer80 seeks to challenge the Open Letter and Polymer80 Letter, which explicitly target Polymer80 and do not even mention any existing plaintiff. These differences suffice to overcome any possibly applicable presumption and satisfy Polymer80's minimal burden of showing that

representation by existing parties "*may* be inadequate." *La Union del Pueblo Entero*, 29 F.4th at 308.

*  *  *

Polymer80 fully satisfies each element for intervention under Rule 24(a)(2). This Court should therefore grant Polymer80's exercise of its right to intervene.

## II.  IN THE ALTERNATIVE, THIS COURT SHOULD PERMIT POLYMER80 TO INTERVENE PERMISSIVELY UNDER RULE 24(B).

Should this Court disagree that Polymer80 is entitled to intervene as of right, it should exercise its discretion to permit Polymer80 to intervene permissively. Under Rule 24(b), a district court has broad discretion to permit permissive intervention so long as (1) the motion is timely; (2) the permissive intervenor shows that it has a claim or defense that shares a common question of law or fact with the main action; and (3) the court considers whether the intervention would unduly delay or prejudice the adjudication of the existing parties' rights. *See Rotstain*, 986 F.3d at 942; FED. R. CIV. P. 24(b)(1)(B), (3).

This Court should permit Polymer80 to intervene permissively because Rule 24(b)'s requirements are easily and fully satisfied. First, as set forth above, Polymer80's motion is timely. (*See supra* at 8–10). Second, Polymer80's claims substantially overlap with claims asserted by existing plaintiffs. (*Compare* Exhibit A with Docs. 93, 99 & 143). And third, as set forth above, no ongoing proceedings will be delayed and no existing party will be prejudiced by Polymer80's permissive intervention. (*See supra* at 9–11).

## CONCLUSION

For the reasons set forth above, Polymer80 respectfully requests that the Court grant this motion to intervene and permit Polymer80 to file its Proposed Complaint. (attached hereto as <u>Exhibit F</u>).

Respectfully submitted,

                        **BRADLEY ARANT BOULT CUMMINGS LLP**

                        By: */s/ Dennis L. Daniels Jr.*
                              DENNIS L. DANIELS JR.
                              Texas Bar No. 24107402
                              dldaniels@bradley.com
3600 Fountain Place
1445 Ross Avenue
Dallas, Texas 75202
Telephone (214) 257-9800
Facsimile (214) 939-8787

JAMES W. PORTER, III (*pro hac vice* forthcoming)
jporter@bradley.com
MARC A. NARDONE (*pro hac vice* forthcoming)
mnardone@bradley.com
BRADLEY ARANT BOULT CUMMINGS LLP
1615 L Street NW
Suite 1350
Washington, D.C. 20036
Telephone (202) 393-7150
Facsimile (202) 347-1684

                        **ATTORNEYS FOR POLYMER80, INC.**

## CERTIFICATE OF SERVICE

I certify that on January 9, 2023, the foregoing document was served, via the Court's CM/ECF Document Filing System, upon the registered CM/ECF users in this action.

                                          */s/ Dennis L. Daniels*
                                          Dennis L. Daniels