IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| JENNIFER VANDERSTOK; MICHAEL G. ANDREN; TACTICAL MACHINING, LLC, a limited liability company; and FIREARMS POLICY COALITION, INC., a nonprofit corporation, <br><br> Plaintiffs, <br><br> BLACKHAWK MANUFACTURING GROUP INC. d/b/a 80 PERCENT ARMS, <br><br> Intervenor Plaintiff, <br><br> DEFENSE DISTRIBUTED, and SECOND AMENDMENT FOUNDATION, INC., <br><br> Intervenor Plaintiffs, <br><br> and <br><br> POLYMER80, INC., <br><br> Applicant in Intervention, <br><br> v. <br><br> MERRICK GARLAND, in his official capacity as Attorney General of the United States; UNITED STATES DEPARTMENT OF JUSTICE; STEVEN DETTELBACH, in his official capacity as Director of the Bureau of Alcohol, Tobacco, Firearms and Explosives; and BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES, <br><br> Defendants. | **Civil Action No. 4:22-cv-00691-O** |

**POLYMER80, INC.'S MOTION FOR EXPEDITED BRIEFING SCHEDULING AND BRIEF IN SUPPORT THEREOF**

1

Applicant in Intervention Polymer80, Inc. ("Polymer80") respectfully files this Motion for Expedited Briefing Schedule and Brief in Support Thereof and would show the Court as follows:

## I.
## ARGUMENT

On January 9, 2023, Polymer80 filed its Motion to Intervene in the above captioned action for purposes of challenging on constitutional and administrative grounds the Final Rule at issue in this action, *Definition of "Frame or Receiver" and Identification of Firearms*, 87 Fed. Reg. 24,652 (Apr. 26, 2022) (hereinafter "Final Rule"), the ATF's Open Letter of December 27, 2022, *Open Letter to All Firearms Licensees: Impact of Final Rule 2021-05F on Partially Complete Polymer80, Lone Wolf, and Similar Semiautomatic Pistol Frames*, Bureau of Alcohol, Tobacco, Firearms and Explosives (Dec. 27, 2022) (hereinafter "Open Letter"), and the ATF's December 27, 2020 Letter to Mr. Loran Kelley (hereinafter "Polymer80 Letter") and to obtain declaratory and injunctive relief from enforcement of these administrative actions.

An expedited briefing schedule for its Motion to Intervene is appropriate here for several reasons. First, an expedited briefing schedule will allow Polymer80 to expeditiously obtain injunctive relief. Polymer80 intends to promptly move for a preliminary injunction to obtain relief from enforcement of the Final Rule, Open Letter, and the Polymer80 Letter, which threaten to harm and potentially destroy its business. Given the substantial threat of irreparable harm to its business, Polymer80 respectfully requests an expedited briefing schedule on its Motion to Intervene.

Second, an expedited briefing schedule will allow Polymer80 to participate in the summary-judgment motion practice, which is currently underway in the case, in accordance with the existing scheduling order. As stated in its Motion to Intervene, Polymer80 intends to adopt and incorporate existing plaintiffs' summary-judgment briefing, which was filed on December 23,

2022. However, if the Motion to Intervene proceeds on a non-expedited briefing schedule, the parties will have completed their summary-judgment briefing before Polymer80's intervenes. An expedited briefing schedule will provide Polymer80 a meaningful opportunity to participate in the current summary-judgment briefing.

Finally, an expedited schedule would not prejudice the parties opposing Polymer80's Motion to Intervene. Polymer80 relies on similar factual and legal bases as the two previous Motions to Intervene in this action, both of which were granted (Docs. 76-77 & 116-117). The parties opposing Polymer80's motion are well aware of the arguments they can make in response and would not be prejudiced by an expedited schedule.

For these reasons, the Court should set an expedited briefing schedule for Polymer80's Motion to Intervene.

## II.
## PRAYER FOR RELIEF

WHEREFORE, Polymer80, Inc. respectfully requests that this Court enter an expedited briefing schedule requiring parties to file responses, if any, to Polymer80, Inc.'s Motion to Intervene within five business days and for Polymer80, Inc. to file its reply within three business days following the response(s). Polymer80, Inc. further requests that this Court grant it any other relief to which it is justly entitled.

Respectfully submitted,

                    **BRADLEY ARANT BOULT CUMMINGS LLP**

By: */s/ Dennis L. Daniels Jr.*
     DENNIS L. DANIELS JR.
     Texas Bar No. 24107402
     dldaniels@bradley.com
3600 Fountain Place
1445 Ross Avenue
Dallas, Texas 75202
Telephone (214) 257-9800
Facsimile (214) 939-8787

JAMES W. PORTER, III (*pro hac vice* forthcoming)
jporter@bradley.com
MARC A. NARDONE (*pro hac vice* forthcoming)
mnardone@bradley.com
BRADLEY ARANT BOULT CUMMINGS LLP
1615 L Street NW
Suite 1350
Washington, D.C. 20036
Telephone (202) 393-7150
Facsimile (202) 347-1684

**ATTORNEYS FOR POLYMER80, INC.**

4

## **CERTIFICATE OF SERVICE**

I certify that on January 9, 2023, the foregoing document was served, via the Court's CM/ECF Document Filing System, upon the registered CM/ECF users in this action.

*/s/ Dennis L. Daniels*
Dennis L. Daniels