## Declaration of Alan M. Gottlieb

I, Alan M. Gottlieb, declare under penalty of perjury that the following statements are true and correct:

### Second Amendment Foundation, Inc.

1. I founded the Second Amendment Foundation, Inc. ("SAF") in 1974 and have overseen its operations almost continuously since then.  I am familiar with all significant aspects of SAF operations.

2. SAF is a non-profit membership organization incorporated under the laws of the State of Washington. SAF's principal place of business is in Bellevue, Washington. It is governed by a board of directors and has members nationwide and in this district.  Defense Distributed is a SAF member with home a substantial number of other SAF members do business.

3. SAF promotes the right to keep and bear arms by supporting education, research, publications, and legal efforts about the Constitution's right to privately own and possess firearms and the consequences of gun control.

### The new Final Rule

4. Congress in the Gun Control Act of 1968 defined "firearm" to mean "(A) any weapon (including a starter gun) which will or is designed to or may readily be converted to expel a projectile by the action of an explosive; (B) the frame or receiver of any such weapon; (C) any firearm muffler or firearm silencer; or (D) any destructive device. Such term does not include an antique firearm."  18 U.S.C. §921 (a)(2).  Congress never defined the "firearm" term's constituent phrase "frame or receiver."

5. From March 1978 to August 2022, the Attorney General of the United States (through authority delegated to what is now the Bureau of Alcohol, Tobacco, Firearms and Explosives) administered the Gun Control Act of 1968 by deeming the "firearm" definition's "frame or receiver" phrase to mean "[t]hat part of a firearm which provides housing for the hammer, bolt or breechblock, and firing mechanism, and which is usually threaded at its forward portion to receive the barrel." *Title and Definition Changes*, 43 Fed. Reg. 13,531, 13,537 (Mar. 31, 1978).

6. In August 2022, the Attorney General of the United States (through authority delegated to the ATF) administered the Gun Control Act of 1968 by giving the "firearm" definition's "frame or receiver" phrase a new meaning, *Definition of "Frame or Receiver" and Identification of Firearms*, 87 Fed. Reg. 24,652 (Apr. 26, 2022) (effective Aug. 24, 2022) (codified at 27 C.F.R. pts. 447, 478, and 479) (hereinafter the new Final Rule).

7. The new Final Rule redefines "firearm" under the Gun Control Act as including, for the first time, unfinished receivers, unfinished frames, and frame and receiver parts kits. *See* 27 C.F.R. § 478.12(c) (defining "frame" and "receiver" as including "partially complete," "disassembled," or "nonfunctional" frames and receivers that are "designed to or may readily be completed, assembled, restored, or otherwise converted to function as a frame or receiver," and defining frame and receiver parts kits as "firearms" by providing that a "a frame or receiver parts kit" can constitute "a partially complete, disassembled, or nonfunctional frame or receiver").

### SAF Members under the new Final Rule

8. The new Final Rule directly, substantially, and irreparably harms the substantial number of SAF members that (a) already legally own at least one firearm purchased from a federal firearms licensee, (b) reasonably desire to manufacture their own firearm for lawful self-defense at home by, inter alia, acquiring from Defense Distributed articles defined for the first time ever as "firearms" by the new Final Rule, and (c) would do so imminently if not for the new Final Rule's promulgation. For these SAF members, the effective exercise of Second Amendment rights depends on the ability to buy from Defense Distributed unfinished receivers, unfinished frames, and frame and receiver parts kits that (1) are *not* Gun Control Act "firearms" under the Gun Control Act itself, and (2) are *not* Gun Control Act "firearms" under administrative actions taken prior to August 2022, but that (3) *are* defined for the first time ever as Gun Control Act "firearms" by the new Final Rule. But because of the new Final Rule, these SAF members can no longer commercially purchase, possess, or otherwise acquire from firms like Defense Distributed unfinished receivers, unfinished frames, and frame and receiver parts kits that (1) are *not* Gun Control Act "firearms" under the Gun Control Act itself, and (2) are *not* Gun Control Act "firearms" under administrative actions taken prior to August 2022, but that (3) *are* defined for the first time ever as Gun Control Act "firearms" by the new Final Rule.

9. Furthermore, the New Final Rule's vagueness exerts a chilling effect on SAF members, who cannot reasonably determine what the law deems punishable and cannot reasonably determine how it will be administered.

10. It is no answer to say that SAF members might pay slightly more to acquire the articles in question from federal firearms licensees in compliance with the new Final Rule. Such a requirement is legally unconstitutional under *Bruen*; and it is factually impracticable, since the new Final Rule's onerous regime makes it uneconomical for a sufficient number of licensees to deal in "unfinished" frames and receivers and/or frame and receiver "parts kits." Furthermore, the costs of complying with these unjustifiable extra acquisition steps (e.g., FFL transfer fees) are themselves irreparably harms for SAF's law-abiding members.

11. I executed this declaration on January 6, 2023.

*Alan M. Gottlieb*

ALAN GOTTLIEB