# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | |
|---|---|
| **JENNIFER VANDERSTOK, et al.,**  §<br>§<br>    **Plaintiffs,**  §<br>§<br>**BLACKHAWK MANUFACTURING**  §<br>**GROUP INC. d/b/a 80 Percent Arms,**  §<br>§<br>    **Intervenor-Plaintiff,**  §<br>§<br>**DEFENSE DISTRIBUTED, and**  §<br>**THE SECOND AMENDMENT**  §<br>**FOUNDATION, INC.**  §<br>§<br>    **Intervenors-Plaintiffs,**  §<br>§<br>v.  §<br>§<br>**MERRICK GARLAND, in his Official**  §<br>**Capacity as Attorney General of the**  §<br>**United States, et al.,**  §<br>§<br>    **Defendants.**  | Civil Action No. 4:22-cv-00691-O |

## DEFENSE DISTRIBUTED AND THE
## SECOND AMENDMENT FOUNDATION, INC.'S
## MOTION FOR SUMMARY JUDGMENT

Defense Distributed and the Second Amendment Foundation, Inc. ("SAF") move for summary judgment against Defendants Merrick Garland, United States Department of Justice, Steven Dettelbach, and the Bureau of Alcohol, Tobacco, Firearms and Explosives.

Defense Distributed, SAF, and the Defendants agree that the Defendants will respond to this motion at the same time and in the same filing as they are scheduled to respond to the other motions for summary judgment. They also agree that Defense Distributed and SAF can reply in accordance with the current scheduling order, Doc. 105 at 2 ("Reply & Response to Cross-Motion due 21 days after Defendants' response and cross-motion are filed").

## Argument

**I.      Count One: APA § 706(2)(A), (C)—Statutory Contradiction.**

Defense Distributed and SAF move for summary judgment on Count One of Defense Distributed and SAF's complaint, *see* Doc. 143 at 20-21, ¶¶ 64-66, by joining and adopting the motion for summary judgment filed by Plaintiffs Jennifer VanDerStok, Michael G. Andren, Tactical Machining, LLC, and Firearms Policy Coalition, Inc. (hereinafter "Plaintiffs") as to Count I of their complaint, Doc. 140 at 1 (motion); Doc. 141 at 9, 47-50 (brief), and the motion for summary judgment of Intervenor-Plaintiff BlackHawk Manufacturing Group Inc. d/b/a 80 Percent Arms (hereinafter "Blackhawk") as to Count I of their complaint, Doc. 144 at 1-3 (motion); Doc. 145 at 17 & n.8, 41-42 (brief).

**II.     Count Two: APA § 706(2)(A)—Failure to consider.**

Defense Distributed and SAF move for summary judgment against Defendants on Count Two of Defense Distributed and SAF's complaint, *see* Doc. 143 at 22-23, ¶¶ 67-69, which no other party asserts, for the reasons set forth in the accompanying brief.

### III.        Count Three: APA § 706(2)(A), (C)—Delegation.

Defense Distributed and SAF move for summary judgment against Defendants on Count Three of Defense Distributed and SAF's complaint, *see* Doc. 143 at 23-24, ¶¶ 70-73, by joining and adopting the motion for summary judgment filed by Plaintiffs as to Count IV of their complaint, Doc. 140 at 2 (motion); Doc. 141 at 40-50 (brief), and the motion for summary judgment filed by BlackHawk as to Count I of its complaint, Doc. 144 at 1-3 (motion); Doc. 145 at 40-42 (brief).

### IV.        Count Four: APA § 706(2)(A), (C)—Change of position.

Defense Distributed and SAF also move for summary judgment against Defendants on Count Four of Defense Distributed and SAF's complaint, *see* Doc. 143 at 24-25, ¶¶ 74-76, by joining and adopting the motion for summary judgment filed by Plaintiffs as to Count III of their complaint, Doc. 140 at 1 (motion); Doc. 141 at 9-10, 21-24, 47-50 (brief), and the motion for summary judgment filed by BlackHawk as to Count I of its complaint, Doc. 144 at 1-3 (motion); Doc. 145 at 24-25, 41-42 (brief).

### V.        Count Five: APA § 706(2)(B)—Right to Keep and Bear Arms.

Defense Distributed and SAF also move for summary judgment against Defendants on Count Five of Defense Distributed and SAF's complaint, *see* Doc. 143 at 25, ¶¶ 77-80, by joining and adopting the motion for summary judgment filed by BlackHawk as to Count I of its complaint, Doc. 144 at 1-3 (motion); Doc. 145 at 34-37, 41-42 (brief).

### VI.        Count Six: APA § 706(2)(B)—Due Process Clause.

Defense Distributed and SAF also move for summary judgment against Defendants on Count Six of Defense Distributed and SAF's complaint, *see* Doc. 143 at 25-27, ¶¶ 81-86, by joining and adopting the motion for summary judgment filed by Plaintiffs as to Count VI of their

complaint, Doc. 140 at 2 (motion); Doc. 141 at 26-35, 47-50 (brief), and the motion for summary judgment filed by BlackHawk as to Count I of its complaint, Doc. 144 at 1-3 (motion); Doc. 145 at 32-34, 41-42 (brief).

## VII.     Briefing schedule

Defense Distributed, SAF, and the Defendants agree that the Defendants will respond to this motion at the same time and in the same filing as they are scheduled to respond to the other motions for summary judgment. They also agree that Defense Distributed and SAF can reply in accordance with the current scheduling order, Doc. 105 at 2 ("Reply & Response to Cross-Motion due 21 days after Defendants' response and cross-motion are filed").

## Conclusion

For these reasons, Defense Distributed and SAF request that the Court issue a summary judgment holding the Final Rule unlawful, setting it aside, and enjoining its enforcement. *See* Doc. 143 at 27, ¶¶ 88-90. The request for costs and attorney's fees, *id.* at 27, ¶ 93, should be addressed thereafter.

Date: January 12, 2023

Respectfully submitted,

/s/ Chad Flores
Chad Flores
Texas Bar No. 24059759
cflores@beckredden.com
Beck Redden LLP
1221 McKinney St., Suite 4500
Houston, TX 77010
(713) 951-3700
(713) 951-3720   Fax
*Counsel for Defense Distributed and the Second Amendment Foundation, Inc.*