## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| **JENNIFER VANDERSTOK, et al.,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **BLACKHAWK MANUFACTURING** | § | |
| **GROUP INC. d/b/a 80 Percent Arms,** | § | |
| | § | |
| **Intervenor-Plaintiff,** | § | |
| | § | |
| **DEFENSE DISTRIBUTED, and** | § | |
| **THE SECOND AMENDMENT** | § | **Civil Action No. 4:22-cv-00691-O** |
| **FOUNDATION, INC.** | § | |
| | § | |
| **Intervenors-Plaintiffs,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **MERRICK GARLAND, in his Official** | § | |
| **Capacity as Attorney General of the** | § | |
| **United States, et al.,** | § | |
| | § | |
| **Defendants.** | | |

## BRIEF IN SUPPORT OF DEFENSE DISTRIBUTED AND
## THE SECOND AMENDMENT FOUNDATION, INC.'S
## MOTION FOR SUMMARY JUDGMENT

**Argument**

Defense Distributed and the Second Amendment Foundation, Inc. ("SAF") move for summary judgment against Defendants Merrick Garland, United States Department of Justice, Steven Dettelbach, and the Bureau of Alcohol, Tobacco, Firearms and Explosives on all counts of Defense Distributed and SAF's complaint. For all but one of their claims, Defense Distributed and SAF's motion seeks summary judgment by joining and adopting specified aspects of the motion for summary judgment filed by Plaintiffs Jennifer VanDerStok, Michael G. Andren, Tactical Machining, LLC, and Firearms Policy Coalition, Inc. (hereinafter "Plaintiffs"), Doc. 140 (motion); Doc. 141 (brief), and/or the motion for summary judgment of Intervenor-Plaintiff BlackHawk Manufacturing Group Inc. d/b/a 80 Percent Arms (hereinafter "Blackhawk"), Doc. 144 (motion); Doc. 145 (brief).

Defense Distributed and SAF's Count Two is unique. No other party pleads it. So this brief explains why Defense Distributed and SAF's Count Two warrants a summary judgment holding that the new Final Rule is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" and setting it aside. 5 U.S.C. § 706(2)(A). The normal summary judgment standards for APA Section 706(2)(A) claims apply. *See* Fed. R. Civ. P. 56; § 706(2)(A).

**I.      Count Two: APA § 706(2)(A)—Failure to consider.**

In Count Two, Defense Distributed and SAF assert a unique process-based claim about the Agencies having violated the Administrative Procedure Act by promulgating the Final Rule with insufficient considerations. *See* Doc. 143 at 22-23. It is *not* the same as Defense Distributed and SAF's Count One, which asserts an *outcome*-based APA violation (the Final Rule's contradiction of its enabling statute) and is asserted by other claimants. Nor is it the same as Defense Distributed and SAF's Count Five, which asserts an *outcome*-based APA and constitutional violation (the Final Rule's contradiction of the Second Amendment) and is asserted by other claimants as well. Defense Distributed and SAF's Count Two is process-focused instead of outcome-focused and,

though it invokes Second Amendment precedent, the resulting violation is of the APA and not the Constitution.   No other party asserts this claim.   *See* Doc. 137 at 8 (Order granting Defense Distributed and SAF's motion to intervene) ("Putative Intervenors raise a unique claim implicating their rights under the Second Amendment that diverges from those brought by the current Plaintiffs.").

Defense Distributed and SAF's Count Two shows that the new Final Rule is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," § 706(2)(A), because the Agencies when promulgating the Final Rule failed to consider legally relevant factors and data. Whenever an agency makes a rule, the Agency's rulemaking process "must examine" "relevant factors" and "relevant data."   *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm*, 463 U.S. 29, 43 (1983).   For this rule, the Agencies had to consider the "relevant" Second Amendment inquiry upheld by *New York State Rifle & Pistol Association, v. Bruen*, 142 S.Ct. 2111 (2022).   That is, the APA required the Agencies to consider whether this "regulation is consistent with this Nation's historical tradition of firearm regulation" and to do so *strictly*—i.e., without using the "means-end scrutiny" that *Bruen* deemed unconstitutional.   *Id.* at 2126-32.   No such inquiry occurred here.

When promulgating the new Final Rule, the Agencies doubly violated the APA by both (1) failing to consider the factors and data that *Bruen* deems constitutionally mandatory and (2) relying instead on factors and data that *Bruen* deems constitutionally improper.   The administrative record is glaring in both respects.   Most importantly, the record shows no *Bruen*-compliant considerations because the Agencies did not even try to determine whether this "regulation is consistent with this Nation's historical tradition of firearm regulation."   *Id.* at 2126-32.   The Agencies never attempted to consider whether the new Final Rule "addresses a general societal problem that has persisted since the 18th century," and if so whether there was "a distinctly similar historical regulation addressing that problem."   *Id.*   These failures are established as a matter of law.

Instead of promulgating the Final Rule by considering the legally relevant factors and data, the administrative record shows that the Agencies compounded their APA violation by relying upon legally *irrelevant* matters.   They infected their rulemaking process with the very presumptions of legality and means-ends scrutiny that *Bruen* deems illegal.   *Compare* 87 Fed. Reg. 24,676-24,677 (relying on "compelling governmental interests" and "presumptively lawful regulatory measures"), *with Bruen*, 142 S. Ct. at 2126 ("*Heller* and *McDonald* do not support applying means-end scrutiny in the Second Amendment context.   Instead, the government must affirmatively prove that its firearms regulation is part of the historical tradition that delimits the outer bounds of the right to keep and bear arms.").   This too is established as a matter of law.

Given that the Agencies did not even attempt to consider the correct Second Amendment factors and data, it is no surprise to see that the resulting Final Rule violates the Constitution.   But that important result-based violation is a different and distinct problem addressed by other claims. At issue here in Defense Distributed and SAF's Count Two is the Agencies' procedural failure to *consider* the historical factors and data that *Bruen* deems relevant—a process-based APA illegality that warrants setting the Final Rule aside regardless of how outcome-based claims turn out.

For these reasons, Defense Distributed and SAF's Count Two entitles them to a summary judgment holding that the Final Rule is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" and ordering that it be "set aside."   5 U.S.C. § 706(2); *see Data Mktg. P'ship, LP v. United States Dep't of Lab.*, 45 F.4th 846, 859 (5th Cir. 2022).

## Conclusion

The motion should be granted both as to the grounds regarding Defense Distributed and SAF's Counts One, Three, Four, Five, and Six that are shared with other claimants.   Furthermore and independently, the motion should be granted as to the grounds regarding Defense Distributed and SAF's Count Two that Defense Distributed and SAF alone assert.

Date: January 12, 2022     Respectfully submitted,

/s/ Chad Flores
Chad Flores
Texas Bar No. 24059759
cflores@beckredden.com
Beck Redden LLP
1221 McKinney St., Suite 4500
Houston, TX 77010
(713) 951-3700
(713) 951-3720   Fax
*Counsel for Defense Distributed and the Second Amendment Foundation, Inc.*