IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| JENNIFER VANDERSTOK; MICHAEL G. ANDREN; TACTICAL MACHINING, LLC, a limited liability company; FIREARMS POLICY COALITION, INC., a nonprofit corporation,<br><br>*Plaintiffs*,<br><br>and<br><br>BLACKHAWK MANUFACTURING GROUP, INC.; DEFENSE DISTRIBUTED; and SECOND AMENDMENT FOUNDATION, INC.,<br><br>*Intervenor-Plaintiffs*,<br><br>v.<br><br>MERRICK GARLAND, in his official capacity as Attorney General of the United States; UNITED STATES DEPARTMENT OF JUSTICE; STEVEN DETTELBACH, in his official capacity as Director of the Bureau of Alcohol, Tobacco, Firearms and Explosives; and BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES<br><br>*Defendants*. | Civil Action No. 4:22-cv-00691-O |

**PLAINTIFFS' MOTION FOR LEAVE TO PROVIDE SUPPLEMENTAL AUTHORITY TO THEIR COUNT I BRIEFING AND THEIR MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT**

Pursuant to Local Rule 56.7, Plaintiffs Jennifer VanDerStok, Michael G. Andren, Tactical Machining, LLC, and Firearms Policy Coalition, Inc. (collectively, "Plaintiffs") respectfully move for leave to provide the following supplemental authority and argumentation in support of their Motion for Summary Judgment, and in so far as it is distinct before the Court's consideration, their consolidated briefing on Plaintiffs' Count I. ECF Nos. 16, 93, 133 (collectively, "Count I Briefing"); ECF Nos. 140, 141 (collectively, "Motion for Summary Judgment"). In support, Plaintiffs state the following:

1. Plaintiffs concluded their Count I Briefing, addressing the issue of the Department of Justice and Bureau of Alcohol, Tobacco, Firearms and Explosives' (collectively, "Agencies") statutory authority, with Plaintiffs' supplemental brief pursuant to Federal Rule of Civil Procedure 65 consolidation on December 5, 2022. ECF No. 133. Plaintiffs then filed their Motion for Summary Judgment and their Brief in Support on December 23, 2022. ECF Nos. 140, 141.

***Cargill v. Garland*, No. 20-51016, slip op. (5th Cir. Jan. 6, 2023) (*en banc*)**

2. On January 6, 2023, the Fifth Circuit issued an *en banc* opinion in *Cargill v. Garland*, No. 20-51016, slip op. (5th Cir. Jan. 6, 2023) (*en banc*), an Administrative Procedure Act challenge to the Agencies' 2018 rule that amended federal regulation to treat bump fire devices, specifically bump stocks, as if they were machineguns under federal law.[1] A copy of the Fifth Circuit's *en banc* opinion is attached as **Exhibit 1**.

3. The opinion post-dates Plaintiffs' Count I Briefing and Motion for Summary Judgment but is directly relevant to that briefing and to this Court's inquiry.

---

[1] The defendants in *Cargill v. Garland* are identical to those before this Court in this matter.

4.  In *Cargill*, the Fifth Circuit, sitting *en banc*, concluded: (1) that "a bump stock does not fall within the definition of 'machinegun' as set forth in federal law" and (2) that, accordingly, "ATF lacked the authority to issue a regulation purporting to define the term as such." *Cargill*, No. 20-51016 at *3.

5.  *First*, in finding that the Agencies lacked the authority to issue the bump stock rule, the Court looked to the plain text of the statutory definition of "machinegun" to determine the scope of the Agencies' authority. *See id.* at *15 ("Our primary task is to interpret the meaning of machinegun as defined in 26 U.S.C. § 5845(b).").

6.  The *en banc* Fifth Circuit began its inquiry by evaluating the plain meaning of the statute at the time it was passed. *Id.* at *16 ("The first phrase we consider is 'by a single function of the trigger.' At the time the statute was passed, 'function' meant 'action.'") (quoting *Webster's New International Dictionary* 1019 (2d ed. 1934)) (citations omitted). The Court was careful to avoid grafting "words that do not exist in the statute," into its analysis, *id.* at *18, and instead relied on dictionaries and rules of grammar, *id.* at *18–19. But the Court "do[es] not stop with the grammar," and then looked to "context for further clues," including the fact that "context tells [the Court] that Congress knew how to write a definition that explicitly turns on the action of a shooter rather than the action of a trigger, but chose not to do so here." *Id.* at *20. "With statutes, '[c]ontext is a primary determinant of meaning.'" *Id.* (quoting Antonin Scalia & Bryan A. Garner, READING LAW: THE INTERPRETATION OF LEGAL TEXTS 167 (2012)).

7.  *Second*, the Court concluded that *Chevron* deference did not apply for several reasons. The first of which was "the simple reason that the Government does not ask us to apply it." *Id.* at *27. That failure to invoke *Chevron* "means that the *Chevron* argument

2

has been waived—not merely forfeited." *Id.* (citing *United States v. Olano*, 507 U.S. 725, 733 (1993) ("Whereas forfeiture is the failure to make the timely assertion of a right, waiver is 'the intentional relinquishment or abandonment of a known right.'") (quoting *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938)); *Guedes v. ATF*, 920 F.3d 1, 21 (D.C. Cir. 2019) ("To the extent *Chevron* treatment can be waived, we assume that the government's posture in this litigation would amount to a waiver rather than only a forfeiture."); *Aposhian v. Barr*, 989 F.3d 969, 897 (10th Cir. 2020) ("[W]hen a party chooses not to pursue a legal theory potentially available to it, we generally take the view that it is 'inappropriate' to pursue that theory in our opinions.") (internal citation and quotation marks omitted) (Tymkovich, C.J., dissenting).

8. The Court also concluded that *Chevron* does not apply when the government adopts an interpretive position that is inconsistent with its prior position, as was the case in *Cargill*. *Cargill*, No.20-51016, at *33–34.

9. Lastly, the Court concluded that even if the Agencies did not waive *Chevron* and if the statutory definition was somewhat ambiguous, the rule of lenity would resolve any such ambiguity against the Agencies. *Id.* at *34–38. "If ATF could change the scope of criminal liability by issuing a regulation—free from the taxing obligations of bicameralism and presentment—the Executive could wield power that our Constitution reserves to the Legislature." *Id.* at *37.

10. The *en banc* Fifth Circuit's inquiry in *Cargill* is directly relevant to this Court's APA inquiry here, and, accordingly, Plaintiffs file this Motion to ensure this Court has the opportunity to consider *Cargill* in evaluating Plaintiffs' Court I Briefing and Motion for Summary Judgment. This Court should follow the Fifth Circuit's lead in that regard.

11. Additionally, the Fifth Circuit's *Chevron* inquiry is relevant here, namely the fact that *Chevron* does not apply when the government adopts a position that is inconsistent with its prior position and that, even if there were ambiguity, the rule of lenity would resolve that ambiguity against the Agencies.

12. Accordingly, this Court should consider the Fifth Circuit's *en banc Cargill* Opinion and the above analysis in support of Plaintiffs' Count I Briefing and Motion for Summary Judgment.

**Local Rule 56.7**

13. Under Local Rule 56.7, this Court has discretion to allow Plaintiffs to provide supplemental authorities. Given this opinion post-dates Plaintiffs' filings, Plaintiffs could not have possibly presented it to the Court previously.

14. Moreover, the supplemental authority is directly relevant to this Court's inquiry. The *Cargill* opinion is controlling precedent in this Circuit and is directly on point in this matter. As such, the parties and this Court have no choice but to address and follow it.

15. Additionally, no party will be prejudiced by allowing for this supplemental authority. The Agencies have not yet filed their cross-motion for summary judgment and response to Plaintiffs' motion, which is not due until February 13, 2023. Accordingly, the Agencies have the opportunity to review the *Cargill* opinion, which they were a party to, and to address it accordingly.

16. Pursuant to Local Rule 7.1(a), Plaintiffs contacted the parties regarding their position on this Motion. Counsel for Defendants indicated they are opposed. Plaintiff-Intervenor BlackHawk Manufacturing and Plaintiffs-Intervenors Defense Distributed and Second Amendment Foundation indicated they support this Motion.

Plaintiffs respectfully request that this Court grant Plaintiffs' Motion and consider the above supplemental authority and argumentation in support of Plaintiffs' Count I Briefing and their Motion for Summary Judgment.

DATED this 18th day of January, 2023.

> Respectfully submitted,
>
> R. Brent Cooper (TX Bar No. 04783250)
> Benjamin D. Passey (TX Bar No. 24125681)
> COOPER & SCULLY, P.C.
> 900 Jackson Street, Suite 100
> Dallas, Texas 75202
> Telephone: (214) 712-9500
> Telecopy: (214) 712-9540
> brent.cooper@cooperscully.com
> ben.passey@cooperscully.com
>
> Cody J. Wisniewski* (CO Bar No. 50415)
> FIREARMS POLICY COALITION
> 5550 Painted Mirage Road, Suite 320
> Las Vegas, NV 89149
> Telephone: (916) 378-5785
> Telecopy: (916) 476-2392
> cwi@fpchq.org
>
> */s/ Erin M. Erhardt*
> Kaitlyn D. Schiraldi* (TN Bar No. 039737)
> Erin M. Erhardt* (CO Bar No. 49360)
> MOUNTAIN STATES LEGAL FOUNDATION
> 2596 S. Lewis Way
> Lakewood, CO 80227
> Telephone: (303) 292-2021
> Telecopy: (877) 349-7074
> kschiraldi@mslegal.org
> eerhardt@mslegal.org
>
> *Admitted *pro hac vice*
>
> *Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 18th day of January 2023, I electronically filed the foregoing using this Court's CM/ECF system.

I certify that all participants in this case are registered CM/ECF users and service will be accomplished by this Court's CM/ECF system.

/s/ *Erin M. Erhardt*
Erin M. Erhardt
MOUNTAIN STATES LEGAL FOUNDATION


**CERTIFICATE OF CONFERENCE**

I hereby certify that, on January 13, 2023, I conferred with Defendants' counsel, via email, who stated on January 14, 2023, that Defendants oppose this Motion.

I hereby certify that, on January 13, 2023, I conferred with Intervenor-Plaintiff BlackHawk Manufacturing's counsel, via email, who stated that it supports this Motion.

I hereby certify that, on January 12, 2023, I conferred with Intervenors-Plaintiffs Defense Distributed and Second Amendment Foundation's counsel, via telephone, who stated that they support this Motion.

/s/ *Erin M. Erhardt*
Erin M. Erhardt
MOUNTAIN STATES LEGAL FOUNDATION

6