IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| JENNIFER VANDERSTOK; MICHAEL G. ANDREN; TACTICAL MACHINING, LLC, a limited liability company; FIREARMS POLICY COALITION, INC., a nonprofit corporation,<br><br>*Plaintiffs*,<br><br>and<br><br>BLACKHAWK MANUFACTURING GROUP, INC.; DEFENSE DISTRIBUTED; and SECOND AMENDMENT FOUNDATION, INC.,<br><br>*Intervenor-Plaintiffs*,<br><br>v.<br><br>MERRICK GARLAND, in his official capacity as Attorney General of the United States; UNITED STATES DEPARTMENT OF JUSTICE; STEVEN DETTELBACH, in his official capacity as Director of the Bureau of Alcohol, Tobacco, Firearms and Explosives; and BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES<br><br>*Defendants*. | Civil Action No. 4:22-cv-00691-O |

**PLAINTIFFS' RESPONSE IN PARTIAL OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO FILE EXCESS PAGES**

Plaintiffs respectfully submit this Response in opposition to Defendants' request to file a summary judgment reply brief in excess of 50 pages. Plaintiffs do not oppose Defendants receiving an extension of pages, even double the amount of pages normally allowed by the Rules, but Defendants' request for a 55 page reply is excessive. In support, Plaintiffs state the following:

1

1.      Plaintiffs filed their Motion for Summary Judgment and their Brief in Support on December 23, 2022. ECF Nos. 140, 141. Consistent with the Rules, Plaintiffs' Brief was 50 pages long. Intervenor-Plaintiffs Blackhawk Manufacturing Group, Inc. also filed their Motion for Summary Judgment and their Brief in Support on December 23, 2022. ECF Nos. 144, 145. On January 12, 2023, Intervenor-Plaintiffs Defense Distributed and the Second Amendment Foundation, Inc., filed their Motion for Summary Judgment and their Brief in Support. ECF Nos. 165, 166.

2.      Defendants filed their Cross-Motion for Summary Judgment, ECF No. 180, and their Combined Brief in support of their Motion and in opposition to Plaintiffs' and Intervenor-Plaintiffs' Motions, ECF No. 181, on February 13, 2023. Apparently determining that the Local Rule did not apply as written because they were submitting a single response to multiple Plaintiffs or because they were filing a cross-motion, Defendants' Brief was 72 pages, as compared to the default limit of 50 pages under Local Rule 56.5(b). Presumably this Cross-Motion and opposition was fully responsive to Plaintiffs' opening briefs as Defendants did not submit or seek leave to submit additional pages. Defendants' reliance on the respective page counts for the opening briefs is therefore inapposite and it is not proper to give Defendants additional pages in their reply brief to cover what would have been properly in their opposition.

3.      Plaintiffs filed their combined reply and response brief in support of Plaintiffs' Motion and in opposition to the Agencies' Motion on March 6, 2023. ECF No. 191. Despite the excess length of Defendants' brief, Plaintiffs' opposition brief was within the limits of the Local Rules at just under 50 pages. Intervenor-Plaintiffs filed their Response/Reply

briefs the same day. ECF Nos. 192, 193. Combined, Plaintiffs' and Intervenor-Plaintiffs' closing briefs totaled 85 pages.

4. On March 24, 2023, Plaintiffs filed a Motion for Leave to Provide Supplemental Authority to their Motion for Summary Judgment and Response to Defendants' Cross-Motion for Summary Judgment, ECF No. 197. That Motion, which informed this Court of an Advisory Letter Defendants promulgated after Plaintiffs completed their summary judgment briefs, was five pages in length.

5. On March 29, 2023, Defendants informed Plaintiffs' counsel that they wish to seek leave of the Court for excess pages for their reply.

6. Under the Local Rules for this District, "the length of a principal [summary judgment] brief must not exceed 50 pages and a reply brief must not exceed 25 pages," or one half the length of the principal brief. LR 56.5(b).

7. Plaintiffs informed Defendants that they would not object to a reasonable extension to 50 pages, or twice the pages allowed by default.

8. Even considering all of Plaintiffs' briefs combined, a 50-page reply brief would be 59 percent of the length of Plaintiffs' and Intervenor-Plaintiffs' briefs, providing eight additional pages above the 50 percent limit deemed adequate by the Rules.

9. Defendants, however, request an extension to 55 pages, or 65 percent of the length of Plaintiffs' and Intervenor-Plaintiffs' combined briefs, amounting to an additional 13 pages beyond the Rule's default that a summary judgment reply may be one-half the length of the response.

10. Even including the additional five pages in Plaintiffs' Motion for Leave to Provide Supplemental Authority, a 50-page reply brief would be 56 percent of the length of

Plaintiffs' and Intervenor-Plaintiffs' combined briefs, providing five additional pages above the 50 percent limit. An extension to 55 pages would be 61 percent of the length of all Plaintiffs' combined briefs, or ten pages above the 50 percent limit.

11. Defendants' only explanation for needing additional pages is that they are responding to multiple parties, but Plaintiffs' arguments overlap to a point and have other minor redundancies that already make applying the default rule favorable to Defendants. Counting *opposition* pages rather than parties or even articulating substantive arguments, Defendants provide no reason why they need thirteen more pages than the Rules deem generally adequate for a proportional reply brief.

12. Moreover, Defendants knew from the outset that the summary judgment briefing in this case involved multiple parties and issues yet did not seek clarification on appropriate page limits at a time fair and clear to all parties. Additionally, Defendants were fully aware of all the arguments they make when they filed their unopposed Motion for Extension of Time on March 20, 2023, yet failed to seek additional pages at that time. Instead, Defendants waited and only requested additional pages for their reply brief simultaneously with filing that brief, essentially making their request a *fait accompli*. This Court should not encourage such self-help maneuvers.[1]

13. Therefore, Plaintiffs respectfully request that this Court deny Defendants' Motion for Excess Pages to the extent it seeks more than 50 pages for Defendants' reply brief.

---

[1] Additionally, Defendants state in their Motion for Leave that they "have not sought any extension of the page limits previously in conjunction with their summary judgment brief," ECF No. 198, at 2, yet they gloss over the fact that their opening summary judgment brief was 72 pages (22 pages in excess of the default limit) despite not seeking leave of this Court for the additional pages.

DATED this 10th day of April, 2023.

                              Respectfully submitted,

R. Brent Cooper (TX Bar No. 04783250)
Benjamin D. Passey (TX Bar No. 24125681)
COOPER & SCULLY, P.C.
900 Jackson Street, Suite 100
Dallas, Texas 75202
Telephone: (214) 712-9500
Telecopy: (214) 712-9540
brent.cooper@cooperscully.com
ben.passey@cooperscully.com

Cody J. Wisniewski* (CO Bar No. 50415)
FIREARMS POLICY COALITION
5550 Painted Mirage Road, Suite 320
Las Vegas, NV 89149
Telephone: (916) 378-5785
Telecopy: (916) 476-2392
cwi@fpchq.org

*/s/ Erin M. Erhardt*
Erin M. Erhardt* (CO Bar No. 49360)
Kaitlyn D. Schiraldi* (TN Bar No. 039737)
MOUNTAIN STATES LEGAL FOUNDATION
2596 S. Lewis Way
Lakewood, CO 80227
Telephone: (303) 292-2021
Telecopy: (877) 349-7074
eerhardt@mslegal.org
kschiraldi@mslegal.org

*Admitted *pro hac vice*

*Attorneys for Plaintiffs*

5

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 10th day of April, 2023, I electronically filed the foregoing using this Court's CM/ECF system.

I certify that all participants in this case are registered CM/ECF users and service will be accomplished by this Court's CM/ECF system.

/s/ *Erin M. Erhardt*
Erin M. Erhardt
MOUNTAIN STATES LEGAL FOUNDATION
