## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | |
|---|---|
| JENNIFER VANDERSTOK *et al.*,<br><br>　　　Plaintiffs,<br><br>　v.<br><br>MERRICK GARLAND, in his official capacity as Attorney General of the United States *et al.*,<br><br>　　　Defendants. | Case No. 4:22-cv-00691-O |

## REPLY BRIEF IN SUPPORT OF DEFENDANTS'
## MOTION TO EXCEED PAGE LIMITS

1.　　The main purpose of briefing—especially merits briefing—is to provide the Court with briefing that will be useful in adjudicating the issues presented in the case. If arbitrary page limits interfere with this main purpose, then a party should seek leave to exceed those limits.

2.　　That is precisely what Defendants have done here. Intervenor Plaintiffs BlackHawk Manufacturing Group has no objection to Defendants' motion. Nor does Intervenor Plaintiff Defense Distributed or Intervenor Plaintiff Second Amendment Foundation. Although Original Plaintiffs oppose, they do not justify their opposition or identify any prejudice they would incur from a page limits increase.

3.　　Defendants' closing merits brief is responding to four briefs filed by Plaintiffs totaling 90 pages. Mot. to Exceed Page Limits at 1, ECF No. 198 (Mot.). It is reasonable to respond to 90 pages of briefing with a 55-page brief. The reasonableness of this request is demonstrated by the fact that none of the Intervenor Plaintiffs object to it. If Intervenor Plaintiffs knew of any prejudice they would suffer from Defendants' filing of a 55-page brief, then they would have objected. None did.

4.      Original Plaintiffs do not cite any authority suggesting that Defendants' request is unreasonable or present any coherent justification for their opposition.

5.      Original Plaintiffs do not contend that the number of pages in the parties' summary judgment briefing has unduly favored Defendants.  Nor could they: Plaintiffs have had the opportunity to present 182 pages of merits briefing in this case.  *Id.*  By contrast, with the requested extension, Defendants' total merits briefing amounts to only 127 pages.

6.      Instead, Original Plaintiffs mainly contend that a 50-page brief represents 59% of the length of all plaintiffs' closing merits briefs and that a 55-page brief represents 65%.  Opp. to Mot. at 3, ECF No. 201 (Opp.).  Initially, this calculation is incorrect because Original Plaintiffs neglect to mention that Defendants are responding to four, not three, briefs, for a total of 90 pages.  But in any event, Original Plaintiffs fail to explain the significance of these arbitrary percentages.  They offer nothing to suggest that they would be prejudiced by this discrete page length increase.

7.      As Defendants' motion explained, the reason a page extension is necessary is not simply that this case involves "multiple parties," *see id.* at 4.  Rather, the parties' merits briefing involves discussion of jurisdictional issues, merits issues, and remedial issues.  Original Plaintiffs' complaint alone includes seven causes of action.  Am. Compl., ECF No. 93.  And contending that some of plaintiffs' briefs overlap "to a point" with others, Opp. at 4, is very different from representing that the four briefs to which Defendants are responding overlap to a significant degree.  A 55-page closing brief is reasonable to address issues relating not just to the merits but also to matters of jurisdiction and the scope of any remedy.  Notably, Original Plaintiffs fail to identify any portion of Defendants' proposed closing merits brief that they believe to be unduly disproportionate to the particular argument being addressed.

9.      Original Plaintiffs contend that Defendants erred by not determining at the outset of merits briefing the number of pages that would be appropriate for each party's briefs.  *Id.* at 4.  But

given the number of parties involved in this case, an appropriate page limit would have been very difficult to determine in the abstract. Instead, Defendants reasonably decided to assess the need to seek additional page limits once they saw how many pages of briefing they would be responding to. Defendants never represented to Plaintiffs that they would not be seeking a page limits extension, to the extent necessary, for Defendants' closing merits brief. And in any event, Original Plaintiffs fail to explain what possible difference it could have made if Defendants had moved to extend the page limits earlier as opposed to now. And notably, they do not state that their position on Defendants' motion would have been any different.

10.     As explained above, the overall length of the parties' summary judgment briefs is heavily disproportionate in favor of Plaintiffs. And Original Plaintiffs incorrectly contend that Defendants exceeded the Court's page limits with their opening merits brief. *Id.* at 2, 4. The Local Rules allow for summary judgment "principal briefs"—in support of or in opposition to summary judgment—of up to 50 pages. LR 56.5(b). The Rules thus would allow for Defendants to file a brief supporting their cross-motion for summary judgment of up to 50 pages, and a brief supporting their opposition to Plaintiffs' summary judgment motions of up to 50 pages. Not wishing to burden the Court or adverse parties, Defendants instead filed a combined brief well under this combined page limit. And given that Plaintiffs' three opening briefs totaled 97 pages, Mot. at 1, it was certainly reasonable for Defendants to file a 72-page brief in response. Original Plaintiffs did not object to Defendants' opening merits brief when it was filed, and their belated opposition rings hollow.

11.     Thus, Original Plaintiffs present no coherent reason for opposing Defendants' page limits request. Nor do they identify any possible prejudice they could conceivably incur from this request.

12.     Plaintiffs have had more than an adequate opportunity to present their merits arguments to the Court in the manner they wished. Defendants simply request the same opportunity.

Plaintiff BlackHawk Manufacturing and Plaintiff Defense Distributed and Plaintiff Second Amendment Foundation all agree that Defendants request a reasonable number of pages to provide such briefing. Only Original Plaintiffs stand opposed.

For the reasons stated above and in Defendants' opening brief, Defendants respectfully request that the Court grant their partially opposed motion to exceed page limits.

DATED: April 14, 2023

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

ALEXANDER K. HAAS
Director, Federal Programs Branch

LESLEY FARBY
Assistant Director, Federal Programs Branch

*/s/ Daniel Riess*
DANIEL RIESS
TAISA M. GOODNATURE
JEREMY S.B. NEWMAN
Trial Attorneys
Civil Division, Federal Programs Branch
U.S. Department of Justice
1100 L Street, NW
Washington, DC 20005
Phone: (202) 353-3098
Email: Daniel.Riess@usdoj.gov
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

On April 14, 2023, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ Daniel Riess*

4