UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| JENNIFER VANDERSTOK, *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>MERRICK GARLAND, in his official capacity as Attorney General of the United States, *et al.*,<br><br>    Defendants. | Case No. 4:22-cv-00691-O |

**DEFENDANTS' OPPOSITION TO POLYMER80, INC.'s MOTION TO INTERVENE**

## INTRODUCTION

On January 9, 2023, Polymer80, Inc. ("Polymer80") sought to pursue identical claims in two distinct actions in this Court against the U.S. Department of Justice ("DOJ"), the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), and the leaders of those agencies in their official capacities, Attorney General Merrick Garland and ATF Director Steven Dettelbach (collectively, "Defendants").  First, Polymer80 filed its Complaint in a separate action in this Court.[1]  Second, Polymer80 filed a motion to intervene in this action,[2] seeking leave to file a Complaint in Intervention that (apart from the case caption) was identical to the Separate Complaint.  *Compare* Separate Compl. *with* Polymer 80, Inc.'s [Proposed] Complaint for Declaratory and Injunctive Relief, APP 058-102 ("Intervention Complaint" or "Intervention Compl.").  While Polymer80's intervention motion has been pending, Polymer80 has actively pursued the separate action, seeking and obtaining preliminary relief, *see* Opinion & Order on Polymer80, Inc.'s Motion for Temporary Restraining Order and Prelim. Inj., *Polymer80*, ECF No. 27 ("Polymer80 PI Order"), and submitting a joint report regarding scheduling and case management, Joint Report Regarding Contents of Scheduling Order, *Polymer80*, ECF No. 32.

Under these circumstances, it is neither necessary nor permissible for Polymer80 to intervene in this action.  Intervention would violate the rule against claim-splitting, under which a party cannot pursue the same claims against the same parties in two actions.  Polymer80 cannot show that this lawsuit could impair its ability to protect its interests, as required for intervention as of right, because Polymer80 is already seeking to protect those interests in the separate action.  Polymer80's

---

[1] Polymer80, Inc.'s Complaint for Declaratory and Injunctive Relief, *Polymer80, Inc. v. Garland*, No. 4:23-cv-00029-O (N.D. Tex. Jan. 9, 2023), ECF No. 1 ("Separate Complaint" or "Separate Compl.").
[2] Polymer80's Motion to Intervene, ECF No. 157 ("Mot."); *see also* Polymer80, Inc's Brief in Support of Motion to Intervene, ECF No. 158 ("Br."); App'x in Support of Polymer80, Inc.'s Brief in Support of its Motion to Intervene, ECF No. 159.  Citations to Polymer80's appendix are in the form "APP ___."

intervention motion is also untimely because Polymer80 sought to intervene when summary judgment briefing was already underway, such that intervention would prejudice the parties by delaying resolution of the case. Even if the Court deemed Polymer80's motion timely, it should still exercise its discretion to reject permissive intervention given the prejudice to existing parties from intervention and that Polymer80 is already seeking to vindicate its interests in separate litigation.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 24(a)(2) establishes four requirements for intervention as of right: "(1) the application for intervention must be timely; (2) the applicant must have an interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede his ability to protect that interest; [and] (4) the applicant's interest must be inadequately represented by the existing parties to the suit." *Haspel & Davis Milling & Planting Co. v. Bd. of Levee Comm'rs of Orleans Levee Dist.*, 493 F.3d 570, 578 (5th Cir. 2007) (quoting *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.* ("*NOPSI*"), 732 F.2d 452, 463 (5th Cir. 1984)). "Failure to satisfy any one requirement precludes intervention of right." *Id.* A would-be intervenor bears the burden of establishing that it satisfies each requirement. *See generally Texas v. United States*, 805 F.3d 653 (5th Cir. 2015).

Federal Rule of Civil Procedure 24(b)(1)(B) governs permissive intervention: "On timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Even where these requirements are satisfied, "[p]ermissive intervention 'is wholly discretionary with the [district] court.'" *Kneeland v. Nat'l Collegiate Athletic Ass'n*, 806 F.2d 1285, 1289 (5th Cir. 1987) (quoting *NOPSI*, 732 F.2d at 470-71). In resolving a request for permissive intervention, the Court should consider, *inter alia*, "whether the intervenors' interests are adequately represented by other parties"; "whether they 'will significantly contribute to

full development of the underlying factual issues in the suit'"; and "the effect [of intervention] on the existing parties." *NOPSI*, 732 F.2d at 472-73 (citations omitted).

## ARGUMENT

I. **Polymer80's Intervention Motion Should Be Denied Because It Would Result in Improper Claim-Splitting**

The rule against claim-splitting precludes litigants from pursuing the same claims in two distinct actions. "When a plaintiff files a second complaint alleging the same cause of action as a prior, pending, related action, the second complaint may be dismissed." *Friends of the Earth, Inc. v. Crown Cent. Petroleum Corp.*, 95 F.3d 358, 362 (5th Cir. 1996) (quoting *Oliney v. Gardner*, 771 F.2d 856, 859 (5th Cir. 1985)). "A main purpose behind the rule preventing claim splitting is to protect the defendant from being harassed by repetitive actions based on the same claim." *Matter of Super Van Inc.*, 92 F.3d 366, 371 (5th Cir. 1996). The rule also "conserve[s] judicial and party resources." *Texas Gen. Land Off. v. Biden*, No. 6:21-cv-00052, 2022 WL 3086333, at *24 (S.D. Tex. Aug. 3, 2022). "The rule 'prohibits a plaintiff from prosecuting its case piecemeal and requires that all claims arising out of a single wrong be presented in one action. In a claim splitting case, the second suit will be barred if the claim involves the same parties and arises out of the same transaction or series of transactions as the first claim.'" *Id.* at *19 (quoting *Ameritox, Ltd. v. Aegis Scis. Corp.*, No. 3:08-cv-1168-D, 2009 WL 305874, at *4 (N.D. Tex. Feb. 9, 2009)). For the rule to apply, "[f]irst, the plaintiffs in both proceedings must be identical or in privity with each other." *Id.* "Second, the Court evaluates whether the two cases involve the same claim or cause of action. Courts apply the transactional test. The critical question in applying the transactional test is whether the two actions were based on the same nucleus of operative facts." *Id.*

Intervention here would violate the rule against claim-splitting because Polymer80's proposed Intervention Complaint involves the same parties and same claims as the Separate Complaint. Because the Intervention Complaint is identical to the Separate Complaint, there could hardly be a clearer

3

application of the claim-splitting rule. The Plaintiff (Polymer80) is the same. *See* APP 062-063, Intervention Compl. ¶ 18; Separate Compl. ¶ 18. The Defendants (Garland, DOJ, Dettelbach, and ATF) are the same. *See* APP 063, Intervention Compl. ¶¶ 19-22; Separate Compl. ¶¶ 19-22. The causes of action are the same. *See* APP 087-101, Intervention Compl. ¶¶ 125-235; Separate Compl. ¶¶ 125-235. Every single factual allegation is the same. *See generally* Intervention Compl.; Separate Compl. Where, as here, a duplicative complaint would violate the rule against claim-splitting, "[d]ismissal of" that complaint "is therefore warranted." *Texas Gen. Land Off.*, 2022 WL 3086333, at *24; *see also Oliney*, 771 F.2d at 859-60 (affirming dismissal for claim-splitting); *Friends of the Earth*, 95 F.3d at 362 (same).

Because Polymer80's duplicative Intervention Complaint is "barred by the rule against claim-splitting," *Ameritox*, 2009 WL 305874, at *5, the Court should deny the motion to intervene. Recently, another district court correctly took this same approach when confronted with a proposed intervention that would result in claim-splitting. *See U.S. Equal Emp. Opportunity Comm'n v. Fresh Venture Foods, LLC*, No. 21-CV-07679-CBM-DFMX, 2022 WL 3137722, at *4 (C.D. Cal. May 24, 2022). In *Fresh Venture*, five employees alleging sex discrimination sought to intervene in a sex-discrimination lawsuit by the U.S. Equal Employment Opportunity Commission against their employer. *Id.* at *1. The court granted the motion of the first four putative intervenors. *See id.* at *2. But because Putative Intervenor 5 had filed a separate action bringing the same claims against the employer, the court found "that allowing Prospective Intervenor 5 to intervene in this case would violate the doctrine against claim-splitting and denie[d] the Motion as to Prospective Intervenor 5." *Id.* at *4. So too, here, the Court should deny Polymer80's motion to intervene because intervention would violate the rule against claim-splitting.

4

## II.   Polymer80 Is Not Entitled to Intervention as of Right.

### A.   Polymer80's Motion Is Not Timely.

Intervention as of right may only be granted "[o]n timely motion." Fed. R. Civ. P. 24(a). Timeliness "should be determined based on *all* the circumstances." *Effjohn Int'l Cruise Holdings, Inc. v. A&L Sales, Inc.*, 346 F.3d 552, 561 (5th Cir. 2003) (citation omitted) (emphasis in original). The Fifth Circuit's test for timeliness of intervention requires the Court to consider "(1) the length of time between the would-be intervenor's learning of his interest and his petition to intervene, (2) the extent of prejudice to existing parties from allowing late intervention, (3) the extent of prejudice to the would-be intervenor if the petition is denied, and (4) any unusual circumstances." *In re Lease Oil Antitrust Litig.*, 570 F.3d 244, 247-48 (5th Cir. 2009). These factors all weigh against Polymer80.

First, Polymer80 waited five months after the commencement of this action to seek intervention. Polymer80 argues that it did not learn of its interest until ATF issued the Open Letter and Polymer80 Letter in December 2022, Br. 5, but Polymer80's claimed interest was apparent since the case began. The Rule, which was challenged in the original Plaintiffs' Complaint, defines firearms to include partially complete frames or receivers that "may readily be completed" to a functional state. 87 Fed. Reg. 24,652, 24,739 (Apr. 26, 2022). Polymer80 sells partially complete frames that can be completed "by a person with novice skill, using common tools, such as a Dremel-type rotary tool, within minutes." APP 013; *see also* 87 Fed. Reg. at 24,686 & n.106 (citing Polymer80 products as examples of "easy-to-complete" frames and receivers). Therefore, it was clear that it was likely that ATF would conclude that Polymer80 sold partially complete frames and receivers that qualified as firearms under the Rule.

Second, the parties will be prejudiced if Polymer80 is permitted to intervene. Because Polymer80 did not intervene until summary judgment briefing was underway, intervention would substantially delay resolution of this case, to the detriment of Plaintiffs and Defendants. Specifically,

5

Defendants would likely file a motion to dismiss based on claim-splitting. If that motion were denied, then it would be necessary for Defendants to produce administrative records for the Open Letter and Polymer80 Letter and for Polymer80 and Defendants to brief the merits of Polymer80's claims regarding those letters.[3] That could delay resolution of this case by months. Tellingly, Plaintiffs informed Polymer80 that they opposed intervention on grounds of prejudice:

> Plaintiffs expressed concern that intervention at this point, while summary judgment briefing is underway, is untimely, will result in the delay of the resolution of their claims on the merits, and will therefore cause prejudice to the Plaintiffs. Plaintiffs noted that they believe a separate but coordinated suit is the appropriate procedural mechanism for new parties to assert claims and obtain any injunctive relief related to the Final Rule.

Mot. 5.[4]

Third, Polymer80 would not be prejudiced by a denial of intervention because it is seeking to protect its interests in the separate action and has already obtained preliminary injunctive relief in that action. *See infra*, Part II.B.

Fourth, the fact that Polymer80 filed the Separate Complaint containing identical claims on the same day it filed this motion is an "unusual circumstance[]," *In re Lease Oil Antitrust Litig.*, 570 F.3d at 248, weighing against intervention here, because it shows that intervention here is unnecessary to protect Polymer80's interests and would result in duplication in violation of the claim-splitting rule.

---

[3] In arguing against prejudice, Polymer80 asserts that it would "adopt and incorporate existing plaintiffs' summary-judgment briefing *to the full extent such briefing overlaps with Polymer80's claims and arguments*." Mem. 6-7 (emphasis added). But that caveat is crucial. Polymer80 asserts ten separate causes of action challenging the Open Letter and/or the Polymer80 Letter, *see* Intervention Compl. Counts II, IV, VI, VII, X, XI, XIII, XIV, XVI, XVII, which were not challenged by the existing parties, so Polymer80 and Defendants would need to brief those claims separately.

[4] Because intervention here would cause prejudice, cases cited by Polymer80, Mem. 6 n.2, which found intervention timely after five months or longer where there was no showing of prejudice, are distinguishable. *See Ass'n of Prof. Flight Attendants v. Gibbs*, 804 F.2d 318, 321 (5th Cir. 1986) ("The parties opposing the intervention have failed to show they were prejudiced by the delay from February to July 1985 in filing the motion."); *Keith v. St. George Packing Co., Inc.*, 806 F.2d 525, 526 (5th Cir. 1986) (stating that intervenor "timely applied to intervene" without analyzing prejudice).

**B.      Polymer80 Fails to Show that the Resolution of this Case May Impair Any Protected Interest It Possesses.**

An intervenor as of right must "claim[] an interest relating to the property or transaction which is the subject of the action, and [be] so situated that disposing of the action may as a practical matter impair or impede [its] ability to protect its interest." Fed. R. Civ. P. 24(a)(2). It is not sufficient for a putative intervenor to show that it possesses a property or transactional interest; rather, it must demonstrate that the action in which it seeks to intervene may impair its ability to protect that interest.

Polymer80 fails to meet this requirement because, to the extent its interests are in jeopardy, it is seeking to protect those interests through the separate action. Polymer80 asserts that its "interests in its continued corporate existence and operation . . . are threatened by the enforcement of the Final Rule, Open Letter, and Polymer80 Letter." Mem. 8. Polymer80 made those same arguments when seeking preliminary relief in the separate action, *see* Mem. in Supp. of Pl's. Mot. for Temporary Restraining Order and Prelim. Inj., *Polymer80*, ECF No. 15, at 21-23 ("The Final Rule, Open Letter, and Polymer80 Letter . . . threaten to put Polymer80 out of business."), and the Court accepted these arguments in granting preliminary injunctive relief to Polymer80 in the separate action, *see* Polymer80 PI Order 19 ("Polymer80's harm threatens the existence of its business, and is therefore irreparable for purposes of injunctive relief.").

Defendants recognize that in granting BlackHawk Manufacturing Group Inc.'s motion to intervene, the Court did not accept Defendants' argument that it should reject intervention because Blackhawk could file a separate lawsuit to protect its interests. But the Court's conclusion was based on its reasoning that absent intervention, "Blackhawk's cognizable property interest" in the continued operation of its business "will likely dissolve entirely." ECF No. 98, at 8. That reasoning does not apply here, where Polymer80 is already seeking relief to protect its interests (and has already received preliminary relief) in a separate lawsuit. Furthermore, Polymer80 does not show that whatever happens in this lawsuit will impede in any way its ability to protect its interests in the separate action.

*See United States v. LULAC*, 793 F.2d 636, 644 (5th Cir. 1986) (district "court erred in granting intervention as of right" where proposed intervenors had not shown that "disposition of the request for an injunction would 'as a practical matter, impair or impede' their ability to bring a separate action to protect any of their rights"); *United States v. Tex. E. Transmission Corp.*, 923 F.2d 410, 413-14 (5th Cir. 1991) (rejecting intervention where putative intervenor had not shown that case would have res judicata or *stare decisis* effect that would impair its ability to protect interests in separate litigation).[5]

A litigant "ha[s] no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant[s]." *Oliney*, 771 F.2d at 859 (quoting *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977)). Holding that intervention is necessary to allow a party to protect the same interests by asserting the same claims against the same parties that it is pursuing in a separate action would turn that rule on its head.

### III. The Court Should Deny Polymer80's Request for Permissive Intervention.

The Court should also deny Polymer80's request for permissive intervention under Rule 24(b). As explained above, Polymer80's motion is not timely. *See supra*, Part II.A. In any event, even if Polymer80's motion were deemed to be timely, the Court should still exercise its broad discretion to deny permissive intervention.

#### A. Polymer80's Motion Is Untimely.

As explained above, *see supra*, Part II.A, Polymer80's motion to intervene as of right is untimely. Because "[t]imeliness under mandatory intervention is evaluated more leniently than under permissive intervention," *Rotstain v. Mendez*, 986 F.3d 931, 942 (5th Cir. 2021) (citation omitted), it follows that Polymer80's motion for permissive intervention is also untimely. *See id.* ("Because we conclude that

---

[5] Polymer80 cites a case reasoning that "an intervenor's interest 'is impaired by the *stare decisis* effect of the district court's judgment,'" *Sierra Club v. Espy*, 18 F.3d 1202, 1207 (5th Cir. 1994), but the Supreme Court has since explained that district court decisions have no *stare decisis* effect, *see Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011).

8

the district court did not abuse its discretion by determining that the request for mandatory intervention was untimely, we also conclude that the district court did not abuse its discretion by determining that the request for permissive intervention was untimely.").

### B. In Any Event, the Court Should Exercise Its Discretion to Deny Permissive Intervention.

Even when the requirements of Rule 24(b) are satisfied, "[p]ermissive intervention 'is wholly discretionary with the [district] court.'" *NOPSI*, 732 F.2d at 470-71 (citation omitted). Where, as here, a litigant "has other adequate means of asserting its rights, a charge of abuse of discretion in the denial of a motion for permissive intervention would appear to be almost untenable on its face." *Korioth v. Brisco*, 523 F.2d 1271, 1279 n.25 (5th Cir. 1975) (citations omitted); *see also* Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 1913 ("[I]f there is another adequate remedy available to protect the intervenor's rights, this may persuade the court to deny leave to intervene. If the applicant is denied intervention, a judgment in the present action will not bind the applicant in some other proceeding."). As explained above, Polymer80 has and is already pursuing another adequate remedy to assert its alleged interests in the form of a separate action asserting the same claims it is asserting here. *See supra*, Part II.B. And pursuing these claims simultaneously in two distinct actions would constitute impermissible claim-splitting. *See supra*, Part I. Intervention is therefore inappropriate.

Additionally, in considering a request for permissive intervention, a relevant factor is whether the proposed intervenors "will significantly contribute to full development of the underlying factual issues in the suit." *NOPSI*, 732 F.2d at 472 (citation omitted). This factor also weighs against permissive intervention. With respect to the Rule, the existing parties have fully developed and briefed their claims and are awaiting this Court's resolution of cross-motions for summary judgment. Polymer80 also seeks to inject into this case new challenges to the Open Letter and Polymer80 Letter, but that too weighs against permissive intervention because it would prejudice existing parties by

9

expanding the scope of the case at a late stage, thus delaying resolution of the case. *See supra*, pp. 5-6; *NOPSI*, 732 F.3d at 473 ("The effect [of intervention] on the existing parties is also to be considered.").

Accordingly, even if this Court were to determine that Polymer80 has filed a timely motion for permissive intervention, it should deny its motion to intervene.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that Polymer80's motion to intervene be denied.

DATED: April 27, 2023

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

ALEXANDER K. HAAS
Director, Federal Programs Branch

LESLEY FARBY
Assistant Director, Federal Programs Branch

*/s/ Jeremy S.B. Newman*
DANIEL RIESS
TAISA M. GOODNATURE
JEREMY S.B. NEWMAN
Trial Attorneys
Civil Division, Federal Programs Branch
U.S. Department of Justice
1100 L Street, NW
Washington, DC 20005
Phone: (202) 532-3114
Email: jeremy.s.newman@usdoj.gov

*Attorneys for Defendants*

10

**CERTIFICATE OF SERVICE**

On April 27, 2023, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ Jeremy S.B. Newman*
