UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| JENNIFER VANDERSTOK, *et al.*,<br><br>  Plaintiffs,<br><br>  v.<br><br>MERRICK GARLAND, in his official capacity as Attorney General of the United States, *et al.*,<br><br>  Defendants. | Case No. 4:22-cv-00691-O |

**DEFENDANTS' OPPOSITION TO
NOT AN LLC dba JSD SUPPLY'S MOTION TO INTERVENE**

## INTRODUCTION

Not An LLC dba JSD Supply ("JSD") has moved to intervene in this case,[1] but it fails to satisfy the requirements for mandatory or permissive intervention. JSD Supply is not entitled to intervention as of right because its motion is untimely, and it has not shown that its interests may be impaired absent intervention. The motion is untimely because JSD waited to intervene until summary judgment briefing was already underway, intervention at this late stage would cause prejudice to existing parties by delaying resolution of the case, and JSD's assertion of prejudice is unpersuasive where JSD did not take any action to protect its alleged interests during the months that this Court deferred resolution of this motion. JSD fails to show that it has a protected interest that may be impaired absent intervention because the disposition of this case will have no *res judicata* or collateral estoppel effect on JSD, nor will it impair JSD's ability to protect its interest by maintaining its own suit challenging the Rule at issue here. JSD is also not entitled to permissive intervention because its motion is untimely, intervention would not aid the parties' development of the case, and intervention would cause prejudice to existing parties. Accordingly, this Court should deny JSD's motion to intervene.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 24(a)(2) establishes four requirements for intervention as of right: "(1) the application for intervention must be timely; (2) the applicant must have an interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede his ability to protect that interest; [and] (4) the applicant's interest must be inadequately represented by the existing parties to the suit." *Haspel & Davis Milling & Planting Co. v. Bd. of Levee Comm'rs of Orleans Levee Dist.*, 493 F.3d 570, 578 (5th Cir. 2007) (quoting *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*

---

[1] Not An LLC dba JSD Supply's Motion to Intervene, ECF No. 149 ("Mot."); *see also* Not An LLC dba JSD Supply's Brief in Support of Motion to Intervene, ECF No. 150 ("Br.").

1

("*NOPSI*"), 732 F.2d 452, 463 (5th Cir. 1984)). "Failure to satisfy any one requirement precludes intervention of right." *Id.* A would-be intervenor bears the burden of establishing that it satisfies each requirement. *See generally Texas v. United States*, 805 F.3d 653 (5th Cir. 2015).

Federal Rule of Civil Procedure 24(b)(1)(B) governs permissive intervention: "On timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Even where these requirements are satisfied, "[p]ermissive intervention 'is wholly discretionary with the [district] court.'" *Kneeland v. Nat'l Collegiate Athletic Ass'n*, 806 F.2d 1285, 1289 (5th Cir. 1987) (quoting *NOPSI*, 732 F.2d at 470-71). In resolving a request for permissive intervention, the Court should consider, *inter alia*, "whether the intervenors' interests are adequately represented by other parties"; "whether they 'will significantly contribute to full development of the underlying factual issues in the suit'"; and "the effect [of intervention] on the existing parties." *NOPSI*, 732 F.2d at 472-73 (citations omitted).

## ARGUMENT

### I. JSD Is Not Entitled to Intervention as of Right.

#### A. JSD's Motion Is Not Timely.

Intervention as of right may only be granted "[o]n timely motion." Fed. R. Civ. P. 24(a). Timeliness "should be determined based on *all* the circumstances." *Effjohn Int'l Cruise Holdings, Inc. v. A&L Sales, Inc.*, 346 F.3d 552, 561 (5th Cir. 2003) (citation omitted) (emphasis in original). The Fifth Circuit's test for timeliness of intervention requires the Court to consider "(1) the length of time between the would-be intervenor's learning of his interest and his petition to intervene, (2) the extent of prejudice to existing parties from allowing late intervention, (3) the extent of prejudice to the would-be intervenor if the petition is denied, and (4) any unusual circumstances." *In re Lease Oil Antitrust Litig.*, 570 F.3d 244, 247-48 (5th Cir. 2009). These factors all weigh against JSD.

2

First, JSD waited five months after the commencement of this action to seek intervention. During that time, the parties briefed and the Court resolved Plaintiffs' motion for preliminary injunction, two motions to intervene, and a motion for preliminary injunction by the initial intervenor. Defendants also lodged the administrative record and the parties submitted supplemental briefing on Plaintiffs' statutory interpretation claim and began summary judgment briefing on the remaining claims. That JSD delayed until a late stage of this litigation weighs against timeliness.

Second, the parties will be prejudiced if JSD is permitted to intervene. Because JSD did not intervene until summary judgment briefing was underway, intervention would substantially delay resolution of this case, to the detriment of Plaintiffs and Defendants. JSD argues that intervention would not cause prejudice because it would adopt or join Plaintiffs' summary judgment briefing. Br. 10. But JSD has also indicated if allowed to intervene, it intends to seek "a nationwide preliminary injunction" against enforcement of the Rule, Not An LLC dba JSD Supply's [Proposed] Motion for Preliminary Injunction, ECF No. 151, at 1, even though the Court has repeatedly declined to grant such relief, *see* Opinion & Order on Preliminary Injunction, ECF No. 56, at 22; Opinion & Order on Scope of Preliminary Injunction, ECF No. 89, at 19-20. Intervention therefore is likely to prejudice the parties by delaying resolution of the case while JSD seeks to relitigate issues that have already been decided.[2] The prejudice from JSD's delay distinguishes this case from *Association of Professional Flight Attendants v. Gibbs*, 804 F.2d 318 (5th Cir. 1986), cited by JSD, Br. 4. *Gibbs* found an intervention motion timely after a five-month delay, but the court reasoned: "The parties opposing the intervention

---

[2] Counsel for Plaintiffs advised JSD's counsel that "Plaintiffs do not expressly oppose but could not agree with the motion." Mot. 3. Plaintiffs' counsel also indicated opposition to another intervention motion filed four days after JSD's motion, "express[ing] concern that intervention at this point, while summary judgment briefing is underway, is untimely, will result in the delay of the resolution of their claims on the merits, and will therefore cause prejudice to the Plaintiffs." Polymer80, Inc.'s Motion to Intervene, ECF No. 157, at 5.

have failed to show they were prejudiced by the delay from February to July 1985 in filing the motion." 804 F.2d at 321. Here, intervention would cause prejudice.

Third, JSD would not be prejudiced by denial of intervention because to the extent it contends that its business is in peril, it could protect its interests by initiating separate litigation. However, even though this Court decided in January 2023 that it would defer resolution of JSD's intervention motion for months pending briefing of the parties' summary judgment motions, *see* Order, ECF No. 172, JSD did not seek any relief in the interim (unlike putative intervenor Polymer80, Inc., which sought preliminary relief through a separate lawsuit). Today, according to JSD's website, the company is still in business and offering many products for sale. *See generally* JSD Supply, jsdsupply.com.

Fourth, JSD concedes that no unusual circumstances weigh in favor of a finding of timeliness. Br. 5. If anything, the fact that JSD waited until the case's late stages when summary judgment briefing was underway weighs against timeliness.

### B. JSD Fails to Show That the Resolution of This Case May Impair Any Protected Interest It Possesses.

An intervenor as of right must "claim[] an interest relating to the property or transaction which is the subject of the action, and [be] so situated that disposing of the action may as a practical matter impair or impede [its] ability to protect its interest." Fed. R. Civ. P. 24(a)(2). It is not sufficient for a putative intervenor to show that it possesses a property or transactional interest; rather, it must demonstrate that the action in which it seeks to intervene may impair its ability to protect that interest.

Where, as here, the disposition of a case will not impair a non-party's ability to maintain its own suit seeking relief akin to that sought by the plaintiffs, the non-party fails to satisfy this burden. *See, e.g.*, *B.H. v. McDonald*, 49 F.3d 294, 297 (7th Cir. 1995) (non-party had no right to intervene in pending case because it retained the right to file separate suit seeking the same relief as that sought by plaintiffs—to challenge the constitutionality of in-chambers conferences—without intervening); *Warren v. Comm'r*, 302 F.3d 1012, 1015 (9th Cir. 2002) (declining to allow amicus to intervene as of

4

right because it could "raise [its] issue through a separate lawsuit"); *Fairholme Funds, Inc. v. United States*, 681 F. App'x 945, 948 (Fed. Cir. 2017) (per curiam) (affirming denial of intervention where denial "would not 'as a practical matter impair or impede [the proposed intervenor's] ability to protect his interest'" because the movant "would not be bound as a party to any result reached" in relation to the existing plaintiff and would later be "free to file his own action asserting his own taking claim as a basis for his own relief.").

Thus, in *United States v. Texas Eastern Transmission Corp.*, 923 F.2d 410 (5th Cir. 1991), Pennsylvania unsuccessfully attempted to intervene in a case brought by the federal government against a corporation seeking cleanup of a hazardous waste site in several states (including Pennsylvania). *Id.* at 412-16. The Fifth Circuit held that the state's interest in protecting its natural environment and enforcing its own environmental laws would not be impaired absent intervention because, *inter alia*, it was "not a party to this action" and thus no adverse *res judicata* or *stare decisis* could possibly apply, *id.* at 414; moreover, "Pennsylvania c[ould] enforce its own laws by bringing a separate action against Texas Eastern," *id.* at 416; *see also United States v. LULAC*, 793 F.2d 636, 644 (5th Cir. 1986) (district "court erred in granting intervention as of right" where proposed intervenors had not shown that "disposition of the request for an injunction would 'as a practical matter, impair or impede' their ability to bring a separate action to protect any of their rights"); *St. Bernard Par. v. Lafarge N. Am., Inc.*, 914 F.3d 969, 975 (5th Cir. 2019) (rejecting putative intervenor's contention that he would be "prejudiced absent intervention because it w[ould] be difficult to pursue his claim elsewhere" where state-law action was available avenue of relief).

Defendants recognize that in granting BlackHawk Manufacturing Group Inc.'s motion to intervene, the Court did not accept Defendants' argument that it should reject intervention because Blackhawk could file a separate lawsuit to protect its interests. But the Court's conclusion was based on its reasoning that absent intervention, "Blackhawk's cognizable property interest" in the

5

"continued operation of its business . . . will likely dissolve entirely." ECF No. 98, at 7-8. Here, however, the Court deferred resolution of JSD's motion for months pending summary judgment briefing, ECF No. 172, putting JSD on notice that if its business was in immediate peril, it would need to seek relief elsewhere. But JSD elected not to do so, and its business is still operating today. *See supra*, p. 4. These circumstances suggest strongly that JSD did not, and does not, face the sort of risk of imminent dissolution of its business that this Court found justified granting BlackHawk's motion to intervene.

## II.  The Court Should Deny JSD's Request for Permissive Intervention.

The Court should also deny JSD's request for permissive intervention under Rule 24(b). As explained above, JSD's motion is not timely. *See supra*, Part I.A. In any event, even if JSD's motion were deemed to be timely, the Court should still exercise its broad discretion to deny permissive intervention.

### A.  JSD's Motion Is Untimely.

As explained above, *see supra*, Part I.A, JSD's motion to intervene as of right is untimely. Because "[t]imeliness under mandatory intervention is evaluated more leniently than under permissive intervention," *Rotstain v. Mendez*, 986 F.3d 931, 942 (5th Cir. 2021) (citation omitted), it follows that JSD's motion for permissive intervention is also untimely. *See id.* ("Because we conclude that the district court did not abuse its discretion by determining that the request for mandatory intervention was untimely, we also conclude that the district court did not abuse its discretion by determining that the request for permissive intervention was untimely.").

### B.  In Any Event, the Court Should Exercise Its Discretion to Deny Permissive Intervention.

Even when the requirements of Rule 24(b) are satisfied, "[p]ermissive intervention 'is wholly discretionary with the [district] court.'" *NOPSI*, 732 F.2d at 470-71 (citation omitted). Where, as here, a litigant "has other adequate means of asserting its rights, a charge of abuse of discretion in the denial

6

of a motion for permissive intervention would appear to be almost untenable on its face." *Korioth v. Brisco*, 523 F.2d 1271, 1279 n.25 (5th Cir. 1975) (citations omitted); *see also* Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 1913 ("[I]f there is another adequate remedy available to protect the intervenor's rights, this may persuade the court to deny leave to intervene. If the applicant is denied intervention, a judgment in the present action will not bind the applicant in some other proceeding."). As explained above, *see supra* I.B, JSD has another adequate remedy to assert its alleged interests in the form of a separate action challenging the Rule. Intervention is therefore inappropriate.

Additionally, in considering a request for permissive intervention, a relevant factor is whether the proposed intervenors "will significantly contribute to full development of the underlying factual issues in the suit." *NOPSI*, 732 F.2d at 472 (citation omitted). This factor also weighs against permissive intervention. Without JSD's involvement, the existing parties have fully developed and briefed their claims and are awaiting this Court's resolution of cross-motions for summary judgment. Moreover, "[t]he effect [of intervention] on the existing parties is also to be considered." *NOPSI*, 732 F.3d at 473. Here, intervention would prejudice existing parties by delaying resolution of the case. *See supra*, p. 3.

Accordingly, even if this Court were to determine that JSD has filed a timely motion for permissive intervention, it should deny its motion to intervene.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that JSD's motion to intervene be denied.

| | |
|---|---|
| DATED: April 27, 2023 | Respectfully submitted,<br><br>BRIAN M. BOYNTON<br>Principal Deputy Assistant Attorney General<br><br>ALEXANDER K. HAAS<br>Director, Federal Programs Branch<br><br>LESLEY FARBY<br>Assistant Director, Federal Programs Branch<br><br>*/s/ Jeremy S.B. Newman*<br>DANIEL RIESS<br>TAISA M. GOODNATURE<br>JEREMY S.B. NEWMAN<br>Trial Attorneys<br>Civil Division, Federal Programs Branch<br>U.S. Department of Justice<br>1100 L Street, NW<br>Washington, DC 20005<br>Phone: (202) 532-3114<br>Email: jeremy.s.newman@usdoj.gov<br><br>*Attorneys for Defendants* |

## **CERTIFICATE OF SERVICE**

On April 27, 2023, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ Jeremy S.B. Newman*
