IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| JENNIFER VANDERSTOK, *et al.*,<br><br>*Plaintiffs*,<br><br>and<br><br>BLACKHAWK MANUFACTURING GROUP, INC.; DEFENSE DISTRIBUTED; and SECOND AMENDMENT FOUNDATION, INC.,<br><br>*Intervenor-Plaintiffs*,<br><br>v.<br><br>MERRICK GARLAND, in his official capacity as Attorney General of the United States; *et al.*,<br><br>*Defendants*. | Civil Action No. 4:22-cv-00691-O |

**PLAINTIFFS' OPPOSITION TO
NOT AN LLC (JSD SUPPLY) AND
POLYMER 80, INC.'S MOTIONS TO INTERVENE**

Plaintiffs oppose the motions by Not an LLC d/b/a JSD Supply ("JSD Supply") and Polymer 80, Inc. ("Polymer 80") to intervene in this lawsuit because additional interventions seemingly cannot now be accommodated without a delay in the resolution of Plaintiffs' case on the merits.

The unlawful Final Rule promulgated by Defendants has had significant negative effects on many businesses—many more than are parties to this case. However, allowing every substantially affected party to intervene in this litigation would delay the resolution of this issue for the Plaintiffs and granted Intervenors, causing prejudice. Should the Court allow intervention— and particularly if the Court allows JSD Supply and Polymer80 to participate in summary

1

judgment briefing—it would cause significant delay in the resolution of Plaintiffs' case on the merits.

The administrative record has been filed, summary judgment briefing has concluded, the preliminary injunction currently protecting Plaintiffs is on appeal to the Fifth Circuit, and Plaintiffs' pending motion for summary judgment addresses additional arguments not considered in the preliminary injunction. Moreover, Plaintiffs' summary judgment motion seeks vacatur of the Final Rule, and vacating the Final Rule due to its violation of the APA and constitutional provisions will provide more complete, permanent relief than the existing preliminary injunction and will likely address all the reasons the Final Rule is unlawful. Accordingly, delay of this broader relief on the full merits of Plaintiffs' claims, likely resting on multiple alternative bases, puts Plaintiffs at needless risk, considering this Court's preliminary injunction has already been appealed.

Polymer80 and JSD Supply—both of whom first sought intervention in January 2023—are simply late to this litigation. The Final Rule was published in April 2022. The Plaintiffs initiated suit in August 2022. This Court granted the original injunction on September 2, 2022. The parties commenced summary judgment briefing in late December 2022. Allowing intervention at this point would likely delay these proceedings and prejudice the Plaintiffs.[1]

There is nothing to prevent the proposed intervenors from filing their own lawsuits—indeed, Polymer80 already has. *See* Complaint, *Polymer80, Inc. v. Garland*, 4:23-cv-00029 (N.D. Tex. Jan. 9, 2023). There is also nothing that prevented them from participating in this matter through *amicus* briefs. More importantly, should Plaintiffs prevail on their motion for summary

---

[1] To the extent, however, that granting intervention would not affect or delay resolution of Plaintiffs' pending summary judgment motion, Plaintiffs' concerns about timeliness and prejudice are somewhat mitigated.

judgment, and should this Court vacate the unlawful provisions of the Final Rule, the proposed intervenors would benefit from that relief as well.

## BACKGROUND

Plaintiffs filed suit against the Department of Justice ("DOJ") and the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF," collectively "Defendants") on August 11, 2022, and have moved this case forward on an expedited basis. *See* ECF Nos. 1 (Petition); 16 (motion for preliminary injunction); 17 (Order expediting briefing on preliminary injunction motion); 23 (Order expediting briefing on Defendants' motion to transfer); 33 (Order requiring expedited briefing on potential Rule 65 consolidation). Plaintiffs sought an injunction on August 17, 2022. ECF No. 16. The Court issued a preliminary injunction on September 2, 2022. ECF No. 56. Additional expedited briefing followed. *See* ECF Nos. 56 (providing expedited schedule for any motion to address scope of injunction); 63 (motion to expand injunction); 74 (Order expediting briefing on Defendants' motion for clarification). The Court then expanded the preliminary injunction on October 1, 2022, and clarified on October 3, 2022. ECF Nos. 89, 91. The preliminary injunctions covered only the Individual Plaintiffs, Tactical Machining, and Tactical Machining's customers while excluding coverage for prohibited persons under 18 U.S.C. § 922(g). On October 5, 2022, Plaintiffs filed an Amended Petition, adding their First Amendment Claim. ECF No. 93.

BlackHawk Manufacturing Group ("BlackHawk") filed a motion to intervene on September 22, 2022, and thereafter proceeded on an expedited basis. ECF Nos. 76, 77. BlackHawk was granted intervenor status by the Court on October 18, 2022. ECF No. 98. BlackHawk filed a motion for a preliminary injunction on October 20, 2022. ECF Nos. 102, 103. BlackHawk was granted a preliminary injunction on November 3, 2022. ECF No. 118.

On October 24, 2022, this Court entered a Scheduling Order, requiring any motions to amend to be filed within 21 days of when Defendants answered, and setting a schedule for summary judgment briefing. ECF No. 105. Also on October 24, 2022, the Defendants lodged the administrative record. ECF No. 106. The next day, the Court consolidated the preliminary injunction and trial on the merits for Count I of Plaintiffs' Amended Petition and provided a deadline for any related supplemental briefing on Count I. ECF No. 107.

On November 1, Defendants filed notices of appeal, appealing the preliminary injunction granted to Plaintiffs, ECF Nos. 113, 114, and three days later appealed the preliminary injunction granted to Blackhawk, ECF No. 120.

Defense Distributed and the Second Amendment Foundation filed motions to intervene on November 2, 2022. ECF Nos. 116, 117. The Court issued an order granting that motion on December 19, 2022. ECF No. 137.[2]

On November 10, 2022, Defendants filed their Answer to Plaintiffs' Amended Petition, making any last motions to amend due December 1, 2022. ECF No. 123.

Pursuant to the Court's October 25, 2022 Order consolidating the preliminary injunction and trial on the merits for Plaintiffs' Count I, on December 5, 2022, Plaintiffs, Blackhawk, and Defendants filed supplemental briefs addressing Plaintiffs' and Blackhawk's claims that the Final Rule exceeds Defendants' authority. ECF Nos. 132, 134.

On December 20, 2022, Defendants filed their opening brief before the Fifth Circuit.

On December 23, 2022, Plaintiffs and Blackhawk filed motions for summary judgment. ECF Nos. 140, 141, 142, 144, 145, 146.

---

[2] Of note, Defense Distributed and the Second Amendment Foundation sought a preliminary injunction, ECF Nos. 163, 164, which this court granted on March 2, 2023, ECF No. 188, and which Defendants appealed on May 1, 2023, ECF No. 2010.

Not until January 5, 2023, did JSD Supply file its motion to intervene. ECF No. 149. Polymer80, LLC filed a motion to intervene on January 9, 2023. ECF No. 157. In response, Defendants requested that either the intervention briefing or the summary judgment briefing be delayed. ECF No. 170. This Court delayed the former. ECF No. 172.

Briefing on Plaintiffs' and Blackhawk's motions for summary judgment was completed on March 6, 2023. ECF Nos. 191, 192, 193. Defendants filed their final summary judgment brief on April 19, 2023. ECF No. 204. Additionally, briefing before the Fifth Circuit on Defendants' appeal of Plaintiffs' and BlackHawk's preliminary injunctions was completed on March 2, 2023.

## ARGUMENT

Adding intervening plaintiffs to this case at the advanced stage of these proceedings would be untimely and cause prejudice to the existing Plaintiffs. To intervene as of right, an entity must demonstrate:

> (1) the application for intervention must be timely; (2) the applicant must have an interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede his ability to protect that interest; [and] (4) the applicant's interest must be inadequately represented by the existing parties to the suit.

*Guenther v. BP Retirement Accumulation Plan*, 50 F.4th 536, 542 (5th Cir. 2022) (internal citation omitted); *see also* Fed. R. Civ. P. 24(a). Likewise, any permissive intervention must be timely and not unduly delay or prejudice the existing parties. *See United States v. City of New Orleans*, 540 Fed. Appx. 380, 381 (5th Cir. 2013) (affirming denial of permissive intervention where district court found it would unduly delay the proceedings).

First, JSD and Polymer80 cannot satisfy the first element for any sort of intervention; the applications are not timely. Second, JSD and Polymer80 have not shown how intervention will not prejudice Plaintiffs. And third, Plaintiffs fail to see how Polymer80's interest is inadequately

represented. "The very purpose of intervention is to allow interested parties to air their views so that a court may consider them before making potentially adverse decisions." *Brumfield v. Dodd*, 749 F.3d 339, 345 (5th Cir. 2014). Polymer80 has a case on the same subject matter pending before this Court, thereby representing its own interests. *See* Complaint, *Polymer80, Inc. v. Garland*, 4:23-cv-00029 (N.D. Tex. Jan. 9, 2023).[3]

Moreover, should this Court deny intervention, it will not prejudice the proposed intervenors. As noted, Polymer80 already has its own independent litigation challenging the Final Rule; as for JSD Supply, no statute of limitations has run and they are free to file their own lawsuit as well, which, for the sake of efficiency, could then be coordinated with this lawsuit. *See Glob. Ground Automation, Inc v. Groundrez, LLC*, No. 6:08-cv-374-LED-JDL, 2011 WL 13098294, at *5 (E.D. Tex. Sept. 9, 2011) (where a delay in intervention caused harm to the proposed intervenor, it is self-inflicted). The intervenors cannot satisfy the elements for intervention.

**I.      Timeliness**

Timeliness is based on four factors: (1) the time the proposed intervenor knew or should have known of his interest in a lawsuit (or that his interest would not be protected); (2) prejudice against the existing parties from delay; (3) potential prejudice against the proposed intervenor if intervention is denied; and (4) unusual circumstances for or against the determination of timeliness. *See Rotstain v. Mendez*, 986 F.3d 931, 937–41 (5th Cir. 2021) (citing *Stallworth v. Monsanto Co.*, 558 F.2d 257, 264–65 (5th Cir. 1977)).

In addition to this case, there were multiple competing lawsuits challenging the Final Rule filed before the Final Rule took effect on August 24, 2022. *See* ECF No. 3 (notice of related cases).

---

[3] Plaintiffs' counsel reached out to Polymer80's counsel to determine if they would still pursue intervention here but received no response.

Presumably, Polymer80 and JSD Supply were aware of one or more of these lawsuits (neither claims to have been unaware). Moreover, the preliminary injunctions issued in this case are all very narrow in scope, limited to the parties and their customers and not covering Plaintiff Firearms Policy Coalition's members. Indeed, the first preliminary injunction ordered by the Court on September 2, 2022, covered only Plaintiff Tactical Machining and not any other Plaintiffs or Tactical Machining's customers. At that point, *any other market participant would have been aware* that the Court was limiting preliminary relief to the parties before it. Polymer80 and JSD Supply waited more than four months after that time to seek intervention.

JSD Supply offers no excuse for its delay, but merely asserts that they are timely and cites a case allowing intervention after five months. *See* JSD Supp. Mot., ECF No. 150, at 4. The Fifth Circuit, however, has affirmed the denial of intervention sought less than three months after the complaint was filed where no excuse was offered for the delay and the intervention was sought only the day before summary judgment briefs were due. *See Save our Springs All. Inc. v. Babbitt*, 115 F.3d 346, 347 (5th Cir. 1997). Additionally, timeliness "is contextual, absolute measures of timeliness should be ignored." *Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir. 1994).

Polymer80's position is even more problematic. Polymer80 would have this Court measure timeliness from the date of a letter issued by the Defendant ATF on December 27, 2022, that it claims "specifically targets Polymer80." *See* Polymer80, Inc.'s Br. in Supp., ECF No.158 at 2. Timeliness cannot be measured, however, by a document that is outside the administrative record in this case and, thus, outside of both the scope of this litigation and this Court's review.

**II.     Prejudice**

Given that this case is in position to be resolved on the merits, given summary judgment briefing has already concluded, intervention by Polymer80 and JSD Supply at this stage will likely

7

prejudice the existing parties. The "prejudice must be measured by the delay in seeking intervention." *Espy*, 18 F.3d at 1206. Once again, this case has moved quickly. The existing parties have already completed summary judgment briefing before this Court, which, due to the nature of the claims, will likely fully resolve this case—no party believes that a trial will be necessary. Moreover, Plaintiffs and BlackHawk have already fully briefed Defendants' Fifth Circuit appeals as to their respective preliminary injunctions. Allowing the intervention of more parties at this time would almost certainly prolong the proceedings with the motions and responses that the new parties may need to file, prejudicially delaying resolution of the existing parties' claims on the merits. *See Lelsz v. Kavanagh*, 710 F.2d 1040, 1045 (5th Cir. 1983) (considering potential delay of relief when evaluating prejudice from intervention). Prejudice against the existing parties is the most important factor the Court should consider when considering intervention. *See Rotstain*, 986 F.3d at 938 (referring to prejudice to parties as "the 'most important consideration'") (quoting *McDonald v. E.J. Lavino Co.*, 430 F.2d 1065, 1073 (5th Cir. 1970)).

Furthermore, at the preliminary injunction stage this Court found that Plaintiffs were likely to succeed on the merits of their claim that Defendants acted in excess of their authority. Having found that Plaintiffs established a likelihood of success on the merits of one of their claims, it was unnecessary for the Court to address Plaintiffs' remaining claims. As a result, the Fifth Circuit has been asked to only consider one of the seven bases that Plaintiff assert render the Final Rule unlawful. Plaintiffs believe that it would be to the benefit of the Parties and the Fifth Circuit if the merits determination in this Court is made as to all issues, and the Fifth Circuit may, at the same time, consider all of the bases for evaluating the Final Rule simultaneously. Thus, delay of this action would be prejudicial not just to the Parties, but to all individuals and entities affected by the Final Rule.

8

Moreover, Polymer80, claiming that they were specifically targeted and pointing to a December 27, 2022 letter that post-dates the administrative record in this case, states that they wish to have "a meaningful opportunity to participate in the current summary-judgment briefing." Polymer80's Mot. for Expedited Briefing, ECF No. 160 at 3. Additionally, both Polymer80 and JSD Supply have expressed interest in obtaining preliminary injunctions in the matter to preserve their interests. *See* Polymer80, Inc.'s Br. in Supp., ECF No.158 at 6; *see also* JSD's Proposed Mot. for Prelim. Inj., ECF No. 151. Neither of the proposed intervenors have offered a timeline that would not slow the resolution of Plaintiffs' claims and the resolution of the pending summary judgment motion. If the proposed intervenors did offer such a timeline, or if their claims were somehow bifurcated to avoid having any effect on the existing summary judgment briefing, that would mitigate some of Plaintiffs' concern, but likely could not guarantee there would be no prejudice to the existing parties.

Courts in this circuit have often denied or restricted intervention in cases that are in the summary judgment stage. *See Gilyard v. Tex. Laurel Ridge Hosp. LP*, No. SA-07-CA-650-OG, 2009 WL 10670038, at *4 (W.D. Tex. Feb. 18, 2009) (denying intervention after the summary judgment stage had started, because it would unduly delay and prejudice the original parties); *Merit Elec., Inc. v. Motiva Enters., LLC*, No. 10-501-D-M2, 2011 WL 900306, at *4 (M.D. La. Mar. 14, 2011) (denying intervention after the summary judgment stage had started, because it would unduly delay and prejudice the original parties); *see also Nat'l Horsemen's Benevolent & Protective Ass'n v. Black*, No. 5:21-cv-071-H, 2022 WL 974335, at *3, *7 (N.D. Tex. Mar. 31, 2022) (allowing intervention where intervenor only found out about litigation one month prior, but restricted the party from raising any claims not previously raised or from relitigating any resolved issues).

Prior intervenors did not prejudice Plaintiffs, as those parties filed motions to intervene prior to the start of summary judgment briefing and ensured that their own summary judgment briefing would not affect the timely resolution of Plaintiffs' claims. Given the advanced state of Plaintiffs' case and that Plaintiffs seek a full vacatur of the Final Rule, Plaintiffs believe that swift progression of this case remains critical.

## CONCLUSION

For the reasons set forth above, Plaintiffs request that this Court deny JSD Supply and Polymer80's motions to intervene. Alternatively, if this Court grants their intervention, Plaintiffs request that this Court ensure that such intervention does not impact the resolution of Plaintiffs' motion for summary judgment to ensure no prejudice will come to the existing parties.

DATED this 10th day of May 2023.

| | |
|---|---|
| R. Brent Cooper (TX Bar No. 04783250) | */s/ Erin M. Erhardt* |
| Benjamin D. Passey (TX Bar No. 24125681) | Erin M. Erhardt* (CO Bar No. 49360) |
| COOPER & SCULLY, P.C. | Kaitlyn D. Schiraldi* (TN Bar No. 039737) |
| 900 Jackson Street, Suite 100 | MOUNTAIN STATES LEGAL FOUNDATION |
| Dallas, Texas 75202 | 2596 S. Lewis Way |
| Telephone: (214) 712-9500 | Lakewood, CO 80227 |
| Telecopy: (214) 712-9540 | Telephone: (303) 292-2021 |
| brent.cooper@cooperscully.com | Telecopy: (877) 349-7074 |
| ben.passey@cooperscully.com | eerhardt@mslegal.org |
| | kschiraldi@mslegal.org |
| Cody J. Wisniewski* (CO Bar No. 50415) | |
| FPC ACTION FOUNDATION | *Admitted *pro hac vice* |
| 5550 Painted Mirage Road, Suite 320 | |
| Las Vegas, NV 89149 | *Attorneys for Plaintiffs* |
| Telephone: (916) 378-5785 | |
| Telecopy: (916) 476-2392 | |
| cwi@fpchq.org | |

## CERTIFICATE OF SERVICE

I hereby certify that, on May 10, 2023, a true and correct copy of the foregoing document was served via the Court's CM/ECF system to all counsel of record.

I certify that all participants in this case are registered CM/ECF users and service will be accomplished by this Court's CM/ECF system.

/s/ *Erin M. Erhardt*
Erin M. Erhardt
MOUNTAIN STATES LEGAL FOUNDATION
