**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | |
|---|---|
| JENNIFER VANDERSTOK;<br>MICHAEL G. ANDREN;<br>TACTICAL MACHINING, LLC;<br>FIREARMS POLICY COALITION, INC., *et al.,*<br><br>    *Plaintiffs and Intervenors*<br><br><br>and<br><br>Not An LLC d/b/a JSD SUPPLY,<br><br>    *Applicant in Intervention*,<br><br>v.<br><br>MERRICK GARLAND;<br>UNITED STATES DEPARTMENT OF JUSTICE;<br>STEVEN DETTELBACH; and BUREAU OF<br>ALCOHOL, TOBACCO, FIREARMS AND<br>EXPLOSIVES,<br><br>    *Defendants*. | Civil Action No. 4:22-cv-691-O |

## <u>NOT AN LLC d/b/a JSD SUPPLY'S REPLY IN SUPPORT OF MOTION TO INTERVENE</u>

### I.    <u>Introduction</u>

The Fifth Circuit adheres to a "broad policy favoring intervention" and holds that Rule 24 is to be "liberally construed." *Wal-Mart Stores, Inc. v. Tex. Alcoholic Beverage Comm'n*, 834 F.3d 562, 565, 569 (5th Cir. 2016). Consistent with this policy, "[f]ederal courts should allow intervention where no one would be hurt and the greater justice could be attained." *Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir. 1994). Though the would-be intervenor bears the burden of establishing all four elements for intervention as of right, that burden is "minimal," albeit

cognizable.  *Texas v. United States*, 805 F.3d 653, 661 (5th Cir. 2015).  Any doubts over the propriety of intervention should be "resolved in favor of the proposed intervenor."  *In re Lease Oil Antitrust Litig.*, 570 F.3d 244, 248 (5th Cir. 2009).[1]

Defendants' and Plaintiffs' oppositions to Not an LLC dba JSD Supply's ("JSD") Motion to Intervene ignore the above (and other) well-established law and, based on conclusory unsupported assertions, invite this Court to deny JSD's intervention under both Rule 24(a) (mandatory intervention) and Rule 24(b) (permissive intervention).  That invitation should be swiftly rejected.  JSD meets both the requirements for mandatory intervention under Federal Rule of Civil Procedure 24(a)(2) and permissive intervention under Federal Rule of Civil Procedure 24(b).  JSD's motion to intervene should, accordingly, be granted.

One example highlights the clear lack of merit in the opositions, in particular Defendants' Opposition.  Citing to the fact that JSD still has an operational website, Defendants argue that JSD is still in business and, thus, denial of intervention would not impair any protectible interest of JSD.  *See* Doc. 207, p. 4, 5.  This is nonsense, both legally and factually.  First, this argument ignores the applicable legal standard: in deciding a motion to intervene, reviewing courts are to accept all of the movant's factual allegations as true. *E.g., Texas*, 805 F.3d at 657 ("For the purposes of deciding the motion to intervene, we accept the Jane Does' factual allegations as true."); *Mendenhall v. M/V Toyota Maru No. 11*, 551 F.2d 55, 57 (5th Cir. 1977) ("For the purposes of passing upon the Company's right to intervene, these allegations are accepted as true.").  Second, even if evidence is weighed, the fact that JSD still has a website and is operational in no manner refutes the **actual facts** asserted in Mr. Vinroe's Declaration (Doc. 149-1) that show the

---

[1]   While, in certain circumstances, an intervenor must also demonstrate standing, neither Opposition contends that JSD lacks Article III standing.

detrimental impact that the challenged Final Rule at issue in this litigation is having on JSD.  Doc. 149-1, ¶¶ 10-19.  Indeed, that detrimental impact has gotten worse – compared to 2021, JSD's income is down 87% since the Final Rule was announced in April 2022.  *See* Exhibit A hereto (Supplemental Vinroe Declaration).  Third, this Court has already concluded that interference in an entity's "continued operation of its business," which JSD has clearly alleged (and supported with the Vinroe Declaration and Supplemental Declaration), is a "protectible interest" for purposes of mandatory intervention. Doc. 98 at 7.  As the above shows, Defendants' "website" argument is both a red herring and specious.  Further, as discussed below, it is emblematic of the lack of merit of the arguments that Defendants' make throughout their Opposition (Doc. 207).

The lack of merit of Plaintiffs' opposition is equally clear.  Plaintiffs completely ignore the uncontroverted declaration offered by JSD and then overtly speculate that, "Presumably, Polymer80 and JSD Supply were aware of one or more of these lawsuits (neither claims to have been unaware)." Doc. 212, p. 7.  In a bizarre contradiction, Plaintiffs then state that timeliness "cannot be measured" by matters "outside the administrative record."  *Id.*

## II.   Argument

In opposition to JSD's proposed intervention, the Oppositions, in particular Defendants' Opposition, argue (1) that JSD has no protectable interest that may be impaired and (2) that its motion is untimely.  *See* Doc. 207, p. 1.  Each of these arguments lacks merit.[2]

A.   JSD's Allegations Establish a Protectable Interest that May be Impaired by This Litigation

In previously granting intervention as to BlackHawk and Defense Distributed – neither of which decisions is substantively addressed by Defendants' Opposition – the Court has already

---

[2]   The Oppositions do not contest any other Rule 24(a) factor including adequate representation, which in any event is clearly satisfied here based on the Court's prior rulings at Doc. 98, pp. 8-9 and Doc. 137, pp. 8-9.

decided this exact issue.  Like BlackHawk and Defense Distributed, JSD alleges that absent a judgment in its favor, the company may go out of business.  *See* Vinroe Decl. ¶¶10-19; Doc. 149-2, ¶¶ 96-101; Doc. 152, pp. 14-16.  Those allegations clearly support a protectible interest that may be impacted by the litigation **as the Court has already twice found**.  Doc. 98, pp. 7-8; Doc. 137, pp. 7-8.

Defendants' position that no protectible interest will be impacted because another suit could be filed (Doc. 207, p. 4) regurgitates an argument made in opposing BlackHawk's intervention that the Court has already rejected. Doc. 98, p. 7.  Likewise, the Court previously rejected Defendants' argument (Doc. 207, p. 10) that the claimed lack of *res judicata* and collateral estoppel effect preclude a finding of a protectible interest.  Doc. 98, p. 7 *quoting Brumfield v. Dodd*, 749 F.3d 339, 344 (5th Cir. 2014)  ("The impairment requirement *does not* demand that the movant be bound by a possible future judgment.") (emphasis in original).[3]  Clearly, the Court's prior decisions and the logic of them hold here – JSD has a protectible interest that may be impaired and intervention is appropriate.[4]

Moreover, as the Court has previously stated, the applicable rule here is not stringent.  Doc.

---

[3]   Defendants use their "website" argument to try and distinguish the Court's prior protectible interest ruling as to BlackHawk. Doc. 207, pp. 5-6.  For the reasons stated above, this "website" argument has no merit.  Additionally, this defense argument clearly runs afoul of the applicable rule requiring the Court to accept all of the movant's factual allegations as true.  *E.g., Texas*, 805 F.3d at 657.

[4]   Defendants' citation to *U.S. v. Texas Eastern Transmission Corp*, 923 F.2d 410 (5th Cir. 1991) does not impact this conclusion.  In denying intervention to Pennsylvania in that case, the Fifth Circuit highlighted that Pennsylvania had its own statutory scheme that it could enforce and had in fact taken "preliminary enforcement" action against Texas Eastern under Pennsylvania law – none of the issues highlighted have any application here.  *Id.* at 412-13.  Additionally, that case was all but concluded via an agreed consent decree when intervention was sought – in contrast, this action remains in active, contested litigation. *Id.*  Finally, unlike JSD and its real impairment of a protectible interest, Pennsylvania's impairment was only "theoretical." *Id.*  In short, *Texas Eastern* is clearly inapposite.

98, p. 7.  "Once a movant has successfully established a sufficient interest in the subject of the action, the movant must demonstrate that disposition of that action *may*, as a practical [and not merely 'theoretical'] matter, impair or impede the movant's ability to protect that interest."  *Id. citing Brumfield*, 749 F.3d at 344 (citations omitted) (emphasis added).  "In short, possible practical impairment of a movant's ability to protect its interest is sufficient to establish this element under Rule 24."  *Id.*

That standard has clearly been satisfied by JSD.  Courts have held that "[t]he threat of economic injury from the outcome of litigation undoubtedly gives a petitioner the requisite interest" and JSD has clearly alleged such injury.  *Symetra Life Ins. Co. v. Rapid Settlements Ltd.*, No. CIV.A. H-05-3167, 2006 WL 2382250, at *4 (S.D.Tx. Aug. 16, 2006) (quoting *Utahns for Better Transp. v. U.S. Dept. of Transp.*, 295 F.3d 1111, 1115 (10th Cir. 2002)).  JSD has shown that it has a "real, concrete stake in the outcome of th[e] litigation"—not a "mere[] prefer[ence]" for one outcome over another.  *Texas*, 805 F.3d at 657, 661.

B.    JSD's Motion is Timely[5]

As an initial matter, Defendants' and Plaintiffs' position that JSD's intervention is untimely because, rather than intervene, JSD could have filed a separate action (Doc. 207, pp. 1, 4; Doc. 212, p. 6) is without merit.  First, the argument that a party can simply file its own lawsuit has

---

[5]    The Court applies the four-factor *Stallworth* test to evaluate timeliness:

1. the length of time between the would-be intervenor's learning of his interest and his petition to intervene;
2. the extent of prejudice to existing parties from allowing late intervention;
3. the extent of prejudice to the would-be intervenor if the petition is denied; and
4. any unusual circumstances [weighing in favor of or against intervention].

*In re Lease Oil Antitrust Litig.*, 570 F.3d at 247–48 (quoting *Stallworth v. Monsanto Co.*, 558 F.2d 257 (5th Cir. 1977)) *quoted* in Doc. 98, pp. 5-6.  The fourth factor is not implicated here.

never been a basis to deny intervention in the Fifth Circuit or elsewhere and accepting this argument ignores the concept of judicial efficiency that is embodied in Rule 24. *See Texas Eastern*, 923 F.2d at 412 (finding "Rule 24 represents an accommodation between two potentially conflicting goals: to achieve judicial economies of scale by resolving related issues in a single lawsuit, and to prevent the single lawsuit from becoming fruitlessly complex or unending."). Second, forcing the filing of separate actions would result in the same issues being litigated in piecemeal fashion potentially in multiple districts with potentially inconsistent rulings instead of under one docket. That is not a scenario the Court should endorse. Third, and most telling, the Court has already rejected this argument when made in response to BlackHawk's motion for intervention. As the Court found in granting intervention: "BlackHawk's decision to forego intervention in another case, or to bring an independent case, is irrelevant to the issue of timeliness *in this case*." Doc. 98, p. 7.

As to timeliness in general, any "determination of timeliness is 'largely committed to the discretion of the district court.'" *In re Lease Oil Antitrust Litig.*, 570 F.3d at 248. "[T]here is no specific length of time that has been deemed to be the appropriate time period in which to file a motion to intervene." *City of Syracuse, NY v. ATF*, No. 1:20-CV-06885-GHW, 2021 WL 1051625, at *4-5 (S.D.N.Y. 2021). **Courts, including the Fifth Circuit, have repeatedly permitted intervention where the relevant time period was much longer than the three-month period here**.[6] *See e.g.*, *Ass'n of Prof'l Flight Attendants v. Gibbs*, 804 F.2d 318, 320–21 (5th Cir. 1986)

---

[6]   The Court has already correctly held that the relevant "length of time is measured from when the intervenor learned of his interest in the particular action in which he seeks to intervene." Doc. 98 at 5. Thus, for JSD (as a member of FPC, *see* Vinroe Decl., ¶ 3), the correct time measurement does not start with the filing of the Complaint, but on October 1, 2022, when the Court found that "FPC ha[d] not carried its burden to demonstrate its associational right to seek injunctive relief on behalf of its members." Doc. 89 at 15. JSD's Motion was filed three months later, on January 5, 2023, with part of that three-month period consumed by the holiday season, as well as the need to

(five-month delay); *S.E.C. v. Credit Bancorp, Ltd.*, No. 99 CIV. 11395 (RWS), 2000 WL 1170136, at *2 (S.D.N.Y. 2000) (noting that for a motion to intervene under Rule 24, a five-month delay "was not so protracted as to render [the] motion untimely under all the circumstances"); *Werbungs Und Commerz Union Austalt v. Collectors' Guild, Ltd.,* 782 F. Supp. 870, 874 (S.D.N.Y. 1991) (application timely when filed almost two years after notice of interest in the case, because proposed intervenors filed after interest became direct). Accordingly, the first *Stallworth* factor weighs in favor of intervention.

Further, there is no prejudice to Defendants or Plaintiffs here. The relevant prejudice inquiry is whether the existing parties would be prejudiced by the intervenor's delay in seeking intervention—if any—"not the inconvenience to the existing parties of allowing the intervenor to participate." *Adam Joseph Resources v. CNA Metals Ltd.*, 919 F.3d 856, 865 (5th Cir. 2019); *In re Lease Oil Antitrust Litigation*, 570 F.3d at 248; *Sierra Club*, 18 F.3d at 1206 ("prejudice must be measured by the delay in seeking intervention, not the inconvenience to the existing parties of allowing the intervenor to participate in the litigation."). Given that BlackHawk's injection of new injunction proceedings did not cross the threshold for prejudicing Defendant, nor did the intervention of Defense Distributed and SAF, JSD's intervention does not.

In the face of the Court's prior intervention rulings, Defendants try to distinguish JSD's motion, but Defendants' efforts are unavailing. First, Defendants argue that the prior filings and litigation in this action weigh against a finding of timeliness because "intervention would substantially delay resolution of this case." Doc. 207, p. 3. Plaintiffs similarly argue that "additional interventions seemingly cannot now be accommodated without a delay." Doc. 212, p.

---

do the due diligence required for JSD to prepare its pleadings. Thus, three months, not the five argued by Defendants (Doc. 207, p. 3), is the correct length of time.

1.  But **given JSD's stated agreement to adopt or join in the already filed summary judgment briefing and abide by the Court's present schedule** (Doc. 150, p. 10 (ecf page 13)), and given the Government's request to defer ruling on JSD's motion until the summary judgment proceedings ran their course (Doc. 170), this assertion rings hollow and demonstrates that the arguments in the Oppositions are nothing more than bald conclusions.

Defendants also attempt to conjure up "prejudice" by arguing that – like the Plaintiffs in this action – JSD's proposed motion for preliminary injunction seeks, among other relief, a nationwide injunction.  Defendants argue that this means time will be wasted relitigating issues that the Court has already addressed in other preliminary injunction orders. Doc. 207, p. 3.  Plaintiffs paint with an even broader brush, arguing that "allowing every substantially affected party to intervene in this litigation would delay" this case, "causing prejudice." Doc. 212, p. 1.  Both arguments ignore (1) that this relief remains something sought by the original Plaintiffs, as well as the parties who have already intervened, as part of their respective requests for permanent relief and, thus, presently remains an issue in this case; and (2) that JSD's Motion for Preliminary Injunction at this stage remains "Proposed" – if the Court deems it necessary as part of the intervention decision, JSD is happy to amend its requested preliminary relief.  There simply is no actual prejudice to Defendants (or Plainitffs) here as opposed to conjured arguments that endeavor to create the specter of prejudice where none actually exists.  The second *Stallworth* factor supports permitting JSD to intervene.

Lastly, in trying to distinguish the Fifth Circuit's on-point decision in *Gibbs,* 804 F.2d at 320-21, holding that a five-month delay in intervening did not render intervention untimely, Defendants argue that unlike in *Gibbs,* here there is purported prejudice.  Doc. 207, pp. 3-4.  But, as shown above, Defendants' claims of prejudice are conclusory and hollow.  Thus, their effort to

distinguish *Gibbs* fails and the decision in *Gibbs*, JSD submits, controls the timeliness issue.

In contrast, prejudice to JSD absent intervention is real and substantial.  As with BlackHawk and Defense Distributed, JSD's very existence is jeopardized by the new Final Rule's continued enforcement.  *See* Vinroe Decl. and Vinroe Supplemental Decl. And the loss of constitutional freedoms at issue also constitutes irreparable injury.  *See, e.g.*, *Elrod v. Burns*, 427 U.S. 347, 373 (1976).  The Court has twice found that nearly identical harms supported intervention under *Stallworth*. Doc. 98, p. 6; Doc. 137, p. 7.  No basis exists for a different finding as to JSD.  Clearly, the third *Stallworth* factor supports JSD's intervention request.

Thus, because JSD has shown that its protectible interests may be impaired and because its motion is timely under *Stallworth*, the Court should grant mandatory intervention under Rule 24(a).

C.    In the Alternative, the Court Should Grant Permissive Intervention Under Rule 24(b)

Defendants and Plaintiffs fail to show why this Court should not exercise its discretion in granting permissive intervention to JSD under Rule 24(b).  In opposition, Defendants and Plaintiffs restate their unsupported timeliness argument by merely reciting their conclusory assertion that JSD's Motion is untimely and then argue that the Court should exercise its discretion to deny intervention.  But no sound basis for denying intervention is raised.  Simply, the Court has the authority to grant JSD's intervention under Rule 24(b) and the facts and issues discussed herein weigh in favor of granting intervention.  *See Second Baptist Church v. City of San Antonio*, 2020 WL 6821324 at *6 (W.D.Tx. 2020) ("Even if [Movants] had failed to demonstrate intervention as of right … the [c]ourt would still allow [Movants] to permissively intervene.").  Granting intervention to JSD "accomplishes Rule 24's competing goals of judicial efficiency by consolidating multiple parties' challenges to the Final Rule while avoiding fruitless complexity." Doc. 98, p. 10.  Accordingly, if the Court for some reason determines that Rule 24(a) has not been

satisfied, the Court should grant intervention under Rule 24(b).

### III.   Conclusion

In sum, Defendants' and Plaintiffs' Oppositions offer the Court little more than a recitation of inapposite caselaw and legal conclusions that fail to refute the substantive arguments and allegations in JSD's motion and brief.  Ultimately, Defendants and Plaintiffs have failed to give this Court grounds to deviate from the long-established standards of the Fifth Circuit, where "[r]ule 24 is to be construed liberally, . . . and doubts resolved in favor of the proposed intervenor."  *In re Lease Oil Antitrust Litig.*, 570 F.3d at 48.  Respectfully, the Court should therefore grant JSD's Motion to Intervene.

Respectfully submitted,

*/s/ J. Mark Brewer*
J. MARK BREWER
Texas Bar No. 02965010
800 Bering Dr., Suite 201
Houston, TX 77057
Phone: (713) 209-2910
brewer@bplaw.com

MATTHEW J. SMID
Texas Bar No. 24063541
301 Commerce Street, Suite 2001
Fort Worth, Texas 76102
Phone: (817) 332-3822
Fax: (817) 332-2763 Fax
matt@mattsmidlaw.com

*Attorneys for proposed Intervenor-Plaintiff Not an LLC, dba JSD Supply*

## CERTIFICATE OF SERVICE

I certify that on May 11, 2023, the foregoing document was served, via the Court's CM/ECF Document Filing System, upon the registered CM/ECF users in this action.  I further certify that a copy of the proposed order granting intervention in MS Word format has been forwarded to O'Connor_Orders@txnd.uscourts.gov in accordance with the Court's specific requirements.

/s/ J. Mark Brewer
J. Mark Brewer