IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| JENNIFER VANDERSTOK; MICHAEL G. ANDREN; TACTICAL MACHINING, LLC, a limited liability company; and FIREARMS POLICY COALITION, INC., a nonprofit corporation, ) ) ) ) ) ) | |
| Plaintiffs, ) ) | |
| BLACKHAWK MANUFACTURING GROUP INC. d/b/a 80 PERCENT ARMS, ) ) ) | |
| Intervenor-Plaintiff, ) ) | **Civil Action No. 4:22-cv-00691-O** |
| DEFENSE DISTRIBUTED, and SECOND AMENDMENT FOUNDATION, INC., ) ) ) | |
| Intervenor-Plaintiffs, ) ) | |
| and ) ) | |
| POLYMER80, INC., ) ) | |
| Applicant in Intervention, ) ) | |
| v. ) ) | |
| MERRICK GARLAND, in his official capacity as Attorney General of the United States; UNITED STATES DEPARTMENT OF JUSTICE; STEVEN DETTELBACH, in his official capacity as Director of the Bureau of Alcohol, Tobacco, Firearms and Explosives; and BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES, ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. ) | |

**POLYMER80, INC.'S REPLY IN SUPPORT OF ITS MOTION TO INTERVENE**

1

Polymer80, Inc. ("Polymer80") submits this Reply in Support of its Motion to Intervene.

**<u>INTRODUCTION</u>**

Defendants' Opposition argues that Polymer80 should not be allowed to intervene because it is pursuing identical claims in a separate action, (*Polymer80, Inc. v. Garland, et al.*, No. 4:23-cv-00029-O ("*Polymer80*")), and its motion is untimely.[1] Neither argument warrants denial of Polymer80's motion to intervene.

Defendants' Opposition fails because the same defendants have moved to dismiss the *Polymer80* lawsuit on the non-merits basis of improper venue. (ECF No. 12, *Polymer80*, No. 4:23-cv-00029-O). Defendants rely on this claim-splitting objection, in whole or in part, for each of their arguments in opposition to Polymer80's intervention. (*See generally* ECF No. 206). But their claim-splitting objection is both premature and speculative, and this Court should not deny intervention prior to resolving Defendants' venue motion in *Polymer80*.

If this Court grants the motion to dismiss for improper venue in *Polymer80*, then there would be no claim-splitting issue and Defendants' objection to intervention on that ground will be moot. However, if this Court denies the motion to dismiss for improper venue in *Polymer80*, then Polymer80 could elect to pursue that separate action and withdraw from this case, or—if allowed to participate in this case as an intervening party—voluntarily dismiss *Polymer80*, also mooting any claim-splitting objection.

For these reasons, Polymer80 requests that this Court (1) allow Polymer80 to intervene without prejudice to any claim-splitting objection Defendants may raise should their venue motion

---

[1] On May 10, 2023, Plaintiffs also filed an Opposition that argues, essentially, that Polymer80's intervention is untimely and would prejudice Plaintiffs, and that denial would not prejudice Polymer80. (ECF No. 212). Their arguments fail for the same reasons articulated in Polymer80's Motion to Intervene, (ECF No. 157), supporting brief, (ECF Nos. 158), and this Reply. Accordingly, they need not be addressed separately.

be denied in *Polymer80*; or (2) hold this motion to intervene in abeyance pending the outcome of the venue motion. In any event, this Court should not outright deny intervention now. Alternatively, if this Court decides to deny Polymer80's motion to intervene, Polymer80 requests that this Court do so without prejudice and give Polymer80 leave to refile this motion to intervene if this Court grants the pending motion to dismiss for improper venue in *Polymer80*.

### I.     Defendants' claim-splitting argument is premature.

Defendants' claim-splitting argument ignores the dispositive fact that they have moved to dismiss *Polymer80* for improper venue. This Court should not exercise its discretion to deny intervention based on this ground prior to resolving Defendants' motion to dismiss in *Polymer80*.

"[T]he general principle is to avoid duplicative litigation." *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). In the Fifth Circuit, "[w]hen a plaintiff files a second complaint alleging the same cause of action as a prior, *pending*, related action, the second complaint *may* be dismissed." *Oliney v. Gardner*, 771 F.2d 856, 859 (5th Cir. 1985) (second emphasis added); *see also Friends of the Earth, Inc. v. Crown Cent. Petroleum Corp.*, 95 F.3d 358, 362 (5th Cir. 1996) (same). These Fifth Circuit decisions, along with Wright & Miller, demonstrate that claim splitting falls within the sound discretion of the district court: "[a] dismissal on this ground has been viewed as a matter of docket management, reviewed for abuse of discretion." Charles A. Wright, *et al.*, Fed. Prac. & Proc. § 4406 (3d ed. Apr. 2023 update). As with the similar doctrine of *Colorado River* abstention, dismissal on the ground of claim splitting should "rest on considerations of '[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'" *Colo. River Water Conservation Dist.*, 424 U.S. at 817 (quoting *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952)). This Court, as always, is vested with inherent power "to manage [its] own affairs so as to

achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962).[2]

By making their claim-splitting argument while simultaneously seeking dismissal in *Polymer80* on venue grounds, Defendants are seeking to have their cake and eat it, too. This Court should not entertain Defendants' claim-splitting argument unless and until Defendants' venue motion is denied in *Polymer80*. Instead, this Court should either: (1) allow Polymer80 to intervene without prejudice to any claim-splitting objection Defendants may choose to raise should their venue motion be denied in *Polymer80*; or (2) hold this motion to intervene in abeyance pending the outcome of *Polymer80* venue motion. Either way, disposition of the motion to dismiss in *Polymer80* will conclusively resolve Defendants' primary objection in opposition to intervention.

## II.     Defendants' other arguments against intervention as of right fail.

Defendants oppose intervention as of right on two grounds: timeliness and the impairment of Polymer80's ability to protect its interests. Neither justifies denial.

### A.     Polymer80's motion to intervene is timely.

Timeliness is "largely committed to the discretion of the district court." *In re Lease Oil Antitrust Litig.*, 570 F.3d 244, 248 (5th Cir. 2009). The timeliness factors are: (1) how long the would-be intervenor waited after learning of its interest in the case; (2) prejudice to existing parties; (3) prejudice to the intervenor if its motion is denied; and (4) any unusual circumstances. *Sommers v. Bank of Am., N.A.*, 835 F.3d 509, 512–13 (5th Cir. 2016). Under an "all the circumstances"

---

[2] It is important to note that the "claim-splitting" doctrine, at its most basic level, is nothing more than the prevention of duplicative litigation that will result in inconsistent outcomes. Of course, when both parallel cases are pending before the same tribunal, the chances of inconsistent outcomes are negligible.

4

inquiry, *Wal-Mart Stores, Inc. v. Tex. Alcoholic Beverage Comm'n*, 834 F.3d 562, 565 (5th Cir. 2016), these factors favor Polymer80's intervention.

**Length of Time**. Defendants argue (without citing any authority) that Polymer80 was dilatory because it "waited five months after the commencement of this action to seek intervention." (ECF No. 206 at 5). Polymer80 did not wait too long to intervene. First, any delay is explained by Polymer80's good-faith effort to comply with the Final Rule. (APP_005 ¶ 12). Second, the "timeliness clock" actually began when Polymer80 "became aware that [its] interest[s] would no longer be protected by the existing parties," *Edwards v. City of Hous.*, 78 F.3d 983, 1000 (5th Cir. 1996), which occurred when Defendants went beyond the generally applicable Final Rule by issuing in the Open Letter and Polymer80 Letter—a mere 13 days before Polymer80 moved to intervene. Finally, five months is timely under Fifth Circuit precedent. *See, e.g.*, *Keith v. St. George Packing Co., Inc.*, 806 F.2d 525, 525–26 (5th Cir. 1986) (holding that attorney timely moved for intervention 11 months after discharge from the action); *Ass'n of Prof. Flight Attendants v. Gibbs*, 804 F.2d 318, 321 (5th Cir. 1986) (holding that 5 months was reasonable where parties opposing intervention failed to show how that delay caused prejudice).

**Prejudice to Existing Parties**. Defendants say that intervention would prejudice existing parties because Defendants "would likely file a motion to dismiss based on claim-splitting," (ECF No. 206 at 5–6),[3] but that argument is irrelevant because resolution of the venue motion in *Polymer80*, and not intervention in this case, controls that issue, and such a motion would have no effect on Plaintiffs. Defendants also argue that the time to "produce administrative records" and

---

[3] Defendants cannot argue that venue is improper for Polymer80 in *Vanderstok* because venue is proper as to existing plaintiffs who reside in this district. *E. Tex. Baptist Univ. v. Sebelius*, No. H-12-3009, 2013 WL 4678016, at *7–8 (S.D. Tex. Aug. 30, 2013) ("Because venue in the Southern District of Texas is proper for the existing plaintiffs, it is also proper for [intervenor] Westminster. . . . In short, venue does not make this otherwise proper permissive intervention improper.").

5

subsequent briefing on the Open Letter and Polymer80 Letter will delay finality. (*Id.* at 6). This argument fails because this Court can grant final judgment for or against Plaintiffs while continuing to consider Polymer80's claims. *See* Fed. R. Civ. P. 54(b). And, as Plaintiffs inadvertently made clear in their own Opposition, Polymer80 cannot possibly prejudice them, as they "seek[] vacatur of the Final Rule, and vacating the Final Rule due to its violation of the APA and constitutional provisions will provide more complete, permanent relief than the existing preliminary injunction and will likely address all the reasons the Final Rule is unlawful." (ECF No. 212 at 2). Given the breadth of relief they seek, their concerns about prejudice are overblown.[4]

**Prejudice to Polymer80**. To the extent that the *Polymer80* case remains pending, Polymer80 would not suffer prejudice from denial of intervention in *Vanderstok*. But if the Court grants Defendants' motion to dismiss for improper venue in *Polymer80*, and dissolves Polymer80's preliminary injunction, then Polymer80 will certainly face the prejudice of severe threats to its continued corporate existence. (APP_006 ¶ 14). Intervention should be granted now to prevent such catastrophic consequences to Polymer80.

**Unusual Circumstances**. Defendants' unusual circumstances argument is a recitation of their claim-splitting argument and should be rejected for the reasons demonstrated above.

---

[4] Plaintiffs and Defendants use the terms "delay" and "prejudice" interchangeably, failing to recognize the critical distinction between the two concepts and that the question is whether the parties would suffer "prejudice caused by the applicants' delay." *Edwards*, 78 F.3d at 1002. Although *unreasonable* delay might prejudice a litigant, no party has shown how the speculative possibility of slightly delayed final relief will prejudice the parties. That is particularly true because Plaintiffs enjoy the protection of preliminary injunctive relief from enforcement of the Final Rule and slight delay would inarguably be reasonable under the circumstances. In any event, the risk of delayed relief was not "caused by" Polymer80; rather, it was caused by Defendants' Unopposed Motion to Defer Consideration of Intervention Motions filed on January 17, 2023, (ECF No. 170), which has already delayed Polymer80's ability to seek relief by nearly four months in a case filed only nine months ago. But for this procedural tactic, there likely would have been no delay whatsoever.

Polymer80's motion to intervene is timely. *See Adam Joseph Res. v. CNA Metals Ltd.*, 919 F.3d 856, 865 (5th Cir. 2019) (finding motion timely when party "attempted to intervene as soon as it learned that its interest may be in peril," then "withdrew its initial motion," then "eventually renewed its motion to intervene when it was absolutely clear that it could not vindicate its interest without intervention"). Because this Court should wait to resolve any claim-splitting issue, neither Plaintiffs nor Defendants would suffer any prejudice from Polymer80's intervention.

### B. Polymer80 has sufficient interests in this action that would be impaired by denial of intervention.

As demonstrated in Polymer80's Brief in Support of its Motion to Intervene, Polymer80 has "direct, substantial, legally protectable interest[s] in the proceedings," *Texas v. United States*, 805 F.3d 653, 657 (5th Cir. 2017), and denying intervention "'may' as a practical matter impair or impede [Polymer80's] ability to protect its interests," *Brumfield v. Dodd*, 749 F.3d 339, 341 (5th Cir. 2014).

Defendants' sole argument is that Polymer80 cannot show impairment because "it is seeking to protect those interests through the separate action." (ECF No. 206 at 7). But it is enough that Polymer80's ability to protect its interests "might be impaired," so long as that risk is not "merely theoretical." *Brumfield*, 749 F.3d at 344 (quotation marks omitted); *id.* ("[T]he parents do not need to establish that their interests *will* be impaired."). To be sure, this Court should not dismiss *Polymer80* on venue grounds. But if it does dismiss *Polymer80* on venue grounds, and dissolve Polymer80's preliminary injunction, then Polymer80 will immediately face the risks of profound economic harm and forced closure. A similar risk was enough to warrant intervention in *Brumfield*, *id.* at 344 ("If the desegregation order is modified to require prior court approval of the Program's implementation, then some parents are at risk of losing vouchers or their full range of school choices."), and it is enough here.

This Court should hold that Polymer80 has met its burden of justifying intervention as of right notwithstanding the pending claim-splitting issue.

## III. Defendants' arguments against permissive intervention likewise fail.

Should this Court disagree that Polymer80 is entitled to intervene as of right, it should exercise its discretion to allow Polymer80 to intervene under Rule 24(b).

First, as set forth above, *supra* at 4–7, Polymer80's motion is timely.

Second, as set forth above, *supra* at 3–4, the existence of a separate action does not counsel against Polymer80's intervention so long as Defendants seek to dismiss that action.

Third, Polymer80's intervention "will significantly contribute to full development of the underlying factual issues in the suit." *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 472 (5th Cir. 1984). Polymer80 is the industry leader in the design, manufacture, and distribution of the products that the ATF seeks unlawfully to regulate within the Final Rule and its implementing letters, such that Polymer80's participation meaningfully bolsters the development of factual issues even if existing parties' summary judgment motions have already been briefed. Similarly, adjudication of the legality of those implementing letters are additional and relevant developments arising from the underlying legal issues that raise new, related questions, which Defendants concede by stating that "Polymer80 also seeks to inject into this case new challenges." (ECF No. 206 at 9).

Finally, Defendants have not shown that Polymer80's intervention would prejudice Plaintiffs or Defendants. Plaintiffs can be granted final judgment under Rule 54(b), and the disposition of their claims will not necessarily be delayed in any meaningful way by the further consideration of Polymer80's claims. As for Defendants, their effort to seek dismissal in

8

*Polymer80* while opposing Polymer80's intervention here evinces *avoidance* of finality, not the pursuit of it. This Court should exercise its discretion to allow Polymer80 to intervene.

## CONCLUSION

For the reasons set forth above, Polymer80 respectfully requests that this Court (1) allow Polymer80 to intervene without prejudice to any claim-splitting objection Defendants may choose to raise should their motion to dismiss for improper venue be denied in *Polymer80*; or (2) hold this motion to intervene in abeyance pending the outcome of the *Polymer80* venue motion. In any event, this Court should not deny intervention now. Alternatively, if this Court decides to deny Polymer80's motion to intervene, Polymer80 requests that this Court do so without prejudice and give Polymer80 leave to refile this intervention motion should this Court grant the pending motion to dismiss for improper venue in *Polymer80*.

Respectfully submitted,

**BRADLEY ARANT BOULT CUMMINGS LLP**

By: */s/ Dennis L. Daniels Jr.*
    DENNIS L. DANIELS JR.
    Texas Bar No. 24107402
    dldaniels@bradley.com
3600 Fountain Place
1445 Ross Avenue
Dallas, Texas 75202
Telephone (214) 257-9846
Facsimile (214) 939-8787
JAMES W. PORTER III (*pro hac vice*)
jporter@bradley.com
MARC A. NARDONE (*pro hac vice*)
mnardone@bradley.com
One Federal Place
1819 5th Avenue North
Birmingham, Alabama 35203
Telephone (205) 521-8285
Facsimile (205) 488-6285

**ATTORNEYS FOR POLYMER80, INC.**

9

## CERTIFICATE OF SERVICE

I certify that on May 11, 2023, the foregoing document was served, via the Court's CM/ECF Document Filing System, upon the registered CM/ECF users in this action.

>                    */s/ Dennis L. Daniels Jr.*
>                    Dennis L. Daniels Jr.