**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **JENNIFER VANDERSTOK, et al.,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| v. | § | |
| | § | |
| **BLACKHAWK MANUFACTURING** | § | |
| **GROUP INC., et al.,** | § | |
| | § | **Civil Action No. 4:22-cv-00691-O** |
| **Intervenor Plaintiffs,** | § | |
| | § | |
| v. | § | |
| | § | |
| **MERRICK GARLAND, et al.,** | § | |
| | § | |
| **Defendants.** | § | |

**<u>FINAL JUDGMENT</u>**

This Judgment is issued pursuant to Fed. R. Civ. P. 58(a).

This action came on for consideration by the Court, and the issues having been duly considered and a decision duly rendered,

It is **ORDERED**, **ADJUDGED**, and **DECREED** that:

1. Plaintiffs' and Intervenor-Plaintiffs' motions for summary judgment on grounds that the Final Rule was issued in excess of ATF's statutory jurisdiction (Counts I and III) are **GRANTED** and Defendants' cross-motion for summary judgment as to those claims are **DENIED**.

2. On these grounds, the Final Rule, Definition of "Frame or Receiver" and Identification of Firearms, 87 Fed. Reg. 24,652 (Apr. 26, 2022) (codified at 27 C.F.R. pts. 447, 478, and 479 (2022)), is hereby **VACATED**.

3. The parties' remaining claims are **DENIED** as moot.[1]

4. All other relief not expressly granted herein is denied.

    **SO ORDERED** this **5th day** of **July, 2023**.


Reed O'Connor
**UNITED STATES DISTRICT JUDGE**

---

[1] Orig. Pls.' Am. Compl., ECF No. 93 (claiming Final Rule: Exceeds Statutory Authority (Count I), Violates APA's Notice and Comment Requirement (Count II), Violates APA's Ban on Arbitrary and Capricious Conduct (Count III), Violates Nondelegation Principles (Count IV), Violates Take Care Clause (Count V), Violates Due Process (Count VI), Violates the First Amendment (Count VII)).

*See also* BlackHawk's Compl., ECF No. 99 (claiming Final Rule: Exceeds Statutory Authority (Count I), Violates Separation of Powers (Count II), is Unconstitutionally Vague (Count III), is Arbitrary and Capricious (Count IV), Violates the APA's Procedural Requirements (Count V), Violates the Nondelegation Doctrine (VI), is Contrary to Constitutional Right, Power, Privilege, or Immunity (VII), Violates the Commerce Clause (VIII), Unlawfully Chills First Amendment Speech (IX), Constitutes an Unconstitutional Taking Without Just Compensation (Count X)).

*See also* Defense Distributed, et al.'s Compl., ECF No. 143 (claiming Final Rule: Exceeds Statutory Authority (Count I), Violates the APA's Procedural Requirements (Counts II and IV), Violates Delegation Principles (Count III), Violates the Second Amendment (Count V), Violates Due Process (Count VI)).

*See also* Polymer80's Compl., ECF No. 229 (claiming Final Rule: Violates Separation of Powers (Count I), Exceeds Statutory Authority (Count III), Violates Nondelegation Doctrine (Count V), Violates APA's Procedural Requirements (Counts VII and XII), is Arbitrary and Capricious (Count IX), Violates First Amendment (Count XV), Violates Second Amendment (Count XIV), is Unconstitutionally Vague (Count XIII), Exceeds Limits of Commerce Clause (Count XVI), Violates the Takings Clause (Count XVII)).

As discussed in the Court's Memorandum Opinion, Polymer80, Inc. may move for summary judgment on any remaining claims not mooted by the Court's opinion. Mem. Opinion at 16, ECF No. 227. Polymer80 **SHALL** file a notice on the docket **no later than July 12, 2023**, informing the Court whether its remaining claims are moot and, if so, proposing an order of Final Judgment as to those claims.

*See also* JSD Supply's Compl., ECF No. 230 (claiming Final Rule: Exceeds Statutory Authority (Count I), Violates Separation of Powers (Count II), is Unconstitutionally Vague (Count III), is Arbitrary and Capricious (Count IV), Violates APA's Procedural Requirements (Count V), Violates the Nondelegation Doctrine (Count VI), is Contrary to Constitutional Right, Power or Privilege (Count VII), Violates the Commerce Clause (Count VIII), Violates First Amendment (Count IX), Violates the Takings Clause (Count X)).