UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| JENNIFER VANDERSTOK, et al.,<br><br>   Plaintiffs,<br><br>BLACKHAWK MANUFACTURING GROUP INC. d/b/a 80 Percent Arms,<br><br>   Intervenor-Plaintiff,<br><br>DEFENSE DISTRIBUTED, and<br>THE SECOND AMENDMENT FOUNDATION, INC.<br><br>   Intervenors-Plaintiffs,<br><br>v.<br><br>MERRICK GARLAND, in his Official Capacity as Attorney General of the United States, et al.,<br><br>   Defendants. | Civil Action No. 4:22-cv-00691-O |

**Defense Distributed's Opposed Emergency Motion for Injunction Pending Appeal**

Intervenor Plaintiff Defense Distributed files this emergency motion for an injunction pending appeal. The Defendants were conferred with. The Defendants oppose the motion.

**Argument**

Defense Distributed files this emergency motion for an injunction pending appeal. The request is for an injunction paralleling the preliminary injunction this Court issued as the March 8, 2023, "Opinion & Order on Defense Distributed and the Second Amendment Foundation, Inc.'s Motion for a Preliminary Injunction." Doc. 188 (attached as Exhibit A). The preliminary injunction's key conclusion as to Defense Distributed was as follows:

> carried its burden. Accordingly, the Court **GRANTS** the motion **in part** and **ORDERS** that Defendants and their officers, agents, servants, and employees are enjoined from implementing and enforcing against Defense Distributed and its customers (except for those individuals prohibited from possessing firearms under 18 U.S.C. § 922(g)) the provisions in 27 C.F.R. §§ 478.11 and 478.12 that the Court has preliminarily determined are unlawful. The Court waives the security requirement of Federal Rule of Civil Procedure 65(c). *See Kaepa, Inc. v. Achilles*

Doc. 188 at 10. As opposed to the *nationwide* relief afforded by the Court's final judgment, Doc. 231, the instant motion seeks only *individualized* relief for Defense Distributed—the same relief that the Court rightly awarded at the preliminary injunction stage.

The instant motion is made necessary by (1) the Court's entry of an administrative stay of the final judgment, and (2) the Agencies' forthcoming effort to obtain a stay of the final judgment pending appeal from the Fifth Circuit. If and when (1) any administrative stay expires, and (2) the Fifth Circuit *denies* the Agencies' stay requests, the instant motion for an injunction pending appeal would be unnecessary. In that situation, the existing final judgment's nationwide vacatur of the Final Rule would retain its full force and unquestionably give Defense Distributed the protection it is entitled to. But so long as this Court's administrative stay is in effect, and if the Fifth Circuit

should grant the Agencies' forthcoming stay requests, the final judgment's nationwide vacatur of the Final Rule might no longer protect Defense Distributed from the irreparable harm caused by further enforcement.

Technically, an order staying the Court's final judgment (administratively or otherwise) should be understood to resurrect the March 8 preliminary injunction order automatically, without the need for any further party or Court action.[1] But the Agencies oppose that view. They posit that an order staying the Court's final judgment would somehow halt the final judgment's vacatur of the final rule *but not* reactivate the March 8 preliminary injunction. So to avoid any doubt about that procedural issue, Defense Distributed files this motion to guarantee square presentation of their request for an injunction pending appeal that mirrors the prior preliminary injunction.

Defense Distributed should receive an injunction pending appeal for essentially the same reasons that the Court's March 8 order granted Defense Distributed a preliminary injunction. Doc. 188. That preliminary injunction was justified both by the reasons that the Court expressly announced in that decision, *id.*, as well as the additional reasons that Defense Distributed and SAF gave in their preliminary injunction briefs, *see* Docs 163, 176, and 184 (preliminary injunction briefs, all attached). The federal government's reasons for seeking an administrative stay and stay pending appeal are focused on the *nationwide* aspect of the final judgment; they do not seriously contend that an administrative stay and/or stay pending appeal are warranted as to Defense Distributed individually. So regardless of how this Court and the Fifth Circuit deal with the final

---

[1] The issue turns on how exactly the stay order impacts the final judgment. If the stay order does not negate the final judgment itself and merely halts *enforcement of* the final judgment, then the stay order probably would not resurrect a preexisting preliminary injunction (because the preexisting preliminary injunction would have vanished upon issuance of the final judgment due to the merger rule). But if the stay order *does* negate the final judgment itself — as would seem necessary to yield the Agencies' desired result of halting the final judgment's declaration and vacatur — then the stay order itself would arguably resurrect a preexisting preliminary injunction (by undoing the final judgment that had triggered the merger rule).

2

judgment's nationwide aspects, Defense Distributed in particular is entitled to an injunction protecting them for the duration of the appeal.

Emergency relief is needed now for the reasons Defense Distributed first introduced at the preliminary injunction stage. The situation is dire. If Defense Distributed is not protected by either the Court's existing final judgment or an individualized injunction pending appeal—if the Agencies are allowed to resume enforcement of the Final Rule against Defense Distributed—then Defense Distributed will go out of business and cease to exist. *See* Doc. 164 at 5-6 ("The Final Rule irreparably harms Defense Distributed."); Doc. 164-01 (declaration of Cody Wilson, Defense Distributed's director). Then and now, "the new Final Rule's effect on Defense Distributed is devastating." Doc. 164-1 at 5. "The new Final Rule will destroy Defense Distributed, soon, unless the government is enjoined from enforcing the new Final Rule against it and its customers." *Id.*

## Conclusion

The Court should order that Defendants and their officers, agents, servants, and employees are enjoined from implementing and enforcing against Defense Distributed and its customers (except for those individuals prohibited from possessing firearms under 18 U.S.C. § 922(g)) the provisions in 27 C.F.R. §§ 478.11 and 478.12 that the Court has preliminarily determined are unlawful.

Respectfully submitted,

FLORES LAW PLLC
By /s/ *Chad Flores*
Chad Flores
cf@chadfloreslaw.com
State Bar No. 24059759
917 Franklin Street, Suite 600
Houston, Texas 77002
(713) 893-9440

3