# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | |
|---|---|
| JENNIFER VANDERSTOK *et al.*, | |
| Plaintiffs, | Case No. 4:22-cv-00691-O |
| v. | |
| MERRICK GARLAND, in his official capacity as Attorney General of the United States *et al.*, | |
| Defendants. | |

**DEFENDANTS' COMBINED OPPOSITION TO DEFENSE DISTRIBUTED AND JSD SUPPLY'S EMERGENCY MOTIONS FOR INJUNCTION PENDING APPEAL**

This Court has entered final judgment on Defense Distributed and JSD Supply's claims, and its decision resolving the parties' cross-motions for summary judgment and accompanying final judgment have been appealed to the Fifth Circuit. Now, those plaintiffs seek to obtain additional injunctive relief. It is unclear whether this Court retains jurisdiction to entertain Defense Distributed's and JSD Supply's requests. And, at the least, any injunctive relief that this Court enters should automatically dissolve after the Fifth Circuit has ruled on Defendants' pending motion for a stay pending appeal.

The Court's Final Judgment resolved all of Defense Distributed's and JSD Supply's claims. *See* Final Judgment at 1-2, ECF No. 231 (ordering, judging, and decreeing that, *inter alia*, "1. Plaintiffs' and Intervenor-Plaintiffs' motions for summary judgment on grounds that the Final Rule was issued in excess of ATF's statutory jurisdiction (Counts I and III) are GRANTED and Defendants' cross-motion for summary judgment as to those claims are DENIED. . . . 3. The parties' remaining claims are DENIED as moot. 4. All other relief not expressly granted herein is denied."). The Court's Final Judgment is on appeal to the Fifth Circuit. Notice of Appeal, ECF No. 234.

"The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and *divests the district court of its control* over those *aspects of the case involved in the appeal*." *Wooten v. Roach*, 964 F.3d 395, 403 (5th Cir. 2020) (emphasis added) (quoting *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982)). "It is well-settled that a notice of appeal filed after entry of a final judgment on the merits *divests the district court* of jurisdiction over the portion of a suit *resolved by the final judgment*." *Thomas v. St. Martin Par. Sch. Bd.*, 879 F. Supp. 2d 535, 543 (W.D. La. 2012) (emphasis added) (citing *Griggs*), *aff'd*, 756 F.3d 380 (5th Cir. 2014).

The filing of Defendants' Notice of Appeal vested jurisdiction over injunctive relief pertaining to Defense Distributed's and JSD Supply's claims in the Fifth Circuit. And the Fifth Circuit has strictly limited the authority of a district court under Fed. R. Civ. P. 62(d) to issue injunctive relief pending an

1

appeal. It has emphasized that "the powers of the district court over an injunction pending appeal should be limited to maintaining the status quo and ought not to extend to the point that the district court can divest the court of appeals from jurisdiction while the issue is before us on appeal." *Coastal Corp. v. Texas E. Corp.*, 869 F.2d 817, 820 (5th Cir. 1989); *see also id.* (agreeing with the Fourth Circuit that Rule 62(d)—formerly Rule 62(c)—is "applicable only when necessary to secure the rights of the party *adversely affected by the injunction*" and that "[a]bsent such circumstances, once a party has filed an appeal of a district court's order granting an injunction, the district court *no longer has any authority to amend* or vacate the order") (emphasis added). Under those principles, it is at least unclear whether this Court retains authority to enter new, affirmative injunctive relief now that the appeal is pending in the court of appeals.

Furthermore, Defense Distributed and JSD Supply err in asserting that an order staying this Court's final judgment would "resurrect[]" the Court's entry of preliminary injunctive relief for Defense Distributed. Def. Distributed Mot. for Injunction at 2, ECF No. 239. As this Court has observed, "[a] preliminary injunction remains in effect until a final judgment is rendered," and '[w]ith the entry of the final judgment, the life of the preliminary injunction comes to an end, and it no longer has a binding effect on any one." *Texas v. United States*, No. 15-56, 2016 WL 3636072, at *2 (N.D. Tex. Feb. 2, 2016) (quoting *SEC v. First Fin. Grp. of Tex.*, 645 F.2d 429, 433 (5th Cir. 1981), and *Madison Square Garden Boxing, Inc. v. Shavers*, 562 F.2d 141, 144 (2d Cir. 1977)). Defense Distributed and JSD Supply cite no support for the proposition that a stay of the Court's final judgment revives the preliminary injunction in effect before that final judgment was entered.[1]

---

[1] To the extent that Defense Distributed's motion incorporates by reference its prior arguments in support of its (now-terminated) motion for a preliminary injunction, Defendants respectfully incorporate by reference all arguments in opposition to that prior motion. *See* ECF No. 176. Moreover, JSD Supply's filing as a non-party purporting to seek preliminary injunctive relief was not properly before the Court, *see* Notice, ECF No. 156, and the Court has declined to grant JSD Supply preliminary injunctive relief. *See* Docket Entry, ECF No. 227.

2

In any event, even if this Court were to enter some form of relief, any such relief should be crafted to terminate once the Fifth Circuit acts on Defendants' pending motion for a stay pending appeal or the administrative stay of the vacatur order expires. At that point, either (1) the vacatur order will again be in place—either because the administrative stay has expired or because the Fifth Circuit has denied the motion for a stay pending appeal—and there will be no need for additional injunctive relief; or (2) the Fifth Circuit will have determined to enter its own stay and this Court should decline to interfere with that exercise of the court of appeals' equitable authority.

Because the Court may well lack jurisdiction to entertain Defense Distributed's and JSD Supply's motions for injunctive relief after this Court has already entered final judgment on all of those plaintiffs' claims, the Court should deny their motions. And this Court should ensure any relief that is entered will automatically dissolve once the Fifth Circuit has ruled on Defendants' stay motion or the administrative stay expires.

DATED: July 19, 2023

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

ALEXANDER K. HAAS
Director, Federal Programs Branch

LESLEY FARBY
Assistant Director, Federal Programs Branch

*/s/ Daniel Riess*
DANIEL RIESS
TAISA M. GOODNATURE
JEREMY S.B. NEWMAN
Trial Attorneys
Civil Division, Federal Programs Branch
U.S. Department of Justice
1100 L Street, NW
Washington, DC 20005
Phone: (202) 353-3098
Email: Daniel.Riess@usdoj.gov
*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

On July 19, 2023, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ Daniel Riess*
