UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| JENNIFER VANDERSTOK, et al.,<br><br>  Plaintiffs,<br><br>BLACKHAWK MANUFACTURING GROUP INC. d/b/a 80 Percent Arms,<br><br>  Intervenor-Plaintiff,<br><br>DEFENSE DISTRIBUTED, and THE SECOND AMENDMENT FOUNDATION, INC.<br><br>  Intervenors-Plaintiffs,<br><br>v.<br><br>MERRICK GARLAND, in his Official Capacity as Attorney General of the United States, et al.,<br><br>  Defendants. | Civil Action No. 4:22-cv-00691-O |

**Defense Distributed's Reply in Support of**
**Defense Distributed's Opposed Emergency Motion for Injunction Pending Appeal**

Intervenor Plaintiff Defense Distributed files this reply in support of its emergency motion for an injunction pending appeal. *See* Doc. 239 (motion); Doc. 242 (response).

## Argument

### I. The Court has jurisdiction to issue an injunction pending appeal.

The Agencies question (at 1) this Court's jurisdiction to issue an injunction pending appeal. But the necessary jurisdiction clearly exists.

The Agencies' jurisdictional doubt contradicts Federal Rule of Appellate Procedure 8. Rule 8 rightly presupposes this Court's jurisdiction to issue the requested injunction pending appeal by providing that a party "must ordinarily move first in the district court for . . . an order . . . granting an injunction while an appeal is pending":

> (1) Initial Motion in the District Court. A party must ordinarily move first in the district court for the following relief:
>
> (A) a stay of the judgment or order of a district court pending appeal;
>
> (B) approval of a bond or other security provided to obtain a stay of judgment; or
>
> (C) an order suspending, modifying, restoring, or granting an injunction while an appeal is pending.

Fed. R. App. P. 8(a)(1). Courts everywhere therefore know that "the power to act with regard to an injunction pending an appeal exists in both the trial and appellate courts." 11A Charles A. Wright & Arthur R. Miller et. al., Federal Practice & Procedure § 2908 (4th ed. West 2021).

The Agencies' jurisdictional doubt also contradicts the administrative stay they obtained. Their logic about jurisdiction to render an injunction pending appeal applies equally to a stay pending appeal. So if the Court lacks jurisdiction to give Defense Distributed the latter, it likewise

1

lacks jurisdiction to give Agencies the former. But as Rule 8 shows in requiring both stays and injunctions pending appeal to be sought first at a district court, the necessary jurisdiction exists.

*Wooten v. Roach*, 964 F.3d 395 (5th Cir. 2020) (cited by the Agencies at 1), does not apply. The basic rule it states is all well and good. A notice of appeal does indeed divest district courts of control over "those aspects of the case involved in the appeal." *Id.* at 403. But as Rule 8 shows, what this motion seeks is *not* a subject of the jurisdictional divestiture. The appeal is about what kind of final judgment to enter. The motion is about what to do *while the Fifth Circuit decides that*.

**II.    Defense Distributed's motion seeks to preserve the status quo.**

The Agencies frame Defense Distributed's motion incorrectly. They say (at 2) that the motion seeks to (1) alter the status quo and (2) alter the final judgment. But neither is correct.

The relief Defense Distributed seeks would *not* alter the status quo. It would preserve it. The status quo is a world in which the Agencies are *not* enforcing the Final Rule against Defense Distributed. The Court recognized and preserved that status quo when it issued Defense Distributed's preliminary injunction. Doc. 188. And the Court recognized and preserved that same status quo when it issued the final judgment. *See* Doc. 227 at 37 ("vacating the unlawful assertion of the agency's authority would be minimally disruptive because vacatur simply 'establish[es] the status quo' that existed for decades prior to the agency's issuance of the Final Rule last year").

The order Defense Distributed requests would *not* alter the final judgment either. The requested injunction would be a brand new order that operates independently of the final judgment. Whereas the final judgment adjudicates the case's claims by issuing final legal relief (*e.g.*, vacatur), Defense Distributed's requested injunction adjudicates no claim and merely preserves the status quo with a temporary exercise of equitable power; and whereas the final judgment operates nationwide (because it is acting on a claim for that relief), Defense Distributed's

2

requested injunction operates only as to Defense Distributed. Whatever criticisms the Agencies link to changing the final judgment are therefore baseless.

Of course an injunction pending appeal and final judgment entail the analysis of many similar ingredient issues. But that is true in virtually every case. Here too, the Agencies cannot undermine Defense Distributed's present request for an injunction pending appeal without completely undermining the Agencies' own request for an administrative stay. If anyone has erred by having this Court retread the final judgment, it is the Agencies—not Defense Distributed.

Because of this distinction (between the final judgment and an injunction pending appeal), the Agencies are wrong to say (at 3) that an injunction must be "crafted to terminate once the Fifth Circuit acts on Defendants' pending motion for a stay pending appeal or the administrative stay of the vacatur order expires." *If* the Fifth Circuit denies the Agencies' stay requests and lets the final judgment go into effect during the appeal, Defense Distributed would agree that a separate injunction pending appeal is not needed. But if the Fifth Circuit grants the Agencies' stay requests and suspends the final judgment during the appeal (likely for reasons having to do with the relief's *nationwide* aspects), it is entirely consistent and procedurally proper for this Court to order that Defense Distributed in particular receive the protection of an injunction pending appeal.

### III. A new injunction preserving the status quo is needed because the Agencies will not honor the preliminary injunction.

Defense Distributed and the Agencies disagree about whether the Court's preliminary injunction remains in effect at this time. Though Defense Distributed would welcome a ruling in its favor on that point,[1] such a ruling is not necessary. What matters now is that the dispute about

---

[1] As a matter of law, the Court's preliminary injunction *does* remain in effect at this time—so long as the final judgment is stayed. It is true that final judgments usually operate to extinguish interlocutory orders like preliminary injunctions. But this action's final judgment has been *stayed*. Doc. 238. So just as the Agencies can temporarily

the preliminary injunction's continued effect shows *why* an injunction pending appeal is needed. Right or wrong, the Agencies take the position that the preliminary injunction is *not* in effect. So for purposes of determining whether Defense Distributed faces an imminent threat of irreparable harm, the answer is clearly *yes*, as the Agencies do not consider themselves enjoined from enforcing the Final Rule against Defense Distributed and its customers. Because of that stance, which the Agencies are not just suspected of holding but have expressly embraced, the need for an injunction pending appeal that unquestionably supplies the necessary protection is established.

## Conclusion

The motion should be granted. Alternatively, if the motion is denied on the ground that the preliminary injunction remains in effect, the Court should so hold expressly.

Respectfully submitted,

FLORES LAW PLLC
By /s/ *Chad Flores*
Chad Flores
cf@chadfloreslaw.com
Texas Bar No. 24059759
917 Franklin Street, Suite 600
Houston, Texas 77002
(713) 893-9440

---

proceed as though no vacatur occurred, they must also temporarily proceed as though no extinction of the preliminary injunction occurred. The Court's stay was not some sort of temporary line-item veto. It operated as an all-or-nothing proposition in one fell swoop, halting the final judgment in every respect. Either the final judgment carries all of its operational effect today or it carries none, and Agencies opted to go with none. These kinds of procedural moves yield benefits, but at a price. In exchange for temporarily going without the part of the final judgment they dislike (the vacatur), the Agencies must temporarily go without the part of the final judgment they like (the extinction of the preliminary injunction). *Cf. Heffernan v. City of Paterson, N.J.,* 578 U.S. 266, 272 (2016) ("After all, in the law, what is sauce for the goose is normally sauce for the gander.").