IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| JENNIFER VANDERSTOK; *et al.*,<br><br>    *Plaintiffs*<br><br>v.<br><br>MERRICK GARLAND; in his official capacity as Attorney General of the United States, *et al*<br><br>    *Defendants*. | Civil Action No. 4:22-cv-00691-O |

### NOT AN LLC D/B/A JSD SUPPLY'S REPLY IN SUPPORT OF ITS EMERGENCY MOTION FOR INJUNCTION PENDING APPEAL

Intervenor Plaintiff Not An LLC d/b/a JSD Supply ("JSD Supply") files this reply to the government's response to its motion for an injunction pending appeal.

### Argument

The government's opposition asserts that this Court "may well" lack jurisdiction to entertain JSD Supply's Motion (ECF #242 at 3), but then admits that this Court has authority to "issue injunctive relief pending an appeal" pursuant to Fed. R. Civ. P. 62(d). Although the government is "unclear" on the issue (ECF #242 at 1), the federal rules are quite clear. The pertinent language from Rule 62(d) states:

> While an appeal is pending from an interlocutory order or final judgment that grants, continues, modifies, refuses, dissolves, or refuses to dissolve or modify an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights.

JSD Supply did not receive an injunction in this Court, and therefore this Court "refuse[d]" to grant the injunction (because it granted final relief and thus, mooted JSD Supply's motion). Thus, this Court can now, "[w]hile an appeal is pending ... grant an injunction" pursuant to Rule

62(d), that applies to JSD Supply. An injunction pending appeal to protect JSD Supply is warranted for all the reasons the Court granted the injunctions for other plaintiffs and intervenors, and ultimately, granted summary judgment vacating the Final Rule.

At this point, it is clear that the government believes itself unconstrained of any injunction applying the Final Rule against anyone (*see* Opposition, discussing preliminary injunction being effective until final judgment, p. 2), even after losing in this Court. Although the government recites a litany of harms that would befall it if unable to enforce the Final Rule, none of those apply with respect to the parties *in this case*, some of whom already have been covered by injunctive relief (and all of whom should be again while proceedings continue). Doing so would in no way "amend or vacate the order" currently on appeal, as the government claims. ECF #242 at 3.

## Conclusion

JSD Supply requests this Court grant its motion, ordering that Defendants and their officers, agents, servants, and employees are enjoined from implementing and enforcing against JSD Supply and its customers (except for those individuals prohibited from possessing firearms under 18 U.S.C. § 922(g)) the provisions in 27 C.F.R. §§ 478.11 and 478.12 that the Court has preliminarily determined are unlawful.

Dated: July 20, 2023

Respectfully submitted,

*/s/ J. Mark Brewer*
J. MARK BREWER
Texas Bar No. 02965010
800 Bering Dr., Suite 201
Houston, TX 77057
Phone: (713) 209-2910
brewer@bplaw.com

MATTHEW J. SMID
Texas Bar No. 24063541
301 Commerce Street, Suite 2001
Fort Worth, Texas 76102
Phone: (817) 332-3822
Fax: (817) 332-2763 Fax
matt@mattsmidlaw.com

*Attorneys for Intervenor-Plaintiff Not an LLC, dba JSD Supply*

## CERTIFICATE OF SERVICE

I certify that on July 20, 2023, the foregoing document was served, via the Court's CM/ECF Document Filing System, upon the registered CM/ECF users in this action.

*/s/ J. Mark Brewer*
J. Mark Brewer