UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| JENNIFER VANDERSTOK *et al.*,<br><br>　　Plaintiffs,<br><br>　v.<br><br>MERRICK GARLAND, in his official capacity as Attorney General of the United States *et al.*,<br><br>　　Defendants. | Case No. 4:22-cv-00691-O |

**DEFENDANTS' RESPONSE TO POLYMER80, INC.'S NOTICE REGARDING REMAINING CLAIMS**

Pursuant to this Court's Order, ECF No. 233 (July 12, 2023), Defendants hereby submit this Response to Intervenor-Plaintiff Polymer80, Inc.'s Notice Regarding Remaining Claims, ECF No. 232 (July 7, 2023). The Court asked Defendants to "address (1) the issue of mootness as to Polymer80's remaining claims[1] and (2), if the Court determines Polymer80's claims are not moot, whether Defendants agree to the proposed scheduling order (ECF No. 232-1)" submitted by Polymer80. ECF No. 233, at 1-2.

**1.**　　Polymer80's remaining claims are not moot. As Defendants surmise, the Court inquired into the potential mootness of these claims because the Open Letter and Polymer80 Letter discuss the classification of products under the Final Rule, Definition of "Frame or Receiver" and

---

[1] Polymer80's remaining claims – Counts I, III, V, VII, IX, XII, XIII in part, XIV in part, XV, XVI in part, and XVII in part – are those challenging ATF's December 2022 Open Letter, *see* Appendix in Support of Polymer80, Inc.'s Brief in Support of its Motion to Intervene, ECF No. 159, APP 008-017 ("Open Letter"), and ATF's December 2022 letter to Polymer80, *see id.* at APP 047-056 ("Polymer80 Letter").

Identification of Firearms, 87 Fed. Reg. 24,652 (April 26, 2022) ("Rule"), and this Court issued an opinion and entered a final judgment vacating the Rule.  *See* Memorandum Opinion & Order on Parties' Cross-Motions for Summary Judgment & Motions to Intervene, ECF No. 227, at (June 30, 2023) ("Opinion" or "Op."); Final Judgment, ECF No. 231, at 1 (July 5, 2023).  However, Defendants have appealed the Opinion and Final Judgment to the Fifth Circuit.  *See* Notice of Appeal, ECF No. 234 (July 13, 2023); *VanDerStok v. Garland*, No. 23-10718 (5th Cir.).  That appeal is pending.  Therefore, regardless of whether Polymer80's remaining claims would be moot in the event that this Court's vacatur of the Rule withstands appellate review (an issue on which Defendants take no position at this time), those claims are not currently moot.

**2.**     Defendants respectfully request that the Court not enter the scheduling order proposed by Polymer80, and instead, stay proceedings regarding Polymer80's remaining claims pending resolution of the appeal in *VanDerStok*, No. 23-10718, an appeal in which Defendants are appellants and Polymer80 is an appellee.  A district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997).  This discretion "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936).

"A stay pending the outcome of litigation between the same parties involving the same or controlling issues is an acceptable means of avoiding unnecessary duplication of judicial machinery." *ACF Indus., Inc. v. Guinn*, 384 F.2d 15, 19 (5th Cir. 1967); *see also Wolf Designs, Inc. v. Donald McEvoy Ltd., Inc.*, 341 F. Supp. 2d 639, 642 (N.D. Tex. 2004) ("[A] stay pending the outcome of litigation in another court between the same parties, involving the same or controlling issues, is an appropriate means of avoiding unnecessary waste of judicial resources.").  Such a stay is warranted where "there is substantial overlap in the underlying issues" and "where at least some of the issues in the case could be clarified or eliminated" in the related matter; such a stay ensures that "judicial resources will be conserved, and

duplication of efforts avoided." *ZeniMax Media Inc. v. Samsung Electronics Co.*, No. 3:17-cv-1288-D, 2017 WL 4805524, at *4 (N.D. Tex. Oct. 25, 2017). Therefore, district courts routinely stay proceedings when an appeal is likely to shed substantial light on legal issues in a case.[2]

A stay is warranted here because the *VanDerStok* appeal will have substantial impact on the merits of Polymer80's remaining claims. Polymer80 challenges the Open Letter and Polymer80 Letter. Those letters applied a provision of the Rule that provides that "a partially complete . . . frame or receiver" is a frame or receiver if it "may readily be completed, assembled, restored, or otherwise converted to function as a frame or receiver." 27 C.F.R. § 478.12(c). The letters concluded that certain partially complete frames manufactured or sold by Polymer80 qualified as frames and firearms because they have "reached a stage of manufacture where they *'may readily be completed, assembled, restored, or otherwise converted'* to a functional frame." Open Letter, APP 016 (quoting 27 C.F.R. § 478.12(c)); *accord* Polymer80 Letter, APP 055. At issue in the *VanDerStok* appeal is the lawfulness of § 478.12(c), and the extent of ATF's authority to regulate partially complete frames and receivers. *See* Op. 25-30. Therefore, it is virtually certain that the resolution of the *VanDerStok* appeal will have significant bearing on Polymer80's remaining claims.

A stay will conserve resources of the parties and the Court. Both Polymer80's remaining claims and the *VanDerStok* appeal involve the core legal issue of whether ATF has statutory authority

---

[2] *See, e.g.*, *Sikhs for Justice v. Nath*, 893 F. Supp. 2d 598, 622 (S.D.N.Y. 2012) ("a court may also properly exercise its staying power when a higher court is close to settling an important issue of law bearing on the action"); *Minn. Voters Alliance v. Walz*, 494 F. Supp. 3d 610, 611-12 (D. Minn. 2020) (staying proceedings pending appeal of preliminary injunction because, among other things, the appeal was "likely to resolve some of the legal issues in dispute"); *Beltronics USA, Inc. v. Midwest Inventory Distrib., LLC*, 545 F. Supp. 2d 1188, 1190 (D. Kan. 2008) (staying proceedings to await Tenth Circuit's resolution of a legal issue that "would significantly advance the course of th[e] litigation" and best serve "the time and effort of the parties and the court"); *Bray v. QFA Royalties, LLC*, No. 06-cv-02528, 2007 WL 2688858, at *1 (D. Colo. Sept. 12, 2007) (staying proceedings pending appeal of preliminary injunction because "the Tenth Circuit's determination of the legal issues inherent in [the] preliminary injunction decision will edify further proceedings on those same . . . claims for permanent injunctive relief").

3

to regulate partially complete frames and receivers that may readily be converted to a functional state. A stay would ensure that "judicial resources will be conserved, and duplication of efforts avoided," *ZeniMax Media*, 2017 WL 4805524, at *4, because Defendants and Polymer80 would not need to litigate this issue simultaneously in two courts. Furthermore, a stay would not prejudice Polymer80 because the parties could continue to litigate the case upon expiration of the stay. Given that the Fifth Circuit has expedited the appeal and scheduled oral argument for September 7, 2023, a stay would not be inordinately long, and would not unduly delay resolution of Polymer80's claims.

## CONCLUSION

Polymer80's remaining claims are not moot. Rather than enter the schedule proposed by Polymer80, the Court should stay Polymer80's remaining claims pending the Fifth Circuit's resolution of *VanDerStok v. Garland*, 23-10718 (5th Cir.).

DATED: August 2, 2023

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

ALEXANDER K. HAAS
Director, Federal Programs Branch

LESLEY FARBY
Assistant Director, Federal Programs Branch

*/s/ Jeremy S.B. Newman*
DANIEL RIESS
TAISA M. GOODNATURE
JEREMY S.B. NEWMAN
Trial Attorneys
Civil Division, Federal Programs Branch
U.S. Department of Justice
1100 L Street, NW
Washington, DC 20005
Phone: (202) 532-3114
Email: jeremy.s.newman@usdoj.gov
*Attorneys for Defendants*

**CERTIFICATE OF CONFERENCE**

I certify that I have conferred with counsel for Polymer80, Inc. ("Polymer80"), James W. Porter III and Marc A. Nardone, on August 2, 2023. Counsel for Polymer80 indicated that Polymer80 opposes the entry of a stay and believes the briefing schedule it has proposed for resolving its remaining claims is appropriate.

*/s/ Jeremy S.B. Newman*

**CERTIFICATE OF SERVICE**

On August 2, 2023, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ Jeremy S.B. Newman*