UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JENNIFER VANDERSTOK, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| BLACKHAWK MANUFACTURING | § | |
| GROUP INC. d/b/a 80 Percent Arms, | § | |
| | § | |
| Intervenor-Plaintiff, | § | |
| | § | |
| DEFENSE DISTRIBUTED, and | § | |
| THE SECOND AMENDMENT | § | Civil Action No. 4:22-cv-00691-O |
| FOUNDATION, INC. | § | |
| | § | |
| Intervenors-Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | |
| MERRICK GARLAND, in his Official | § | |
| Capacity as Attorney General of the United | § | |
| States, et al., | § | |
| | § | |
| Defendants. | | |

**Defense Distributed's**
**Opposed Emergency Motion for Injunction Pending Appeal**

**Table of Contents**

Table of Contents..................................................................................................................i

Table of Authorities ............................................................................................................ii

Argument ............................................................................................................................1

I.      The Court should issue an injunction pending appeal.......................................................2

      A.      The Court has jurisdiction to issue an injunction pending appeal. ........................2

      B.      An injunction pending appeal is consistent with the Supreme Court stay .............3

      C.      An injunction pending appeal is warranted............................................................4

      D.      An injunction pending appeal preserves the status quo. .......................................5

II.     The Court should uphold its existing preliminary injunction. ...........................................6

Conclusion ..........................................................................................................................8

## Table of Authorities

**Cases**

*Heffernan v. City of Paterson, N.J.*,
    578 U.S. 266 (2016) ..................................................................................................8

*Wooten v. Roach*,
    964 F.3d 395 (5th Cir. 2020) ..................................................................................3

**Rules**

Fed. R. App. P. 8(a)(1) ...........................................................................................2, 3

**Secondary Authorities**

11A Charles A. Wright & Arthur R. Miller et. al., Federal Practice & Procedure
    § 2908 (4th ed. West 2021). .....................................................................................3

Intervenor Plaintiff Defense Distributed files this emergency motion for an injunction pending appeal. The Defendants were conferred with and oppose.

## Argument

Defense Distributed moves for the injunction pending appeal that it sought once already. *See* Doc. 239 (Defense Distributed's motion); Doc. 242 (Agencies' response); Doc. 243 (Defense Distributed's reply). The Court denied the original motion as moot because, at that time, the Fifth Circuit had issued an order leaving this Court's final judgment in effect during the appeal. Doc. 245. But yesterday the Supreme Court overrode the Fifth Circuit and issued an order staying this Court's final judgment during the appeal. Ex. A. Because of that stay, Defense Distributed's need for individual relief is no longer moot. So the instant motion should be ruled on as soon as possible.

The motion should be granted because Defense Distributed will ultimately prevail and should be protected from the Rule's enforcement in the meantime. There is a reason the Agencies never seriously sought a stay *as to Defense Distributed in particular*. This Court rightly held that Defense Distributed's case against the Rule is meritorious, Doc. 227, and the Fifth Circuit likewise rightly held that "ATF has not demonstrated a strong likelihood of success" in defending the Rule's challenged provisions. Doc. 246 at 3. Apart from whatever might be said of *nationwide* vacatur, all other factors regarding Defense Distributed in particular point toward preserving the status quo and stopping the irreparable harm that Rule enforcement causes. The Supreme Court's stay is not to the contrary because it yields no material holdings at all (no opinion was issued) and because it pertains only to the distinct question of staying a *nationwide* APA *vacatur*—not the present question of a *particular party's* personalized *injunction*. On a clean slate, the Court should grant the motion and enter an injunction pending appeal for Defense Distributed.

1

I.      **The Court should issue an injunction pending appeal.**

First, Defense Distributed requests personalized protection from the Agencies'
enforcement of the Rule via an injunction pending appeal.  Specifically, Defense Distributed
requests an injunction pending appeal that parallels the preliminary injunction this Court issued as
the March 8, 2023, "Opinion & Order on Defense Distributed and the Second Amendment
Foundation, Inc.'s Motion for a Preliminary Injunction."  Doc. 188.  The preliminary injunction's
key conclusion as to Defense Distributed and its customers was as follows:

> carried its burden. Accordingly, the Court **GRANTS** the motion **in part** and **ORDERS** that
> Defendants and their officers, agents, servants, and employees are enjoined from implementing
> and enforcing against Defense Distributed and its customers (except for those individuals
> prohibited from possessing firearms under 18 U.S.C. § 922(g)) the provisions in 27 C.F.R.
> §§ 478.11 and 478.12 that the Court has preliminarily determined are unlawful. The Court waives
> the security requirement of Federal Rule of Civil Procedure 65(c). *See Kaepa, Inc. v. Achilles*

Doc. 188 at 10.  That same kind of personalized injunction should be entered pending appeal.

A.      **The Court has jurisdiction to issue an injunction pending appeal.**

The Agencies said before that the Court lacks jurisdiction to issue an injunction pending
appeal.  Doc. 242 at 2.  But the jurisdiction to issue an injunction pending appeal clearly exists.

The Agencies' jurisdictional doubt contradicts Federal Rule of Appellate Procedure 8.
Rule 8 rightly presupposes this Court's jurisdiction to issue the requested injunction pending
appeal by providing that  a party "must ordinarily move first in the district court for  . . . an order
. . . granting an injunction while an appeal is pending":

> (1)      Initial Motion in the District Court. A party must ordinarily move first in
> the district court for the following relief:
>
>      (A)      a stay of the judgment or order of a district court pending appeal;

(B)    approval of a bond or other security provided to obtain a stay of judgment; or

(C)    an order suspending, modifying, restoring, or granting an injunction while an appeal is pending.

Fed. R. App. P. 8(a)(1).  Courts everywhere therefore know that "the power to act with regard to an injunction pending an appeal exists in both the trial and appellate courts."  11A Charles A. Wright & Arthur R. Miller et. al., Federal Practice & Procedure § 2908 (4th ed. West 2021).

The Agencies' jurisdictional doubt also contradicts the administrative stay they obtained from this Court, Doc. 238.  Their logic about jurisdiction to render an injunction pending appeal applies equally to a stay pending appeal.  So if the Court lacks jurisdiction to give Defense Distributed an injunction pending appeal, it likewise lacked jurisdiction to give the Agencies their administrative stay pending appeal, Doc. 238.  But as Rule 8 shows in requiring both stays and injunctions pending appeal to be sought first at a district court, the necessary jurisdiction exists.

*Wooten v. Roach*, 964 F.3d 395 (5th Cir. 2020) (cited by the Agencies before), does not apply.  The basic rule it states is all well and good.  A notice of appeal divests district courts of control over "those aspects of the case involved in the appeal."  *Id.* at 403.  But as Rule 8 shows, what this motion seeks is *not* a subject of the jurisdictional divestiture.  The appeal is about what kind of final judgment to enter.  The motion is about what to do *while the Fifth Circuit decides that*.

**B.    An injunction pending appeal is consistent with the Supreme Court stay.**

The Agencies will likely say that this motion's requested relief conflicts with the Supreme Court's stay.  But because the relief this motion requests differs in at least two material respects from what the Supreme Court stay accounts for, there is no such conflict.

3

Material difference one is about the *subject* of relief—*nationwide* relief versus *personalized party* relief. Whereas the Court's final judgment and Supreme Court stay concern *nationwide* relief for the entire country, this motion is about *individualized* relief for a *party* to the case.

Material difference two is about the *vehicle* of relief—relief via an *APA vacatur* versus relief via an *injunction*. Where the Court's final judgment and Supreme Court stay concern relief via an APA vacatur of the Rule, this motion is about a personalized district court *injunction* against the Agencies' enforcement of the Rule.

Hence, this motion is in no way inconsistent with the Supreme Court's stay order. The procedural differences show that it is perfectly proper for the case to entail *both* (1) a stay pending appeal of the final judgment's nationwide APA vacatur, *and* (2) a personalized injunction pending appeal halting the Agencies' enforcement of the Rule against Defense Distributed in particular.

**C.    An injunction pending appeal is warranted.**

On the merits, Defense Distributed should receive an injunction pending appeal for the same reasons that the Court's March 8 order granted Defense Distributed a preliminary injunction. Doc. 188. That injunction was justified both by the reasons that the Court expressly announced in that decision, *id.*, as well as the additional reasons that Defense Distributed and SAF gave in their briefs, *see* Docs 163, 176, and 184. The federal government's reasons for seeking stays pending appeal in the Fifth Circuit and Supreme Court focused on the judgment' *nationwide* aspect of the final judgment's APA vacatur; they did not seriously contend that a stay was warranted as to the protection of Defense Distributed individually. So regardless of how the final judgment's nationwide aspects fare, Defense Distributed in particular is entitled to an injunction protecting them in particular for the duration of the appeal.

Emergency relief is needed now for the reasons Defense Distributed first introduced at the preliminary injunction stage. The situation is dire. If Defense Distributed is not protected by either the Court's existing final judgment or an individualized injunction pending appeal—if the Agencies are allowed to resume enforcement of the Final Rule against Defense Distributed—then Defense Distributed will go out of business and cease to exist. *See* Doc. 164 at 5-6 ("The Final Rule irreparably harms Defense Distributed."); Doc. 164-01 (declaration of Cody Wilson, Defense Distributed's director). Then and now, "the new Final Rule's effect on Defense Distributed is devastating." Doc. 164-1 at 5. "The new Final Rule will destroy Defense Distributed, soon, unless the government is enjoined from enforcing the new Final Rule against it and its customers." *Id.*

### D.    An injunction pending appeal preserves the status quo.

The Agencies said before that Defense Distributed's motion seeks to (1) alter the status quo and (2) alter the final judgment. Doc. 242 at 1. But neither is correct.

The relief Defense Distributed seeks would *not* alter the status quo. It would preserve it. The status quo is a world in which the Agencies are *not* enforcing the Final Rule against Defense Distributed. The Court recognized and preserved that status quo when it issued Defense Distributed's preliminary injunction. Doc. 188. And the Court recognized and preserved that same status quo when it issued the final judgment. *See* Doc. 227 at 37 ("vacating the unlawful assertion of the agency's authority would be minimally disruptive because vacatur simply 'establish[es] the status quo' that existed for decades prior to the agency's issuance of the Final Rule last year"). The Fifth Circuit's stay denial correctly concluded that letting the Rule's challenged provisions be vacated "effectively maintains, pending appeal, the status quo that existed for 54 years from 1968 to 2022." Doc. 246 at 3.

The order Defense Distributed requests would *not* alter the final judgment either. The requested injunction would be a brand new order that operates independently of the final judgment. Whereas the final judgment adjudicates the case's claims by issuing final legal relief (*e.g.*, vacatur), Defense Distributed's requested injunction adjudicates no claim and merely preserves the status quo with a temporary exercise of equitable power; and whereas the final judgment operates nationwide (because it is acting on a claim for that relief), Defense Distributed's requested injunction operates only as to Defense Distributed. Whatever criticisms the Agencies link to changing the final judgment are therefore baseless.

## II.    The Court should uphold its existing preliminary injunction.

Alternatively, if the Court does not issue an injunction pending appeal, Defense Distributed requests personalized protection from the Agencies' enforcement of the Rule via an order expressly upholding the Court's existing preliminary injunction. Technically, an order upholding the continued force Defense Distributed's preliminary injunction should not be necessary because that preliminary injunction already maintains its full force as a matter of law. But an order expressly saying so is needed because the Agencies oppose that view. They posit that an order staying the Court's final judgment somehow halts the final judgment's vacatur of the final rule *but does not* revive the March 8 preliminary injunction issued for Defense Distributed's benefit, Doc. 188. That position is wrong and its chilling effect seriously exacerbates the irreparable harm Defense Distributed suffers. To resolve that uncertainty and put a definitive halt to the Agencies' continued enforcement of the Rule against Defense Distributed in particular, the Court should issue an order declaring what is already true: So long as the Supreme Court stay is in effect, this Court's Document 188 preliminary injunction for Defense Distributed is in effect as well.

As a matter of law, the Supreme Court order staying this Court's summary judgment and final judgment has resurrected this Court's March 8 preliminary injunction order for Defense Distributed automatically, without the need for any further party or Court action.  It is true that final judgments usually operate via the merger rule to extinguish interlocutory orders like preliminary injunctions.  But this action's summary judgment and final judgment have been stayed.[1]  So just as the parties all must temporarily proceed as though the final judgment is not accomplishing any vacatur, they must also temporarily proceed as though the final judgment is not triggering the merger rule and extinguishing Defense Distributed's preliminary injunction.

In other words, stays like the one issued here do *not* operate in the one-sided fashion the Agencies wish they did.  Either this Court's summary and final judgments carry all of their operational effects today or they carry none.  By obtaining yesterday's stay, the Agencies are stuck with none.  In exchange for temporarily going without the part of those judgments they dislike (the vacatur), the Agencies must temporarily go without the part of those judgments they like (the extinction of the preliminary injunction).  *Cf. Heffernan v. City of Paterson, N.J.*, 578 U.S. 266, 272 (2016) ("After all, in the law, what is sauce for the goose is normally sauce for the gander.").

The Agencies have not cited and counsel has not located any authority upholding a different rule.  Indeed, the Agencies just told the Fifth Circuit in their appellant's brief for this very case that "the effect of any judgment should be bidirectional."  Br. of Appellants at 42, *VanDerStok v. Garland*, No. 23-10718 (5th Cir.) (filed Aug. 9, 2023).  If that is true—if all judgments must be

---

[1] The Court did not stay *enforcement of* the judgments—it stayed the judgments themselves. Ex. A. Indeed, an order staying *enforcement* of an APA vacatur would be a meaningless *non sequitur*, as there is no enforcement to enjoin.  An APA vacatur operates by fiat – the judgment itself delivers all of the judicial power at issue - without the need for a party to take further enforcement steps.

"bidirectional"—then there is no escaping the conclusion that the Supreme Court's stay order has *both* the effect of nullifying the APA vacatur *and* the effect of resurrecting Defense Distributed's preliminary injunction.

Thus, the Court should expressly hold that, for so long as the Supreme Court's stay order suspends this Court's summary and final judgments, the preliminary injunction that this Court entered for Defense Distributed remains in effect.

### Conclusion

The Court should enter an injunction pending appeal ordering that, until the matter's appeals are concluded, Defendants and their officers, agents, servants, and employees are enjoined from implementing and enforcing against Defense Distributed and its customers (except for those individuals prohibited from possessing firearms under 18 U.S.C. § 922(g)) the provisions in 27 C.F.R. §§ 478.11 and 478.12 that the Court has preliminarily determined are unlawful. Alternatively, the Court should enter an order holding that Defense Distributed's preliminary injunction, Doc. 188, remains in force for so long as the Supreme Court's stay is in effect.

Respectfully submitted,

FLORES LAW PLLC
By /s/ *Chad Flores*
Chad Flores
cf@chadfloreslaw.com
State Bar No. 24059759
917 Franklin Street, Suite 600
Houston, Texas 77002
(713) 893-9440

Counsel for Defense Distributed