IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

FORT WORTH DIVISION

| | |
|---|---|
| JENNIFER VANDERSTOK;<br>MICHAEL G. ANDREN;<br>TACTICAL MACHINING, LLC, a limited liability company; and<br>FIREARMS POLICY COALITION, INC., a nonprofit corporation,<br><br>    *Plaintiffs*,<br>and<br><br>BLACKHAWK MANUFACTURING GROUP INC. d/b/a 80 PERCENT ARMS, DEFENSE DISTRIBUTED; and SECOND AMENDMENT FOUNDATION, INC.,<br><br>    *Intervenor-Plaintiffs*,<br><br>  v.<br><br>MERRICK GARLAND, in his official capacity as Attorney General of the United States;<br>UNITED STATES DEPARTMENT OF JUSTICE;<br>STEVEN DETTELBACH, in his official capacity as Director of the Bureau of Alcohol, Tobacco, Firearms and Explosives; and<br>BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES,<br><br>    *Defendants*. | Civil Action No. 4:22-cv-691-O |

**BLACKHAWK MANUFACTURING GROUP INC. d/b/a 80 PERCENT ARMS' OPPOSED EMERGENCY MOTION TO CLARIFY THE STATUS OF INJUNCTIVE RELIEF, OR, IN THE ALTERNATIVE, FOR AN INJUNCTION TO ENFORCE UNSTAYED ASPECTS OF FINAL JUDGMENT, OR A PRELIMINARY INJUNCTION PENDING APPEAL**

Intervenor-Plaintiff BlackHawk Manufacturing Group Inc. d/b/a 80 Percent Arms (collectively, as used herein, "BlackHawk"), through its undersigned counsel, respectfully files this emergency motion for clarification of the status of the injunctive relief granted to BlackHawk, including ECF No. 118 (November 2, 2022, preliminary injunction), or, in the alternative, for a new injunction to enforce this Court's final judgment, or for a preliminary injunction pending appeal.[1]

Defendants U.S. Department of Justice, the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), Merrick B. Garland, in his official capacity as Attorney General of the United States, and Steven Dettelbach, in his official capacity as Director of ATF (collectively, the "Government") oppose the relief in this motion. The Government's position is that the ATF rule at issue (the "Final Rule" discussed *infra*) remains effective against everyone, including plaintiffs in this case such as BlackHawk. The Government also declined to provide assurances that they would decline to exercise their discretion to enforce the Final Rule against any of the plaintiffs in this case, such as BlackHawk. This is despite the fact that both this Court and the U.S. Court of Appeals for the Fifth Circuit has concluded that the Government is unlikely to succeed on the merits of its claim that the Final Rule is lawful.

In addition to the arguments raised by Defense Distributed, BlackHawk states as follows in support of this emergency motion.

---

[1] BlackHawk respectfully incorporates by reference the arguments made in Defense Distributed's Emergency Motion for Injunction Pending Appeal. *See* ECF No. 249. BlackHawk respectfully moves to join Defense Distributed's motion and requests its motion to be briefed on the same schedule as that motion. *See* ECF No. 250. BlackHawk also respectfully incorporates by reference its earlier memorandum of law in support of its motion for preliminary injunction. ECF No. 102.

**STATEMENT**

This Court has concluded that the federal government may not "lawfully regulate partially manufactured firearm components, related firearm products, and other tools and materials in keeping with the Gun Control Act of 1968," and "that the government's recently enacted Final Rule, Definition of 'Frame or Receiver' and Identification of Firearms, 87 Fed. Reg. 24,652 (codified at 27 C.F.R. pts. 447, 478, and 479), is unlawful agency action taken in excess of the ATF's statutory jurisdiction." ECF No. 227 at 3. During the litigation of this important question, this Court entered a preliminary injunction on November 3, 2022, to protect BlackHawk, ordering that "Defendants and their officers, agents, servants, and employees are enjoined from implementing and enforcing against BlackHawk Manufacturing Group Inc. d/b/a 80 Percent Arms the provisions in 27 C.F.R. §§ 478.11 and 478.12 that the Court has preliminarily determined are unlawful." ECF No. 118 at 11–12.

This Court later ruled for plaintiffs on the merits, granting motions for summary judgment on June 30, 2023. ECF No. 227. This Court vacated the Final Rule, and entered final judgment on July 5, 2023. ECF No. 231. This Court rejected the Government's request for a stay pending appeal, as did the Fifth Circuit, concluding "the ATF has not demonstrated a strong likelihood of success on the merits, nor irreparable harm in the absence of a stay[.]" *See* ECF No. 246 at 3 (Unpublished Order, Case No. 23-10718 (July 24, 2023)).

The Government filed an application with the Supreme Court of the United States for a stay of this Court's judgment entered on July 5, 2023. In addition to arguing the merits, the Government's application argued that a "nationwide vacatur" was not available because "[s]uch universal remedies contradict Article III and traditional equitable principles, which limit courts to 'case-by-case judgments with respect to the parties in each case.' *Arizona v. Biden*, 40 F.4th 375,

396 (6th Cir. 2022) (Sutton, C.J., concurring)." Government's Application for a Stay of Judgment, *Garland, Att'y Gen., et al. v. Vanderstok, Jennifer, et al.*, No. 23A82 (July 2023) ("Gov't Application"), submitted herewith as **Exhibit A**.

The Supreme Court granted the Government's application on August 8, 2023, and stayed this Court's June 30, 2023 order and July 5, 2023 judgment only "insofar as they vacate the final rule." *See* ECF No. 249-1 (*Garland, Att'y Gen., et al. v. Vanderstok, Jennifer, et al.*, No. 23A82, Order in Pending Cases (Aug. 8, 2023)). As noted, the Government apparently takes the position now that, despite the granting of injunctive relief and a favorable summary judgment ruling on the merits by this Court, the Final Rule nonetheless applies to and may be enforced against BlackHawk.

## ARGUMENT

I. **THIS COURT SHOULD CONFIRM THAT THE PRIOR INJUNCTIVE RELIEF GRANTED TO BLACKHAWK REMAINS IN EFFECT EITHER AS A CONTINUATION OF ITS PRELIMINARY INJUNCTION, OR AS A NEW PRELIMINARY OR PERMANENT INJUNCTION**

This Court should enter an order making explicit that its earlier injunctive relief that the Government is enjoined from implementing and enforcing the unlawful sections of the Final Rule against BlackHawk, ECF No. 118 at 12, remains in effect by operation of law, by reinstatement, or by issuing new relief (or all three). This Court has the jurisdiction and authority to do so under its inherent and ancillary powers. *See United States v. Ruiz*, 536 U.S. 622, 628 (2002) ("[A] federal court always has jurisdiction to determine its own jurisdiction."); *Gumbel v. Pitkin*, 124 U.S. 131, 144 (1888) ("So the equitable powers of courts of law over their own process, to prevent abuses, oppression, and injustice, are inherent and equally extensive and efficient, as is also their power to protect their own jurisdiction and officers in the possession of property that is in the custody of the law."); *Hecht Co. v. Bowles*, 321 U.S. 321, 329–30 (1944) (describing "the requirements of equity

3

practice with a background of several hundred years of history" and noting that "[a]n appeal to the equity jurisdiction conferred on federal district courts is an appeal to the sound discretion which guides the determinations of courts of equity.…The essence of equity jurisdiction has been the power of the [district court] to do equity and to mould [sic] each decree to the necessities of the particular case.") (internal quote omitted). The Government apparently takes the position that this relief expired upon entry of final judgment in this case, *see* ECF No. 231, both on merger and mootness grounds. But now that the Supreme Court has stayed the final judgment to the extent it vacates the Final Rule, events have overtaken that analysis and neither of those explanations apply to invalidate the availability of injunctive relief to BlackHawk. *See* ECF No. 249-1. In fact, that recent ruling essentially turns back the clock of this litigation, and, consequently, the interim protections granted to BlackHawk as a litigant challenging unlawful agency action pending final relief and appellate review remain in full effect.[2]

In addition to or in lieu of clarification that the original relief remains in place, this Court should enter a new injunction that parallels the preliminary injunction this Court previously issued, ECF No. 118, specifically to enforce the unstayed aspect of its final judgment. ECF No. 231. It is axiomatic that federal courts possess "inherent power to enforce [their] judgments." *Peacock v. Thomas*, 516 U.S. 349, 356 (1996); *see also Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 577 (5th Cir. 2005) ("District courts can enter injunctions as a means to enforce prior judgments."); *see Thomas v. Hughes*, 27 F.4th 363, 370 (5th Cir. 2022) (noting that "it is well established that courts have the power to enforce their judgments through injunctive relief" and affirming district court's post-judgment order entered after party noticed its appeal). Here, the

---

[2] Notably, at no time did the Government seek a stay of that ruling; its appeal of the granting of a preliminary injunction to BlackHawk is currently pending before the Fifth Circuit as Case No. 22-11086. To the extent the Government wishes to pursue its argument that preliminary relief is improper, it can do so on appeal, including at oral argument scheduled for September 7, 2023.

4

Supreme Court stayed only a limited portion of this Court's judgment, leaving intact that aspect that does not "vacate the final rule." ECF No. 249-1. This Court consequently has the authority—and in BlackHawk's view, respectfully, the obligation—to enforce its judgment and provide relief and protection to BlackHawk to the extent it does not already exist or its existence is disputed. *See Mata v. Lynch*, 576 U.S. 143, 150 (2015) (federal courts have a "virtually unflagging obligation ... to exercise" the jurisdiction they possess).

This Court finally also may wish to clarify that should vacatur of the offending sections of the Final Rule not be available, this Court understood and would have expected that the relief and protections granted to BlackHawk would continue as a permanent injunction. After all, the Government itself acknowledged in briefing before the Supreme Court that the only reason this Court denied the remaining claims in the case—including claims for permanent injunctive relief—was on mootness grounds "because vacatur provides Plaintiffs full relief." Gov't Application at 31 (citing ECF No. 227 at 37; ECF No. 231 at 2). And, as the Government also observed, "party-specific relief can adequately protect the plaintiff's interests," *id*. at 33, and that it would accept a party-specific judgment in this case—even one that involved vacatur of a rule. *Id*. at 34 ("At a minimum, therefore, this Court should stay the district court's vacatur as applied to individuals and entities that are not parties to this case.").

BlackHawk notes here that it surely would elevate form over substance—and likely represent prosecutorial vindictiveness, perhaps even misconduct—for the Government now to argue that BlackHawk is not entitled to *any* relief after successfully prevailing on its claims before this Court, thereby rendering it an immediate target for criminal prosecution under a regulation whose legal survival is exceedingly precarious. As noted, the Government endorsed party-specific relief in this very case and, moreover, the Supreme Court only stayed this Court's summary

5

judgment opinion and final judgment "insofar as they vacate the final rule." ECF No. 249-1. That necessarily means that this Court's legal ruling that that "the ATF has acted in excess of its statutory jurisdiction by promulgating" the Final Rule, ECF No. 227 at 35, survives and has the force of law. As an issue that has been fully and fairly litigated between the parties, principles of issue preclusion (and fairness) bind the Government in any future case against BlackHawk—civil or criminal—and plainly should preclude the Government's enforcement of unlawful agency action against BlackHawk.

## II.   THIS COURT IN THE ALTERNATIVE SHOULD GRANT BLACKHAWK A PRELIMINARY INJUNCTION PENDING APPEAL

In the alternative or addition to clarifying the injunctive relief protecting BlackHawk, this Court should affirmatively grant BlackHawk an injunction pending appeal that parallels the preliminary injunction this Court previously issued. ECF No. 118. BlackHawk already has established its entitlement to such relief. *Id*. The Government did not seek a stay of that ruling and, in any event, the Fifth Circuit already has concluded when denying the Government's motion for a stay of the judgment that "the ATF has not demonstrated a strong likelihood of success on the merits, nor irreparable harm in the absence of a stay." ECF No. 246 at 3. The law of the case doctrine therefore resolves this issue (at both the trial court and appellate levels) and this Court should alternatively grant a preliminary injunction pending appeal. *See Med. Ctr. Pharmacy v. Holder*, 634 F.3d 830, 834 (5th Cir. 2011) ("The law-of-the-case doctrine posits that when a court decides upon a rule of law, that decision should continue to govern the same issue in subsequent stages in the same case.") (internal quotes omitted).

## III.   THE GOVERNMENT IS JUDICIALLY ESTOPPED FROM OPPOSING THE RELIEF SOUGHT BY THIS MOTION

The relief sought here is consistent with the Government's position in the Supreme Court in requesting a stay of this Court's judgment where the Government argued that party-specific

6

relief could fully redress plaintiffs' asserted injuries. *See, e.g.*, Gov't Application at 28 (arguing that relief must "be no more burdensome to the defendant than necessary to provide complete relief to the plaintiffs" (quoting *Califano v. Yamasaki*, 442 U.S. 682, 702 (1979)); *id*. at 30 (asserting that Article III and equity favors "limiting relief to the plaintiffs before the court"). After prevailing on its application for a stay before the Supreme Court, the Government is judicially estopped from arguing that party-specific relief is unavailable here for BlackHawk. *See Hall v. GE Plastic Pac. PTE Ltd.*, 327 F.3d 391, 396 (5th Cir. 2003) ("Judicial estoppel 'prevents a party from asserting a position in a legal proceeding that is contrary to a position previously taken in the same or some earlier proceeding.'") (quoting *Ergo Sci., Inc. v. Martin*, 73 F.3d 595, 600 (5th Cir. 1996); *see also Afram Carriers, Inc. v. Moeykens*, 145 F.3d 298, 303 (5th Cir. 1998) (the doctrine "applies to protect the integrity of the courts—preventing a litigant from contradicting its previous, inconsistent position when a court has adopted and relied on it").

The Government's inconsistent positions (arguably gamesmanship) in seeking to have it both ways—particularly with respect to jurisdiction—should be soundly rejected. The Government is not be entitled to reap the benefits of both post-judgment stay relief by this Court (which stayed the applicability of this Court's order and judgment and allowed the Government to file an emergency appeal, ECF No. 238) and of the Supreme Court's stay of this Court's order and judgment (which allowed the Final Rule to remain in place pending appeal) and then argue that this Court lacks the power to issue an injunction so that it may avoid consequences it believes are objectionable and adverse to its interests (such as the important—indeed critical—interim relief entered by this Court) that serves to address a showing of irreparable harm and protect successful litigants like BlackHawk.

7

## CONCLUSION

As it demonstrated in BlackHawk's initial preliminary injunction papers, in the event this Court does not enter the relief sought here BlackHawk will be unable to continue its core business operations, and not only may be unable to continue to pursue its legal rights, but may cease to exist. *See* ECF No. 103-1.  Surely this is not a fair result for a litigant challenging unlawful agency action that both the trial and appellate courts, respectively, have found is likely to succeed on the merits. The Government's contrary, heavy-handed position is unjust, lacks support in both law and equity, and should be rejected.

Respectfully submitted,

*/s/  Brian D. Poe*
Brian D. Poe
TX Bar No. 24056908
BRIAN D. POE, ATTORNEY AT LAW PLLC
The Bryce Building
909 Throckmorton Street
Fort Worth, Texas 76102
Phone: (817) 870-2022
Fax: (817) 977-6501
bpoe@bpoelaw.com

Michael J. Sullivan
*Pro Hac Vice*, MA Bar No. 487210
Nathan P. Brennan
*Pro Hac Vice*, MN Bar No. 389954
ASHCROFT LAW FIRM LLC
200 State Street, 7th Floor
Boston, MA 02109
Phone: (617) 573-9400
Fax: (617) 933-7607
msullivan@ashcroftlawfirm.com
nbrennan@ashcroftlawfirm.com

*Counsel for Intervenor-Plaintiff BlackHawk Manufacturing Group Inc. d/b/a 80 Percent Arms*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on August 14, 2023, a true and correct copy of the foregoing document was served via the Court's CM/ECF system to all counsel of record.

*/s/ Brian D. Poe*
Brian D. Poe

## CERTIFICATE OF CONFERENCE

I hereby certify that, Intervenor-Plaintiff's counsel conferred with Defendants' counsel, via email, and Defendants stated, on August 14, 2023, they oppose this Motion.

*/s/ Brian D. Poe*
Brian D. Poe