UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| JENNIFER VANDERSTOK *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> MERRICK GARLAND, in his official capacity as Attorney General of the United States *et al.*, <br><br> Defendants. | Case No. 4:22-cv-00691-O |

**DEFENDANTS' CONSOLIDATED BRIEF IN OPPOSITION TO DEFENSE DISTRIBUTED AND BLACKHAWK MANUFACTURING GROUP'S <u>MOTIONS FOR INJUNCTION PENDING APPEAL</u>**

**TABLE OF CONTENTS**

INTRODUCTION ...................................................................................................................................1

ARGUMENT..........................................................................................................................................1

    I.      The Court May Not Issue an Injunction Pending Appeal Directly Conflicting With the Supreme Court's Full Stay. ....................................................................................1

          A.      The Law of the Case Doctrine Prevents This Court From Entering an Injunction Conflicting With Relief Granted by the Supreme Court .................1

          B.      Defense Distributed Fails to Show That This Court May Issue Injunctive Relief Conflicting With the Supreme Court's Full Stay .....................4

          C.      BlackHawk Also Does Not Demonstrate That This Court May Interfere With the Supreme Court's Exercise of Equitable Authority .............5

    II.     The Court's Preliminary Injunctive Relief in Favor of Movants Expired Upon the Court's Entry of Final Judgment. ................................................................................9

CONCLUSION....................................................................................................................................11

# TABLE OF AUTHORITIES

**CASES**

*AcryliCon USA, LLC v. Silikal GmbH*,
  985 F.3d 1350 (11th Cir. 2021) ................................................................................................10

*Burniac v. Wells Fargo Bank, N.A.*,
  810 F.3d 429 (6th Cir. 2016) ....................................................................................................10

*Carnival Leisure Indus., Ltd. v. Aubin*,
  53 F.3d 716 (5th Cir. 1995) ................................................................................................... 3, 9

*Dickinson v. Auto Ctr. Mfg. Co.*,
  733 F.2d 1092 (5th Cir. 1983) ..................................................................................................11

*Fuhrman v. Dretke*,
  442 F.3d 893 (5th Cir. 2006) .....................................................................................................3

*Garland v. Vanderstok*,
  __ S. Ct. __, No. 23A82, 2023 WL 5023383 (Aug. 8, 2023) ...................................................2

*Gumbel v. Pitkin*,
  124 U.S. 131 (1888) ...................................................................................................................6

*Hecht Co. v. Bowles*,
  321 U.S. 321 (1944) ...................................................................................................................6

*Heffernan v. City of Paterson*,
  578 U.S. 266 (2016) .................................................................................................................10

*Koppula v. Jaddou*,
  72 F.4th 83 (5th Cir. 2023) ................................................................................................ 10, 11

*La. World Exposition, Inc. v. Logue*,
  746 F.2d 1033 (5th Cir. 1984) ..................................................................................................11

*Madison Square Garden Boxing, Inc. v. Shavers*,
  562 F.2d 141 (2d Cir. 1977) .....................................................................................................10

*Mata v. Lynch*,
  576 U.S. 143 (2015) ...................................................................................................................6

*Merrill v. Milligan*,
  142 S. Ct. 879 (2022) .................................................................................................................9

*Peacock v. Thomas*,
  516 U.S. 349 (1996) ...................................................................................................................7

*Reed v. City of Arlington*,
  650 F.3d 571 (5th Cir. 2011) .................................................................................................. 7

*SEC v. First Fin. Grp. of Tex.*,
  645 F.2d 429 (5th Cir. 1981) ................................................................................................ 10

*Test Masters Educ. Servs., Inc. v. Singh*,
  428 F.3d 559 (5th Cir. 2005) .................................................................................................. 7

*Texas v. United States*,
  No. 15-56, 2016 WL 3636072 (N.D. Tex. Feb. 2, 2016) ....................................................... 9

*Thomas v. Hughes*,
  27 F.4th 363 (5th Cir. 2022) ................................................................................................... 7

*United States v. Ruiz*,
  536 U.S. 622 (2002) ............................................................................................................... 6

*United States v. Texas*,
  143 S. Ct. 1964 (2023) ........................................................................................................... 8

*Westfall v. Luna*,
  No. 4:15-CV-00874-O, 2019 WL 3892438 (N.D. Tex. Aug. 19, 2019) ............................ 3, 9

**REGULATIONS**

87 Fed. Reg. 24,652 (April 26, 2022) ........................................................................................ 1, 2, 5

# INTRODUCTION

The Supreme Court has stayed in full this Court's vacatur of Final Rule, Definition of "Frame or Receiver" and Identification of Firearms, 87 Fed. Reg. 24,652 (Apr. 26, 2022) (Rule), including as to the parties in this case. Defense Distributed and BlackHawk Manufacturing Group (BlackHawk) (collectively, Movants) now invite this Court to undermine the Supreme Court's exercise of its equitable authority by entering an injunction directly conflicting with the Supreme Court's stay.[1] The Court should decline Movants' invitation. In granting a full stay of the Court's vacatur, the Supreme Court necessarily determined that the government is likely correct that relief should not be granted to Plaintiffs. The law of the case doctrine precludes this Court from contradicting that determination made by the Supreme Court. In the alternative, Movants contend that although the Court's entry of preliminary injunctive relief in their favor dissolved upon, or merged with, entry of final judgment, there is an exception to that rule that revives the dissolved injunction when final judgment is stayed. However, Movants cite no authority to support the existence of such an exception. The Supreme Court's stay did not resurrect the Court's preliminary injunctions after they had merged with entry of final judgment. The Court should therefore deny Movants' motions for an injunction pending appeal.

# ARGUMENT

**I.    The Court May Not Issue an Injunction Pending Appeal Directly Conflicting With the Supreme Court's Full Stay.**

   **A.    The Law of the Case Doctrine Prevents This Court From Entering an Injunction Conflicting With Relief Granted by the Supreme Court.**

The Supreme Court has stayed the Court's entry of final judgment for all plaintiffs (including Movants) insofar as the judgment "vacate[s] the final rule." Granting Movants' requested injunction

---

[1] Defense Distributed's Opposed Emergency Mot. for Injunction Pending Appeal at 1, ECF No. 249 ("DD Mot."); BlackHawk Manufacturing Group Inc. d/b/a 80 Percent Arms' Opposed Emergency Motion to Clarify the Status of Injunctive Relief, or, in the Alternative, for an Injunction, ECF No. 251 ("BlackHawk Mot.").

pending appeal would interfere with the Supreme Court's equitable authority and would conflict with the Supreme Court's stay by granting relief that the Supreme Court has declined to grant. The Court should therefore deny the requested injunction.

On June 30, 2023, this Court entered summary judgment for all plaintiffs, including Movants. *See* ECF No. 227 at 37-38 (granting Plaintiffs' and Intervenor-Plaintiffs' motions for summary judgment). On July 5, 2023, this Court entered final judgment with respect to Movants' claims. *See* ECF No. 231. The Supreme Court has now ordered that "[t]he June 30, 2023 order and July 5, 2023 judgment of the United States District Court for the Northern District of Texas, case No. 4:22-cv-691, insofar as they vacate the final rule of the Bureau of Alcohol, Tobacco, Firearms and Explosives, 87 Fed. Reg. 24652 (April 26, 2022), are stayed pending the disposition of the appeal in the United States Court of Appeals for the Fifth Circuit and disposition of a petition for a writ of certiorari, if such a writ is timely sought." *Garland v. Vanderstok*, __ S. Ct. __, No. 23A82 (Aug. 8, 2023) (Ex. 1).

The Supreme Court declined to grant an exception to this stay with respect to the parties in this case, despite the fact that Plaintiffs specifically requested that the Supreme Court limit any stay such that this Court's vacatur remained the same as the scope of prior preliminary injunctive relief.[2] Additionally, although Defendants' Supreme Court stay application primarily requested a full stay of this Court's vacatur, on the grounds that the government is likely to prevail on the merits of Plaintiffs'

---

[2] *See* Respondents Vanderstok, Andren, Tactical Machining, Firearms Policy Coalition, Inc., and Polymer80, Inc.'s Opposition to Stay at 5 (arguing in the alternative that "[i]f the Court is inclined to grant the Government's motion to any extent, . . . , the Court should limit any stay to applications of the vacatur order that exceed the scope of the preliminary injunction"), 36 ("While the Court should deny the stay in its entirety, in the alternative the Court should deny it at least to the extent it seeks a stay of the vacatur with respect to the entities and individuals that were covered by the preliminary injunction."), *Garland v. Vanderstok*, __ S. Ct. __, No. 23A82, 2023 WL 5023383 (Aug. 2, 2023); Respondents Defense Distributed, Second Amendment Foundation, Inc., and Not An LLC, LLC's Opposition to Stay at 7 ("The motion [for stay pending appeal] should be denied, if not in full, then at least as to the instant parties."); *id.* ("If nothing else, the parties that established APA violations below are entitled to relief for the duration of the appeal."), 2023 WL 5112206 (Aug. 2, 2023).

claims by demonstrating that the Rule's challenged provisions comport with the statute, *see* Application for a Stay of the Judgment Entered by the United States District Court for the Northern District of Texas, *Garland v. VanDerStok*, No. 23A82, 2023 WL 4844058 at *16-27 (Stay Application), in addition, the government argued that this Court's universal vacatur was impermissible and overbroad and requested, in the alternative, that the Supreme Court stay the judgment as to nonparties. *See id.* at *27-34 (arguing that this Court should not have awarded universal relief); *see id.* at 40 ("The application for a stay of the district court's judgment vacating the Rule should be granted. At a minimum, the Court should stay the district court's judgment to the extent it applies to nonparties.").

The Supreme Court rejected Plaintiffs' arguments and issued a *full* stay. In declining to grant Plaintiffs' specific request that the scope of any stay be limited to ensure that this Court's vacatur remained the same as the scope of prior preliminary injunctive relief, the Supreme Court necessarily determined that the government is likely correct that relief should not be granted to Plaintiffs, in particular. Consequently, the injunction requested by Movants would conflict with the Supreme Court's decision. Under the law of the case doctrine, the Court should decline to enter an order directly conflicting with relief granted by the Supreme Court in this same case. *See Carnival Leisure Indus., Ltd. v. Aubin*, 53 F.3d 716, 718-19 (5th Cir. 1995) ("The law of the case doctrine states that absent manifest error, or an intervening change in the law, an appellate court's decision of a legal issue, whether explicitly *or by necessary implication*, establishes the law of the case and must be followed in all subsequent proceedings in the same case.") (emphasis added); *Westfall v. Luna*, No. 4:15-CV-00874-O, 2019 WL 3892438, at *12 (N.D. Tex. Aug. 19, 2019) ("The Law of the Case Doctrine encompasses issues 'decided by necessary implication as well as those decided explicitly.'") (quoting *Fuhrman v. Dretke*, 442 F.3d 893, 896 (5th Cir. 2006)). Nothing in either of Movants' briefs demonstrates to the contrary.

**B.     Defense Distributed Fails to Show That This Court May Issue Injunctive Relief Conflicting With the Supreme Court's Full Stay.**

Defense Distributed advances four arguments that, it contends, show that despite the fact that the Supreme Court has necessarily determined that Defendants are likely correct that relief should not be granted to Plaintiffs, the Court may issue injunctive relief effectively enforcing its final judgment with respect to Defense Distributed. None of its arguments supports this conclusion.[3]

First, while it is correct that Federal Rule of Appellate Procedure 8 provides that a party must ordinarily move in the district court for an injunction pending appeal, *see* DD Mot. at 2-3, the law of the case doctrine prevents this Court from exercising its authority to issue injunctive relief directly conflicting with a stay issued by the Supreme Court. Nor does the fact that this Court previously granted Defendants an administrative stay from its final judgment suggest that this Court should now issue an injunction pending appeal. The Court had granted that administrative stay before the Supreme Court issued its current stay. Now that the Supreme Court has exercised its equitable jurisdiction by issuing a full stay allowing the Rule to remain fully effective and enforceable pending appeal, the Court should not interfere with the Supreme Court's exercise of its authority.

Second, Defense Distributed is not persuasive when it contends that its requested injunction would not conflict with the Supreme Court's stay because the injunction it requests supposedly differs in the "subject" and "vehicle" of the relief granted by the Supreme Court's stay. *Id.* at 4. These are distinctions without a difference, and Defense Distributed cites no authority to support its contention. The "subject" or scope of the Supreme Court's stay was a stay of this Court's vacatur in full, with no exceptions, despite the fact that Plaintiffs specifically requested that any stay exempt the plaintiffs encompassed within the Court's prior preliminary injunctions. The "vehicle" requested by Defense

---

[3] As an initial matter, contrary to Local Rule 7.1(a), and contrary to Defense Distributed's representation in its motion, *see* DD Mot. at 1, Defense Distributed did not confer with Defendants before filing its motion.

4

Distributed is an injunction that would defy the Supreme Court by granting an exception for Defense Distributed. As explained above, the Court may not enter such an injunction.

Third, the injunction requested by Defense Distributed would alter the status quo. *Contra id.* at 5. The status quo is that the Rule is enforceable, including against Defense Distributed, because the Supreme Court has stayed in full the Court's vacatur of the Rule. The Supreme Court's stay restores the status quo preceding this case by making the Rule enforceable, including against Defense Distributed. The Rule became enforceable against Defense Distributed (and all others) upon its effective date in August 2022, *see* 87 Fed. Reg. at 24,652, and remained so until this Court issued preliminary injunctive relief for Defense Distributed in March 2023, *see* ECF No. 188.

Finally, Defense Distributed cites no authority suggesting that this Court may issue "a brand new order that operates independently of the final judgment," DD Mot. at 6, but that would nevertheless have precisely the same effect: namely, that the Rule would not be enforceable as to Defense Distributed. Even apart from the fact that the Supreme Court's stay of this Court's vacatur may not be evaded with a wink and a nod, this Court lacks jurisdiction to issue freestanding injunctive relief that "adjudicates no claim" advanced by Defense Distributed. *Id.*

    **C.**    **BlackHawk Also Does Not Demonstrate That This Court May Interfere With the Supreme Court's Exercise of Equitable Authority.**

BlackHawk presents three arguments in support of its contention that after a final judgment has been fully stayed, a district court may nevertheless enforce that judgment through injunctive relief. None of these arguments is persuasive.

First, BlackHawk cites no authority suggesting that when an appellate court (here, the Supreme Court) has fully stayed a district court's final judgment, the district court may defy that stay by issuing injunctive relief enforcing its final judgment. Instead, BlackHawk provides two string cites of case law supporting two different, more generalized propositions: that a federal court generally may determine its own jurisdiction, *see* BlackHawk Mot. at 3-4, and that a district court may issue injunctive

5

relief to enforce a judgment that has not been stayed, *see id.* at 4. Crucially, however, no case law cited by BlackHawk arose in this case's current procedural posture, in which an appellate court has fully stayed a district court's final judgment. Thus, none of this cited authority supports BlackHawk's contention that a district court may issue an injunction to enforce its final judgment after an appellate court stays that judgment in full.

Although the premise that federal courts may determine their own jurisdiction is generally correct, it does not follow from this premise that federal district courts may ignore an appellate court's stay by issuing injunctive relief enforcing a final judgment. No case law cited by BlackHawk supports this proposition. *See United States v. Ruiz*, 536 U.S. 622, 626-28 (2002) (observing that federal courts may determine their own jurisdiction in the context of holding that Court of Appeals had properly determined the merits of a criminal defendant's appeal of her sentence); *Gumbel v. Pitkin*, 124 U.S. 131, 143-44 (1888) (finding that because courts "have the power to protect their own jurisdiction and officers in the possession of property that is in the custody of the law," a creditor was permitted to intervene in actions seeking to attach property owned by a debtor); *Hecht Co. v. Bowles*, 321 U.S. 321, 321-22, 326-40 (1944) (holding that despite the fact that federal statute required that an injunction "shall be granted" whenever the head of the Office of Price Administration proved a violation of the statute, courts had discretion to determine whether to issue injunctive relief); *Mata v. Lynch*, 576 U.S. 143, 147-50 (2015) (holding that Court of Appeals erred in dismissing alien's appeal of federal agency's denial of his motion to reopen removal proceedings for lack of jurisdiction). None of these cases arose in the context of a final judgment that had been stayed pending appeal. And thus, none of them addresses the question presented here: whether a district court may issue an injunction to enforce its final judgment after an appellate court has fully stayed that judgment.

Similarly, it does not follow from the fact that federal courts may generally enforce their judgments that this Court may circumvent the full stay issued by the Supreme Court by enforcing the

final judgment stayed by that Court. Again, no case law cited by BlackHawk stands for such a radical proposition. *See Peacock v. Thomas*, 516 U.S. 349, 351-52, 356 (1996) (declining ancillary jurisdiction to allow judgment creditor to impose liability for money judgment on a person not otherwise liable for that judgment, because the Supreme Court "ha[s] reserved the use of ancillary jurisdiction in subsequent proceedings for the exercise of a federal court's inherent power to enforce its judgments"); *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 577-78 (5th Cir. 2005) (finding that, after a prior action had determined a trademark was invalid, the district court had discretionary power in a subsequent case to prohibit the trademark holder from pursuing registration of the trademark); *Thomas v. Hughes*, 27 F.4th 363, 365-68 (5th Cir. 2022) (holding, in case governed by Texas law, that district court could enter post-judgment order requiring judgment debtor to obtain leave of court before transferring assets to third parties). In none of these cases had an appellate court granted a stay pending appeal. Thus, none of these cases support the dubious conclusion that a district court may grant an injunction pending appeal to enforce a final judgment that an appellate court has stayed.

Second, contrary to BlackHawk's contention, *see* BlackHawk Mot. at 6-7, Defendants are not judicially estopped from opposing the Movants' request for an injunction pending appeal. "The doctrine of judicial estoppel prevents a party from asserting a claim in a legal proceeding that is inconsistent with a claim taken by that party in a previous proceeding." *Reed v. City of Arlington*, 650 F.3d 571, 573-74 (5th Cir. 2011) (en banc) (citation omitted). The incorrect premise of BlackHawk's claim of judicial estoppel is that an argument presented in Defendants' stay application to the Supreme Court is inconsistent with opposing relief interfering with that stay. In fact, no inconsistency exists. As explained above, Defendants' Supreme Court stay application primarily requested a full stay of the Court's vacatur, *see* Stay Application at *16-27; *see also id.* at *6 ("This Court should stay the district court's vacatur in full."). In addition, the government argued that this Court's universal vacatur was impermissible and overbroad and requested, in the alternative, that the Supreme Court stay the

7

judgment as to nonparties, *see id.* at *27-34, 40. In the course of arguing in the alternative for a stay as to nonparties, Defendants observed that "'if 'party-specific relief can adequately protect the plaintiff's interests,'" then reviewing courts 'should not hesitate to hold that broader relief is an abuse of discretion.'" *Id.* at *33 (quoting *United States v. Texas*, 143 S. Ct. 1964, 1985 (2023) (Gorsuch, J., concurring in the judgment). In other words, Defendants supported their alternative argument for a stay as to nonparties on the grounds that a stay of the Court's final judgment for nonparties would not be necessary to protect any party's interest.

BlackHawk apparently misreads this portion of Defendants' alternative argument as somehow conceding that the Court's final judgment would remain in effect as to the parties. But Defendants made no such concession. They instead made an argument in the alternative. *See* Stay Application at *40 ("The application for a stay of the district court's judgment vacating the Rule should be granted. At a minimum, the Court should stay the district court's judgment to the extent it applies to nonparties."). And the Supreme Court decided to grant Defendants' primary broader request for a full stay, rather than their narrower alternative request for a stay as to nonparties. BlackHawk also apparently misreads Defendants' observation that "[i]n any event, vacatur is practically equivalent to an injunction compelling the agency to rescind the challenged action[; i]ndeed, the court denied respondents' remaining claims—including claims for permanent injunctive relief—as 'moot' 'because vacatur provides [respondents] full relief,'" Stay Application at 30-31 (citation omitted), as equivalent to conceding that even if the Supreme Court fully stayed the Court's final judgment, that judgment would nevertheless continue to apply to the parties. *See* BlackHawk Mot. at 5. But Defendants never made such a concession. Instead, they (correctly) observed that vacatur was equivalent to a universal injunction, as evidenced by the fact that the Court had denied all remaining claims in the case on the grounds that vacatur would provide the parties full relief. Defendants never stated (as BlackHawk apparently believes) that if the Court's vacatur were fully stayed (as it now is), then BlackHawk would

8

somehow be exempted from the operation of that stay. Thus, BlackHawk fails to show that Defendants are judicially estopped from opposing entry of a motion for injunction pending appeal.

Third, and finally, the law of the case doctrine does not entitle BlackHawk to an injunction pending appeal. *Contra* BlackHawk Opp. at 6. As explained above, in issuing a full stay, the Supreme Court necessarily determined that the government is likely correct that relief should not be granted to the plaintiffs. *See Merrill v. Milligan*, 142 S. Ct. 879, 880 (2022) (Kavanaugh, J., concurring) (an applicant for a stay pending appeal and certiorari must establish (1) "a reasonable probability that this Court would eventually grant review," (2) "*a fair prospect that the Court would reverse*," and (3) "that the applicant would likely suffer irreparable harm absent the stay" and "the equities" otherwise support relief) (emphasis added). That necessary determination is now the law of this case. *See Carnival Leisure Indus.*, 53 F.3d at 718-1; *Westfall*, 2019 WL 3892438, at *12. BlackHawk thus errs in arguing that the law of the case doctrine allows this Court to override the Supreme Court's determination that Defendants are likely correct that relief should not be granted to Plaintiffs.

\*     \*     \*     \*     \*

The Supreme Court has stayed the Court's vacatur of the Rule, with no exceptions. This Court may not interfere with the Supreme Court's exercise of its equitable jurisdiction by issuing a conflicting injunction granting an exception for Movants.

## II. The Court's Preliminary Injunctive Relief in Favor of Movants Expired Upon the Court's Entry of Final Judgment.

Before this case reached final judgment, the Court had granted Movants preliminary injunctive relief, which had enjoined the enforcement of the Rule against Movants. *See* ECF No. 118 at 11-12; ECF No. 188 at 10. By definition, a preliminary injunction is just that—a *preliminary* order. And as this Court has observed, "'[a] preliminary injunction remains in effect until a final judgment is rendered,' and '[w]ith the entry of the final judgment, the life of the preliminary injunction comes to an end, and it no longer has a binding effect on any one.'" *Texas v. United States*, No. 15-56, 2016 WL

3636072, at *2 (N.D. Tex. Feb. 2, 2016) (quoting *SEC v. First Fin. Grp. of Tex.*, 645 F.2d 429, 433 (5th Cir. 1981), and *Madison Square Garden Boxing, Inc. v. Shavers*, 562 F.2d 141, 144 (2d Cir. 1977)); *see also Koppula v. Jaddou*, 72 F.4th 83, 84 (5th Cir. 2023) ("[A]n appeal from the denial of a preliminary injunction motion becomes moot when final judgment issues because the district court's denial of the motion merges with the final judgment." (quotation omitted)); *AcryliCon USA, LLC v. Silikal GmbH*, 985 F.3d 1350, 1360 n.25 (11th Cir. 2021) (preliminary injunction "dissolved when the Court entered its final judgment"); *Burniac v. Wells Fargo Bank, N.A.*, 810 F.3d 429, 435 (6th Cir. 2016) ("[A] final order on the merits extinguishes a preliminary injunction."). Thus, now that this Court has entered final judgment for Movants, the preliminary injunctive relief the Court had previously entered no longer "remains in effect" but instead has "come[] to an end."

Defense Distributed concedes that "final judgments usually operate via the merger rule to extinguish interlocutory orders like preliminary injunctions." DD Mot. at 7. However, it incorrectly contends that despite the fact that the Court's preliminary injunctive relief was "extinguish[ed]" with the entry of final judgment, the entry of the Supreme Court's stay has somehow "resurrected" that preliminary relief. *Id.* Similarly, BlackHawk argues that the Supreme Court's stay "essentially turns back the clock of this litigation" such that the Court's preliminary injunctive relief "remain[s] in full effect." BlackHawk Mot. at 4. But Movants cite no authority showing that such an exception to the merger rule exists.[4] And the existence of such an exception would lead to absurd results. For example,

---

[4] *Heffernan v. City of Paterson*, 578 U.S. 266 (2016), cited by Defense Distributed, does not even mention preliminary injunctions, much less discuss the issue of a preliminary injunction's merger into a final judgment. Defense Distributed also notes that, as Defendants have explained to the Fifth Circuit, "even if it were correct that the plaintiff organizations could satisfy Article III's requirements to sue on behalf of their hundreds of thousands of members"—which they may not—"equitable principles would compel forgoing relief to any member who has not been identified in district court and agreed to be bound by the judgment. Such a restriction on relief would promote longstanding equitable principles that a party has one opportunity for relief and that the effect of any judgment should be bidirectional." Br. for Appellants at 42, *VanDerStok v. Garland*, No. 23-10718 (5th Cir. Aug. 9, 2023).

10

a stay of a final judgment would revive preliminary injunction appeals that had become moot upon the entry of final judgment, only to become moot once again upon the expiration of the stay. *See Louisiana World Exposition, Inc. v. Logue*, 746 F.2d 1033, 1038 (5th Cir. 1984) ("Once an order granting a permanent injunction is entered, the order granting the preliminary injunction is merged with it, and an appeal is proper only from the order granting the permanent injunction."). Such an exception would also render any stay of a court's final judgment meaningless as long as the court had previously entered preliminary injunctive relief. Defense Distributed further errs in contending that Defendants have the burden to disprove a negative by showing that such an exception to the merger rule does *not* exist. *See* DD Mot. at 7-8. It is the law of this Circuit that a preliminary injunction merges with the entry of final judgment, *see Koppula*, 72 F.4th at 84; *Dickinson*, 733 F.2d at 1102; *Louisiana World Exposition, Inc.*, 746 F.2d at 1038, and it is Movants' burden to demonstrate that an exception to this rule exists. They have not carried this burden.

Furthermore, although Movants purport to be seeking the "reviv[al]" of a preliminary injunction, DD Mot. at 8, what they really seek is an injunction lasting through the entire pendency of the appeals process. *See id.* at 6 (seeking a "preliminary injunction" that will be "in effect" "[s]o long as the Supreme Court stay is in effect"). And as already explained above, the Court may not enter a permanent injunction granting an exception to the Supreme Court's full stay of the Court's vacatur.

## CONCLUSION

For the reasons stated above, the Court should deny Movants' motions for injunction pending appeal.

DATED: August 17, 2023                                       Respectfully submitted,

                                                                                     BRIAN M. BOYNTON
                                                                                     Principal Deputy Assistant Attorney General

---

This (correct) explanation does not support Defense Distributed's contention that an exception exists to the rule that interlocutory orders merge with final orders.

ALEXANDER K. HAAS
Director, Federal Programs Branch

LESLEY FARBY
Assistant Director, Federal Programs Branch

*/s/ Daniel Riess*
DANIEL RIESS
TAISA M. GOODNATURE
JEREMY S.B. NEWMAN
Trial Attorneys
Civil Division, Federal Programs Branch
U.S. Department of Justice
1100 L Street, NW
Washington, DC 20005
Phone: (202) 353-3098
Email: Daniel.Riess@usdoj.gov
*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

On August 17, 2023, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ Daniel Riess*
