UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| JENNIFER VANDERSTOK; *et al.*, <br><br> *Plaintiffs*, <br><br> and <br><br> BLACKHAWK MANUFACTURING GROUP, INC.; *et al.*, <br><br> *Intervenor-Plaintiffs*, <br><br> v. <br><br> MERRICK GARLAND, *et al.*, <br><br> *Defendants*. | Civil Action No. 4:22-cv-00691-O |

**PLAINTIFF TACTICAL MACHINING, LLC'S MOTION FOR INJUNCTION PENDING APPEAL AND ACCOMPANYING MEMORANDUM IN SUPPORT**

Plaintiff Tactical Machining, LLC files this motion for an injunction pending appeal. Plaintiff has conferred with Defendants and Defendants are opposed. Tactical Machining states as follows in support of this motion.

**STATEMENT**

This Court has already ruled, on the merits, that the Final Rule redefining the terms "frame or receiver" and "firearm" under federal law, 87 Fed. Reg. 24652 (codified at 27 C.F.R. pts. 447, 478, and 479), is unlawful agency action taken in excess of the Bureau of Alcohol, Tobacco, Firearms and Explosives' ("ATF") statutory authority. Op. and Order, ECF No. 227 at 3 (June 30, 2023). In so holding, this Court vacated the Final Rule, the ordinary remedy for unlawful agency action challenged under the APA. Final J., ECF No. 231(July 5, 2023). Following motions to this

1

Court and the Fifth Circuit, the Supreme Court ultimately stayed this Court's judgment and order "insofar as they vacate the final rule . . . pending the disposition of the appeal . . . and disposition of [any] petition for a writ of certiorari." *Garland v. VanDerStok*, 2023 WL 5023383, at *1 (U.S. Aug. 8, 2023). The Supreme Court's order (1) left plaintiff Tactical Machining without the protection of any injunction preventing Defendants from enforcing the invalid Final Rule against it and (2) left in place this Court's judgment that the Final Rule was, in fact, invalid.

Intervenor-Plaintiffs Defense Distributed and BlackHawk Manufacturing moved for renewed injunctive relief to reinstate the status quo that prevailed before ATF's unlawful promulgation of the Final Rule. *See* Defense Distributed's Opposed Emergency Mot. for Inj. Pending Appeal, ECF No. 249 (Aug. 9, 2023); BlackHawk Mfr. Grp. Inc. d/b/a/ 80 Percent Arms' Opposed Emergency Mot. to Clarify the Status of Injunctive Relief, or, in the Alternative, for an Inj. to Enforce Unstayed Aspects of Final J., or a Prelim. Inj. Pending Appeal, ECF No. 251 (Aug. 14, 2023). On September 14, 2023, this Court granted those motions. Op. & Order, ECF No. 261 at 41–42 ("Inj. Pending Appeal Op."). Plaintiff Tactical Machining now moves for the same relief for itself and its customers, on the same grounds.[1]

## ARGUMENT

To grant injunctive relief pending appeal, "Plaintiffs must demonstrate: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable harm; (3) that the balance of hardships weighs in their favor; and (4) that the issuance of injunctive relief will not disserve the public interest." Inj. Pending Appeal Op. at 35.

---

[1] If Tactical Machining's motion is granted, the other original Plaintiffs VanDerStok, Andren, and Firearms Policy Coalition, Inc. would benefit to the extent they (and their members) are customers of Tactical Machining (or Defense Distributed or BlackHawk).

2

As to the first factor, the Court has already held that the Final Rule's definitions of "frame or receiver" and "firearm" "exceed the scope of the ATF's statutory jurisdiction." *Id.* at 36. And though the Supreme Court has issued a stay of this court's final judgment and order, it only did so "insofar as they vacate the final rule." *VanDerStok*, 2023 WL 5023383, at *1. In other words, the determination that the Final Rule is invalid has not been disturbed and Plaintiff Tactical Machining, no less than the Intervenor-Plaintiffs, has demonstrated not just a likelihood, but "*actual* success on the merits of [its] claims." Inj. Pending Appeal Op. at 37.

As to the second factor, if the Defendants are not enjoined from enforcing the Final Rule against Tactical Machining and its customers, Tactical Machining faces a substantial threat of irreparable harm. Just like the Intervenor-Plaintiffs, "even assuming [its] business survive[s] the appeals process," Tactical Machining faces monetary loss from compliance with the Final Rule and it "will never be able to recoup monetary damages at law due to the Government Defendant's sovereign immunity." Inj. Pending Appeal Op. at 29–30 (citing *Texas v. EPA*, 829 F.3d 405, 433 (5th Cir. 2016)); Decl. of Darren Peters, Sr. in Supp. of Pl. Tactical Machining's Mot. for Inj. Pending Appeal at ¶ 5. Also like the Intervenor-Plaintiffs, if Tactical Machining is required to comply with the invalid Final Rule for the duration of the appeals process—which, assuming certiorari is granted, is likely to extend into 2025—Tactical Machining faces an existential threat to its business. *Id.* at ¶ 7. And while delay in seeking relief can, in some cases, militate against injunctive relief, it should not do so here. The Supreme Court's stay of vacatur was issued just over one month ago, so Plaintiff Tactical Machining's request for an injunction is timely. *See High Tech Med. Instrumentation, Inc. v. New Image Indus., Inc.*, 49 F.3d 1551, 1557 (Fed. Cir. 1995) (finding "substantial delay" in cases where plaintiffs waited between seven and one-half months and seventeen months). After all, one month of abiding by the Final Rule pales in comparison to

the stress that will be placed on Tactical Machining's business if it must comply with it for over a year until the appeals and certiorari process in this case has run its course.

Third, the balance of the equities and the public interest both favor enjoining enforcement of the Final Rule against Tactical Machining and its customers. As this Court has repeatedly acknowledged, there is nothing in this case to weigh against the irreparable harm faced by Plaintiffs under the threat of enforcement of the Final Rule. There can be "no public interest in the perpetuation of unlawful agency action," *Louisiana v. Biden*, 55 F.4th 1017, 1035 (5th Cir. 2022), so any possible "government-public-interest equities evaporate[d] entirely upon adverse judgment on the merits" in this case. Inj. Pending Appeal Op. at 40.

## CONCLUSION

For the foregoing reasons, this Court should enjoin enforcement against Plaintiff Tactical Machining the provisions of 27 C.F.R. §§ 478.11 and 478.12 that it has previously preliminarily and on the merits determined to be unlawful, to the same extent it enjoined their enforcement against the Intervenor-Plaintiffs.

DATED this 15th day of September 2023.

Respectfully submitted,

*/s/ R. Brent Cooper*
R. Brent Cooper (TX Bar No. 04783250)
Benjamin D. Passey (TX Bar No. 24125681)
COOPER & SCULLY, P.C.
900 Jackson Street, Suite 100
Dallas, Texas 75202
Telephone: (214) 712-9500
Telecopy: (214) 712-9540
brent.cooper@cooperscully.com
ben.passey@cooperscully.com

Cody J. Wisniewski* (CO Bar No. 50415)
FPC ACTION FOUNDATION
5550 Painted Mirage Road, Suite 320
Las Vegas, NV 89149
Telephone: (916) 517-1665
Facsimile: (916) 476-2392
cwi@fpchq.org

Brian Abbas* (AZ Bar No. 031866)
MOUNTAIN STATES LEGAL FOUNDATION
2596 S. Lewis Way
Lakewood, CO 80227
Telephone: (303) 292-2021
Telecopy: (877) 349-7074
babbas@mslegal.org


*Admitted *pro hac vice*

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 15, 2023, I electronically filed the foregoing using this Court's CM/ECF system.

I certify that all participants in this case are registered CM/ECF users and service will be accomplished by this Court's CM/ECF system.

/s/ *R. Brent Cooper*
R. Brent Cooper

**CERTIFICATE OF CONFERENCE**

I hereby certify that, on September 15, 2023, I conferred with Defendants' counsel, via email, who stated that Defendants oppose this Motion.

/s/ *R. Brent Cooper*
R. Brent Cooper
