UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| JENNIFER VANDERSTOK *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> MERRICK GARLAND, in his official capacity as Attorney General of the United States *et al.*, <br><br> Defendants. | Case No. 4:22-cv-00691-O |

**DEFENDANTS' CONSOLIDATED BRIEF IN OPPOSITION
TO TACTICAL MACHINING AND JSD SUPPLY'S
<u>MOTIONS FOR INJUNCTION PENDING APPEAL</u>**

## INTRODUCTION

The Supreme Court has stayed in full this Court's vacatur of Final Rule, Definition of "Frame or Receiver" and Identification of Firearms, 87 Fed. Reg. 24,652 (Apr. 26, 2022) (Rule), including as to the parties in this case. Despite the Supreme Court's stay, plaintiffs Tactical Machining and JSD Supply (collectively, Movants) have asked this Court to enter an injunction that would directly conflict with the Supreme Court's stay.[1] The Court should decline to interfere with the Supreme Court's stay, and should thus deny Movants' requested relief. In granting a full stay of the Court's vacatur, the Supreme Court necessarily determined that Defendants are likely correct that relief should not be granted to Plaintiffs. In any event, as demonstrated below, Movants have failed to establish their entitlement to injunctive relief. The Court should therefore deny Movants' motions for an injunction pending appeal.

## ARGUMENT

**I.    The Court May Not Issue an Injunction Pending Appeal That Would Directly Conflict With the Supreme Court's Full Stay.**

The Supreme Court has fully stayed the Court's entry of final judgment for all plaintiffs (including Movants) insofar as the judgment "vacate[s] the final rule." Granting Movants' requested injunction pending appeal would interfere with the Supreme Court's equitable authority and would directly conflict with the Supreme Court's stay order by granting relief that the Supreme Court has declined to grant. The Court should therefore deny the requested injunction.[2]

---

[1] Tactical Machining's Mot. for Injunction Pending Appeal and Accompanying Mem. in Support at 1, ECF No. 262 ("Tactical Mot."); JSD Supply's Joinder to Defense Distributed and BlackHawk Manufactoring [sic] Group Inc. d/b/a 80 Percent Arms' Emergency Motions for Injunctive Relief Pending Appeal, ECF No. 263 ("JSD Mot.").

[2] Defendants are mindful that the Court has rejected arguments akin to those presented in this section in conjunction with its September 14, 2023 Opinion & Order granting injunctions pending appeal for plaintiffs BlackHawk Manufacturing and Defense Distributed, ECF No. 261; *see also VanDerStok v. Garland*, No. 23-10718 (5th Cir. Sept. 19, 2023) (opposed motion to vacate Sept. 14, 2023 Opinion & Order). Defendants are further mindful that the Fifth Circuit denied in part Defendants' motion to

On June 30, 2023, this Court entered summary judgment for all plaintiffs, including Movants. *See* ECF No. 227 at 37-38 (granting Plaintiffs' and Intervenor-Plaintiffs' motions for summary judgment). On July 5, 2023, this Court entered final judgment with respect to Movants' claims. *See* ECF No. 231. Defendants filed a notice of appeal, ECF No. 234, and moved the Fifth Circuit for a stay pending appeal. *VanDerStok v. Garland*, No. 23-10718 (5th Cir. Jul. 18, 2023). The Fifth Circuit granted Defendants' motion in part, staying the vacatur as to the portions of the Rule that this Court had not determined to be unlawful. *See* Unpublished Order, *VanDerStok v. Garland*, No. 23-10718 (5th Cir. Jul. 24, 2023).

Because the stay relief granted by the Fifth Circuit was only partial, Defendants filed an application with the Supreme Court for a stay of this Court's vacatur pending appeal as to all provisions of the Rule. Defendants' application requested that the Supreme Court stay "the district court's judgment vacating the Rule" or, at a minimum, "stay the district court's judgment to the extent it applies to nonparties." *See* Gov't Stay Appl., *Garland v. VanDerStok*, No. 23A82, 2023 WL 4844058, at *40-41. In opposing Defendants' request, plaintiffs that manufacture products regulated by the Rule asserted that they would face "irreparable harm" if the district court's vacatur were stayed as to them. *See, e.g.*, Defense Distributed Opp., *Garland v. VanDerStok*, No. 23A82, 2023 WL 5112206, at *15; Blackhawk Opp., *Garland v. VanDerStok*, No. 23A82, 2023 WL 5046747, at *27; VanDerStok Opp., *Garland v. VanDerStok*, No. 23A82, 2023 WL 5046734, at *38. Plaintiffs thus asserted that if

---

vacate this Court's injunctions concerning Defense Distributed and BlackHawk Manufacturing. *See* Unpublished Order, *VanDerStok v. Garland*, No. 23-10718 (5th Cir. Oct. 2, 2023) ("Fifth Circuit Order"). Defendants nevertheless respectfully present these arguments here for the Court's consideration and in order to preserve their rights. Further, earlier today, the Defendants asked the Supreme Court to vacate the injunctions issued by this Court in favor of Defense Distributed and BlackHawk Manufacturing.

the Supreme Court granted relief at all, any stay of the district court's vacatur should be limited to nonparties.[3]

The Supreme Court has now ordered that "[t]he June 30, 2023 order and July 5, 2023 judgment of the United States District Court for the Northern District of Texas, case No. 4:22-cv-691, insofar as they vacate the final rule of the Bureau of Alcohol, Tobacco, Firearms and Explosives, 87 Fed. Reg. 24652 (April 26, 2022), are stayed pending the disposition of the appeal in the United States Court of Appeals for the Fifth Circuit and disposition of a petition for a writ of certiorari, if such a writ is timely sought." *Garland v. Vanderstok*, No. 23A82, 2023 WL 5023383, at *1 (Aug. 8, 2023). The Supreme Court thereby stayed this Court's vacatur with respect to parties and nonparties alike, allowing Defendants to implement the Rule pending the disposition of their merits appeal to the Fifth Circuit and any timely petition for a writ of certiorari. *See id.*

In staying this Court's vacatur, the Supreme Court determined that Defendants should be permitted to implement the Rule pending resolution of the appellate process. *See id.* That determination necessarily reflects the Supreme Court's conclusions both that Defendants have established a likelihood of success on the merits and that "the equities" and "the public interest" support implementation of the Rule pending resolution of the appellate process. *See Merrill v. Milligan*, 142 S. Ct. 879, 880 (2022) (Kavanaugh, J., concurring); *see also Nken v. Holder*, 556 U.S. 418, 434 (2009).

---

[3] *See* Respondents Vanderstok, Andren, Tactical Machining, Firearms Policy Coalition, Inc., and Polymer80, Inc.'s Opposition to Stay at 5 (arguing in the alternative that "[i]f the Court is inclined to grant the Government's motion to any extent, . . . , the Court should limit any stay to applications of the vacatur order that exceed the scope of the preliminary injunction"), 36 ("While the Court should deny the stay in its entirety, in the alternative the Court should deny it at least to the extent it seeks a stay of the vacatur with respect to the entities and individuals that were covered by the preliminary injunction."), *Garland v. Vanderstok*, No. 23A82, 2023 WL 5023383 (Aug. 2, 2023); Respondents Defense Distributed, Second Amendment Foundation, Inc., and Not An LLC, LLC's Opposition to Stay at 7 ("The motion [for stay pending appeal] should be denied, if not in full, then at least as to the instant parties."); *id.* ("If nothing else, the parties that established APA violations below are entitled to relief for the duration of the appeal."), 2023 WL 5112206 (Aug. 2, 2023).

The Supreme Court was squarely presented with the alternative of staying the district court's vacatur only as to nonparties—leaving this Court's vacatur in place as to plaintiffs. *See* Gov't Stay Appl., *Garland v. VanDerStok*, No. 23A82, 2023 WL 4844058, at *40 ("The application for a stay of the district court's judgment vacating the Rule should be granted. At a minimum, the Court should stay the district court's judgment to the extent it applies to nonparties."). However, the Supreme Court declined to limit its stay in that way. Instead, the Supreme Court stayed this Court's vacatur in full, both as to parties and nonparties, despite Plaintiffs' arguments that they would suffer irreparable harm if this Court's vacatur were stayed as to them and they were required to comply with the interpretations reflected in the Rule.[4]

Consequently, granting Movants' requested relief would in effect be reaching the opposite conclusion from that made by the Supreme Court: namely, that Movants are likely to succeed on the merits of their claims and that the balance of the equities and the public interest support enjoining the Rule. But courts may not "com[e] to opposite conclusions on the precise issues presented and necessarily decided by" the Supreme Court, *see League of United Latin American Citizens v. Abbott*, 951 F.3d 311, 315-16 (5th Cir. 2020) (quotation omitted).

Movant Tactical Machining contends that an injunction pending appeal would not conflict with the Supreme Court's stay order because that order was limited to only to this Court's "grant of vacatur" as a remedy, leaving this Court free to enter injunctive relief specific to plaintiffs. *See* Tactical Machining Mot. at 2. But that contention is untenable. The Supreme Court was expressly presented with the alternative of staying the district court's vacatur only as to nonparties and thus leaving this Court's vacatur in place with respect to plaintiffs, but the Supreme Court rejected that option. In

---

[4] *See, e.g.*, Defense Distributed Opp., 2023 WL 5112206, at *15 ("If the Rule is allowed to go into effect vis-à-vis Defense Distributed, irreparable harms will undoubtedly result."); Blackhawk Opp., 2023 WL 5046747, at *27 (arguing that "[t]he enforcement of the Rule's unlawful provisions put Respondents, along with millions of Americans, at risk of irreparable harm. . . .").

directing that this Court's summary judgment order and judgment be stayed "insofar as they vacate the final rule," *VanDerStok*, 2023 WL 5023383, at *1, the Supreme Court granted the full relief that Defendants requested and stayed all the relief that this Court entered, with no suggestion that any alternative relief would have been appropriate. *See Morehouse Enterp., LLC v. Bureau of Alcohol, Tobacco, Firearms and Explosives*, 78 F.4th 1011, 1017 n.4 (8th Cir. 2023) (recognizing, in separate challenge to the Rule, that the Supreme Court "grant[ed] a stay pending appeal as to the entire district court order" in *VanDerStok* and that, as a result of the Supreme Court's order, "the Final Rule will remain in effect in its entirety while the Fifth Circuit considers the appeal").

In declining to grant Plaintiffs' specific request that the scope of any stay be limited to ensure that this Court's vacatur had the same scope as the preliminary injunctive relief previously entered by this Court, the Supreme Court necessarily determined that the government is likely correct that relief should not be granted to Plaintiffs, in particular. Consequently, the injunction requested by Movants would conflict with the Supreme Court's decision. The Court should deny Movants' request for such injunctive relief.

## II. In Any Event, Movants Fail to Demonstrate Their Entitlement to an Injunction Pending Appeal.

Furthermore, Movants have not shown that they would be entitled to an injunction pending appeal even if such relief would not directly conflict with the Supreme Court's stay order (which it would). This failure independently warrants denial of Movants' request for injunctive relief.

Initially, JSD Supply has failed to move this Court for an injunction pending appeal. Instead, JSD Supply merely states that it "joins" motions previously filed by BlackHawk Manufacturing and Defense Distributed and granted by this Court. *See* JSD Supply Mot. at 1. But these motions have already been fully briefed by their respective parties, *see* ECF Nos. 249, 251, 254, 256, 257, and adjudicated by the Court, *see* Opinion & Order, ECF No. 261. This Court's Local Rules do not allow parties to "join" motions that have already been adjudicated; rather, they provide only for the filing of

motions and opposition and reply briefs on set timetables, *see* Civil Local Rules 7-2, 7-3, and specifically state that "[o]nce a reply is filed, no additional memoranda, papers or letters may be filed without prior Court approval," *id.* 7-3(d), absent exceptions not applicable here.  Having failed to join in either BlackHawk Manufacturing's or Defense Distributed's motions during the time period prescribed by the Local Rules or obtained Court approval to file "additional memoranda," JSD Supply may not belatedly join those motions after this Court has already ruled on them.

Nor has either Movant demonstrated its entitlement to injunctive relief.  To establish entitlement to injunctive relief pending disposition of appeal, Movants must demonstrate: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable harm; (3) that the balance of hardships weighs in their favor; and (4) that the issuance of injunctive relief will not disserve the public interest. *Daniels Health Servs., L.L.C. v. Vascular Health Scis., L.L.C.*, 710 F.3d 579, 582 (5th Cir. 2013).  The final two elements merge when the opposing party is the government. *Nken*, 556 U.S. at 435.  Movants bear the burden of proving all four elements. *Nichols v. Alcatel USA, Inc.*, 532 F.3d 364, 372 (5th Cir. 2008).

Movants have failed to show that they are likely to succeed on the merits.  Tactical Machining cites this Court's earlier entry of summary judgment in Plaintiffs' favor, *see* Tactical Mot. at 3, and JSD Supply incorporates by reference arguments it made previously when seeking a preliminary injunction, *see* JSD Mot. at 1.  In so doing, Movants tacitly rely on the "law of the case" doctrine, but their reliance is misplaced.  Even assuming that this Court's judgment could give rise to "law of the case" with respect to a motion for an injunction pending appeal of that judgment, the law-of-the-case doctrine does not apply where there has been an intervening legal development, such as the Supreme Court's determination here that the Rule should remain in effect pending appeal. *See United States v. Matthews*, 312 F.3d 652, 657 (5th Cir. 2002).  Indeed, if anything, it is the Supreme Court's stay order that is "law of the case" on that question, which this Court may not second-guess when presented with the same

6

arguments. *See Volkswagenwerk A.G. v. Falzon*, 461 U.S. 1303, 1304 (1983) (O'Connor, J.) (recognizing that prior grant of stay pending appeal was "the 'law of the case' that a stay would be appropriate").

Nor have Movants substantiated a threat of irreparable harm if they do not obtain injunctive relief pending appeal. As an initial matter, in granting a full stay of the Court's vacatur pending appeal, the Supreme Court necessarily rejected Plaintiffs' contentions that any irreparable harm they might suffer during the pendency of Defendants' appeal outweighed the irreparable harm that Defendants would suffer absent a stay. The Supreme Court could not have granted a stay without necessarily determining that the government established a likelihood of success on the merits and that the equities and the public interest warrant implementation of the Rule during the pendency of this appeal. *See Barnes v. E-Systems, Inc. v. Group Hosp. Medical & Surgical Insurance Plan*, 501 U.S. 1301, 1305 (1991) (Scalia, J., in chambers) (distinguishing between factors "necessary for issuance of a stay" and those that are sufficient to deny a stay). In any event, Movants fail to establish a substantial threat of irreparable harm. In granting BlackHawk Manufacturing and Defense Distributed's motions for injunctions pending appeal, the Court laid particular emphasis on "the timing of the requested relief," noting that those plaintiffs had "filed their emergency motions immediately after the Supreme Court issued its stay order," and that "[t]his timing demonstrate[d] the urgency of the need for an injunction." Op. & Order at 39, ECF No. 261. By contrast, Movants sat on their rights and did not file emergency motions immediately after the Supreme Court issued its stay order. Instead, Tactical Machining and JSD Supply inexplicably waited on the sidelines for well over a month (38 and 45 days, respectively) before belatedly seeking injunctive relief from the Court. As Tactical Machining concedes, any "delay in seeking relief can . . . militate against injunctive relief," Tactical Mot. at 3, and here, neither Movant has provided any explanation for their failure to take immediate action to prevent what they claim to be imminent irreparable harm. Their inability to provide any excuse for their delay is important because "[c]ourts have routinely held that an unexcused delay in seeking extraordinary injunctive relief

may be grounds for denial because such delay implies a lack of urgency and irreparable harm." *Premium Parking Serv., LLC v. Olivier*, No. CV 23-3405, 2023 WL 5275219, at *3 (E.D. La. Aug. 16, 2023) (citing authority). Movants' failure to take immediate action strongly undercuts their claim that they face irreparable harm absent injunctive relief.

And Movants' inexplicable delay renders the representations they make in their supporting declarations implausible on their face. Tactical Machining has provided a declaration claiming that it is "on pace to lose approximately $20,000.00 in sales this month" and that it will "likely only be able to continue operating for approximately four months." Decl. of Darren Peters ¶¶ 5, 7, ECF No. 262-1. Yet despite its alleged predicament, and despite the fact that Tactical Machining is already a represented party in this case, it waited over a month to seek relief from this Court. Even when it filed its motion, Tactical Machining did not seek injunctive relief on an expedited basis. It is impossible to square Tactical Machining's representations with its lack of immediate action.

Nor can JSD Supply's representations regarding alleged irreparable harm be reconciled with its delay in seeking injunctive relief. On January 3, 2023, JSD Supply represented:

> If JSD Supply is unable to ship products such as jigs and jig accessories, and continues to be unable to make a profit, we will be forced to shut down this segment of our business. Though JSD Supply does have enough cash on hand to continue paying our expenses for a few months, we will be forced to shut down this segment of our business and cease operations if this trend continues for much longer. Unless we are given a chance to recover and stabilize our revenues, we will be forced to lay off the majority of our staff.

Decl. of Jordan Vinroe ¶ 19, ECF No. 263-1. Despite these dire representations, JSD Supply nevertheless remains in business more than nine months later, although the Rule has remained in force with respect to it for all but a small portion of that time period. JSD Supply's supplemental declaration fails to represent that it has "cease[d] operations" or "la[id] off the majority of [its] staff," but instead represents that "[c]ompared to 2021, [its] income is down 87% since the Final Rule at issue in the above captioned case was announced in April 2022 and down 73% since the Final Rule became

8

effective in Augsut [sic] 2022." Suppl. Decl. of Jordan Vinroe ¶ 3, ECF No. 263-2. Yet despite these allegedly dire straits, JSD Supply nevertheless sat on its hands for over a month before seeking injunctive relief from this Court, and like Tactical Machining, it did not seek such relief on an expedited basis. The unexplained delay in Movants' filing makes their allegations of imminent irreparable harm implausible.

Finally, Movants have not shown that the balance of the equities favors them. As explained above, by staying in full this Court's vacatur, the Supreme Court determined that Defendants should be permitted to implement the Rule pending the disposition of their appeal of the Court's merits decision to the Fifth Circuit and the disposition of any timely petition for a writ of certiorari. And that determination, in turn, necessarily reflects the Supreme Court's conclusion that "the equities" and "the public interest" support implementation of the Rule pending resolution of the appellate process. *See Merrill*, 142 S. Ct. at 880.

### III.  At A Minimum, The Court Should Not Grant Injunctive Relief To Movants' Customers

In its order granting in part Defendants' motions to vacate the injunctions this Court entered concerning Defense Distributed and BlackHawk Manufacturing, the Fifth Circuit determined that injunctive relief should not extend to Defense Distributed and BlackHawk Manufacturing's customers: "We agree with the Government that the district court's injunction sweeps too broadly. Injunctions that afford relief to non-parties are potentially problematic. And it appears the district court's injunction sweeps too broadly insofar as it affords relief to non-party customers." Fifth Circuit Order at 3. At a minimum, to the extent the Court awards any injunctive relief, it should not include movants' customers within the scope of any relief, in line with the Fifth Circuit's order.

## CONCLUSION

For the reasons stated above, Defendants respectfully request that the Court deny Movants' motions for injunction pending appeal.

9

DATED: October 5, 2023                                Respectfully submitted,

                                                      BRIAN M. BOYNTON
                                                      Principal Deputy Assistant Attorney General

                                                      ALEXANDER K. HAAS
                                                      Director, Federal Programs Branch

                                                      LESLEY FARBY
                                                      Assistant Director, Federal Programs Branch

                                                      */s/ Jeremy S.B. Newman*
                                                      DANIEL RIESS
                                                      TAISA M. GOODNATURE
                                                      JEREMY S.B. NEWMAN
                                                      Trial Attorneys
                                                      Civil Division, Federal Programs Branch
                                                      U.S. Department of Justice
                                                      1100 L Street, NW
                                                      Washington, DC 20005
                                                      Phone: (202) 532-3114
                                                      Email: jeremy.s.newman@usdoj.gov
                                                      *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

On October 5, 2023, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

                                                      */s/ Jeremy S.B. Newman*

10