IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| JENNIFER VANDERSTOK, *et al.*,<br><br>                              *Plaintiffs*,<br>    v.<br><br>BLACKHAWK MANUFACTURING GROUP INC., *et al.*<br>                       *Intervenor Plaintiffs*,<br><br>    v.<br><br>MERRICK GARLAND, in his official capacity as Attorney General of the United States, *et al.*,<br><br>                         *Defendants*. | Civil Action No. 4:22-cv-00691-O |

## JOINT STATUS REPORT

Pursuant to this Court's Order, Doc. 273 (Nov. 20, 2023), directing the parties to meet and confer and provide a joint status report and overview of how the parties intend to proceed following the remand of this case from the Fifth Circuit, the parties have conferred and have not come to an agreement. They are therefore jointly submitting alternative proposals for this Court's consideration, laid out more fully below.

**Plaintiffs' and Intervenor-Plaintiffs' Position:** On November 9, 2023, the Fifth Circuit affirmed in part and vacated and remanded in part the judgment of this Court. While the panel agreed with this Court's decision holding unlawful "(1) ATF's proposed definition of 'frame or receiver' including incomplete frames or receivers; and (2) ATF's proposed definition of 'firearm' including weapon part kits," it vacated this Court's order vacating the entire Rule and remanded

1

to this Court for further consideration of the appropriate scope of the remedy. *VanDerStok v. Garland*, No. 23-10718, 2023 WL 7403413, at **5, 12. Accordingly, Plaintiffs and Intervenor-Plaintiffs request that this Court establish a briefing schedule to resolve the limited question of the appropriate scope of the remedy in this case. To that end, Plaintiffs and Intervenor-Plaintiffs respectfully propose the following briefing schedule:

- December 12, 2023: Plaintiffs' and Intervenor-Plaintiffs' Briefs on Remedy
- January 12, 2024: Defendants' Response
- January 26, 2024: Plaintiffs' and Intervenor-Plaintiffs' Replies

The Government's request that this Court abstain from any further proceedings in this case until after it has decided whether to seek certiorari (and if it does decide to do so, until the Supreme Court has finished dealing with the case) should not be countenanced. As this Court previously found when it granted Plaintiffs a preliminary injunction, the Rule is inflicting irreparable harm each day that the challenged portions remain operative. For example, it is inflicting such severe economic harm on Tactical Machining, Defense Distributed, and BlackHawk as to threaten their continued viability. *See generally* Supp. Decl. of Darren Peters, Sr., Doc. 55-1 (Aug. 31, 2022); Decl. of Daniel Lifschitz, Doc. 103-1 (Oct. 20, 2022); Decl. of Cody Wilson, Doc. 164-1 (Jan. 12, 2023). This existential threat to Plaintiffs' and Intervenor-Plaintiffs' businesses cannot later be recovered as monetary damages against Defendants due to sovereign immunity.[1] Indeed, the Fifth Circuit expedited issuance of the mandate so that this Court could more quickly take jurisdiction over this case and resolve outstanding questions related to the appropriate remedy in this case. *See*

---

[1] Indeed, the Rule very nearly already put Tactical Machining out of business. *See* Rob Romano (@2Aupdates), X (Oct. 27, 2023, 12:07 PM), https://twitter.com/2Aupdates/status/1717936074155045346; Rob Romano (@2Aupdates), X (Oct. 27, 2023, 4:05 PM), https://x.com/2aupdates/status/1728157833223377006?s=51.

Unpublished Order, *VanDerStok v. Garland*, No. 23-10718, Doc. 221-1 (5th Cir. Nov. 20, 2023). It would be inappropriate, given the stakes here and the ongoing harm to the parties, to delay consideration of this important issue. And that is true regardless of whether any remedy ordered by this Court is stayed pending appellate review. Every day of delay in adjudicating the merits of the remedy is a day of delay in appellate review of such adjudication and thus of ultimate resolution of the case.

**Defendants' Position:**

1. The status of this case is as follows. Previously, the Supreme Court stayed this Court's vacatur of the Rule "pending the disposition of the appeal in the United States Court of Appeals for the Fifth Circuit and disposition of a petition for a writ of certiorari, if such a writ is timely sought." *Garland v. VanDerStok*, No. 23A82 (U.S. Aug. 8, 2023) (Supreme Court Stay Order). The conclusive nature of the Supreme Court's ruling was acknowledged most recently by the Fifth Circuit's entry of a stay in *Polymer80 v. Garland*, No. 23-10527 (5th Cir. Nov. 30, 2023), on the basis of the Supreme Court Stay Order.

2. Consistent with the Supreme Court Stay Order—as demonstrated most recently by the Fifth Circuit's *Polymer80* ruling—this Court would need to stay any relief that it might grant until the Supreme Court acts on any timely petition for a writ of certiorari the government may file.

3. At the present juncture, briefing on remedies is unnecessary because the Court would need to stay any remedy that it might grant. Such briefing could also prove to be a waste of the parties' and the Court's resources. For example, if Defendants were to ultimately prevail in the Supreme Court, that would eliminate any need for relief, and no briefing on remedies would

be necessary or appropriate. And at a bare minimum, a Supreme Court decision could be highly relevant to the proper scope of relief.

4. Defendants therefore respectfully propose that they promptly file a status report notifying the Court when they seek Supreme Court review or when the time for seeking such review has expired, whichever occurs first.

5. Plaintiffs' contention that briefing on remedies is necessary at the present juncture because of irreparable harm they will allegedly incur is meritless. As explained above, this Court would need to stay any relief that it might grant until the Supreme Court acts on any timely certiorari petition. And in any event, the Supreme Court entered its Stay Order despite Plaintiffs' arguments that they would suffer irreparable harm if this Court's vacatur were stayed as to them.

6. Additionally, and in the alternative, if the Court were to instead decide that remedial briefing is appropriate at the present juncture, then the schedule proposed by Plaintiffs for such briefing is acceptable to Defendants.

DATED this the 4th day of December, 2023.

Jointly submitted,

*/s/ R. Brent Cooper*
R. Brent Cooper (TX Bar No. 04783250)
Benjamin D. Passey (TX Bar No. 24125681)
Nathan C. Flanigin (TX Bar No. 24137919)
COOPER & SCULLY, P.C.
900 Jackson Street, Suite 100
Dallas, Texas 75202
Telephone: (214) 712-9500
Fax: (214) 712-9540
brent.cooper@cooperscully.com
ben.passey@cooperscully.com
nathan.flanigin@cooperscully.com

Cody J. Wisniewski* (CO Bar No. 50415)
FPC ACTION FOUNDATION
5550 Painted Mirage Road, Suite 320

*/s/ Daniel Riess (with authorization)*
Daniel M. Riess (TX Bar No. 24037359)
Jeremy S.B. Newman
(MA Bar No. 688968)
Taisa M. Goodnature
(NY Bar No. 5859137)
U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, FEDERAL PROGRAMS
BRANCH
1100 L Street, NW
Washington, DC 20005
Telephone: (202) 353-3098
Fax: (202) 616-8470
Daniel.Riess@usdoj.gov
jeremy.s.newman@usdoj.gov
taisa.m.goodnature@usdoj.gov

Las Vegas, NV  89149
Telephone: (916) 517-1665                              *Attorneys for Defendants*
Fax: (916) 476-2392
cwi@fpchq.org

*Counsel for Plaintiffs Jennifer VanDerStok, Michael G. Andren, Tactical Machining, LLC, and Firearms Policy Coalition*

*/s/ Chad Flores (with authorization)*
Chad Flores (TX Bar No. 24059759)
FLORES LAW PLLC
917 Franklin St., Suite 600
Houston, TX 77002
Telephone: (713) 364-6640
cf@chadflores.law

*Counsel for Intervenor Plaintiffs Defense Distributed, Second Amendment Foundation, Inc., and Not An LLC d/b/a JSD Supply*

Brian Daniel Poe (TX Bar No. 24056908)
BRIAN D POE ATTORNEY PLLC
909 Throckmorton Street
Fort Worth, TX 76102
Telephone: (817) 870-2022
Fax: (817) 977-6501
bpoe@bpoelaw.com

*/s/ Michael J. Sullivan (with authorization)*
Michael J. Sullivan* (MA Bar No. 487210)
J. Christopher Amrhein, Jr.*
(MA Bar No. 703170)
Nathan P. Brennan* (MN Bar No. 389954)
ASHCROFT LAW FIRM, LLC
200 State Street, 7th Floor
Boston, MA 02109
Telephone: (617) 573-9400
Fax: (617) 933-7607
msullivan@ashcroftlawfirm.com
camrhein@ashcroftlawfirm.com
nbrennan@ashcroftlawfirm.com

*Counsel for Intervenor Plaintiff Blackhawk Manufacturing Group Inc.*

5

Dennis L. Daniels, Jr. (TX Bar No. 24107402)
BRADLEY ARANT BOULT CUMMINGS LLP
1445 Ross Avenue, Suite 3600
Dallas, TX 75202
Telephone: (214) 257-9846
Fax: 214-939-8787
dldaniels@bradley.com

*/s/ James W. Porter, III (with authorization)*
James W. Porter, III* (AL Bar No. 1704J66P)
BRADLEY ARANT BOULT CUMMINGS
1819 Fifth Avenue North
One Federal Place
Birmingham, AL 35203
Telephone: (205) 521-8285
Fax: (205) 488-6285
jporter@bradley.com

Marc A. Nardone* (DC Bar No. 1023570)
BRADLEY ARANT BOULT CUMMINGS LLP
1615 L Street NW, Suite 1350
Washington, DC 20036
Telephone: (202) 719-8256
Fax: (202) 719-8356
mnardone@bradley.com

*Counsel for Intervenor Plaintiff Polymer80 Inc.*

*Admitted pro hac vice*

6

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 4, 2023 a true and correct copy of the foregoing document was served via the Court's CM/ECF system to all counsel of record.

                                          /s/ *R. Brent Cooper*
                                          R. Brent Cooper
                                          COOPER & SCULLY, P.C.