UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| DEFENSE DISTRIBUTED,<br>　　　　　Plaintiff<br><br>v.<br><br>PAMELA BONDI in her Official<br>Capacity as Attorney General of the<br>United States, *et al.*,<br><br>　　　　　Defendants. | §<br>§<br>§<br>§<br>§   Civil Action No. 4:22-cv-00691-O<br>§<br>§<br>§<br>§<br>§<br>§ |

**Defense Distributed's Opposition to the Motion for a Stay**

Defense Distributed files this opposition to every other party's stay request, Doc. 290 at 1.

## Opposition

Every party except Defense Distributed requests a stay until the Attorney General completes a review process that may or may not change the Rule in whole or part. Doc. 290. Yet the Rule remains and is being enforced. So "Defense Distributed does not join the stay request and intends to continue litigating against all challenged aspects of the rule that the Defendants will not cease enforcing against Defense Distributed even during the review process." Doc. 290 at 2.

Specifically, Defense Distributed insists on continued litigation without delay because ATF continues to illegally enforce the Rule against Defense Distributed, causing serious injuries that deserve relief both finally and immediately. Filed in conjunction with this opposition is Defense Distributed's motion for a preliminary injunction, which explains the nature of ATF's continued enforcement of the Rule vis-a-vis several of Defense Distributed's most important product offerings. The new filing shows that ATF's continued Rule enforcement violates the Due Process Clause and the Second Amendment, depriving Defense Distributed of vital constitutional rights and inflicting severe financial losses that cannot be recovered. These and other key claims are fully pleaded in the live complaint, Doc. 143, but were not adjudicated before because full relief was awarded on other grounds, Doc. 231 at 2 & n1. Now they are ripe for review, which should begin with the motion for a preliminary injunction and then proceed to a final judgment without delay.

Of course claimants that don't want or need to challenge this Rule any more cannot be compelled to continue. Those that lack standing would have to be dismissed regardless. Defense Distributed therefore has no objection to an order halting the case as to everyone consenting to a stay. The case style should just be updated to reflect the real controversy, as this filing does.

## Conclusion

ATF's enforcement of the Rule against Defense Distributed continues. Therefore so should this Court's adjudication of Defense Distributed's action to halt that wrongdoing.

The Court should grant the requested stay as to all parties that consent to it, deny the stay as to Defense Distributed, and update the case style to reflect the action's only present claimant.

Respectfully submitted,

By /s/ *Chad Flores*
Chad Flores
  cf@chadfloreslaw.com
   Texas Bar No. 24059759
Flores Law PLLC
917 Franklin Street, Suite 600
Houston, Texas 77002
P: (713) 893-9440
F: (832) 645-2496

Counsel for Defense Distributed

**Certificate of Service**

A true and correct copy of the foregoing document was served via the Court's CM/ECF system to all counsel of record on the day of its filing.

<u>/s/ Chad Flores</u>
Chad Flores
