Docusign Envelope ID: A21B7E61-8AE6-4367-B66D-CB79902E1318

**Declaration of Cody Wilson**
**June 6, 2025**

I, Cody R. Wilson, declare under penalty of perjury that the following statements are true and correct:

1. This declaration supplements my prior declarations for Case Number 4:22-cv-00691-O at the United States District Court for the Northern District of Texas, including the Declaration of Cody Wilson dated February 27, 2023, that is filed as Document 193-1. That 2023 declaration was true and correct at the time of its execution, is still true and correct in all relevant respects, and is both incorporated herein by reference and appended.

2. Attached to this declaration is a true and correct copy of e-mail correspondence between counsel for Defense Distributed in this action (Chad Flores of Flores Law PLLC) and counsel for the Defendant government agencies and officials in this action (Jeremy Newman of the United States Department of Justice).

3. After the Supreme Court of the United States issued *Bondi v. VanDerStok*, 145 S. Ct. 857 (2025), Defense Distributed (through counsel) inquired with ATF about whether it would enforce the challenged Rule provisions against Defense Distributed vis-à-vis the following items:

    (1) The Polymer80 80% Frame as sold by Defense Distributed on ghostgunner.com before the Rule took effect

    (2) the M1911 80% Frame:45ACP as sold by Defense Distributed on ghostgunner.com before the Rule took effect

    (3) the M1911 80% Frame:9mm/10mm/.8 Super/.40 S&W as sold by Defense Distributed on ghostgunner.com before the Rule took effect.

Defense Distributed presented these and other items in Document 184 as follows:



Docusign Envelope ID: A21B7E61-8AE6-4367-B66D-CB79902E1318

        Defense Distributed (through counsel) inquired about ATF's enforcement of the challenged provisions of the Rule against the three pistol "frame predecessors shown at Document 184." It asked this of the Department of Justice: "Will the government agree to not enforce the rule against Defense Distributed and its customers vis-a-vis these items during the action's pendency?" The answer: "No."

4.       After the Supreme Court of the United States issued *Bondi v. VanDerStok*, 145 S. Ct. 857 (2025), Defense Distributed (through counsel) inquired with ATF about whether it would enforce the challenged Rule provisions against Defense Distributed vis-à-vis the following items:

        (1) The G80 Build Kit as sold by Defense Distributed on G80.com.

        (2) The G80 Unfinished Receiver as sold by Defense Distributed on G80.com.

        (3) The G80 Grip Module as sold by Defense Distributed on G80.com.

        Again through counsel, Defense Distributed asked the Department of Justice: "Will the government agree to not enforce the rule against Defense Distributed and its customers vis-a-vis these items during the action's pendency?" The answer: "No." After confirming that part of the position ("That's correct.",) counsel for the Department of Justice supplied (to counsel for Defense Distributed) this additional proviso

> That's correct. To be clear, as to the G80 items, ATF has not made a determination regarding whether or not they are firearms under the Rule, and ATF is not currently engaged in any enforcement against Defense Distributed as to those products. ATF stands ready to classify those products on an expedited basis if and when Defense Distributed submits samples to ATF for classification. But since Defense Distributed has, at least up to this point, elected not to submit samples for classification, ATF cannot provide assurances as to its future treatment of those products, and the government would oppose a motion for preliminary injunction.

5.       The current G80.com website matches in all material respects the G80.com website that appeared when the Department of Justice used it to make the enforcement determinations described above. For all three of the G80 items at issue here, the G80.com website includes comprehensive item descriptions with accurate images like this:



*See* G80 Build Kit, https://g80.com/product/g80-build-kit/ (June 4, 2025).

Docusign Envelope ID: 21B7E61-8AE6-4367-B66D-CB79902E1318

6. For all three of the G80 items at issue, the G80.com website supplies full open source reference models in .step file format—a standardized 3D model file format (ISO 10303-21) widely used in computer-aided design (CAD) and manufacturing. *See* Downloads, https://g80.com/downloads/ (June 4, 2025). These models are made freely available for download and fully capture the 3D geometry, dimensions, and assembly structure of each product, enabling precise interrogation and analysis. Each G80 product's .step reference model can include detailed specifications, such as material tolerances, surface finishes, and component relationships, allowing engineers, manufacturers, or regulators to examine the products' design and functionality thoroughly. The G80 Unfinished Receiver model delineates the incomplete portions critical to its classification, while the G80 Grip Module model specifies ergonomic contours and attachment points. These reference models ensure that anyone seeking to understand the products' characteristics—whether for compliance, engineering, or legal purposes—can do so with complete transparency.

7. ATF's present enforcement of the Rule vis-à-vis the 80% frame items identified above continues to inflict all of the harms specified by the Declaration of Cody Wilson dated February 27, 2023, that is filed as Document 193-1. ATF's present enforcement of the Rule vis-à-vis the specified G80 items inflicts harms of similar kind and similar severity.

8. If Defense Distributed could freely market all of the items at issue without the Rule's cloud of criminality, the resulting sales would generate substantial revenue and healthy profit margins critical to the company's survival. But because of ATF's present enforcement of the Rule, Defense Distributed is deprived of this core revenue stream, undermining its financial stability and threatening its continued existence as a going concern. Additionally, to comply with the Rule, Defense Distributed has been forced to engage specialized legal professionals to provide advice and representation about what the Rule means and requires, both on its own terms and in light of *Bondi v. VanDerStok*, 145 S. Ct. 857 (2025). 2025 compliance costs already exceed fifty thousand dollars, substantially straining the company's finances after years of litigation.

9. I executed this declaration on June 6, 2025.

Signed by:
*Cody Wilson*
196F068DD416416...
CODY WILSON

Docusign Envelope ID: A21B7E61-8AE6-4367-B66D-CB79902E1318



**From:** **Newman , Jeremy S. (CIV)** Jeremy.S.Newman@usdoj.gov
**Subject:** RE: Re: [EXTERNAL] VanDerStok et al. v. Bondi et al., No. 4:22-cv-00691-O (N.D. Tex.)
**Date:** June 4, 2025 at 2:29 PM
**To:** Chad Flores  cf@chadflores.law
**Cc:** Riess, Daniel (CIV)  Daniel.Riess@usdoj.gov

Chad,

That's correct. To be clear, as to the G80 items, ATF has not made a determination regarding whether or not they are firearms under the Rule, and ATF is not currently engaged in any enforcement against Defense Distributed as to those products. ATF stands ready to classify those products on an expedited basis if and when Defense Distributed submits samples to ATF for classification. But since Defense Distributed has, at least up to this point, elected not to submit samples for classification, ATF cannot provide assurances as to its future treatment of those products, and the government would oppose a motion for preliminary injunction.

Jeremy

**From:** Chad Flores <cf@chadflores.law>
**Sent:** Wednesday, June 4, 2025 1:41 PM
**To:** Newman , Jeremy S. (CIV) <Jeremy.S.Newman@usdoj.gov>
**Cc:** Riess, Daniel (CIV) <Daniel.Riess@usdoj.gov>
**Subject:** Re: [EXTERNAL] Re: VanDerStok et al. v. Bondi et al., No. 4:22-cv-00691-O (N.D. Tex.)

Jeremy,

Thanks for the additional attention. We appreciate the attention to detail everyone's given this important process. The positions seem fully understood now (though of course please correct me if I'm wrong). I've attached yesterday's letter and the pertinent emails just for ease of reference. On that basis, here's what we understand the government's position to be as to the two key sticking points. We'll proceed accordingly in meeting the Court's June 6 deadline.

**1. The G80 items**

As to the G80 items discussed below and in the letter - the GO Grip Module (as sold on [ghostgunner.net](ghostgunner.net)), the G80 Build Bundle (as sold on G80.com), the G80 Unfinished Receiver (as sold on G80.com) • G80 Grip Module (as sold on G80.com) - we understand the government's positions to be this:

- Will the government agree to *not* enforce the rule against Defense Distributed and its customers vis-a-vis these items during the action's pendency? No. The government's position might or might not change if these items underwent an examination process for further coverage determination. But because that has not happened and unless and until that happens, the answer is no.

- Will the government oppose a preliminary injunction against the government's enforcement of the rule vis-a-vis those items (for just Defense Distributed and its customers, not anyone else)? Yes.

**2. The frame predecessors shown at Document 184.**

As to the frame predecessors shown at Document 184, we understand the government's positions to be this:

- Will the government agree to *not* enforce the rule against Defense Distributed and its customers vis-a-vis these items during the action's pendency?  No.

- Will the government oppose a preliminary injunction against the government's enforcement of the rule vis-a-vis those items (for just Defense Distributed and its customers, not anyone else)? Yes.

_____
Chad Flores
cf@chadflores.law
(512) 589-7620


On Wed, Jun 4, 2025 at 9:50 AM Newman , Jeremy S. (CIV) <Jeremy.S.Newman@usdoj.gov> wrote:

> Chad,
>
> As to the four products listed in your email, ATF has not come to a conclusion one way or the other as to whether the items are firearms under the rule and the GCA, and will not come to a conclusion absent being able to examine samples.  However, as I indicated in yesterday's letter, if Defense Distributed provides samples of those products, ATF will classify them on an expedited basis.  Without having the opportunity to examine samples, the government cannot represent that it will not enforce the rule as to those products, but ATF is not currently engaged in any enforcement against Defense Distributed as to those products.  The government will only enforce the rule as to products that are, in fact, firearms as defined by the rule.  At this point, and without having the opportunity to examine samples, ATF has not made any determination with respect to those products.
>
> Best regards,
> Jeremy
>
> ---
>
> **From:** Chad Flores <cf@chadflores.law>
> **Sent:** Tuesday, June 3, 2025 2:59 PM
> **To:** Newman , Jeremy S. (CIV) <Jeremy.S.Newman@usdoj.gov>
> **Cc:** Riess, Daniel (CIV) <Daniel.Riess@usdoj.gov>
> **Subject:** [EXTERNAL] Re: VanDerStok et al. v. Bondi et al., No. 4:22-cv-00691-O (N.D. Tex.)
>
> Jeremy,
>
> Thanks for supplying this in time.  You may recall that we started out this discussion inquiring about Defense Distributed's need to seek a preliminary injunction against the parts of the rule that continue to be enforced.  Now that the

injunction against the parts of the rule that continue to be enforced. Now that the scope of enforcement has been clarified, we should circle back once more to confirm and close the loop as to these items addressed at page two of the letter:

- GO Grip Module (as sold on ghostgunner.net)
- G80 Build Bundle (as sold on G80.com)
- G80 Unfinished Receiver (as sold on G80.com)
- G80 Grip Module (as sold on G80.com)

As to those items, our understanding is that the government will not cease enforcing the challenged provisions of the rule against Defense Distributed during the action's pendency (unless the letter's sampling and classification process takes place and results in further allowance). And on that basis, our understanding is that the government would oppose a preliminary injunction against the government's enforcement of the rule vis-a-vis those items (for just Defense Distributed and its customers, not anyone else). Is that correct?

Thanks again for the close attention to all of these details. We appreciate the professionalism.

_____
Chad Flores
cf@chadflores.law
(512) 589-7620


On Jun 3, 2025 at 1:17:54 PM, "Newman , Jeremy  S. (CIV)" <Jeremy.S.Newman@usdoj.gov> wrote:

> Counsel:
>
> Please find the attached correspondence.
>
> Sincerely,
> Jeremy Newman
>
> **Jeremy S.B. Newman** | Trial Attorney
> U.S. Department of Justice, Civil Division, Federal Programs Branch
> 1100 L Street, NW | Washington, DC 20005
> tel (202) 532-3114
> email: jeremy.s.newman@usdoj.gov

Docusign Envelope ID: A21B7E61-8AE6-4367-B66D-CB79902E1318