## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| **JENNIFER VANDERSTOK,** *et al.*, | § § § § § | |
| **Plaintiffs,** | § | |
| **v.** | § § | **Civil Action No. 4:22-cv-00691-O** |
| **PAMELA BONDI, in her official capacity as Attorney General of the United States,** *et al.*, | § § § § § | |
| **Defendants.** | § § | |

## ORDER

This case is on remand from the Fifth Circuit, after review and reversal by the Supreme Court on multiple occasions. Pursuant to the Fifth Circuit's May 1, 2025 order remanding the case "for further proceedings consistent with the Supreme Court's decision,"[1] the Court ordered the Parties to file a joint status report "detailing the remaining issues before the Court, and proposing a timeline for resolution of those issues."[2] In response, all but one of the Parties requested that the Court stay the case for 60 days while the Attorney General conducted a review in line with President Trump's February 7, 2025, Executive Order titled Protecting Second Amendment Rights.[3] Defense Distributed was the only party opposed to a stay and filed a Motion for Preliminary Injunction (ECF No. 294) seeking to enjoin enforcement of the challenged ATF rules under Fifth Amendment Due Process and Second Amendment grounds ("Injunction Motion").

The Supreme Court has twice reversed this Court's imposition of injunctive relief in this case.

The first was in response to the Court's June 30, 2023, order (ECF No. 227) granting

---

[1] *VanDerStok v. Garland*, No. 23-10718, 2025 WL 1265648 (5th Cir. May 1, 2025).
[2] Order, May 12, 2025, ECF No. 287.
[3] *See* Joint Status Report, ECF No. 290.

summary judgment and vacatur of the challenged ATF rules. *See Garland v. Vanderstok*, 144 S. Ct. 44, (2023). The second was in response to the Court's order enjoining Defendants "from implementing and enforcing against Intervenor-Plaintiffs Defense Distributed and BlackHawk Manufacturing Group Inc. d/b/a 80 Percent Arms the provisions in 27 C.F.R. §§ 478.11 and 478.12."[4] *See Garland v. Blackhawk Mfg. Group, Inc.*, 144 S. Ct. 338 (2023). While the Court has not yet ruled on Defense Distributed's request for Injunction, the Court is mindful of the Supreme Court's previous rulings reversing injunctive relief.

Given the history of this case, it seems more prudent to address all claims for relief at one time, instead of engaging in piecemeal litigation regarding only some legal claims. Presently, Defense Distributed only seeks injunctive relief on some, but not all, of its claims. Accordingly, the Parties shall meet to confer on a schedule to resolve *all* remaining issues involved in this lawsuit. After that meeting, they shall file a joint status report proposing a timeline for resolution of *all* issues by final judgment.

The joint status report is due no later than **April 2, 2026**. Based on the foregoing, the Court **STAYS** this case pending the issuance of an order setting a schedule to promptly resolve all remaining issues by final judgment. The Clerk of Court is directed to administratively close this case for statistical purposes pending the Court lifting the stay.

**SO ORDERED** this **19th day** of **March, 2026**.

_____
Reed O'Connor
**CHIEF UNITED STATES DISTRICT JUDGE**

---

[4] Order 42, Sept. 14, 2023, ECF No. 261.

2