UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| DEFENSE DISTRIBUTED,<br>Plaintiff | § § § | |
| v. | § § | Civil Action No. 4:22-cv-00691-O |
| PAMELA BONDI in her Official<br>Capacity as Attorney General of the<br>United States, *et al.*, | § § § § | |
| Defendants. | § § § | |

**Defense Distributed's Motion for an Injunction Pending Appeal**

**Defense Distributed's Motion for an Injunction Pending Appeal**

Defense Distributed has appealed to the Fifth Circuit from this Court's refusal of the preliminary injunction requested by Defense Distributed's Motion for a Preliminary Injunction, Doc. 293, Defense Distributed's Reply in Support of Defense Distributed's Motion for a Preliminary Injunction, Doc. 299, and Defense Distributed's Notice of Irreparable Harm in Support of Defense Distributed's Motion for a Preliminary Injunction, Doc. 301. *See* Doc. 302 (notice of appeal). Federal Rule of Appellate Procedure 8 requires a party seeking an injunction pending appeal from the Fifth Circuit to first seek that relief from the district court. Fed. R. App. P. 8(a)(1). This motion satisfies that requirement.

For essentially the same reasons that Defense Distributed is entitled to a preliminary injunction, Defense Distributed is likewise entitled to an injunction pending appeal on the terms set out in Doc. 293. Defense Distributed therefore requests an injunction pending appeal that awards the same relief sought in the preliminary injunction motion: an order enjoining Defendants from enforcing the challenged redefinition of "firearm" in 27 C.F.R. §§ 478.11 and 478.12 against Defense Distributed with respect to the six items identified in Document 293. The legal standard for an injunction pending appeal tracks the preliminary injunction standard. *See, e.g.*, *Nken v. Holder*, 556 U.S. 418, 434 (2009). Defense Distributed's prior submissions fully brief each factor. Docs. 293, 294, 299, 301. That showing has not changed and remains fully meritorious.

The motion is opposed. If the Court is disinclined to grant the motion, Defense Distributed requests that the Court act promptly so that it may seek relief from the Fifth Circuit without unnecessary delay. *Cf.* Fed. R. App. P. 8(a)(2) (allowing an injunction pending appeal to be sought from the Fifth Circuit without waiting for the district court to rule).

**Conclusion**

The Court should issue an injunction pending appeal enjoining the Defendants from enforcing the challenged redefinition of "firearm" in 27 C.F.R. §§ 478.11 and 27 C.F.R. §§ 478.12, *see* Definition of "Frame or Receiver" and Identification of Firearms, 87 Fed. Reg. 24,652 (Apr. 26, 2022), against Defense Distributed vis-à-vis the following items:

1. The Polymer80 80% Frame as sold by Defense Distributed on ghostgunner.com before the Rule took effect.

2. The M1911 80% Frame: 45ACP as sold by Defense Distributed on ghostgunner.com before the Rule took effect.

3. The M1911 80% Frame: 9mm / 10mm / .38 Super/ .40 S&W as sold by Defense Distributed on ghostgunner.net before the Rule took effect.

4. The G80 Build Kit as sold by Defense Distributed on G80.com.

5. The G80 Unfinished Receiver as sold by Defense Distributed on G80.com.

6. The G80 Grip Module as sold by Defense Distributed on G80.com.

<div style="margin-left:50%">

Respectfully submitted,

By /s/ *Chad Flores*
Chad Flores
  chad@chadflores.law
  Texas Bar No. 24059759
Flores Law PLLC
917 Franklin Street, Suite 600
Houston, Texas 77002
P: (713) 893-9440
F: (832) 645-2496

Counsel for Defense Distributed

</div>

4

## Certificate of Service

A true and correct copy of the foregoing document was served via the Court's CM/ECF system to all counsel of record on the day of its filing.

<div align="right">

/s/ Chad Flores
Chad Flores

</div>

4