**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

JENNIFER VANDERSTOK *et al.*,

    Plaintiffs,

    v.

PAMELA BONDI, in her official capacity as
Attorney General of the United States *et al.*,

    Defendants.

Case No. 4:22-cv-00691-O

**DEFENDANTS' BRIEF IN OPPOSITION TO DEFENSE**
**DISTRIBUTED'S MOTION FOR INJUNCTION PENDING APPEAL**

**INTRODUCTION**

Intervenor Plaintiff Defense Distributed has failed to demonstrate that it is entitled to the extraordinary remedy of an injunction pending appeal. Defense Distributed has filed a *pro forma* motion that merely incorporates its pending preliminary injunction motion. As explained in Defendants' opposition to that motion, Defense Distributed does not satisfy any of the four factors required to receive emergency injunctive relief. Nor does Defense Distributed's surreply brief filed in support of its preliminary injunction motion show that it will suffer irreparable injury absent such relief. Although Defense Distributed claims that it has been denied access to banking services needed for its business operations, in fact, all it shows is that a single bank has decided not to maintain a deposit account on its behalf. Similarly, while Defense Distributed contends that it has been denied insurance coverage necessary to maintain business operations, the evidence it musters fails to substantiate this contention. Defendants therefore respectfully request that the Court deny Defense Distributed's motion for an injunction pending appeal.

**BACKGROUND**

This case involves a 2022 rule issued by the Bureau of Alcohol, Tobacco, Firearms and Explosives "designed to combat the proliferation of ghost guns." *Bondi v. VanDerStok*, 145 S. Ct. 857, 864 (2025). Several manufacturers and dealers of ghost guns challenged the Rule. They contended that because the Gun Control Act of 1968, 18 U.S.C. § 921 et seq. ("GCA") [Gun Control Act] "cannot be fairly read to reach weapon parts kits or unfinished [firearm] frames or receivers," ATF's rule "purporting to extend the GCA's mandates to these products could not be enforced against anyone and had to be 'set aside' as impermissibly issued 'in excess of statutory . . . authority.'" *VanDerStok*, 145 S. Ct. at 864, 865 (citation omitted). In July 2023, this Court held that ATF had exceeded its statutory authority by promulgating the Rule. It entered summary judgment in favor of

1

these manufacturers and dealers on their statutory claim and vacated the Rule.  Mem. Op. & Order, ECF No. 227.

In August 2023, the Supreme Court granted the government's application for a stay of this Court's judgment pending appeal.  *See Garland v. VanDerStok*, 144 S. Ct. 44 (2023).  The Supreme Court stayed this Court's vacatur in full and allowed the government to implement the Rule pending the disposition of its appeal to the Fifth Circuit and the disposition of any timely petition for a writ of certiorari.  *See id.*  This Court subsequently granted the motions of two plaintiffs (including Defense Distributed) for injunctive relief pending appeal, and enjoined ATF from implementing the Rule against these plaintiffs.  Op. & Order, ECF No. 261.  In October 2023, the Supreme Court vacated this injunction, allowing the Rule to be implemented (including against Defense Distributed).  *See Garland v. Blackhawk Mfg. Grp., Inc.*, 144 S. Ct. 338 (2023).

The Fifth Circuit largely affirmed this Court's entry of summary judgment in favor of the manufacturers and dealers challenging the Rule.  *VanDerStok v. Garland*, 86 F.4th 179 (5th Cir. 2023).  The Supreme Court reversed, holding that "[t]he GCA embraces, and thus permits ATF to regulate, some weapon parts kits and unfinished frames or receivers, including" examples specifically addressed in the Supreme Court's decision.  *VanDerStok*, 145 S. Ct. at 876.

In June 2025, Defense Distributed moved for a preliminary injunction prohibiting the application of the Rule to that entity with respect to six items that it sells.  Defense Distributed's Motion for Prelim. Inj., ECF No. 293 ("PI Mot.").  Defendants opposed this motion.  Defs.' Opp. to PI Mot., ECF No. 297 ("Defs.' PI Opp.").  After briefing on its preliminary injunction motion had concluded, Defense Distributed filed a surreply brief without seeking leave of this Court to do so.  *See* Defense Distributed's Notice of Irreparable Harm in Support of Motion for Preliminary Injunction, ECF No. 301 ("Surreply"); *see also* Local Civ. R. 7.1 (motion practice consists of a motion, response, and reply brief).

2

Although Defense Distributed's motion for preliminary injunction is pending before this Court, Defense Distributed has filed a notice of interlocutory appeal to the Fifth Circuit, ECF No. 302, and has moved for an injunction pending appeal. Defense Distributed's Mot. for Inj. Pending Appeal, ECF No. 305 ("Mot.").

## ARGUMENT

**Defense Distributed Is Not Entitled to a Motion for Injunction Pending Appeal.**

Defense Distributed's motion for injunction pending appeal raises no new arguments. Instead, it merely incorporates by reference those asserted in its preliminary injunction motion. *See* Mot. at 2. For the reasons explained in Defendants' opposition to that prior motion, Defense Distributed fails to show that it is entitled to emergency injunctive relief. *See* Defs.' PI Opp. at 3-25. Nor, for these same reasons, has Defense Distributed shown that it is entitled to a motion for injunction pending appeal—which, like a stay pending appeal, "is an extraordinary remedy." *Thomas v. Bryant*, 919 F.3d 298, 303 (5th Cir. 2019) (citation omitted).

Defense Distributed's surreply brief in support of its preliminary injunction motion also does not justify entry of emergency injunctive relief. That brief advances two arguments premised on declarations that do not support those arguments.

First, Defense Distributed contends that the application of the Rule to six items that it sells has resulted in its being "denied access to the basic banking services required for ordinary business operations." Surreply at 4. Initially, Defense Distributed cites no case law to support its assertion that denial of access to banking services constitutes irreparable harm.[1] In any event, the supporting declaration filed by Defense Distributed does not show that the company has been denied basic

---

[1] Having failed to cite supporting case law in its surreply brief or its motion for injunction pending appeal, Defense Distributed should not be permitted to cite any such case law for the first time in its reply brief supporting its motion.

banking services.  Rather, it demonstrates only that a single bank—Southside Bank—has declined to maintain a deposit account for Defense Distributed.  *See* Decl. of Grant Williams ¶ 4, ECF No. 301-1.  Over 400 banks with over 5000 branches operate in Texas where Defense Distributed is based.  *See* Texas Dep't of Banking, *All State Banking Activity in Texas (Updated as of August 28, 2025).*[2]  Absent evidence that Defense Distributed cannot obtain banking services from one of the many banks in its area, it has not established that it has been "denied access to . . . basic banking services."

Second, Defense Distributed alleges that the application of the Rule to six items that it sells has resulted in its being "unable to obtain commercially reasonable insurance coverage necessary to operate, contract, and maintain ordinary business relationships."  Surreply at 5.  Again, Defense Distributed fails to cite any legal authority for the proposition that denial of such coverage suffices to demonstrate irreparable harm.  But in any event, the supporting declaration on which Defense Distributed relies falls far short of showing that it is unable to obtain such coverage.

That declaration states only that one insurance agency "acted on behalf of Defense Distributed in seeking commercial insurance coverage," which included "presenting Defense Distributed's risk profile to insurers and communicating insurers' responses regarding coverage availability."  Decl. of Marc Cisneros ¶ 2, ECF No. 301-2.  Notably, the declaration does not state that Defense Distributed ever sought to obtain such insurance before the challenged rule became effective.  Instead, the declaration represents only that prior to this time, "the insurance market was able to evaluate firearms-related businesses" and that "[t]here was no adjudication or finding that would have independently rendered Defense Distributed uninsurable."  *Id.* ¶ 3.  In other words, this declaration shows only that before the Rule's effective date, this particular insurance agency represents that it was "able to evaluate" firearms-related businesses as a generic category.  But Defense Distributed makes no

---

[2] https://www.dob.texas.gov/sites/default/files/files/Applications-Forms-Publications/Publications/Bnkact/bran0625.pdf

showing that it actually applied for commercial insurance coverage before the Rule's effective date. Additionally, the declaration represents that while the Rule has been in effect, an unknown number of unnamed "insurers have declined to offer commercially reasonable coverage." *Id.* ¶ 4. Notably, the declaration does not state *to whom* this unstated set of insurers have failed to offer such coverage— although the implication is that they have not offered such coverage to Defense Distributed, the declaration does not say so. Nor does it define "commercially reasonable coverage," specify which insurers allegedly have declined to offer such coverage, or the number of insurers that allegedly have failed to do so. The declaration also does not indicate whether any insurers have agreed to offer commercial insurance coverage to Defense Distributed. This vaguely worded declaration thus does not establish that Defense Distributed has been systematically unable to obtain commercial insurance coverage because result of the challenged rule.[3]

## CONCLUSION

For the reasons stated above and in Defendants' opposition to Defense Distributed's motion for preliminary injunction, the Court should deny Defense Distributed's motion for injunction pending appeal.

DATED: March 26, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General, Civil Division

ALEXANDER K. HAAS
Director, Federal Programs Branch

ANDREW I. WARDEN
Assistant Director, Federal Programs Branch

---

[3] In any event, Defense Distributed cannot plausibly maintain that the Rule is causing it imminent irreparable harm given that in 2025, Defense Distributed reported $2,000,000 in annual revenue for the preceding three years, despite the Rule having been in effect since late 2023. *See* Dun & Bradstreet, *Defense Distributed; D&B Duns Market Identifiers Plus (US)* (Nov. 30, 2025) (attached as Ex. 1).

*/s/ Daniel Riess*
DANIEL RIESS
JEREMY S.B. NEWMAN
Trial Attorneys
Civil Division, Federal Programs Branch
U.S. Department of Justice
1100 L Street, NW
Washington, DC 20005
Phone: (202) 353-3098
Email: Daniel.Riess@usdoj.gov
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

On March 26, 2026, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ Daniel Riess*