IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **JENNIFER VANDERSTOK, *et al.*,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:22-cv-00691-O** |
| | § | |
| **PAMELA BONDI, in her official capacity** | § | |
| **as Attorney General of the United States,** | § | |
| ***et al.*,** | § | |
| | § | |
| **Defendants.** | § | |

**ORDER**

Before the Court are Plaintiff Defense Distributed's Motion for Injunction Pending Appeal (ECF No. 305), Defendants' Response (ECF No. 307), and Defense Distributed's Reply (ECF No. 308). Plaintiff "requests an injunction pending appeal that awards the same relief sought in the preliminary injunction motion."[1]

In support, Plaintiff invokes the standard set forth in *Nken v. Holder*, 556 U.S. 418, 434 (2009), which lays out the factors a district court should consider when evaluating a motion to stay pending appeal. Those factors are: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Id.*

But, "[a] stay is not a matter of right, even if irreparable injury might otherwise result. It is instead an exercise of judicial discretion, and the propriety of its issue is dependent upon the circumstances of the particular case." *Plaquemines Par. v. Chevron USA, Inc.*, 84 F.4th 362, 373

---

[1] Mot. 1, ECF No. 305.

1

(5th Cir. 2023) (quoting *Nken*, 556 U.S. at 433) (citation modified). Likewise, a "stay pending appeal is extraordinary relief for which [Plaintiff] bears a heavy burden." *Id.*

The stay here should be denied because Plaintiff has not met its burden. First, Plaintiff incorporates its previous injunctive briefing on the *Nken* factors. But there is a difference between the standards required for a preliminary injunction and a stay. A preliminary injunction requires showing a substantial likelihood of success, while a *Nken* stay requires a strong showing. Plaintiff makes no effort to explain the different standards in its briefing.

Next, while Plaintiff explains how it is irreparably harmed by the challenged rule,[2] the Government disputes the weight of Plaintiff's evidence on this factor.[3] It is clear Plaintiff is suffering due to the challenged rule; however, it is uncertain if this harm is irreparable. Plaintiff's original claims for irreparable harm primarily hinge on finding that the challenged rule violates the Second Amendment and Due Process Clause and economic harm in the form of lost sales revenue.[4] In its "notice of irreparable harm," which the Government argues is an unauthorized surreply,[5] Plaintiff for the first time brings up denial of banking and insurance options as additional evidence of irreparable harm.[6] Although there is harm, as the Government notes, "Defense Distributed cites no case law to support its assertion that denial of access to banking services constitutes irreparable harm."[7] But even if some of Plaintiff's harm is irreparable, that alone does not entitle it to a stay. "*Nken* instructs that "simply showing some possibility of irreparable injury fails to satisfy the second factor." *Plaquemines*, 84 F.4th at 376 (quoting *Nken*, 556 U.S. at 434–35).

---

[2] *See* Mot. Prelim. Inj. 18–19, ECF No. 294; Reply 3–5, ECF No. 308.
[3] Resp. 3–4, ECF No. 307.
[4] *See* Mot. Prelim. Inj. 18–19, ECF No. 294.
[5] Resp. 3, ECF No. 307.
[6] *See generally* Notice, ECF No. 301.
[7] Resp. 3, ECF No. 307.

Finally, regardless of whether Plaintiff's harm is irreparable, the remaining *Nken* factors—substantial injury to the other parties and public interest—weigh against a stay. Despite litigating some of its claims to the Supreme Court and the Fifth Circuit, Plaintiff has failed to move for summary judgment as to its remaining claims. There is no indication that it needs additional discovery before doing so, at least it appears none has been conducted. Instead, it appears Plaintiff is piecemeal seeking relief and when a particular ground of interim relief is not allowed it seeks interim relief on another ground. This type of litigation strategy is inefficient, taxes judicial resources, and disserves the public interest.

Evidence of judicial resources expended on this case help illustrate why this piecemeal strategy should be discouraged. This Court granted injunctive relief, twice. Those orders were litigated to the Fifth Circuit Court of Appeals and the Supreme Court, and on both occasions this Court's imposition of injunctive relief has been reversed. The first was in response to the Court's June 30, 2023, order (ECF No. 227) granting summary judgment and vacatur of the challenged rule. *See Garland v. Vanderstok*, 144 S. Ct. 44, (2023). The second was in response to the Court's order enjoining Defendants from implementing and enforcing the challenged rule against Defense Distributed and another plaintiff.[8] *See Garland v. Blackhawk Mfg. Group, Inc.*, 144 S. Ct. 338 (2023).

After considering all of the information presented, the propriety of issuing a stay is not satisfied by circumstances of this case. *Nken*, 556 U.S. at 433. As such, the Court declines to change the status quo by granting the requested stay pending the preliminary injunction appeal. Instead, the Court has notified the Parties that it intends to consolidate all remaining issues into a

---

[8] Order 42, Sept. 14, 2023, ECF No. 261.

dispositive motion and, when ripe, enter final judgment on all issues promptly. *See* ECF No. 304.

Defense Distributed's Motion for Injunction Pending Appeal (ECF No. 305) is **DENIED**.

    **SO ORDERED** on this **30th day** of **March, 2026**.

_____
Reed O'Connor
**CHIEF UNITED STATES DISTRICT JUDGE**