**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| DEFENSE DISTRIBUTED and | § | |
| THE SECOND AMENDMENT | § | |
| FOUNDATION, INC., | § | |
| Plaintiffs | § | |
| | § | |
| v. | § | Civil Action No. 4:22-cv-00691-O |
| | § | |
| TODD WALLACE BLANCHE, in his | § | |
| official capacity as Acting Attorney | § | |
| General of the United States, *et al.*, | § | |
| | § | |
| Defendants. | | |

**Defense Distributed and the Second Amendment Foundation's**
**Response to the Defendants' Motion to Exceed Page Limits**

1

**Table of Contents**

Argument ...........................................................................................................................3

I.      Defendants proposed the 35-page limit, and the Court adopted it.......................................3

II.     Defendants identify no reason to revise the negotiated limit. ............................................3

III.    A unilateral enlargement would prejudice Plaintiffs; any change must be fair. ..................4

Conclusion.......................................................................................................................... 4

Certificate of Service ........................................................................................................6

2

**Argument**

Defendants seek to discard the 35-page limit they themselves proposed only after Plaintiffs filed their final brief. Doc. 325. That limit was negotiated, jointly submitted, and adopted by the Court. Nothing has changed to make the 35-page limit inadequate, especially because Plaintiffs used only 37 of the 50 pages available for their combined response/reply. The Court should enforce the schedule or, at minimum, preserve its balance by allowing Plaintiffs a three-page surreply.

**I.    Defendants proposed the 35-page limit, and the Court adopted it.**

The 35-page limit was Defendants' proposal. The Court did not impose it, and Plaintiffs did not demand it. The parties negotiated a four-brief schedule and jointly proposed limits of 50, 50, 50, and 35 pages. Doc. 313. The Court adopted that allocation exactly. Doc. 314.

Defendants cannot now treat their negotiated limit as a placeholder subject to unilateral revision. Plaintiffs accepted the complete allocation, and the Court entered it as an order. Nothing in Defendants' motion justifies abandoning that bargain after Plaintiffs have already performed under it.

**II.    Defendants identify no reason to revise the negotiated limit.**

Nothing has changed since Defendants proposed 35 pages. Defendants cite APA review, jurisdiction, the Second and Fifth Amendment claims, and the scope of relief. Doc. 325 ¶¶ 2–3. Every one of those issues was known when Defendants negotiated the schedule.

The narrower function of Defendants' brief also explains its smaller allocation. Plaintiffs' closing brief *both* replied in support of their motion *and* responded to Defendants' cross-motion. Defendants' closing brief serves only as a reply in support of their cross-motion. The negotiated schedule reflected that difference.

3

Defendants' comparison to Plaintiffs' 37-page brief proves nothing. Plaintiffs were allowed 50 pages but used only 37. Defendants were allowed 35 because that was the limit they proposed for their reply.

If anything, Plaintiffs' restraint strengthens the case for enforcement. Defendants agreed that 35 pages would suffice even if Plaintiffs used all 50 pages available to them. Plaintiffs used thirteen fewer pages, yet Defendants now claim that the agreed limit is inadequate. The motion does not explain that contradiction.

### III.   A unilateral enlargement would prejudice Plaintiffs; any change must be fair.

The timing makes Defendants' request unfair. Plaintiffs filed their closing brief on June 19, 2026, within the negotiated limit and without seeking additional pages. Their opportunity to request a different allocation has passed.

Granting Defendants more pages now would let them revise the bargain after reviewing Plaintiffs' final brief. Plaintiffs would receive neither the same opportunity nor the last word. The result would replace the negotiated balance with a unilateral advantage.

Any enlargement should therefore include equalizing relief. If the Court permits Defendants to file a 38-page brief, it should permit Plaintiffs to file a three-page surreply within three business days. The surreply may be limited to arguments and authorities presented in the three excess pages, preserving fairness without reopening the briefing generally.

### Conclusion

Defendants' motion should be denied. Alternatively, any order granting the Defendants additional pages should grant Plaintiffs' leave to file a three-page surreply.

Respectfully submitted,

By /s/ *Chad Flores*

Chad Flores
  chad@chadfloreslaw.com
  Texas Bar No. 24059759
Flores Law PLLC
917 Franklin Street, Suite 600
Houston, Texas 77002
P: (713) 893-9440
F: (832) 645-2496

Counsel for Defense Distributed and
the Second Amendment Foundation, Inc.

**Certificate of Service**

A true and correct copy of the foregoing document was served via the Court's CM/ECF system to all counsel of record on the day of its filing.

/s/ Chad Flores
Chad Flores

6