## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| DEFENSE DISTRIBUTED and THE SECOND AMENDMENT FOUNDATION, INC., <br>      **Plaintiffs** <br><br> **v.** <br><br> **TODD WALLACE BLANCHE, in his official capacity as Acting Attorney General of the United States,** *et al.***,** <br>      **Defendants.** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 4:22-cv-00691-O |

### Defense Distributed and the Second Amendment Foundation's Surreply in Support of Their Motion for Summary Judgment and in Opposition to Defendants' Motion for Summary Judgment

**Table of Contents**

Argument ........................................................................................................................1

I.      Factual concessions support standing................................................................1

        A.      ATF conceded sufficient standing facts about G80 items.......................1

        B.      ATF conceded sufficient standing facts about Polymer80 and M1911 items. .........1

        C.      The standard is just "*arguably* proscribed." ........................................ 2

II.     The other anti-standing arguments are wrong. .................................................. 2

        A.      ATF's theory proves too much. ............................................................. 2

        B.      Actual enforcement decisions are not "conjecture."............................. 2

        C.      No injury here is "self-inflicted."......................................................... 2

        D.      Standing doctrine is trans-substantive. .................................................3

        E.      Classification processes can't possibly address half the Due Process problem. ......3

        F.      The Rule violates *McRorey* (5th Cir. 2024) even on ATF's view...........................3

Conclusion......................................................................................................................3

Certificate of Service ................................................................................................... 4

**Argument**

The Court should not consider any of the ATF reply brief's many new arguments, except the jurisdictional issues. Each of the new standing ideas is wrong and/or not jurisdictional.

I.    **Factual concessions support standing.**

Of course standing cannot be waived. But the ultimate legal issue is different from its ingredient facts, which very much can be conceded. *Doe v. Tangipahoa* (5th Cir. 2007) (en banc) barred only an *inferred* admission drawn from *silence* on a record with *no independent proof*. This is different because ATF's briefs expressly admit standing facts that independent proof supports.

*ATF conceded sufficient standing facts about G80 items*. First, ATF's principal brief committed a factual concession by *expressly* positing that Defense Distributed had "established a certainly-impending injury with respect to four items as to which it alleges the enforcement of the Rule is causing it immediate, non-conjectural injury." Doc. 319 at 20; *accord id.* at 14, 22. That is a judicial admission that withdraws the ingredient facts from contention, *Martinez v. Bally's La., Inc.*, 244 F.3d 474, 476–77 (5th Cir. 2001), and a Rule 56 admission, *see Golden Spread Coop. v. Emerson Process Mgmt.*, 360 F. Supp. 3d 494, 504 (N.D. Tex. 2019); and it triggers estoppel because a record was made in reliance on it, *cf. New Hampshire v. Maine*, 532 U.S. 742, 749–51 (2001). Such a concession cannot be retracted just because a party later realizes that the merits run against it.

*ATF conceded sufficient standing facts about Polymer80 and M1911 items*. ATF's new merits position says (at 13) that Plaintiffs lose because the Polymer80 80% Frame *is* covered and Defense Distributed's M1911 frames are "materially indistinguishable." How that plays out on the merits is a separate question. For jurisdiction, ATF's express assertion of facts indicating Rule coverage—without any enforcement disclaimer—again leads to the easy standing conclusion.

1

*The standard is just "<u>arguably</u> proscribed."* ATF demands (at 4) proof that Plaintiffs' conduct is definitively "proscribed by" the Rule. But *Susan B. Anthony List* 573 U.S. 149 (2014), makes threats backed by "arguable" coverage suffice. *Id.* at 159. Plaintiffs submitted sufficient proof of arguable coverage at the outset, *see* Doc. 317 at 15-16 (e.g., the technically detailed Doc. 294-2). ATF previously insisted that classification required physical submission of the items themselves, but its reply now pivots and says it can classify these products from mere photographs and other public materials. Ipso facto, if ATF can fully administer the Rule from such basic information, Plaintiffs proved standing by demonstrating that and more.

## II.    The other anti-standing arguments are wrong.

*ATF's theory proves too much*. It would negate jurisdiction over the entire case start to finish, including Count One that already went to the Supreme Court. *Bondi* asked whether the Rule could cover Plaintiffs' products while Plaintiffs argued it could not. No one ever suggested that disputing coverage defeated standing. Plaintiffs likewise do not lose standing by pressing the merits here.

*Actual enforcement decisions are not "conjecture."* The injuries of *Clapper* (U.S. 2013), and *Glass* (5th Cir. 2018), were deemed conjecture because they depended on *third-party* decisions. Here ATF itself asserts coverage and refuses to disclaim enforcement. That's not "conjectural."

*No injury here is "self-inflicted."* That doctrine applies only to certain voluntary costs incurred against speculative risks—not losses compelled by the Government's actual asserted enforcement position. Defense Distributed stopped key operations in response to threatened felony enforcement, Doc. 328 at 12–13, triggering the rule that a regulated party forced to choose between compliance and abandoning its business faces a cognizable "Hobson's choice"—a choice "really none at all." *Gas Transmission Nw., L.L.C. v. FERC*, 157 F.4th 674, 696 (5th Cir. 2025).

2

*Standing doctrine is trans-substantive.* Article III's "cases" and "controversies" meaning doesn't change from amendment to amendment. The law that applies to the First Amendment already applies equally to the Second as an "unchanging part of the case-or-controversy requirement." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992); *see McNutt v. U.S. Dep't of Just.*, 173 F.4th 204, 212–14 (5th Cir. 2026). Alternatively, even if standing law must be reinvented for each Constitutional right, the instant Second Amendment claims warrant a standing regime that is on par with the First—including every rule of *Susan B. Anthony List* that is invoked here. *See Russell v. District of Columbia*, 804 F. Supp. 3d 192, 201–02 (D.D.C. 2025).

*Classification processes can't possibly address half the Due Process problem.* The Constitution's vagueness doctrine separately requires both notice to citizens *and constraints on regulators. See* Doc. 322 at 23-25 (six independent defects). Even if a classification process solved the notice problem (it does not for reasons 2-6, *id.*), the Rule fails to sufficiently constrain ATF itself, *id*. That unanswered first defect independently defeats ATF's response and establishes standing.

*The Rule violates McRorey (5th Cir. 2024) even on ATF's view.* Assuming arguendo that commercial restrictions get any presumption of lawfulness, *contra* Doc. 322 at 35–36, it certainly disappears where—as here—a law is put toward abusive ends, sweeps beyond any legitimate purpose, or functions as a prohibition. This Rule creates that functional prohibition by extending the GCA's full machinery from completed Arms to unfinished and nonfunctional inputs, thereby suppressing the lawful commercial channel for private manufacture. The asserted Second Amendment injuries are thus fully actionable and sufficient to confer standing for a merits ruling.

### Conclusion

Standing exists. The Court should proceed to the merits despite ATF's last-minute retreat.

3

Respectfully submitted,

By /s/ *Chad Flores*
Chad Flores
  chad@chadfloreslaw.com
  Texas Bar No. 24059759
Flores Law PLLC
917 Franklin Street, Suite 600
Houston, Texas 77002
P: (713) 893-9440
F: (832) 645-2496

Counsel for Defense Distributed and
the Second Amendment Foundation, Inc.

**Certificate of Service**

A true and correct copy of the foregoing document was served via the Court's CM/ECF system to all counsel of record on the date of its filing.

/s/ Chad Flores
Chad Flores

4